RON BENDER (SBN 143364)
KIM TUNG (SBN 196236)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244

Proposed Attorneys for Chapter 11
Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>GREAT CIRCLE FAMILY FOODS,<br>LLC, et al.,<br><br>          Debtors.<br>────────────────────────<br><br>☒  Affects All Debtors<br><br>☐  Affects Great Circle<br>Family Foods, LLC only<br><br>☐  Affects GCFF-Huntington<br>Park, LLC only<br><br>☐  Affects GCFF-Orange, LLC<br>only<br><br>☐  Affects GCFF-San Diego,<br>LLC only<br><br>☐  Affects GCFF-Canoga, LLC<br>only<br><br>☐  Affects GCFF-Ontario, LLC<br>only<br>────────────────────────| ) Case No. 8:07-bk-12600-ES<br>)<br>) CHAPTER 11<br>)<br>) Jointly Administered with<br>) Case Nos.:<br>)<br>) Case No. 8:07-bk-12603-ES<br>) Case No. 8:07-bk-12605-ES<br>) Case No. 8:07-bk-12606-ES<br>) Case No. 8:07-bk-12602-ES<br>) Case No. 8:07-bk-12604-ES<br>)<br>) **DECLARATION OF KIM TUNG, ESQ.**<br>) **RE: RECEIPT OF NEITHER**<br>) **OPPOSITION TO NOR REQUEST FOR**<br>) **HEARING ON APPLICATION OF**<br>) **DEBTORS AND DEBTORS IN**<br>) **POSSESSION TO EMPLOY LEVENE,**<br>) **NEALE, BENDER, RANKIN & BRILL**<br>) **L.L.P. AS BANKRUPTCY COUNSEL**<br>)<br>) [No Hearing Required – Local<br>) Bankruptcy Rule 2014-1(b)]<br>)<br>)<br>)<br>)<br>) |

1

I, Kim Tung, hereby declare as follows:

1.   I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.   I am an associate with the law firm of Levene, Neale, Bender, Rankin & Brill L.L.P. ("LNBRB"), proposed counsel to Great Circle Family Foods, LLC; GCFF-Huntington Park, LLC; GCFF-Orange, LLC; GCFF-San Diego, LLC; GCFF-Canoga, LLC; and GCFF-Ontario, LLC, jointly administered Chapter 11 debtors and debtors in possession herein (collectively, the "Debtors").   I am an attorney licensed to practice law in the State of California and before, among other courts, the United States District Court and the Bankruptcy Court for the Central District of California.

3.   On September 20, 2007, the Debtors filed their Application to Employ Levene, Neale, Bender, Rankin & Brill L.L.P. As Bankruptcy Counsel (the "Application").   The Application was served upon all parties requiring notice on September 20 2007.   A true and correct copy of the Application is attached hereto as Exhibit "1."

4.   More than fifteen (15) days have passed since the Application was filed and served, and this office has received neither an opposition to the Application nor a request for a hearing on the Application.   Additionally, on October 9, 2007, I researched the Court's docket online via CM/ECF PACER to determine whether any opposition to the Application or request for a hearing on the Application was filed.   Based on my

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

research, I determined that no opposition or request for a hearing was filed with the Court.

5.    Based on the foregoing, I respectfully request that the Court enter an order approving the Application.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 9th day of October 2007, at Los Angeles, California.

_____
KIM TUNG, ESQ.

3

**E-FILED**

9/40

RON BENDER (SBN 143364)
KIM TUNG (SBN 196236)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244

Proposed Attorneys for Chapter 11
Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| In re: | ) Case No. 8:07-bk-12600-ES |
| | ) |
| GREAT CIRCLE FAMILY FOODS, LLC, et al., | ) CHAPTER 11 |
| | ) |
| Debtors. | ) Jointly Administered with |
| | ) Case Nos.: |
| ☒ Affects All Debtors | ) |
| | ) Case No. 8:07-bk-12603-ES |
| ☐ Affects Great Circle Family Foods, LLC only | ) Case No. 8:07-bk-12605-ES |
| | ) Case No. 8:07-bk-12606-ES |
| | ) Case No. 8:07-bk-12602-ES |
| | ) Case No. 8:07-bk-12604-ES |
| ☐ Affects GCFF-Huntington Park, LLC only | ) |
| | ) APPLICATION  OF  DEBTORS  AND |
| | ) DEBTORS  IN POSSESSION TO EMPLOY |
| ☐ Affects GCFF-Orange, LLC only | ) LEVENE,  NEALE,  BENDER,  RANKIN & |
| | ) BRILL   L.L.P.   AS   BANKRUPTCY |
| | ) COUNSEL;  DECLARATION   OF   RON |
| ☐ Affects GCFF-San Diego, LLC only | ) BENDER, ESQ. IN SUPPORT THEREOF |
| | ) |
| ☐ Affects GCFF-Canoga, LLC only | ) [No Hearing Required - Local Bankruptcy Rule 2014-1(b)] |
| | ) |
| ☐ Affects GCFF-Ontario, LLC only | ) |
| | ) |
| | ) |
| | ) |

1

EXHIBIT 1

**TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE:**

Great Circle Family Foods, LLC; GCFF-Huntington Park, LLC; GCFF-Orange, LLC; GCFF-San Diego, LLC; GCFF-Canoga, LLC; and GCFF-Ontario, LLC, jointly administered Chapter 11 debtors and debtors in possession herein (collectively, the "Debtors"), hereby submits this application (the "Application") for Court approval of their employment of Levene, Neale, Bender, Rankin & Brill L.L.P. ("LNBRB") as bankruptcy counsel upon the terms and conditions described below. In support of this Application, the Debtors respectfully represent as follows:

1.   On August 22, 2007 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code. Since the commencement of these cases, the Debtors have been operating their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.   The Debtors are in the business of owning and operating Krispy Kreme Doughnut stores. While there are six separate legal entities, the Debtors essentially operate as one consolidated business entity. There is one group of management for all six Debtors; all of the Debtors' approximately 290 employees are paid by one Debtor; the Debtors operate with a central banking system; and the Debtors prepare consolidated financial statements. Pursuant to an order of the Court, the Debtors' bankruptcy estates are being jointly administered.

3.    The Debtors currently own and operate eight Krispy Kreme Doughnut stores and manage three others.    Great Circle Family Foods, LLC ("Great Circle") is the lessee of the stores in Chula Vista, Long Beach, Los Angeles (Crenshaw), and Mission Viejo.    GCFF-Canoga, LLC is the lessee of the store in Santa Monica.    GCFF-Huntington Park, LLC is the lessee of the store in Gardena.    GCFF-Ontario, LLC is the lessee of the stores in City of Industry.    GCFF-San Diego, LLC is the lessee of the store in Clairemont.

4.    Great Circle was founded in 1998, with the purpose of developing Krispy Kreme Doughnut stores in Southern California.

5.    After initial success, the Debtors have experienced significant financial problems.    Those problems included over-expansion; increases in store development expenses; increases in cost of goods sold to franchisees by the franchisor; an absence of marketing to help sales and overcome bad press; dietary changes; wholesale business undermining retail; and an absence of a credible coffee program and other means of extending day parts.

6.    From 2004 to August 22, 2007, the Debtors faced intractable financial difficulties.    They embarked on a concerted effort to reduce debt and expenses and succeeded until confronted by a franchisor which insisted that the Debtors file. At that point, Debtors were defendants in a number of pending lawsuits, and burdened by historic and current expenses that

3

exceeded income, all of which necessitated the filing of the Debtors' Chapter 11 cases.

