1  CHRISTIAN L. RAISNER, Bar No. 133839
   LINELLE S. MOGADO, Bar No. 236489
2  WEINBERG, ROGER & ROSENFELD
   A Professional Corporation
3  1001 Marina Village Parkway, Suite 200
   Alameda, California 94501-1091
4  Telephone 510.337.1001
   Fax 510.337.1023
5  craisner@unioncounsel.net
   bankruptcycourtnotices@unioncounsel.net
6

7  Attorneys for Creditor
   Duc Nguyen, individually and on behalf of all other
8  similarly situated employees

9
                    UNITED STATES BANKRUPTCY COURT
10
              CENTRAL DISTRICT OF CALIFORNIA (SANTA ANA)
11

12 In Re                                    )  Case No.  8:07-bk-12600-ES
                                            )
13 GREAT CIRCLE FAMILY FOODS, LLC,          )  Jointly Administered with Case Nos.
   aka GCFF aka KRISPY KREME                )
14 DOUGHNUTS,                               )  Case No.  8:07-bk-12603-ES
                                            )  Case No.  8:07-bk-12605-ES
15            Debtor,                       )  Case No.  8:07-bk-12606-ES
                                            )  Case No.  8:07-bk-12602-ES
16 _____ )  Case No.  8:07-bk-12604-ES
                                            )
17 ☐  Affects All Debtors                   )
                                            )  DECLARATION OF STAN S.
18 ☒  Affects Great Circle Family Foods,    )  MALLISON IN OPPOSITION TO
      LLC, only                             )  DEBTOR'S MOTION FOR THE
19 ☐  Affects GCFF-Huntington Park, LLC only )  ISSUANCE OF A TEMPORARY
                                            )  RESTRAINING ORDER AND A
20 _____ )  PRELIMINARY INJUNCTION
   ☐  Affects GCFF- Orange, LLC only        )  PURSUANT TO 11 U.S.C. §105(a)
21                                          )
22 ☐  Affects GCFF-San Diego, LLC only      )  Date:   May 6, 2008
                                            )  Time:   10:30 a.m.
23 _____ )  Place:  Courtroom 5A
                                            )          411 West Fourth Street
24 ☐  Affects GCFF-Canoga, LLC only         )          Santa Ana, CA
                                            )
25 ☐  Affects GCFF-Ontario, LLC only        )
                                            )
26 _____ )
                                            )
27                                          )

28
WEINBERG, ROGER &
    ROSENFELD        _____
A Professional Corporation
1001 Marina Village Parkway  Decl. Of Stan S. Mallison In Opp. To Debtor's Mot. For The Issuance Of A TRO & A Preliminary Injunction Pursuant
      Suite 200          To 11 U.S.C. §105(A)                                      Case No. 8:07-bk-12600-ES
Alameda, CA  94501-1091
    510.337.1001

1    I, Stan S. Mallison, do declare:

2    1.    I am an attorney at law licensed to practice before all courts of the State of

3  California and before the U.S. District Court, Central District of California. I am familiar with the

4  above-captioned litigation, and with the dispute from which it arises. I am also counsel of record

5  in the state court action entitled *Duc Nguyen et al. v. Great Circle Family Foods, LLC et al,*

6  Superior Court, Los Angeles County, Case No. BC 37232. All statements made herein are on

7  personal knowledge unless otherwise stated. If called as a witness, I could competently testify as

8  to matters stated herein. I made this declaration in support of Plaintiff's Opposition to Motion for

9  the Issuance of a Temporary Restraining Order and Preliminary Injunction pursuant to 11 U.S.C.

10  §105(a).

11    2.    On June 6, 2007, Plaintiff Duc Nguyen ("Plaintiff") filed his initial class action

12  complaint in the Los Angeles County Superior Court, Case No. BC 272392, ("Complaint" or

13  "Superior Court Action") alleging that Great Circle Family Foods, LLC ("Debtor")[1] and Great

14  Circle Management, LLC ("Non-Debtor Defendant GCM") willfully violated California wage and

15  hour laws on a class-wide basis. Specifically, Plaintiff alleges in this Complaint that Non-Debtor

16  Defendant GCM:

17    a.    failed to pay minimum wages;

18    b.    failed to pay overtime wages;

19    c.    failed to provide rest or meal periods or pay additional wages in lieu thereof;

20    d.    failed to pay wages of terminated or resigned employees;

21    e.    knowingly and intentionally failed to comply with itemized employee wage

22  statement provisions;

23    f.    breached implied and written contracts of employment; and

24    g.    violated of the Unfair Competition Law.

25  ///

26

---

27  [1] Although the entity filed its bankruptcy petition after the class action complaint was filed, for
ease of reference, the authority is referred to as "the Debtor" throughout this Declaration and its
28  accompanying Opposition.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 2 -

Decl. Of Stan S. Mallison In Opp. To Debtor's Mot. For The Issuance Of A TRO & A Preliminary Injunction Pursuant
To 11 U.S.C. §105(A)                                                    Case No. 8:07-bk-12600-ES

1    Plaintiff seeks to recover unpaid wages and penalties, and obtain restitution on behalf of a

2    class of low-wage workers throughout Southern California.

