| | |
|---|---|
| Stan S. Mallison (SBN 184191)<br>Hector R. Martinez (SBN 206336)<br>Marco A. Palau (SBN 242340)<br>LAW OFFICES OF MALLISON & MARTINEZ<br>1042 Brown Avenue<br>Lafayette, California 94549<br>Telephone: (925) 283-3842<br>Facsimile: (925) 283-3426<br>stanm@mallisonlaw.com<br>hectorm@themmlawfirm.com<br>mpalau@themmlawfirm.com<br><br>Attorneys for Claimant DUC NGUYEN | |

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>GREAT CIRCLE FAMILY FOODS, LLC, et al.<br><br>Debtors<br><br>☒ Affects All Debtors<br><br>☐ Affects Great Circle Family Foods, LLC only<br><br>☐ Affects GCFF – Huntington Park, LLC only<br><br>☐ Affects GCFF – Orange, LLC only<br><br>☐ Affects GCFF – San Diego, LLC only<br><br>☐ Affects GCFF – Canoga, LLC only<br><br>☐ Affects GCFF – Ontario, LLC only | Case No.: 8:07-bk-012600-ES<br><br>CHAPTER 11<br><br>Jointly Administered with Case Nos.:<br><br>Case No. 8:07-bk-12603-ES<br>Case No. 8:07-bk-12605-ES<br>Case No. 8:07-bk-12606-ES<br>Case No. 8:07-bk-12602-ES<br>Case No. 8:07-bk-12604-ES<br><br>***ERRATA* OBJECTION TO APPLICATION (DOCKET #465) FOR ORDER SHORTENING TIME TO HEAR GREAT CIRCLE FAMILY FOODS, LLC'S MOTION FOR AN ORDER ESTIMATING CLAIMANTS' CLAIMS AS VALUELESS, ETC. . .**<br><br>**DISCOVERY MATTER**<br><br>[Re Docket #465]<br><br>Discovery Cutoff: Oct. 16, 2009<br>Claims Proceeding: Jan. 25, 2010<br>Courtroom: 5A |

NGUYEN'S OBJECTION TO DEBTOR'S APPLICATION TO SHORTEN TIME

## I. INTRODUCTION

Nguyen hereby objects to the Application for an Order Shortening Time ("Application") filed by Debtor Great Circle Family Foods, LLC ("GCFF" of "Debtor") on September 25, 2009. (Docket # 465.) The Application seeks an order to shorten the time to hear Debtor's motion to order Duc Nguyen's ("Nguyen"), David Houser's ("Houser"), and Richard Steven Erdos' ("Erdos") (collectively "Claimants") claims valueless, or to compel them to personally appear for deposition in GCFF's counsel's office on September 30, October 1, and October 2, 2009, and that all objections to GCFF's document requests and deposition notices are waived for failure to timely object, and that all responsive documents be produced ("Motion").

## II. OBJECTION TO DEBTOR'S APPLICATION

Debtor's Application fails to comport with the Local Bankruptcy rules in that the Application requests a hearing on impermissibly short notice. Under the Local Bankruptcy Rules, "If the application is granted, movant must serve the order setting the hearing on shortened notice on each of the parties to whom notice of the underlying motion is required." L.B.R. 9075-1(b)(7).

Debtor's Application, filed Friday, September 25, 2009, requests that the Court consider Debtor's application <u>and</u> hear Debtor's Motion concurrently on the following business day, September 28, 2009 (today), and requests order compelling Claimants' depositions beginning only two days later, September 30, 2009. (See Application ¶ 2.c.)

Given the timing of these events, there would be no time whatsoever to notice the affected parties in order to oppose the motion or appear at a hearing, unless the Court granted the Application on Monday, September 28, 2009 and ordered a hearing on the Motion the next day, September 29, 2009, so as to provide the relief requested on September 30, 2009. Granting Debtor's Application in this

fashion would lead to injustice and a violation of Nguyen and other Claimants' due process rights.

In essence, Debtor is asking the Court to grant its improper motion to order claimant's claims valueless or compel their depositions, and to impose sanctions, without a hearing or an opportunity to oppose it.

Debtor's Application is also defective under the rules governing Emergency Motions. A party seeking relief by emergency motion on less than 48 hours' notice must obtain a hearing date in advance and "immediately upon obtaining a hearing date and time, movant must give telephonic notice of the emergency hearing . . . ." L.B.R. 9075-1(a)(2) and (4). The party seeking emergency relief must also include a declaration of one or more competent witnesses under penalty of perjury that (i) justifies the setting of a hearing on an emergency basis and (ii) supports the granting of the motion itself on the merits . . . [and] must serve the moving papers by e-mail, fax, or personal service on the parties . . ." (Id. at (a)(3) and (a)(5).)

Here, Debtor has not given notice of any hearing. Rather, it merely requested a hearing on September 28, 2009. Counsel has checked the Court calendar and has not been able to find a hearing on that date. Further, none of the declarations submitted in support of its Application set forth the emergency factors described in L.R.B. 9075-1(a)(3). Further, it is impossible for Debtor to obtain the relief sought, because it had to have given notice of a September 29, 2009 hearing on September 27, 2009 at the latest, in order for the Court to properly consider a motion to compel depositions beginning the next day, September 30, 2009.

Finally, Debtor filed the Joint Stipulation regarding its Motion without Nguyen's portion. Nguyen will file an Amended Joint Stipulation and requests that

///

///

if the Court intends to consider Debtor's Motion on the expedited basis the Court consider the Amended Joint Stipulation with Nguyen's argument and version of the relevant facts.

For these reasons, Debtor's Application should be denied.

| Dated: September 29, 2009 | WEINBERG, ROGER & ROSENFELD<br><br>By:*/s/* Christian Raisner<br>Counsel for Claimant Duc Nguyen |
|---|---|
| Dated: September 29, 2009 | MALLISON & MARTINEZ<br><br>By: /s/ Marco A. Palau<br>Counsel for Claimant Duc Nguyen |