7.    The Debtors believe that they continue to have a viable operating business, whose going concern value must be preserved while the Debtors explore the optimal means of emerging from their Chapter 11 bankruptcy cases.  That can only occur though the Debtors' continued operation of their stores.

8.    As debtors in Chapter 11 bankruptcy cases, the Debtors require the services of bankruptcy counsel.  The Debtors decided that LNBRB is the ideal bankruptcy counsel to represent the Debtors taking into account firm size, experience, skill level and cost.  In that regard, the Debtors seek to employ LNBRB as their bankruptcy counsel, at the expense of the Debtors' bankruptcy estates, and to have the Debtors' employment of LNBRB be deemed effective as of the Petition Date.

9.    The Debtors seek to employ LNBRB as their bankruptcy counsel to render, among others, the following types of professional services:

a.    advising the Debtors with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee as they pertain to the Debtors;

b.    advising the Debtors with regard to certain rights and remedies of their bankruptcy estates and the rights, claims and interests of creditors;

4

c.    representing the Debtors in any proceeding or hearing in the Bankruptcy Court involving their estates unless the Debtors are represented in such proceeding or hearing by other special counsel;

d.    conducting examinations of witnesses, claimants or adverse parties and representing the Debtors in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of LNBRB's expertise or which is beyond LNBRB's staffing capabilities;

e.    preparing and assisting the Debtors in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, lease pleadings, cash collateral pleadings, financing pleadings, and pleadings with respect to the Debtors' use, sale or lease of property outside the ordinary course of business;

f.    representing the Debtors with regard to obtaining use of debtor in possession financing and/or cash collateral including, but not limited to, negotiating and seeking Bankruptcy Court approval of any debtor in possession financing and/or cash collateral pleading or stipulation and preparing any pleadings relating to obtaining use of debtor in possession financing and/or cash collateral;

g.    assisting the Debtors in the negotiation, formulation, preparation and confirmation of a plan of

5

reorganization and the preparation and approval of a disclosure statement in respect of the plan; and

       h.   performing any other services which may be appropriate in LNBRB's representation of the Debtors during their bankruptcy cases.

    10.  LNBRB is comprised of attorneys who specialize in and limit their practice to matters of insolvency, reorganization and bankruptcy law and is well qualified to represent the Debtors. All attorneys comprising or associated with LNBRB are admitted to practice law in the California courts and in the United States District Court for the Central District of California. A copy of LNBRB's firm resume is attached as Exhibit "A" to the Declaration of Ron Bender, Esq. (the "Bender Declaration") annexed hereto.

    11.  LNBRB will bill its time for its representation of the Debtors on an hourly basis in accordance with LNBRB's standard hourly billing rates. A listing of the current hourly billing rates for each of LNBRB's attorneys is attached as Exhibit "B" to the Bender Declaration annexed hereto. LNBRB will seek reimbursement of expenses in accordance with the rates set forth in the guidelines promulgated by the Office of the United States Trustee. The Debtors expect that Ron Bender, Esq. and Kim Tung, Esq. will be the primary attorneys at LNBRB responsible for the representation of the Debtors during their Chapter 11 cases.

    12.  Because LNBRB's practice is limited exclusively to matters of bankruptcy, insolvency and reorganization law, the

6

services provided by LNBRB do not include the rendition of substantive legal advice outside of these areas such as corporate, tax, securities, tort, environmental, labor, criminal, real estate law or real estate litigation. LNBRB will not be required to represent or advise the Debtors in matters which LNBRB believes are beyond LNBRB's expertise such as the areas of law just described. In addition, LNBRB will not be required to represent the Debtors in matters where LNBRB determines that it lacks the ability to staff the matter adequately, such as in certain, major complex litigation.

13. During the one-year period prior to their Chapter 11 filing, the Debtors paid the total sum of $100,000 (the "Pre-Petition Retainer") to LNBRB for legal services in contemplation of and in connection with the Debtors' Chapter 11 cases. The source of the Pre-Petition Retainer was from the Debtors' ordinary business operations. Most of the Pre-Petition Retainer was exhausted by the time of the Petition Date. In addition to the Pre-Petition Retainer, the Debtors paid LNBRB the total sum of $60,000 over a period of May, 2006 to June, 2007 for general consultation services and planning and to represent the Debtors in a number of state court lawsuits which had been filed against the Debtors.

14. LNBRB has not received any lien or other interest in any property of the Debtors or of a third party to secure payment of LNBRB's fees or expenses.

15.   In order to assist LNBRB with its cash flow needs (as LNBRB is required to pay its own operating expenses on a current and timely basis), LNBRB requests Court authority to draw down against the Pre-Petition Retainer Balance for all post-petition fees and expenses incurred by LNBRB during the Debtors' Chapter 11 cases.

16.   LNBRB will seek to be paid from the Debtors' estates for any and all fees and expenses incurred in excess of the Pre-Petition Retainer Balance.  LNBRB recognizes that the payment of any such additional fees and expenses will be subject to further Court order after notice and a hearing.

17.   LNBRB negotiated the amount of the Pre-Petition Retainer with the Debtors based upon a number of factors including, but not limited to, the size and complexity of the Debtors' cases, the time that LNBRB expects to put forth in the Debtors' cases, and the likely availability of funds to pay LNBRB's fees and expenses incurred in excess of the Pre-Petition Retainer.

18.   LNBRB has not shared or agreed to share its compensation for representing the Debtors with any other person or entity, except among its members.

19.   LNBRB will provide monthly billing statements to the Debtors that will set forth the amount of fees incurred and expenses advanced by LNBRB during the previous month.

20.   LNBRB understands the provisions of 11 U.S.C. Sections 327, 330 and 331 which require, among other things, Court

approval of the Debtors' employment of LNBRB as bankruptcy counsel and of all legal fees and reimbursement of expenses that LNBRB will receive from the Debtors and the Debtors' estates.

21.   LNBRB is not a creditor, an equity security holder or an insider of the Debtors.

22.   LNBRB does not have any connection with any insider of the Debtors or any insider of an insider of the Debtors.

23.   LNBRB is not and was not an investment banker for any outstanding security of the Debtors.  LNBRB has not been within three years before the Petition Date an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtors.

24.   Neither LNBRB nor any member of LNBRB is, nor was, within two years before the Petition Date, a director, officer or employee of the Debtors or of any investment banker for any security of the Debtors.

25.   As set forth in the annexed Bender Declaration, to the best of LNBRB's knowledge, LNBRB does not hold or represent any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker for any security of the Debtors, or for any other reason, and LNBRB is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

9

26.   As set forth in the annexed Bender Declaration, to the best of LNBRB's knowledge, other than as set forth in the annexed Bender Declaration, LNBRB has no prior connection with the Debtors, any creditors of the Debtors or their estates, or any other party in interest in these cases, or their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

27.   The Debtors believe that their employment of LNBRB upon the terms and conditions set forth above is in the best interest of the Debtors' estates.

28.   A true and correct copy of the Notice of this Application, which was filed and served in accordance with Local Bankruptcy Rule 2014-1(b)(2), is attached as Exhibit "C" to the annexed Bender Declaration.

///

///

///

///

///

///

///

///

///

///

**WHEREFORE**, the Debtors respectfully request that the Court approve the Debtors' employment of LNBRB as their bankruptcy counsel upon the terms and conditions set forth above.

Dated:   September 19, 2007      GREAT CIRCLE FAMILY FOODS, LLC
                                 GCFF-HUNTINGTON PARK, LLC
                                 GCFF-ORANGE, LLC
                                 GCFF-SAN DIEGO, LLC
                                 GCFF-CANOGA, LLC
                                 GCFF-ONTARIO, LLC

                                 _____
                                 BRETT GARLINGHOUSE, President
                                 and Principal Responsible Person

Submitted By:

LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.