3    3.    On June 14, 2006, Debtor and Non-Debtor Defendant GCM was personally served

4    at 300 South Grand Avenue, Suite 26000, Los Angeles, California with the Complaint and

5    Summons, along with other documents required by the local rules of the Los Angeles County

6    Superior Court.

7    4.    During this time, Richard Reinis, attorney of record for Debtor and Non-Debtor

8    Defendant GCM in the Superior Court Action, contacted me, demanding that Plaintiff dismiss

9    Non-Debtor Defendant GCM based upon his unverified assertion that Non-Debtor Defendant

10    GCM did not employ Plaintiff or other members of the putative class in the Superior Court Action.

11    When I requested that Mr. Reinis provide documents to support his assertion, Mr. Reinis refused to

12    provide any substantiation for his demand. Further discovery and an order from the Superior Court

13    has demonstrated that GCM has no basis for requesting such dismissal and it appears that GCM, in

14    fact, was the employer of the class at issue and that Mr. Reinis was directly responsible for wage

15    and hour matters.

16    5.    On July 6, 2007, Mr. Reinis e-mailed and mailed a letter to me wherein he again

17    demanded, without explanation, that Plaintiff dismiss Non-Debtor Defendant GCM from the

18    Complaint. A true and correct copy of the letter is attached as **Exhibit 1**.

19    6.    On July 12, 2007, Mr. Reinis e-mailed Plaintiff's counsel notifying them that he

20    would "represent both Great Circle Management, LLC and Great Circle Family Foods, LLC, at

21    this stage." A true and correct copy of this document is attached as **Exhibit 2**.

22    7.    On or about July 27, 2007, I called Debtor's counsel, Jeffrey Goldman, to inform

23    him that Plaintiff intended to amend his Complaint in order to add a California Labor Code Private

24    Attorneys General Act of 2004, Labor Code §§ 2698, et seq., ("PAGA") cause of action. I

25    requested a stipulation to permit the filing of an amended Complaint once PAGA's administrative

26    exhaustion requirement was met. Mr. Goldman informed me that he had to check with Mr. Reinis

27    before he would agree to stipulate.

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 3 -

8.      On July 30, 2007, I contacted Mr. Goldman again in effort to discuss amendments to the Complaint. However, Mr. Goldman rejected Plaintiff's proposed stipulations designed to respond to Defendant's concerns, stating that Defendants instead preferred to file their demurrer. Defendants filed their demurrer that same day. The court determined that the demurrer was groundless. A true and correct copy of this document is attached hereto as **Exhibit 3**.

9.      On August 17, 2007, Defendants served Plaintiff with a Notice of Change of Hearing Date on Demurrer to Complaint, which changed the hearing date for Defendants' Demurrer from August 30, 2007 to October 19, 2007.

10.     Three days later, on August 20, 2007, Mr. Reinis, as continuing counsel of record for Non-Debtor GCM and Debtor in the Superior Court proceeding, served Plaintiff with a Notice of Pendency of Bankruptcy Proceedings. A true and correct copy of this document is attached as **Exhibit 4**.

11.     On October 3, 2007, Debtor's counsel Mr. Reinis, informed me by telephone that he did not believe that a bankruptcy stay applied to Non-Debtor GCM. I stated to Mr. Reinis that Plaintiff could respond to Defendants' Demurrer by amending the Complaint but would specifically exclude the application of any amendments to the Debtor. I asked Mr. Reinis to notify me if he had any objections to this approach prior to filing an amended complaint so that the parties could address these objections. Mr. Reinis had no objections. I faxed Mr. Reinis a confirming letter. A true and correct copy of this document is attached as **Exhibit 5**.

12.     On October 4, 2007, Mr. Reinis responded to my October 3, 2007 letter by confirming that my fax "accurately summarized our conversation." Mr. Reinis confirmed that it was "[his] understanding that the case had to proceed against Great Circle Management, LLC." A true and correct copy of this document is attached as **Exhibit 6**.

13.     On October 4, 2007, Plaintiff filed his First Amended Complaint ("FAC"). The FAC pleaded that non-Debtor GCM directly employed Plaintiff and other putative class members. Plaintiff added a PAGA cause of action and pleaded it solely against non-debtors. The FAC pleads:

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 4 -

Decl. Of Stan S. Mallison In Opp. To Debtor's Mot. For The Issuance Of A TRO & A Preliminary Injunction Pursuant
To 11 U.S.C. §105(A)
Case No. 8:07-bk-12600-ES

1  Liability against GREAT CIRCLE MANAGEMENT, LLC, RICHARD

2  REINIS, and ROGER GLICKMAN is also provided for under PAGA, including, but not limited to those described below and California Labor

3  Code §558, which provides for individual liability for all persons who violate or cause to be violated provisions of the California Labor and

4  California Regulations including IWC wage orders regardless of whether the entity or person is an "employer.

5      14.    Debtor's counsel made no objection to these amendments.  Non-Debtor Defendant

6  GCM propounded discovery on Plaintiff, including 129 Request For Admissions Propounded to

7  Plaintiff Duc Nguyen (Set One); Form Interrogatories Propounded to Plaintiff Duc Nguyen

8  (Set One) (served November 1, 2007); First Set of Requests for Production of Documents

9  Propounded to Duc Nguyen (served November 7, 2007); Defendant's Notice of Deposition of Duc

10  Nguyen and Requests for Production of Documents (served November 7, 2007).

11      15.    Plaintiff issued a limited set of discovery directed solely to Non-Debtor defendants

12  including: Request for Admissions (Form) to Defendant Great Circle Management, Set One

13  (served November 21, 2007); Notice of Taking Deposition of Great Circle Management LLC's

14  Person Most Knowledgeable (served November 28, 2007); Special Interrogatories to Defendant

15  Great Circle Management LLC, Set One (served November 29, 2007); Demand for Inspection and

16  Production of Documents to Defendant Great Circle Management LLC, Set One (served

17  November 29, 2007); Form Interrogatories—General to Defendant Great Circle Management,

18  LLC, Set One (served November 29, 2007); Form Interrogatories—Employment Law to Defendant

19  Great Circle Management, LLC, Set One (served November 29, 2007).

20      16.    On January 24, 2008, the Court in the Superior Court Action held, in part, that

21  Plaintiff's claim against Non-Debtor GCM:

22      …was based on properly plead allegations that GCM was plaintiff's employer under a joing employment theory. (See FAC at 12, 15, 16, 17, 19).