By: _____
    RON BENDER
    KIM TUNG
    LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
    Proposed Attorneys for Chapter 11
    Debtors and Debtors in Possession

11

## DECLARATION OF RON BENDER, ESQ.

I, RON BENDER, ESQ., HEREBY DECLARE AS FOLLOWS:

1.    I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.    I am a partner of the law firm of Levene, Neale, Bender, Rankin & Brill L.L.P. ("LNBRB"). I am an attorney licensed to practice law in the State of California, in the United States District Court and the Bankruptcy Courts for the Southern, Central, Northern and Eastern Districts of California, and in the United States Court of Appeals for the Ninth Circuit.

3.    LNBRB is comprised of attorneys who specialize in and limit its practice to matters of insolvency, reorganization and bankruptcy law. All attorneys comprising or associated with LNBRB are admitted to practice law in the California courts and in the United States District Court for the Central District of California. Attached hereto as Exhibit "A" is a copy of LNBRB's resume.

4.    Great Circle Family Foods, LLC; GCFF-Huntington Park, LLC; GCFF-Orange, LLC; GCFF-San Diego, LLC; GCFF-Canoga, LLC; and GCFF-Ontario, LLC, jointly administered Chapter 11 debtors and debtors in possession herein (collectively, the "Debtors"), commenced their bankruptcy cases by filing voluntary petitions under Chapter 11 of the Bankruptcy Code on August 22, 2007 (the "Petition Date"). Following the Petition Date, the Debtors have continued to operate their businesses and manage their affairs

12

as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

    5.    The Debtors have requested LNBRB to serve as their bankruptcy counsel in connection with their pending Chapter 11 bankruptcy cases.

    6.    LNBRB has agreed to represent the Debtors as their bankruptcy counsel to render such ordinary and necessary legal services as may be required in connection with the Debtors' Chapter 11 cases including, but not limited to:

    a.    advising the Debtors with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee as they pertain to the Debtors;

    b    advising the Debtors with regard to certain rights and remedies of their bankruptcy estates and the rights, claims and interests of creditors;

    c.    representing the Debtors in any proceeding or hearing in the Bankruptcy Court involving their estates unless the Debtors are represented in such proceeding or hearing by other special counsel;

    d.    conducting examinations of witnesses, claimants or adverse parties and representing the Debtors in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of LNBRB's expertise or which is beyond LNBRB's staffing capabilities;

13

e.    preparing and assisting the Debtors in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, lease pleadings, cash collateral pleadings, financing pleadings, and pleadings with respect to the Debtors' use, sale or lease of property outside the ordinary course of business;

f.    representing the Debtors with regard to obtaining use of debtor in possession financing and/or cash collateral including, but not limited to, negotiating and seeking Bankruptcy Court approval of any debtor in possession financing and/or cash collateral pleading or stipulation and preparing any pleadings relating to obtaining use of debtor in possession financing and/or cash collateral;

g.    assisting the Debtors in the negotiation, formulation, preparation and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of the plan; and

h.    performing any other services which may be appropriate in LNBRB's representation of the Debtors during their bankruptcy cases.

7.    LNBRB will bill its time for its representation of the Debtors on an hourly basis in accordance with LNBRB's standard hourly billing rates. A listing of the current hourly billing rates for each of LNBRB's attorneys is attached hereto as

14

Exhibit "B." LNBRB will seek reimbursement of expenses in accordance with the rates set forth in the guidelines promulgated by the Office of the United States Trustee. I expect that Kim Tung and I will be the primary attorneys at LNBRB responsible for the representation of the Debtors during their Chapter 11 cases.

8. Because LNBRB's practice is limited exclusively to matters of bankruptcy, insolvency and reorganization law, the services provided by LNBRB do not include the rendition of substantive legal advice outside of these areas such as corporate, tax, securities, tort, environmental, labor, criminal, real estate law or real estate litigation. LNBRB will not be required to represent or advise the Debtors in matters which LNBRB believes are beyond LNBRB's expertise such as the areas of law just described. In addition, LNBRB will not be required to represent the Debtors in matters where LNBRB determines that it lacks the ability to staff the matter adequately, such as in certain, major complex litigation.

9. During the one-year period prior to their Chapter 11 filing, the Debtors paid the total sum of $100,000 (the "Pre-Petition Retainer") to LNBRB for legal services in contemplation of and in connection with the Debtors' Chapter 11 cases. The Debtors advised LNBRB that the source of the Pre-Petition Retainer was from the Debtors' ordinary business operations. Most of the Pre-Petition Retainer was exhausted by the time of the Petition Date. In addition to the Pre-Petition Retainer,

15

the Debtors paid LNBRB the total sum of $60,000 over a period of May, 2006 to June, 2007 for general consultation services and planning and to represent the Debtors in a number of state court lawsuits which had been filed against the Debtors.

10.  LNBRB has not received any lien or other interest in property of the Debtors or of a third party to secure payment of LNBRB's fees or expenses.

11.  In order to assist LNBRB with its cash flow needs (as LNBRB is required to pay its own operating expenses on a current and timely basis), LNBRB requests Court authority to draw down against the Pre-Petition Retainer Balance for all post-petition fees and expenses incurred by LNBRB during the Debtors' Chapter 11 cases.

12.  LNBRB will seek to be paid from the Debtors' estates for any and all fees and expenses incurred in excess of the Pre-Petition Retainer Balance.  LNBRB recognizes that the payment of any such additional fees and expenses will be subject to further Court order after notice and a hearing.

13.  LNBRB negotiated the amount of the Pre-Petition Retainer with the Debtors based upon a number of factors including, but not limited to, the size and complexity of the Debtors' cases, the time that LNBRB expects to put forth in the Debtors' cases, and the likely availability of funds to pay LNBRB's fees and expenses incurred in excess of the Pre-Petition Retainer.

14. LNBRB has not shared or agreed to share its compensation for representing the Debtors with any other person or entity, except among its members.

15. LNBRB will provide monthly billing statements to the Debtors that will set forth the amount of fees incurred and expenses advanced by LNBRB during the previous month.

16. LNBRB understands the provisions of 11 U.S.C. Sections 327, 330 and 331 which require, among other things, Court approval of the Debtors' employment of LNBRB as bankruptcy counsel and of all legal fees and reimbursement of expenses that LNBRB will receive from the Debtors and the Debtors' estates.

17. LNBRB is not a creditor, an equity security holder or an insider of the Debtors.

18. LNBRB does not have any connection with any insider of the Debtors or any insider of an insider of the Debtors.

19. LNBRB is not and was not an investment banker for any outstanding security of the Debtors. LNBRB has not been within three years before the Petition Date an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtors.

20. Neither LNBRB nor any member of LNBRB is, nor was, within two years before the Petition Date, a director, officer or employee of the Debtors or of any investment banker for any security of the Debtors.

21.   To the best of my knowledge, LNBRB does not hold or represent any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker for any security of the Debtors, or for any other reason, and LNBRB is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

22.   Also to the best of my knowledge, other than LNBRB's pre-petition representation of the Debtors, LNBRB has no prior connection with the Debtors, any creditors of the Debtors or their estates, or any other party in interest in these cases, or their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

23.   A true and correct copy of the Notice of this Application, which was filed and served in accordance with Local Bankruptcy Rule 2014-1(b)(2), is attached hereto as Exhibit "C".

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 19th day of September, 2007, at Century City, California.