23  Further the FAC's final cause of action asserts GCM's liability based on plaintiff's allegation that GCM 'caused' the Labor Code violations at issue;

24  if proved true, this liability exists regardless of whether GCM is or was an employer.  Labor Code sections 558 and 2699."

25  See attached Order as Exhibit 3 (emphasis added).  The Superior court also held that Non-Debtor

26  Defendant GCM presented:

27  ///

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 5 -

1      . . . no authority to support its contention that the court lacks jurisdicition
       over the claims against GCM because all such claims are derivative of the
2      named plaintiff's cause against GCFF which as filed for Chapter 11
       bankruptcy protection.  GCM makes no showing that the FAC lacks any
3      facts justifying direct liability against GCM.

4  *Id.*  The Court also held that a PAGA cause of action could be brought directly against Richard

5  Reinis and Roger Glickman.  *Id.*

6        I declare under penalty of perjury that the foregoing statements are true and correct and that

7  I executed this declaration in Lafayette, California on April 22, 2008.

8

9                                    _____/s/ Stan S. Mallison_____
                                     Stan S. Mallison

10  117919/491237

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Decl. Of Stan S. Mallison In Opp. To Debtor's Mot. For The Issuance Of A TRO & A Preliminary Injunction Pursuant
To 11 U.S.C. §105(A)                                                                    Case No. 8:07-bk-12600-ES

In re Great Circle Family Foods, LLC,
Case No. 8:07-bk-12600-ES
United States District Court - Central District of California
Santa Ana Division

# EXHIBIT 1

DECLARATION OF STAN S. MALLISON IN OPPOSITION TO
DEBTOR'S MOTION FOR THE ISSUANCE OF A TEMPORARY
RESTRAINING ORDER AND A PRELIMINARY INJUNCTION
PURSUANT TO 11 U.S.C. §105(a)

# STEPTOE & JOHNSON LLP

### ATTORNEYS AT LAW

Richard Reinis
Tel 310.734.3242
Fax 310.734.3243
rreinis@steptoe.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, CA 90067
Tel 310.734.3200
Fax 310.734.3300
steptoe.com

July 6, 2007

**Via email and U.S. Mail**

Stan Mallison, Esq.
Law Offices of Mallison & Martinez
1042 Brown Avenue, Suite A
Lafayette, CA 94549

    Re:  Duc Nguyen, et al., v. Great Circle Management, LLC, et al.

Dear Mr. Mallison:

I write on behalf of Great Circle Management, LLC and Great Circle Family Foods, LLC, named defendants in an action brought in the Superior Court of Los Angeles by your client Duc Nguyen.

Please be advised that Great Circle Management, LLC, is not now, nor has it ever been, an employer of your client or those identified as "others similarly situated." Throughout the Complaint, Great Circle Management, LLC is referred to cumulatively with Great Circle Family Foods, LLC as the Defendant or "GREAT CIRCLE." It is alleged that your client was an employee of Great Circle Management, LLC, therefore, which is contrary to the facts.

We consider the action against Great Circle Management to be malicious. There is no factual basis upon which that allegation has been made that can be proved in court. You are hereby on notice of the falsity of any such claim.

Should you insist that the matter go forth against Great Circle Management, we shall take immediate action to secure judgment against your clients as to that company. In the event of a ruling in favor of our client, we would seek attorneys fees and costs related thereto.

You are hereby on notice that unless Great Circle Management, LLC is immediately dismissed with prejudice from this action, the foregoing response will occur.

Doc. # CC-162564 v.1

WASHINGTON  •  NEW YORK  •  CHICAGO  •  PHOENIX  •  LOS ANGELES  •  CENTURY CITY  •  LONDON  •  BRUSSELS

Stan Mallison, Esq.
July 6, 2007
Page 2

STEPTOE & JOHNSON LLP

Please confirm the date for service of process according to your records.

Very truly yours,

Richard G. Reinis

Doc. # CC-162564 v.1

In re Great Circle Family Foods, LLC,
Case No. 8:07-bk-12600-ES
United States District Court - Central District of California
Santa Ana Division

# EXHIBIT 2

DECLARATION OF STAN S. MALLISON IN OPPOSITION TO
DEBTOR'S MOTION FOR THE ISSUANCE OF A TEMPORARY
RESTRAINING ORDER AND A PRELIMINARY INJUNCTION
PURSUANT TO 11 U.S.C. §105(a)

**From:** "Reinis, Richard" <rreinis@steptoe.com>
**Subject:** **RE: Proofs of Service**
**Date:** July 12, 2007 10:20:27 AM PDT
**To:** "Stan Mallison" <Stanm@mallisonlaw.com>
**Cc:** "Hector Martinez" <HectorM@mallisonlaw.com>

I will represent both Great Circle Management, LLC and Great Circle
Family Foods, LLC, at this stage. Please grant a two week extension to
both parties to respond.
Richard Reinis
Atorney At Law

-----Original Message-----
From: Stan Mallison [mailto:Stanm@mallisonlaw.com]
Sent: Friday, July 06, 2007 5:10 PM
To: Reinis, Richard
Cc: Hector Martinez
Subject: Proofs of Service

Here are the proofs of service indicating that proper substitute
service was carried out on June 14, 2007.   If you have any basis for
contesting service please let me know.