RON BENDER, ESQ., Declarant

18



LAW OFFICES
### LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone No. (310) 229-1234
Telecopier No. (310) 229-1244

## 2007

Partners

DAVID W. LEVENE, born March 24, 1945, New York, New York. Business and Professional Experience: July, 1974 to Present, attorney who has limited his practice primarily to matters of bankruptcy, insolvency, business reorganization and commercial financing transactions. Education and Honors: University of Southern California, B.S., cum laude, Business Administration, 1967; University of Southern California, M.B.A., finance and marketing, 1968; Loyola University of Los Angeles, J.D. magna cum laude, 1974. Bar Admissions: California, United States District Court for the Southern, Central, Eastern and Northern Districts of California; and U.S. Court of Appeals, Ninth Circuit. Professional Memberships and Associations: Los Angeles County (member: Executive Committee, Commercial Law and Bankruptcy Section, 1982-1987; Bankruptcy Subcommittee, 1981-1987); Chairman of the Bankruptcy Section of Beverly Hills Bar Association, 1988, 1989; Federal and American Bar Associations; The State Bar of California; Financial Lawyers Conference; American Bankruptcy Institute; Commercial Law League of America; and Turnaround Management Association. Guest Lecturer: Frost & Sullivan, Inc., "Loan Workouts, LBOs and Bankruptcy"; The Banking Law Institute, "Loan Workout, Restructure and Bankruptcy"; Drexel Burnham Lambert, "Chapter 11"; Financial Lawyers Conference, "Fraudulent Conveyances"; Los Angeles Bankruptcy Forum, "Out of Court Reorganizations"; Orange County Bankruptcy Forum, "Restructuring Financially Troubled Businesses"; Jewelers Board of Trade, "Consignment Issues in Bankruptcy"; Turnaround Management Association, Fall, "Case Study on Representation of Debtor in Out of Court Workouts and Chapter 11"; National Conference of the Turnaround Management Association, "Gaining Confidence of Lenders and Creditors in Workouts and Restructurings"; Young Presidents' Organization National Conference, "Acquisition and Investment Opportunities in Bankruptcy Reorganization Cases"; The Counselors of Real Estate Convention, "Chapter 11 and the Role of the Real Estate Advisor"; Association of Insolvency Accountants: Valuation Conference, "Valuation Issues in Chapter 11 Cases", Moderator of seminar on "Workouts" sponsored by Orange Country Bankruptcy Forum, "Role of Appraisers in Bankruptcy & Reorganization Cases" presented at convention of American Society of Appraisers 1998, and guest lecturer on "Workouts and Restructuring" presented nationally by Fulcrum Information Services. Twice included in annual list of "100 most prominent business attorneys practicing in Los Angeles County" in Los Angeles Business Journal's annual list of "Who's Who in Law and Accounting" (February 1995 and February 1996 editions). Named a "Southern California Super Lawyers" in a 2006 poll of his peers.



DAVID L. NEALE, born Brooklyn, New York, November 20, 1962; Education: Princeton University (B.A. Summa Cum Laude, 1984); Columbia University School of Law (J.D., 1987). Admitted to New York Bar, 1988; California Bar, 1989. Admitted to the Ninth Circuit Court of Appeals; admitted to the United States District Court for the Southern and Eastern Districts of New York; admitted to the Central, Eastern, Northern and Southern Districts of California. Member: American Bar Association, Association of the Bar of the City of New York, New York County Bar Association, Century City Bar Association, Beverly Hills Bar Association, Financial Lawyers' Conference, Association of Trial Lawyers of America, Turnaround Management Association, Commercial Law League of America.    Author, "Bankruptcy and Contractual Relations in the Entertainment Industry--An Overview," 1990 Entertainment, Publishing and the Arts Handbook. Author, "A Survey of Recent Bankruptcy Decisions Impacting upon the Entertainment Industry," 1992 - 1993 Entertainment, Publishing and the Arts Handbook. Author, "SEC Actions and Stays," *National Law Journal,* 2002; Author, "The Scope and Application of 11 U.S.C. § 1145," American Bankruptcy Institute Bankruptcy Battleground West, 2003; Speaker, "Making the Best Better: Lessons From the Battlefield," Turnaround Management Association 6th Annual Spring Meeting, 1998; Speaker, "Litigation Issues in Bankruptcy," Business Torts - An Introduction and Primer, Consumer Attorneys Association of Los Angeles, 1998; Speaker, "There Must Be Fifty Ways to Leave Your Troubles," Turnaround Management Association, 1998; Panelist, "Bankruptcy in the Dot-Com Economy," "Licensing Agreements: How to Draft and Enforce Them," Law.Com Seminars, 2001; Speaker, "The Impact of State Court Decisions in Bankruptcy Court," Beverly Hills Bar Association, 2001; Panelist, "Public Company Debtors and the SEC," American Bankruptcy Institute Bankruptcy Battleground West, 2003;    Member, Central District of California Bankruptcy Mediation Panel. Named a "Southern California Super Lawyer" in 2005 and 2006 in a comprehensive survey of his peers.

RON BENDER, born Los Angeles, California, July 22, 1964; admitted to California Bar, 1989. Admitted to the United States District Court, Central, Eastern, Northern and Southern Districts of California and the United States Court of Appeals for the Ninth Circuit. Education: Wharton School of Finance, University of Pennsylvania (B.S. Summa Cum Laude, 1986); Stanford University School of Law (J.D. 1989). Extern for the Honorable Lloyd King, U.S. Bankruptcy Court, Northern District of California Bankruptcy Court. Co-author of article on "Setoff" for Norton Seminar, 1989. Co-author of article on Bankruptcy Ethics for Bankruptcy Judges Conference in 1989. Speaker at 1998 Ninth Circuit Battleground West on Current Bankruptcy Topics and author of Articles on "Valuation of Collateral in the Context of a Chapter 11 Cramdown", "How Courts are Determining Whether the 'New Value Exception' to the Absolute Priority Rule Has Been Satisfied", "Determining Appropriate Cramdown Terms For A Secured Creditor", and "Separately Classifying Creditors Who Have the Same Priority Claims". Moderator at 1999 Ninth Circuit Battleground West on Current Bankruptcy Topics and author of Articles on "How Courts are Actually Ruling in the Context of Single Asset Real Estate Cases and Section 362(d)(3) of the Bankruptcy Code", "Sale of Assets Free and Clear of any Interests Pursuant to Section 363(b)(1) and Section 363(f) of the Bankruptcy Code and a Creative Way to Maximize Value for the Estate in a Bankruptcy Court Auction Sale Where an All-Cash Auction Would Not Accomplish this Result", and "New Value Exception to the Absolute Priority Rule".

CRAIG M. RANKIN, born Milwaukee, Wisconsin, September 15, 1965; admitted to bar 1991, Wisconsin; 1993, California.  Education: University of Wisconsin (B.S., 1988); Marquette University (J.D., cum laude, 1991).  American Jurisprudence Award in Property, Criminal Law, Secured Transactions, Trial Practice, Taxation, and Contracts.  Member, National Moot Court Team.  Law Clerk to the Honorable James R. Grube, U.S. Bankruptcy Judge, Northern District of California, 1991-1992.  Co-author, "The Bankruptcy Reform Act of 1994," Corporate Counsel Seminar, San Francisco, California 1994. Co-author, "Assignability of Patent Licenses in Bankruptcy" National Law Journal, April, 1996.