We are happy to discuss with you the joint employment issue.  To
consider the issue of joint employment we would need to obtain documents
to demonstrate the formal and practical relationship between the two
entities pursuant to the guidance provided by California and Federal
courts on this issue.

In re Great Circle Family Foods, LLC,
Case No. 8:07-bk-12600-ES
United States District Court - Central District of California
Santa Ana Division

# EXHIBIT 3

DECLARATION OF STAN S. MALLISON IN OPPOSITION TO
DEBTOR'S MOTION FOR THE ISSUANCE OF A TEMPORARY
RESTRAINING ORDER AND A PRELIMINARY INJUNCTION
PURSUANT TO 11 U.S.C. §105(a)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/24/08                                                    DEPT. 37

HONORABLE JOANNE O'DONNELL          JUDGE   H. A. SMITH        DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR
12.
        N. AVALOS, C.A.    Deputy Sheriff   NONE                Reporter

---

BC372392                              Plaintiff
                                      Counsel
DUC NGUYEN                                      NO APPEARANCES
VS                                    Defendant
GREAT CIRCLE FAMILY FOODS LLC E      Counsel
  AL

NON-COMPLEX 6-21-2007

---

**NATURE OF PROCEEDINGS:**

RULING ON SUBMITTED MATTER:

DEMURRER OF DEFENDANT GREAT CIRCLE MANAGEMENT, LLC
TO THE FIRST AMENDED COMPLAINT;

MOTION OF DEFENDANT GREAT CIRCLE MANAGEMENT, LLC FOR
SANCTIONS;

The court having taken the above matters under
submission on January 14, 2008, comes now and makes
its ruling as indicated below.

Demurrer of Defendant Great Circle Management, LLC
to First Amended Complaint

Judicial notice.  Moving defendant's first request
for judicial noticed is granted as to Exhibit A and
denied as to Exhibit B. Defendant's second request
for judicial notice (submitted with the reply) is
granted as to Exhibit A (however, the court does not
take judicial notice of the truth of any matter
asserted) and denied as to Exhibit B.

The demurrer is overruled.  Moving defendant is
ordered to answer within ten days.

Class action allegations.  Defendant's arguments
concerning typicality, adequacy of representation
and ascertainability raise issues of fact which are
not properly addressed on demurrer.

                Page    1 of   6    DEPT. 37

                                    ┌─────────────────────┐
                                    │ MINUTES ENTERED     │
                                    │ 01/24/08            │
                                    │ COUNTY CLERK        │
                                    └─────────────────────┘

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/24/08

| | | |
|---|---|---|
| HONORABLE JOANNE O'DONNELL | JUDGE | DEPT. 37 |
| | H. A. SMITH | DEPUTY CLERK |
| HONORABLE 12. | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| N. AVALOS, C.A. | Deputy Sheriff NONE | Reporter |

| | | |
|---|---|---|
| BC372392 | Plaintiff Counsel | |
| DUC NGUYEN VS GREAT CIRCLE FAMILY FOODS LLC E AL | Defendant Counsel | NO APPEARANCES |
| NON-COMPLEX 6-21-2007 | | |

NATURE OF PROCEEDINGS:

Lack of jurisdiction.  GCM presents no authority to support its contention that the court lacks jurisdiction over any of the claims against GCM because all such claims are derivative of named plaintiff's causes of action against GCFF which has filed for Chapter 11 bankruptcy protection. GCM makes no showing that the FAC lacks any facts justifying direct liability against GCM.

Standing.  Plaintiff adequately alleges standing to bring a claim against GCM based on an alter ego theory.  Sufficient facts are alleged to support the alter ego allegations, and in any event, a plaintiff may plead alter ego in conclusory fashion.  Los Angeles Cemetery Ass'n v. Superior Court (1969) 268 Cal.App.2d 492, 494.

Joint employer theory.  Plaintiff's claims against GCM are based on properly pleaded allegations that GCM was plaintiff's employer under a joint employment theory.  (See FAC at ¶¶12, 15, 16, 17, 19.)  Further the FAC's final cause of action asserts GCM's liability based on plaintiff's allegation that GCM "caused" the Labor Code violations at issue; if proved true, this liability exists regardless of whether GCM is or was an employer.  Labor Code sections 558 and 2699.

Specificity.  There are no fraud claims alleged in the complaint.  The specific pleading standard is

Page    2 of    6    DEPT. 37

MINUTES ENTERED
01/24/08
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/24/08                                                    DEPT. 37

HONORABLE JOANNE O'DONNELL     JUDGE     H. A. SMITH          DEPUTY CLERK

HONORABLE                      JUDGE PRO TEM                  ELECTRONIC RECORDING MONITOR
12.
         N. AVALOS, C.A.      Deputy Sheriff   NONE                Reporter

BC372392                          Plaintiff
                                  Counsel
DUC NGUYEN                                        NO APPEARANCES
VS
GREAT CIRCLE FAMILY FOODS LLC E   Defendant
 AL                               Counsel

NON-COMPLEX 6-21-2007

**NATURE OF PROCEEDINGS:**

therefore inapplicable.  Specifically, defendant
presents no authority supporting the application of
such a pleading standard to wage and hour claims.

Business and Professions Code Section 17200.  The
"unlawful" prong of section 17200 borrows from
predicate statutory violations.  The claim is
adequately pleaded based on the allegations of Labor
Code violations.