MARTIN J. BRILL.  Mr. Brill has devoted his over 30 years of practice exclusively to bankruptcy, insolvency and business reorganizations, with particular emphasis on complex reorganizations of publicly-held companies in a wide range of industries.  Mr. Brill's expertise in the interplay between bankruptcy and securities laws has led to the successful reorganization of numerous publicly-held corporations and privately-held corporations desiring to go public, including Prism Entertainment Corporation (involving a reverse merger of the publicly-held film producer, Prism, with a privately-owned video retailer), Geo Petroleum, Inc., (successful Chapter 11 of publicly-held oil and gas company), Video City, Inc., (successful Chapter 11 for video retailer with over 75 locations involving issuance of securities for debt), and American Blood Institute, Inc. (successfully raised over $1.2 million through complex debtor financing, allowing company to emerge as publicly-held plasma company, SeraCare, Inc.).  Mr. Brill also has represented debtors, creditors, trustees, plan proponents, asset purchasers and creditors committees in a wide variety of diverse chapter 11 reorganization cases.  For example, Mr. Brill was lead counsel in representing the chapter 11 debtor in Gateway Computer Systems (a multi-store retailer of computers and related equipment), the chapter 11 debtor in Primedex Health Systems, Inc. (successful pre-packaged plan confirmed in less than 45 days for diagnostic imaging company), as well as the chapter 11 debtors in the hospital reorganization cases for Chino Valley Medical Center, Canyon Ridge Hospital, Lincoln Hospital Medical Center and the official creditors committees in Fields Aircraft Spares, Inc. (aircraft parts distributor), New Star Media, Inc.(publishing company), Henry Mayo Newhall Memorial Hospital (hospital), Daewoo Motor America, Inc. (Daewoo automobile distributor in the U.S.), Intercare Health Systems, Inc. and Vista Hospital Systems, Inc.(hospitals).  In addition, Mr. Brill has also handled numerous out-of-court workouts and restructurings, including the successful out-of-court debt restructuring for Carolco Pictures, Inc.  Mr. Brill was admitted to the California Bar in 1972.  His educational background is as follows: University of California at Los Angeles (B.A., *cum laude*, 1969; J.D., 1972).  Associate Editor U.C.L.A. Law Review, 1971-1972.  Co-Author: "Collective Bargaining and Politics in Public Employment," 19 U.C.L.A. Law Review 887, 1972.  He is a member of the State Bar of California and a member of the Beverly Hills, Century City, Los Angeles County (Member, Sections on: Commercial Law; Bankruptcy) and American Bar Associations. He is currently serving on the Executive Committee of the Bankruptcy Section of the Beverly Hills Bar Association (Chairman from 2002-2003) and served on the Board of Directors of the Los Angeles Bankruptcy Forum.  He is a member of the Financial Lawyers Conference and has lectured to various trade groups and bar associations on bankruptcy and related topics.

DAVID B. GOLUBCHIK , born Kiev, Ukraine, January 10, 1971; admitted to bar 1996, California.    Education: University of California, Los Angeles (B.A. 1992), Pepperdine University School of Law (J.D., 1996).  Vice Chairman, Moot Court Board; Vice Magistrate, Phi Delta Phi International Legal Fraternity;  American Jurisprudence Award in Business

Reorganization in Bankruptcy. In addition to the State Bar of California, admitted to the U.S. District Court, Central, Southern, Eastern and Northern Districts of California. Law Clerk to the Honorable Thomas B. Donovan, United States Bankruptcy Court, Central District of California (1996-1997). Member, American Bar Association, Los Angeles County Bar Association, Los Angeles Bankruptcy Forum. Practice emphasizes bankruptcy, corporate insolvency and creditors' rights. Language: Russian.

DANIEL H. REISS, partner of the firm, born April 19, 1962, Los Angeles, California. Business and Professional Experience: 1990 to present, primary practice areas of bankruptcy, insolvency, business reorganization and commercial litigation. Tax Accountant with KMPG Peat Marwick, 1983-1987; Certified Public Accountant. Education and Honors: California State University, Northridge, summa cum laude, B.S., Business Administration, 1984; University of Southern California, courses in Masters in Business Taxation program, 1986; Loyola of Los Angeles Law School, J.D., 1990; St. Thomas Moore Honor Society, 1988-90; Staff and Note Editor, Loyola of Los Angeles Law Review, 1988-1990; President of Phi Delta Phi legal honor fraternity. Bar Admissions: 1990 State of California, U.S. Federal District Court for the Southern, Central, Eastern and Northern Districts of California. Professional Memberships: California State Bar, Bankruptcy and Commercial Law Sections, Los Angeles Bankruptcy Forum, The Association for Corporate Growth. Lecturer: California Credit Managers Association, "Hostile Takeovers in Bankruptcy;" Credit and Financial Services Division of the National Association of Credit Managers, "Creditors' Revenge: Involuntary Bankruptcy Petitions;" Haight, Brown & Bonesteel, L.L.P., "So, You Want to Be a Millionaire?" Voted 2006 Southern California Super Lawyer.

MONICA YOUNG KIM, born Daejon, S. Korea, June 4, 1970; admitted to bar 1995, California. Education: University of California at Berkeley (B.A., 1991); Hastings College of the Law (J.D., 1995). Law Clerk to the Honorable Jane Dickson McKeag, U.S. Bankruptcy Judge, Eastern District of California, 1995-96.

BETH ANN R. YOUNG, born Santa Monica, California, June 30, 1964; admitted to bar December, 1989, California. Admitted to the United States District Court, Central, Eastern, Northern and Southern Districts of California and the United States Court of Appeals for the Ninth Circuit. Education: University of California at Los Angeles (B.A., 1986); Loyola Law School (J.D., 1989). Member: American Bar Association, Century City Bar Association, Beverly Hills Bar Association, Financial Lawyers' Conference, and Los Angeles Bankruptcy Forum. Reported Decisions: San Paolo U.S. Holding Company v. 816 South Figueroa Company (1998) 62 Cal. App. 4th 1010, 1026; and Ziello v. First Federal Bank (1995) 36 Cal. App. 4th 321, 42 Cal. Rptr. 2d 251. Presenter: "Domestic Partnerships in California: Important New Rules Affecting Creditors," October, 2004.

Associates

JACQUELINE L. RODRIGUEZ is a senior counsel at Levene, Neale, Bender, Rankin & Brill L.L.P., where she specializes in corporate and individual insolvency, and business and bankruptcy litigation. A graduate of Loyola Marymount University, with an undergraduate degree in International Business, and the University of Southern California School of Law, Ms. Rodriguez was an extern to the Honorable John Ryan, United States Bankruptcy Court and the

Bankruptcy Appellate Panel in 1997.  She was admitted to the California Bar in 1998, and joined the firm in 2001.  Her casework includes FAO Schwarz, Stan Lee Media, Krauses's Custom Crafted Furniture Corp., Alliant Protection Services, Inc. and Franchise Pictures.  She has also represented several celebrity clients in individual bankruptcy cases.  The published author of several legal articles, Ms. Rodriguez is a member of the American Bar Association, the American Bankruptcy Institute, the Financial Lawyers Conference, and the National Association of Trial Attorneys.  She is fluent in Spanish and French.

JULIET Y. OH, born Tenerife, Canary Islands (Spain), September 15, 1975; admitted to bar 2000, California. Education: Stanford University (B.A.1997), University of California, Los Angeles (J.D., 2000). Extern with the Office of the United States Trustee for the Central District of California, 1999.  In addition to the State Bar of California, admitted to the U.S. Federal District Court for the Central, Southern, and Eastern Districts of California. Member, American Bar Association, Los Angeles County Bar Association.

OVSANNA TAKVORYAN, born Yerevan, Armenia, July 10, 1976; admitted to bar 2001, California.  Education: Occidental College (B.A.1998), University of California, Los Angeles (J.D. 2001).  Member, American Bar Association, Armenian Bar Association. Languages: Armenian and Russian.