Compliance with Labor Code notice requirements.
Plaintiff has alleged an agency relationship between
GCFF and GCM; accordingly, the notice is sufficient.
Defendant fails to present any authority indicating
that an allegation of "facts and theories" must be
pled in a complaint making a PAGA claim.

Motion of Defendant Great Circle Management, LLC for
CCP Section 128.7 Sanctions Against Plaintiff and
Counsel for Plaintiff

The motion is denied.

Timeliness.  The motion was hand-served upon
plaintiff's counsel on October 31, 2007 and was
filed with the Court on November 21, 2007 which is
the date the 21-day "safe harbor" period expired.
The motion is timely.  CCP § 128.7(c)(1).

Defendant's assertion that plaintiff has presented

                Page   3 of   6   DEPT. 37     ┌─────────────────────┐
                                               │ MINUTES ENTERED     │
                                               │ 01/24/08            │
                                               │ COUNTY CLERK        │
                                               └─────────────────────┘

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/24/08

DEPT. 37

HONORABLE JOANNE O'DONNELL          JUDGE   H. A. SMITH          DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR
12.

N. AVALOS, C.A.          Deputy Sheriff   NONE          Reporter

BC372392

DUC NGUYEN
VS
GREAT CIRCLE FAMILY FOODS LLC E
AL

NON-COMPLEX 6-21-2007

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

## NATURE OF PROCEEDINGS:

no evidence of any pre-lawsuit investigation
undertaken to determine whether plaintiff was an
employee of GCM or whether GCM was liable on an
alter ego theory for violations by GCFF has no
merit. The certification indicates that the
allegations have evidentiary support based on "an
inquiry reasonable under the circumstances." While
it is not precisely clear from the papers what
investigation plaintiff undertook prior to filing
the action and naming GCM, Reinis, and Glickman as
defendants, whatever investigation plaintiff
undertook led to the discovery of sufficient
evidence to support plaintiff's alter ego claims at
the pleading stage:  Based on the information
presented by plaintiff's counsel in his opposition,
the basis for the claims asserted against GCM in the
FAC are (1) a press release in which plaintiff's
counsel claims that GCM admitted that "GCM also
operates the 31 Southern California Krispy Kreme
Doughnut locations, under the name Great Circle
Family Foods, LLC; " (2) a complaint in another
action filed in 2004 in which defendant and counsel
of record Reinis and Glickman 'admitted" that they
personally guaranteed loans of $20 million to GCFF;
and (3) a May 1, 2005 Memorandum.  Under the
statute, counsel may rely on such information so
long as it is "reasonable" to do so.  This
information tends to support plaintiff's alter ego
allegations. Plaintiff has alleged GCFF is the alter
ago of Reinis, Glickman, and GCM, in that plaintiff
is informed and believes and thereon alleges that

Page   4 of   6   DEPT. 37

MINUTES ENTERED
01/24/08
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/24/08

HONORABLE JOANNE O'DONNELL    JUDGE

HONORABLE
12.

N. AVALOS, C.A.    JUDGE PRO TEM

Deputy Sheriff

DEPT. 37

H. A. SMITH    DEPUTY CLERK

ELECTRONIC RECORDING MONITOR

NONE    Reporter

BC372392

DUC NGUYEN
VS
GREAT CIRCLE FAMILY FOODS LLC E
AL

NON-COMPLEX 6-21-2007

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

**NATURE OF PROCEEDINGS:**

there exists, and at all times mentioned existed, a
unity of interest and ownership between GCFF and
Reinis, Glickman, and GCM, such that any
individuality and separateness between GCFF, and
Reinis, Glickman, and GCM is a fiction.  (FAC ¶25.)
Plaintiff alleges additional facts concerning the
alter ego relationship, also on information and
belief.  Plaintiff also alleges that Reinis' and
Glickman's admissions that they personally
guaranteed loans of $20 million to GCFF and that
GCFF was on the brink of bankruptcy during the time
of the alleged violations demonstrates that GCFF was
merely the alter ego of the other defendants.
Reinis and Glickman are principals of GCM and were
each a CEO of GCFF, such that their statements
concerning the viability of GCFF may demonstrate
that GCFF was the alter ego of the other defendants.
In light of these findings, sanctions under CCP
Section 128.7 are not justified.

Clerk to give notice of the above ruling.

### CLERK'S CERTIFICATE OF MAILING/
### NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
01-24-08 upon each party or counsel named below by

Page    5 of    6    DEPT. 37

MINUTES ENTERED
01/24/08
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 01/24/08

|  |  |  |
|---|---|---|
| HONORABLE JOANNE O'DONNELL | JUDGE | DEPT. 37 |
| | | H. A. SMITH    DEPUTY CLERK |
| HONORABLE 12. | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| N. AVALOS, C.A. | Deputy Sheriff | NONE    Reporter |

BC372392

DUC NGUYEN
VS
GREAT CIRCLE FAMILY FOODS LLC E
AL

NON-COMPLEX 6-21-2007

Plaintiff Counsel

Defendant Counsel

NO APPEARANCES

**NATURE OF PROCEEDINGS:**

depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date:  01-24-08

John A. Clarke, Executive Officer/Clerk

By:  _H. A. Smith_
        H. A. SMITH

Stan S. Mallison
MALLISON & MARTINEZ
1042 Brown Ave., Suite A
Lafayette, CA  94549

Santos Gomez
NAVA & GOMEZ
326 South "A" St., Suite 2
Oxnard, CA  93030

Jeffrey M. Goldman
STEPTOE & JOHNSON
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA  90067-5052