TODD M. ARNOLD, born Sacramento, California, December 17, 1973.  Admitted to the State Bar of California 2002.  In addition to the State Bar of California, admitted to the U.S. District Court for all Districts of California.  Education: University of California, Los Angeles (B.A. 1997), Loyola Law School, Los Angeles (J.D. 2002), *Order of the Coif*.  Extern and Law Clerk to the Honorable Thomas B. Donovan, United States Bankruptcy Judge (2002-2003). Member, American Bar Association, Los Angeles County Bar Association, American Bankruptcy Institute and Financial Lawyers Conference.

MICHELLE SHARONI GRIMBERG, born and raised in Israel, was an associate at Loeb & Loeb and Bingham McCutchen, prior to her joining LNBRB.  Ms. Grimberg specializes in complex business litigation arising before and during the bankruptcy reorganization process, in both state and federal court.  Ms. Grimberg also has experience litigating and defending probate and labor and employment disputes.  Ms. Grimberg graduated from University of California, Irvine, with a double major in Psychology and Criminology, with honors.  She then attended University of California Hastings College of the Law where she obtained her Law Degree.  Ms. Grimberg was admitted to the California Bar in 2001.

TANIA M. MOYRON, born, La Paz, Mexico.  Admitted to Bar February 28, 2005, California.  Education: University of California, San Diego (B.A., 1999); University of the Pacific, McGeorge School of Law (J.D., 2004).  Experience: Student Extern (2004), Trial Law Clerk (2004-2005), and Appellate Law Clerk (2005-2006) to the Hon. Christopher M. Klein, U.S. Bankruptcy Judge, Eastern District of California, and Member, Bankruptcy Appellate Panel of the Ninth Circuit.

KIM TUNG, born Taipei, Taiwan.  Admitted to the State Bar of California.  In addition to the State Bar of California, admitted to the U.S. District Court for the Central District of California.  Education: University of California, Berkeley (B.A.), with a major in Economics;

University of California, Hastings College of the Law (J.D.). Extern to the Honorable Dennis Montali, United States Bankruptcy Judge. Board Member, Southern California Chinese Lawyers Association (2003-2007); Board Member, Asian Business League of Southern California (2005-2007); At-Large-Trustee, Los Angeles County Bar Association (2006-2007); Barristers President, Los Angeles County Bar Association (2005-2006). Licensed California Real Estate Broker. Languages: Mandarin Chinese.

GIL HOPENSTAND specializes in corporate reorganization and bankruptcy litigation. He also has considerable experience and expertise in bankruptcy appeals and in representing trustees. Mr. Hopenstand was admitted to the California Bar in 2003 and the District of Columbia Bar in 2004. He holds degrees from the University of California, Los Angeles (B.A. 1997) and the Washington University School of Law (J.D. 2002). He served as law clerk to the Honorable Cecelia G. Morris, United States Bankruptcy Judge for the Southern District of New York, and as a judicial extern to the Honorable Daniel A. Curry of the California Court of Appeal for the Second Appellate District. He is a member of the American Bankruptcy Institute, Los Angeles Bankruptcy Forum and the American and Los Angeles County Bar Associations.

LAW OFFICES
## LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone No. (310) 229-1234
Telecopier No. (310) 229-1244

### HOURLY BILLING RATES
(Effective January 1, 2007)

| ATTORNEYS | RATE |
|-----------|------|
| DAVID W. LEVENE | $ 575.00 |
| MARTIN J. BRILL | 575.00 |
| DAVID L. NEALE | 525.00 |
| RON BENDER | 525.00 |
| CRAIG M. RANKIN | 525.00 |
| DANIEL H. REISS | 495.00 |
| MONICA Y. KIM | 495.00 |
| DAVID B. GOLUBCHIK | 495.00 |
| BETH ANN R. YOUNG | 495.00 |
| KIM TUNG | 425.00 |
| JACQUELINE L. RODRIGUEZ | 405.00 |
| GIL HOPENSTAND | 400.00 |
| JULIET Y. OH | 385.00 |
| MICHELLE S. GRIMBERG | 350.00 |
| OVSANNA TAKVORYAN | 350.00 |
| TODD M. ARNOLD | 335.00 |
| TANIA M. MOYRON | 275.00 |
| PARAPROFESSIONALS | 185.00 |

EXHIBIT B

RON BENDER (SBN 143364)
KIM TUNG (SBN 196236)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244

Proposed Attorneys for Chapter 11
Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>GREAT CIRCLE FAMILY FOODS,<br>LLC, et al.,<br><br>Debtors.<br>―――――――――――――――<br>☒  Affects All Debtors<br><br>☐  Affects Great Circle<br>Family Foods, LLC only<br><br>☐  Affects GCFF-Huntington<br>Park, LLC only<br><br>☐  Affects GCFF-Orange, LLC<br>only<br><br>☐  Affects GCFF-San Diego,<br>LLC only<br><br>☐  Affects GCFF-Canoga, LLC<br>only<br><br>☐  Affects GCFF-Ontario, LLC<br>only<br>―――――――――――――――― | ) Case No. 8:07-bk-12600-ES<br>)<br>) CHAPTER 11<br>)<br>) Jointly Administered with<br>) Case Nos.:<br>)<br>) Case No. 8:07-bk-12603-ES<br>) Case No. 8:07-bk-12605-ES<br>) Case No. 8:07-bk-12606-ES<br>) Case No. 8:07-bk-12602-ES<br>) Case No. 8:07-bk-12604-ES<br>)<br>) NOTICE OF APPLICATION OF DEBTORS<br>) AND  DEBTORS  IN  POSSESSION  TO<br>) EMPLOY  LEVENE,  NEALE,  BENDER,<br>) RANKIN  &  BRILL  L.L.P.  AS<br>) BANKRUPTCY COUNSEL<br>)<br>) [No Hearing Required – Local<br>) Bankruptcy Rule 2014-1(b)]<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

TO  THE  OFFICE  OF  THE  UNITED  STATES  TRUSTEE,  THE  OFFICIAL

COMMITTEE  OF  UNSECURED  CREDITORS  AND  ITS  COUNSEL  AND  ALL  PARTIES

REQUESTING SPECIAL NOTICE:

1

EXHIBIT C

**PLEASE TAKE NOTICE** that Great Circle Family Foods, LLC; GCFF-Huntington Park, LLC; GCFF-Orange, LLC; GCFF-San Diego, LLC; GCFF-Canoga, LLC; and GCFF-Ontario, LLC, jointly administered Chapter 11 debtors and debtors in possession herein (collectively, the "Debtors"), have filed an application (the "Application") to employ the law firm of Levene, Neale, Bender, Rankin & Brill L.L.P. ("LNBRB") as its general bankruptcy counsel, effective as of August 22, 2007, to represent the Debtors with all aspects and matters pertaining to its bankruptcy cases as more specifically set forth in the Application.

LNBRB will bill its time for its representation of the Debtors on an hourly basis in accordance with LNBRB's standard hourly billing rates, and will seek reimbursement of expenses in accordance with the rates set forth in the guidelines promulgated by the Office of the United States Trustee ("OUST").

During the one-year period prior to their Chapter 11 filing, the Debtors paid the total sum of $100,000 (the "Pre-Petition Retainer") to LNBRB for legal services in contemplation of and in connection with the Debtors' Chapter 11 cases. The source of the Pre-Petition Retainer was from the Debtors' ordinary business operations. Most of the Pre-Petition Retainer was exhausted by the time of the Petition Date. In addition to the Pre-Petition Retainer, the Debtors paid LNBRB the total sum of $60,000 over a period of May, 2006 to June, 2007 for general consultation services and planning and to represent the Debtors

2

in a number of state court lawsuits which had been filed against the Debtors. LNBRB has not received any lien or other interest in any property of the Debtors or of a third party to secure payment of LNBRB's fees or expenses.