Page    6 of    6    DEPT. 37

```
MINUTES ENTERED
01/24/08
COUNTY CLERK
```

In re Great Circle Family Foods, LLC,
Case No. 8:07-bk-12600-ES
United States District Court - Central District of California
Santa Ana Division

# EXHIBIT 4

DECLARATION OF STAN S. MALLISON IN OPPOSITION TO
DEBTOR'S MOTION FOR THE ISSUANCE OF A TEMPORARY
RESTRAINING ORDER AND A PRELIMINARY INJUNCTION
PURSUANT TO 11 U.S.C. §105(a)

1  Richard Reinis (State Bar No. 48511)
   Jeffrey M. Goldman (State Bar No. 233840)
2  STEPTOE & JOHNSON LLP
   2121 Avenue of the Stars, Suite 2800
3  Los Angeles, CA 90067-5052
   Telephone: (310) 734-3200
4  Facsimile: (310) 734-3300

5  Attorneys for Defendants
   GREAT CIRCLE FAMILY FOODS, LLC and
6  GREAT CIRCLE MANAGEMENT, LLC

7

                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                    FOR THE COUNTY OF LOS ANGELES

9  DUC NGUYEN, on behalf of himself and
   others similarly situated,                CASE NO.: BC 372392
10
                    Plaintiff,               [Complaint filed June 6, 2007, Assigned to
11                                           Dept. 37, the Hon. Joanne O'Donnell]
              vs.
12                                           NOTICE OF PENDENCY OF
   GREAT CIRCLE FAMILY FOODS, LLC,           BANKRUPTCY PROCEEDINGS
   a California limited liability company;
13 GREAT CIRCLE MANAGEMENT, LLC, a
   California limited liability company; and Date: [No hearing required]
14 DOES 1 through 20, inclusive,             Time: [No hearing required]
                                             Dept.: 37
15                  Defendants.

16

17

18      **PLEASE TAKE NOTICE** that a Voluntary Petition under Chapter 11 of Title 11.

19 United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), was filed on August 24,

20 2007, in the United States Bankruptcy Court for the Central District of California. Santa Ana

21 Division, by Great Circle Family Foods, LLC, Chapter 11 debtor and debtor in possession (the

22 "Debtor"), and was assigned Case No. 8:07-bk-12600-ES.  Attached hereto as Exhibit "A" is a

23 copy of the Debtor's bankruptcy petition.  Your attention is directed to 11 U.S.C. § 362(a),

24 which provides for an automatic stay against:

25      (1) the commencement or continuation, including the issuance or employment of process,

26 of a judicial, administrative, or other action or proceeding against the debtor that was or could

27

28

                    NOTICE OF PENDENCY OF BANKRUPTCY PROCEEDINGS

have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

The automatic stay of § 362(a) will remain in effect until the bankruptcy case is dismissed or closed or until such earlier times as set forth in Bankruptcy Code §§ 362(c), (d), (e) and (f).

Levene, Neale, Bender, Rankin, & Brill, L.L.P., is proposed bankruptcy counsel to the Debtor, in the above-referenced bankruptcy case. The filing of this Notice is not to be construed

2
NOTICE OF PENDANCY OF BANKRUPTCY PROCEEDINGS

Doc. # CC-165326 v.1

or deemed to be an appearance by Levene, Neale, Bender, Rankin, & Brill, L.L.P., as counsel of record in this civil action.

**NOTICE IS HEREBY GIVEN** that contempt proceedings may be initiated against any party who participates in any violation of the automatic stay. In addition, the Bankruptcy Court may award damages to compensate the Debtor for actual loss suffered arising out of a violation of the automatic stay. Please refer to the Ninth Circuit case of In re Computer Communications, Inc., 824 F.2d 725, 731 (9th Cir. 1987). Actions taken in violation of the automatic stay are void *ab initio* In re Schwartz, 954 F.2d 569 (9th Cir. 1992).

Date: August 27, 2007

STEPTOE & JOHNSON LLP
RICHARD REINIS
JEFFREY M. GOLDMAN

RICHARD REINIS
Attorneys for Defendants
GREAT CIRCLE FAMILY FOODS, LLC and
GREAT CIRCLE MANAGEMENT, LLC

3
NOTICE OF PENDANCY OF BANKRUPTCY PROCEEDINGS

Doc. # CC-165326 v.1

Official Form 1 (4/07)

**E FILED** 8-22-2007

| United States Bankruptcy Court<br>Central District of California - Santa Ana | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>GREAT CIRCLE FAMILY FOODS, LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>DBA GCFF; DBA KRISPY KREME DOUGHNUTS | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all)<br>95-4668498 | Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>717 State College Blvd., No. 1<br>Fullerton, CA<br>ZIP Code: 92831 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code: |
| County of Residence or of the Principal Place of Business:<br>Orange | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code: | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code: |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization)
(Check one box)

☐ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
■ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
■ Other

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)**

☐ Chapter 7
☐ Chapter 9
■ Chapter 11
☐ Chapter 12
☐ Chapter 13
☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
■ Debts are primarily business debts.