In order to assist LNBRB with its cash flow needs (as LNBRB is required to pay its own operating expenses on a current and timely basis), LNBRB requests Court authority to draw down against the Pre-Petition Retainer Balance for all post-petition fees and expenses incurred by LNBRB during the Debtors' Chapter 11 cases.

LNBRB will seek to be paid from the Debtors' estates for any and all fees and expenses incurred in excess of the Pre-Petition Retainer Balance. LNBRB recognizes that the payment of any such additional fees and expenses will be subject to further Court order after notice and a hearing.

**PLEASE TAKE FURTHER NOTICE** that the Application is based on this Notice, the Application and all pleadings filed in support of the Application, the entire record of this case, the statements, arguments and representations of counsel to be made at any Court hearing on the Application, and any other evidence properly presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that any request for a copy of the Application must be made in writing to Levene, Neale, Bender, Rankin & Brill L.L.P., 10250 Constellation Blvd., Suite 1700, Los Angeles, California 90067, Attention: Kim Tung, Esq.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 2014-1(b), any party wishing to oppose the Application must, not later than fifteen (15) days following the date of service of this Notice, file a written objection to the Application and request for a Court hearing with the Clerk of the Bankruptcy Court in the form required by Local Bankruptcy Rule 9013-1(a)(7), and serve such objection and request for hearing on the United States Trustee as well as proposed counsel for the Debtors, whose name and address appears at the top, left-hand corner of the first page of this Notice. Unless a hearing is requested, no hearing shall be held.

**PLEASE TAKE FURTHER NOTICE** that the failure to file and serve a timely opposition to the Application and request for a Court hearing may be deemed by the Court to be consent to the relief requested in the Application.

Dated: September 20, 2007

GREAT CIRCLE FAMILY FOODS, LLC
GCFF-HUNTINGTON PARK, LLC
GCFF-ORANGE, LLC
GCFF-SAN DIEGO, LLC
GCFF-CANOGA, LLC
GCFF-ONTARIO, LLC

By: _____
Ron Bender
Kim Tung
Levene, Neale, Bender,
Rankin & Brill L.L.P.
Proposed Attorneys for
Chapter 11 Debtors and
Debtors in Possession

4

1

**PROOF OF SERVICE**

2          STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3          I am an employee in the County of Los Angeles, State of California.  I am over the age of

4   18 and am not a party to the within action; my business address is: 10250 Constellation Boulevard,
Suite 1700, Los Angeles, California 90067.

5          On September 20, 2007, I served the foregoing document(s) described as:

6

7   NOTICE OF APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION TO
EMPLOY LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P. AS BANKRUPTCY

8   COUNSEL

9   on the interested parties in this action by placing a true copy thereof enclosed in a sealed
envelope with postage thereon fully prepaid in the United States mail at Los Angeles,

10  California, addressed as follows:

11                    SEE ATTACHED SERVICE LIST

12     __X__  (By Mail) I caused such envelope with postage thereon, fully prepaid to be placed in the
United States mail. Executed on September 20, 2007 at Los Angeles, California.

13

14     _____  (By Federal Express/Overnight Mail) I caused such envelope to be delivered by Federal
Express (or Express Mail), next business morning delivery to the offices of the on the

15  attached list. Executed on September __, 2007, at Los Angeles, California.

16     _____  (By Facsimile) I caused said document to be sent via facsimile to the offices of the
addressees listed above. Executed on September __, 2007, at Los Angeles, California.

17

18     _____  (By E-mail) I caused such envelope to be delivered via email to the addressees on the
attached list. Executed on September __, 2007, at Los Angeles, California.

19

20     _____  (By Personal service) I caused such envelope to be delivered by hand to the offices of the
addressee so designated on the attached list. Executed on September __, 2007 at Los

21  Angeles, California.

22     _____  (State) I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.

23

24     __X__  (Federal) I declare under penalty of perjury pursuant to the laws of the United States of
America that the foregoing is true and correct.

25                                                        _____

26                                                              John Berwick

27

28

Consolidated List for:
GREAT CIRCLE FAMILY FOODS, LLC,
GCFF-HUNTINGTON PARK, LLC
GCFF-ORANGE, LLC
GCFF-SAN DIEGO, LLC
GCFF-CANOGA, LLC
GCFF-ONTARIO, LLC

Debtors
Great Circle Family Foods, et al.
717 State College Blvd., No. I
Fullerton, CA 92831

Offices of the U.S. Trustee
Michael J. Hauser, Esq.
411 West Fourth Street, Suite 9041
Santa Ana, CA 92701

Committee Counsel
Evan D. Smiley
Weiland, Golden, Smiley, Wang, et al.
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626

Richard G. Reinis, CEO
Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067

Roger E. Glickman, President and COO
Great Circle Family Foods, LLC
Dba Krispy Kreme Doughnuts
315 West 9th Street # 950
Los Angeles, CA 90015

Brett Garlinghouse, President
Great Circle Family Foods, LLC
Dba Krispy Kreme Doughnuts
315 West 9th Street # 950
Los Angeles, CA 90015

Jeff Wegner
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102

RSN-Counsel for Krispy Kreme Doughnut Corp.
Christopher R. Kaup, Esq.
Tiffany & Bosco, P.A.
Camelback Esplanade II
2525 East Camelback Road, Third Floor
Phoenix, AZ 85016

RSN-Counsel for Krispy Kreme Doughnut
David M. Poitras, Esq.
Jeffer Mangels et al LLP
1900 Ave Of The Stars 7FL
Los Angeles, CA 90067-4308

RSN-Counsel for Piege Co. dba Felina Lingerie
Marc Smith, Esq./Ann Penners Bergen, Esq.
Krane & Smith
16255 Ventura Blvd., Suite 600
Encino, CA 91436-2302

RSN-Counsel to The Krausz Companies, Inc.
Katten Muchin Rosenman LLP
Thomas J. Leans, Esq./Brian D. Huben, Esq.
Dustin P. Braneh, Esq.
2029 Century Park East, Suite 2600
Los Angeles, CA 90067

RSN-Counsel to The Irvine Co. & Burbank
Empire Center
Ernie Zachary Park, Esq.
Bewley, Lassleben & Miller, LLP
13215 East Penn St., Suite 510
Whittier, CA 90602-1797

RSN-Counsel to Walter H. Leimert, Jr.
Jeffrey A. Krieger, Esq.
Greenberg Glusker Fields et al.
1900 Avenue of the Stars, Suite 2100
Los Angeles, CA 90067-4590

RSN-Walter H. Leimert, Jr.
Leimert Investment Company
606 North Larchmont Blvd., Suite 302
Los Angeles, CA 90004-1395

RSN-Counsel for GE Capital Franchise
Ethan B. Minkin
Kutak Rock LLP
8601 North Scottsdale Road, Suite 300
Scottsdale, AZ 85253

RSN
Los Angeles County Treasurer & Tax Collector
Attn: Bonita Sanchez
P.O. Box 54110
Los Angeles, CA 90051-0110

Consolidated List for:
GREAT CIRCLE FAMILY FOODS, LLC,
GCFF-HUNTINGTON PARK, LLC
GCFF-ORANGE, LLC
GCFF-SAN DIEGO, LLC
GCFF-CANOGA, LLC
GCFF-ONTARIO. LLC

Debtors
Great Circle Family Foods, et al.
717 State College Blvd., No. 1
Fullerton, CA 92831