**Filing Fee (Check one box)**

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Chapter 11 Debtors**

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

■ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1000-<br>5,000 | 5001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 100,001-<br>100,000 | OVER<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| ☐ $0 to<br>$10,000 | ☐ $10,001 to<br>$100,000 | ☐ $100,001 to<br>$1 million | ■ $1,000,001 to<br>$100 million | ☐ More than<br>$100 million |
|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to<br>$50,000 | ☐ $50,001 to<br>$100,000 | ☐ $100,001 to<br>$1 million | ■ $1,000,001 to<br>$100 million | ☐ More than<br>$100 million |
|---|---|---|---|---|

Exhibit "A"
Page 4

Official Form 1 (4/07)

FORM B1, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**GREAT CIRCLE FAMILY FOODS, LLC** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)** | | |
|---|---|---|
| Location<br>Where Filed: - None - | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)** | | |
|---|---|---|
| Name of Debtor:<br>- None - | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)          (Date) |
|---|---|

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br>■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>**(Check any applicable box)** |
|---|
| ■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Statement by a Debtor Who Resides as a Tenant of Residential Property**<br>**(Check all applicable boxes)** |
|---|
| ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>_____<br>(Name of landlord that obtained judgment)<br><br><br>_____<br>(Address of landlord)<br><br>☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |

Exhibit "A"<br>Page 5

Official Form 1 (4/07)

| Voluntary Petition | FORM B1, Page 3 |
|---|---|
| *(This page must be completed and filed in every case)* | Name of Debtor(s):<br>GREAT CIRCLE FAMILY FOODS, LLC |

### Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

**Signature of Attorney**

X _____
Signature of Attorney for Debtor(s)

   Ron Bender 143364
Printed Name of Attorney for Debtor(s)

   Levene, Neale, Bender, Rankin & Brill L.L.P.
Firm Name

   10250 Constellation Blvd.
   Suite 1700
   Los Angeles, CA 90067

Address

   (310) 229-1234 Fax: (310) 229-1244
Telephone Number

   August 22, 2007          143364
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

   Brett Garlinghouse
Printed Name of Authorized Individual

   Principal Responsible Person
Title of Authorized Individual

   August 22, 2007
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Exhibit "A"

Page 6

## PROOF OF SERVICE
### F.R.C.P. 5 / C.C.P. 1013a(3)/ Rules of Court, Rule 2.260

I am a resident of, or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is: Steptoe & Johnson LLP, 2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067-5052.

On August 27, 2007, I served the following listed document(s), by method indicated below, on the parties in this action: **NOTICE OF PENDANCY OF BANKRUPTCY PROCEEDINGS**

### PLEASE SEE ATTACHED SERVICE LIST

**XX  BY U.S. MAIL**
By placing true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Steptoe & Johnson in Los Angeles, California following ordinary business practices. I am readily familiar with the firm's practice for collection and processing of document for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day in the ordinary course of business. I am aware that upon motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in this affidavit.

☐ **BY OVERNIGHT DELIVERY**
By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to receive documents.

**BY PERSONAL SERVICE**
☐ By personally delivering the document(s) listed above to the offices at the address(es) as shown on the attached service list.
☐ By placing the document(s) listed above in a sealed envelope(s) and instructing a registered process server to personally delivery the envelope(s) to the offices at the address(es) set forth on the attached service list. The signed proof of service by the registered process server is attached.

☐ **BY ELECTRONIC SERVICE**
(via electronic filing service provider)
By electronically transmitting the document(s) listed above to LexisNexis File and Serve, an electronic filing service provider, at www.fileandserve.lexisnexis.com pursuant to the Court's _____ Order mandating electronic service. *See* Cal. R. Ct. R. 2.253, 2.255, 2.260. The transmission was reported as complete and without error.

☐ **BY ELECTRONIC SERVICE**
(to individual persons)
By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list. The transmission was reported as complete and without error. *See* Rules of Court, rule 2.260.

☐ **BY FACSIMILE**
By transmitting the document(s) listed above from Steptoe & Johnson in Los Angeles, California to the facsimile machine telephone number(s) set forth on the attached service list. Service by facsimile transmission was made pursuant to agreement of the parties, confirmed in writing.

x    STATE        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 27, 2007 at Los Angeles, California.

Maria Rodriguez
Type or Print Name                                     Signature

Doc. # CC-165326 v.1

## SERVICE LIST

1
2
3
4
5
6    Stan S. Mallison, Esq.                                        Attorneys for Plaintiffs and proposed Class
7    Hector R. Martinez, Esq.
8    LAW OFFICE OF MALLISON &
     MARTINEZ
9    1042 Brown Avenue, Suite A
10   Lafayette, CA 94549
11   Tel. (925) 283-3842
12   Fax (925) 283-3426
13   StanM@MallisonLaw.com
14   HectorM@MallisonLaw.com
15
16
17   Santos Gomez, Esq.                                           Attorneys for Plaintiffs and proposed Class
18   Cesar H. Nava, Esq.
19   NAVA & GOMEZ
20   326 South "A" Street, Suite 2
21   Oxnard, CA 93030
22   Tel.: (805) 483-2465
23   Fax (805) 483-0860
24
25
26
27
28

**PROOF OF SERVICE**
F.R.C.P. 5 / C.C.P. 1013a(3)/ Rules of Court, Rule 2.260

I am a resident of, or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is: Steptoe & Johnson LLP, 2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067-5052.

On August 27, 2007, I served the following listed document(s), by method indicated below, on the parties in this action: **NOTICE OF PENDANCY OF BANKRUPTCY PROCEEDINGS**

**PLEASE SEE ATTACHED SERVICE LIST**

**XX  BY U.S. MAIL**
By placing true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Steptoe & Johnson in Los Angeles, California following ordinary business practices. I am readily familiar with the firm's practice for collection and processing of document for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day in the ordinary course of business. I am aware that upon motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in this affidavit.

☐ **BY OVERNIGHT DELIVERY**
By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to receive documents.