Offices of the U.S. Trustee
Michael J. Hauser, Esq.
411 West Fourth Street, Suite 9041
Santa Ana, CA 92701

Counsel to Committee
Evan D. Smiley, Esq.
Weiland, Golden, Smiley, Wang, Ekvall &
Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626

Committee Member
The Rancho Mirage Trust
Attn: Daryl L. Bishop
P.O. Box 6157
Beverly Hills, CA 90212

Committee Member
MKM Oceanside, LLC and Piege Company
c/o Marc Smith, Esq.
Krane & Smith
16255 Ventura Blvd., Suite 600
Encino, CA 91436

Committee Member
Krispy Kreme Doughnut Corporatin
Attn: Darryl Marsch, Asst. Gen. Mgr.
370 Knollwood Street
Winston-Salem, NC 27103

Committee Member
Bakemark USA LLC
Attn: Carol Shokrace
7351 Crider Avenue
Pico Rivera, CA 90660

Committee Member
Paul A. Laufer
P.O. Box 3553
Beverly Hills, CA 90212

Committee Member
Nudnicks LLC
Kamprath Seed Co., LLC
c/o Pali Capital – Bert Cohen
650 5th Avenue, 6th Floor
New York, NY 10019

Committee Member
Carol Karlovich
2052 Via Casa Alta
La Jolla, CA 92037-5732

1

**PROOF OF SERVICE**

2
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3
    I am an employee in the County of Los Angeles, State of California.  I am over the age of

4
18 and am not a party to the within action; my business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067.

5
    On September 20, 2007, I served the foregoing document(s) described as:

6

7
APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P. AS BANKRUPTCY COUNSEL;

8
DECLARATION OF RON BENDER, ESQ. IN SUPPORT THEREOF

9
on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles,

10
California, addressed as follows:

11

| Debtors | Offices of the U.S. Trustee | Committee Counsel |
|---|---|---|
| Great Circle Family Foods, et al. | Michael J. Hauser, Esq. | Evan D. Smiley |
| 717 State College Blvd., No. I | 411 West Fourth St., Ste. 9041 | Weiland, Golden, Smiley, et al. |
| Fullerton, CA 92831 | Santa Ana, CA 92701 | 650 Town Center Dr., Ste. 950 |
| | | Costa Mesa, CA 92626 |

12

13

14
  __X__  (By Mail) I caused such envelope with postage thereon, fully prepaid to be placed in the United States mail. Executed on September 20, 2007 at Los Angeles, California.

15

16
  ____  (By Federal Express/Overnight Mail) I caused such envelope to be delivered by Federal Express (or Express Mail), next business morning delivery to the offices of the on the

17
attached list. Executed on September __, 2007, at Los Angeles, California.

18
  ____  (By Facsimile) I caused said document to be sent via facsimile to the offices of the

19
addressees listed above. Executed on September __, 2007, at Los Angeles, California.

20
  _____  (By E-mail) I caused such envelope to be delivered via email to the addressees on the attached list. Executed on September __, 2007, at Los Angeles, California.

21

22
  ____  (By Personal service) I caused such envelope to be delivered by hand to the offices of the addressee so designated on the attached list.  Executed on September __, 2007 at Los

23
Angeles, California.

24
  ____  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

25

26
  __X__  (Federal) I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

27
John Berwick

28

## File a Motion:

8:07-bk-12600-ES Great Circle Family Foods, LLC

Type: bk                     Chapter: 11 v                  Office: 8 (Santa Ana)

Judge: ES                    Assets: y

Case Flag: PlnDue, DsclsDue, Incomplete, JNTADMN, LEAD

### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Tung, Kim entered on 9/20/2007 at 11:26 AM PDT and filed on 9/20/2007

**Case Name:**      Great Circle Family Foods, LLC
**Case Number:**    8:07-bk-12600-ES
**Document Number:** 49

**Docket Text:**
Application to Employ Levene, Neale, Bender, Rankin & Brill L.L.P. as Bankruptcy Counsel *Declaration of Ron Bender, Esq. in Support Thereof (with Exhibits A, B and C and with proof of service)* Filed by Debtor Great Circle Family Foods, LLC (Tung, Kim)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** G:\-CASES\J-L\K\Krispy Kreme\Pleadings\Employ LNBRB.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=9/20/2007] [FileNumber=17854787-0] [8fa9b10a04db186dae6d02b797e0a2e9c51922c5bdedbe61194f8ec20dc86b6539 7f0946bc7c28e6a0a4f188e91d80cb867d4de709a71544d6a0be00bff415af]]

**8:07-bk-12600-ES Notice will be electronically mailed to:**

Ron Bender    rb@lnbrb.com

Dustin P Branch    dustin.branch@kattenlaw.com

Monica Y Kim    myk@lnbrb.com

David M Poitras    dpoitras@jmbm.com

Evan D Smiley    esmiley@wgllp.com

Kim Tung    kt@lnbrb.com

United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**8:07-bk-12600-ES Notice will not be electronically mailed to:**

AMERICREDIT
PO BOX 183853
ARLINGTON, TX 76096

Administaff Companies Inc.
,

Burbank Empire Center
Bewley Lassleben and Miller LLP
13215 E Penn St Ste 510
Whittier, CA 90602-1797

LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
REVENUE AND ENFORCEMENT
PO BOX 54110
LOS ANGELES, CA 90054

Ethan B Minkin
Kutak Rock LLP
8601 N Scottsdale Rd Ste 300
Scottdale, AZ 85253

Marc Smith
16255 Ventura Bl Suite 600
Encino, CA 91436

The Irvine Company
Bewley Lassleben and Miller LLP
13215 E Penn St Ste 510
Whittier, CA 90602-1797

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067.

     On October 9, 2007, I served the foregoing document(s) described as:

DECLARATION OF KIM TUNG, ESQ. RE: RECEIPT OF NEITHER OPPOSITION TO NOR REQUEST FOR HEARING ON APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P. AS BANKRUPTCY COUNSEL

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California, addressed as follows:

SEE ATTACHED SERVICE LIST

  __X__  (By Mail) I caused such envelope with postage thereon, fully prepaid to be placed in the United States mail. Executed on October 9, 2007 at Los Angeles, California.

  ____  (By Federal Express/Overnight Mail) I caused such envelope to be delivered by Federal Express (or Express Mail), next business morning delivery to the offices of the on the attached list. Executed on October __, 2007, at Los Angeles, California.

  ____  (By Facsimile) I caused said document to be sent via facsimile to the offices of the addressees listed above. Executed on October __, 2007, at Los Angeles, California.

  _____  (By E-mail) I caused such envelope to be delivered via email to the addressees on the attached list. Executed on October __, 2007, at Los Angeles, California.

  _____  (By Personal service) I caused such envelope to be delivered by hand to the offices of the addressee so designated on the attached list. Executed on October __, 2007 at Los Angeles, California.

  ____  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  __X__  (Federal) I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

                                  John Berwick

Consolidated List for:
GREAT CIRCLE FAMILY FOODS, LLC,
GCFF-HUNTINGTON PARK, LLC
GCFF-ORANGE, LLC
GCFF-SAN DIEGO, LLC
GCFF-CANOGA, LLC
GCFF-ONTARIO, LLC

<u>Debtors</u>
Great Circle Family Foods, et al.
717 State College Blvd., No. I
Fullerton, CA 92831

Offices of the U.S. Trustee
Michael J. Hauser, Esq.
411 West Fourth Street, Suite 9041
Santa Ana, CA 92701

<u>Committee Counsel</u>
Evan D. Smiley
Weiland, Golden, Smiley, Wang, et al.
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626