☐ **BY PERSONAL SERVICE**
☐ By personally delivering the document(s) listed above to the offices at the addressee(s) as shown on the attached service list.
☐ By placing the document(s) listed above in a sealed envelope(s) and instructing a registered process server to personally delivery the envelope(s) to the offices at the address(es) set forth on the attached service list. The signed proof of service by the registered process server is attached.

☐ **BY ELECTRONIC SERVICE**
(via electronic filing service provider)
By electronically transmitting the document(s) listed above to LexisNexis File and Serve, an electronic filing service provider, at www.fileandserve.lexisnexis.com pursuant to the Court's _____ Order mandating electronic service. *See* Cal. R. Ct. R. 2.253, 2.255, 2.260. The transmission was reported as complete and without error.

☐ **BY ELECTRONIC SERVICE**
(to individual persons)
By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list. The transmission was reported as complete and without error. *See* Rules of Court, rule 2.260.

☐ **BY FACSIMILE**
By transmitting the document(s) listed above from Steptoe & Johnson in Los Angeles, California to the facsimile machine telephone number(s) set forth on the attached service list. Service by facsimile transmission was made pursuant to agreement of the parties, confirmed in writing.

x    STATE    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 27, 2007 at Los Angeles, California.

Maria Rodriguez
Type or Print Name

/s/

Signature

Doc. # CC-165326 v.1

## SERVICE LIST

Stan S. Mallison, Esq.
Hector R. Martinez, Esq.
LAW OFFICE OF MALLISON &
MARTINEZ
1042 Brown Avenue, Suite A
Lafayette, CA 94549
Tel. (925) 283-3842
Fax (925) 283-3426
StanM@MallisonLaw.com
HectorM@MallisonLaw.com

Attorneys for Plaintiffs and proposed Class

Santos Gomez, Esq.
Cesar H. Nava, Esq.
NAVA & GOMEZ
326 South "A" Street, Suite 2
Oxnard, CA 93030
Tel.: (805) 483-2465
Fax (805) 483-0860

Attorneys for Plaintiffs and proposed Class

Doc. # CC-165326 v.1

In re Great Circle Family Foods, LLC,
Case No. 8:07-bk-12600-ES
United States District Court - Central District of California
Santa Ana Division

# EXHIBIT 5

DECLARATION OF STAN S. MALLISON IN OPPOSITION TO
DEBTOR'S MOTION FOR THE ISSUANCE OF A TEMPORARY
RESTRAINING ORDER AND A PRELIMINARY INJUNCTION
PURSUANT TO 11 U.S.C. §105(a)

### LAW OFFICES OF
### MALLISON & MARTINEZ

1042 BROWN AVENUE, SUITE A
LAFAYETTE, CA
94549

STAN S. MALLISON*
HECTOR R. MARTINEZ

(925) 283-3842
Fax (925) 283-2634

---

* MEMBER OF CA & NV BAR

Via Facsimile

October 3, 2007

Richard Reinis
Jeffrey M. Goldman
Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067-5052
Fax: (310) 734-3300

October 3, 2007

Dear Mr. Goldman:

This letter is designed to memorial our conversation of today. In this conversation you stated that you believed that no bankruptcy stay applied to Great Circle Management LLC. We informed you that we would therefore respond to your demurrer by amending our complaint but by specifically excluding the application of any amendments to Great Circle Family Foods LLC. We also asked you if you had any objections to this approach and requested that you inform us prior to our filing so that we could address these objections. You provided no objections. We therefore intend to file an amended complaint and have informed the court of this.

Very truly yours,
MALLISON & MARTINEZ

Sincerely,

Stan Mallison

In re Great Circle Family Foods, LLC,
Case No. 8:07-bk-12600-ES
United States District Court - Central District of California
Santa Ana Division

# EXHIBIT 6

DECLARATION OF STAN S. MALLISON IN OPPOSITION TO
DEBTOR'S MOTION FOR THE ISSUANCE OF A TEMPORARY
RESTRAINING ORDER AND A PRELIMINARY INJUNCTION
PURSUANT TO 11 U.S.C. §105(a)

10/04/2007 10:05 FAX 13107343900          STEPTOE&JOHNSON                    ☑ 002/002

## STEPTOE & JOHNSON LLP

### ATTORNEYS AT LAW

Jeffrey M. Goldman
Tel 310.734.3260
Fax 310.734.3160
jgoldman@steptoe.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, CA 90067
Tel 310.734.3200
Fax 310.734.3300
steptoe.com

October 4, 2007

### Via Facsimile and U.S. Mail

Stan S. Mallison, Esq.
Mallison & Martinez
1042 Brown Avenue, Suite A
Lafayette, CA 94549

    Re:  Nguyen v. Great Circle Family Foods, LLC, et al.

Dear Mr. Mallison:

    This letter responds to your October 3, 2007 fax purporting to memorialize our conversation of that same day.  While your letter is not entirely clear, it does not appear that your fax accurately summarizes our conversation.  I informed you that it was my understanding that the case had to proceed against Great Circle Management, LLC, but that I was not a bankruptcy attorney.  I do not recall you specifically asking me if I had any objections to your filing an amended complaint.  Rather, I told you that there was nothing I could do to stop you from filing an amended complaint, and made no further representations as to what you could or could not do in that regard.  Notwithstanding your stated intent to file an amended complaint, we will nevertheless appear at the demurrer hearing on October 10, 2007 if we do not receive an amended complaint before that time.

Very truly yours,

Jeffrey M. Goldman

cc:    Richard G. Reinis, Esq.