ORIGINAL

ORDER TO CHAMBERS
Date 9-24-09

FILED
SEP 24 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

1 | Robert S. Green (State Bar No. 136183)
  | Nicole D. Reynolds (State Bar No. 246255)
2 | **GREEN WELLING P.C.**
  | 595 Market Street, Suite 2750
3 | San Francisco, CA 94105
  | Telephone: (415) 477-6700
4 | Facsimile: (415) 477-6710

5 | Attorneys for Claimants HOUSER and ERDOS

6 | [Additional counsel listed on Signature Page]

7

8

9 | UNITED STATES BANKRUPTCY COURT

10 | CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

11

12 | In re: GREAT CIRCLE FAMILY FOODS, et al.,     )  Case No: SA: 07-12600 ES
13 |                                                )  CHAPTER 11
   |                        Debtors                 )
14 | _____)  **CLAIMANTS' MOTION FOR A**
   | DAVID HOUSER, et al.,                          )  **PROTECTIVE ORDER WITH**
15 |                                                )  **APPLICATION FOR ORDER**
   |                        Plaintiffs,             )  **SHORTENING TIME FOR HEARING**
16 |                                                )
   |           vs.                                  )  Date:
17 |                                                )  Time:
   | GREAT CIRCLE FAMILY FOODS, et al.,             )  Dept:   5A
18 |                                                )  Judge:  Honorable Erithe E. Smith
   |                        Defendants.             )
19 | _____)

20

21 | **BY FAX**

22

23

24

25

26

27

28

CLAIMANTS' MOTION OF FOR A PROTECTIVE ORDER WITH APPLICATION FOR OST

Claimants David Houser and Steven Erdos are former employees who assert claims based on Debtor's failure to pay overtime as required by law, in that Debtor improperly classified their positions as exempt when they were not. By order dated September 3, 2009, the Court established procedures and a schedule for estimating these claims. By this motion, Claimants seek a protective order pursuant to Federal Rule of Civil Procedure ("FRCP") 26(c), made applicable to "contested" proceedings by Federal Rule of Bankruptcy Procedure ("FRBP") 9014 and to "adversary" proceedings by FRBP 7026, providing that Claimants' depositions not occur until a reasonable time after Debtor shall have produced the documents relevant to Claimants' employment and wage and hour claims.

Debtor admits to having in its possession relevant documents evidencing the hours Claimants worked, such as Claimants' work schedules and the like, and further admits that Claimants requested production of those documents in these proceedings. Debtor sees that it can obtain an unfair advantage by having its attorneys take depositions of these former donut shop employees and doing so where the attorneys have all the records and the donut shop employees have only their memories of work they did several years ago. The federal rules are intended to avoid such unfair procedures: "The federal rules promote broad discovery so that all relevant evidence is disclosed as early as possible, making a trial "less a game of blind man's b[l]uff and more a fair contest" (*United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)), "where each party can knowledgeably evaluate the strength of its evidence and chances of ultimate success" (*Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993)).

Claimants also respectfully request the Court to extend the discovery cut-off date by 30 days to avoid a potential for discovery abuse and unfairness. Debtor has indicated it will not produce documents, if at all, until the very last day discovery may be conducted pursuant to the Court's scheduling order—October 16, 2009. Decl. of Robert Green in support of Application for Order Shortening Time ("Green Decl.") ¶ 8. Debtor has also indicated that such production will occur only "subject" to Debtor's objections, calling into question whether any documents will be produced. *Id.* This allows Claimants no time to review any documents which may be

produced and seek an order compelling discovery if needed. Thus, a 30 day extension of the schedule for estimation proceedings in the September 3, 2009 order is also necessary to ensure fairness.

## LEGAL STANDARDS

Disputes involving the timing of specific depositions in relation to other discovery fall directly within the provisions of FRCP 26, which is made applicable to contested proceedings by FRBP 9014 and to adversary proceedings by FRBP 7026. The burden of showing good cause for a protective order rests on the party requesting relief. *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408 (M.D.N.C. 1991). The Court has wide discretion to issue a protective orders under FRCP 26 which regulates the terms, conditions, time, place, or sequence of discovery. *United States v. Bartesch*, 110 F.R.D. 128, 129 (N.D. Ill. 1986) (finding defendant entitled to production of documents prior to defendant's deposition). It is a proper use of that discretion to ensure fairness by requiring that critical documents be produced "before the relevant depositions." *Reed v. City of Chicago*, Case No. 01-7865, 2008 WL 4534084 at *3 (N.D. Ill. April 22, 2008). For example, Courts have found that allowing a deposition to occur before the witness has the opportunity to review relevant documents is "annoying or harassing at the very least" (*Roberts v. Americable Intern., Inc.*, 883 F.Supp. 499 (E.D. Cal. 1995)) and that it "strains fairness" to allow one party to review documents in order "to craft the perfect series of questions to ambush the opponent" (*Mason v. T.K. Stanley, Inc.*, 229 F.R.D. 533, 536 (S.D. Miss. 2005)).

## ARGUMENT

Claimants requested through informal and formal means that Debtor produce relevant documents relating to Claimants' wage and hour claims and their employment such as their work schedules and other payroll or timekeeping documents. Claimants sought to use the most efficient methods possible in order to reduce the time and effort required to in this estimation proceeding. Initially, the documents were informally requested through the production of initial disclosures pursuant to FRCP 26, made applicable to adversary proceedings by FRBP 7026. Green Decl. ¶ 3. When Debtor refused to make such disclosures, Claimants requested

1  documents in the form of a FRCP 30(b)(6) deposition notice with attached document requests,
2  served on August 17, 2009. *Id.* ¶ 4. The deposition notice requested 10 categories of
3  documents on the central issues to this proceeding and set the deposition of the "custodian of
4  records" to authenticate the documents for September 11, 2009. *Id.* When the deposition
5  notice was served, Claimants indicated to Debtor that the date for the deposition was set with a
6  view toward arranging a mutually satisfactory date. *Id.* ¶ 5. The next day, Debtor responded
7  with a deposition notice for each Claimant and to each notice they attached a request for 56
8  categories of documents (112 categories in total for the two Claimants). *Id.* ¶ 6.

9      Rather than work out a mutually agreeable schedule for the production of the relevant
10  documents due to Claimants, Debtor simply waited until a few days before the requested date
11  and then objected on the ground that the notice had not provided for 30 days for its response.
12  *Id.* ¶ 8. The parties met and conferred on the matter and Debtor refused to produce the
13  documents (and thus provide a meaningful deposition) until October 16, 2009, the day before
14  the discovery cutoff for this proceeding. *Id.* ¶ 8. Claimants then served another request for
15  production of these documents, solely to preserve their rights in the matter. *Id.* ¶ 9.

16      Notwithstanding their own refusal to produce the requested documents that relate
17  directly to the claims at issue here, Debtor continues to insist that Claimants' depositions go
18  forward without the benefit of any of the documents related to their work activities or the
19  ability to refresh their recollection on events that occurred years ago (Erdos's and Houser's
20  employment terminated in 2004 and 2005, respectively). *Id.* ¶¶ 10-12. Claimants attempted to
21  meet and confer with Debtor on the matter, but Debtor threatened sanctions if its ultimatums
22  were not met. *Id.* ¶ 11. Accordingly, Claimants request a protective order until such time as
23  the documents have been produced.

24      Similar issues were presented to the court in *Reed v. City of Chicago*. In *Reed*, the
25  defendant provided plaintiffs with a "Complaint Register" that was illegible. The plaintiff then
26  filed an emergency motion to stay future depositions until the defendant provided access to the
27  original Complaint Register for inspection and copying. *Reed*, 2008 WL 4534084 at *1.
28  Plaintiff's emergency motion was granted and the court stayed depositions until after review of

CLAIMANTS' MOTION OF FOR A PROTECTIVE ORDER WITH APPLICATION FOR OST

the original documents. *Id.* Apparently, this order led to further disputes between the parties that resulted in cross motions for sanctions. In denying those motions, the court reiterated that it had clearly ruled that, "Plaintiff was entitled to these documents before the relevant depositions." *Id.* at *3.

The same result should obtain here. The documents at issue are available and easy to provide. They relate to the work that forms the basis of the claims and they document events that occurred several years ago. Debtor offers no basis for its refusal to produce prior to the depositions, thus confirming that its sole purpose is to gain an unfair advantage and create a confused record by allowing its attorneys access to documents about Claimants' work that they themselves are not allowed to see. This is trial by ambush as condemned by the courts and the federal rules.

The policies at issue here have been discussed most extensively in the context of surveillance videos that one side seeks to keep from the other side in order to trap them into making impeachable statements. *See, e.g., Pro Billiards Tour Association, Inc. v. R.J. Reynolds Tobacco Co.*, 187 F.R.D. 229 (M.D.N.C. 1999). In *Pro Billiards*, the court examined the question of whether the defendants' depositions would go forward before or after they had the opportunity to view the tapes of their negotiations with the plaintiff. The court concluded that, "[t]o the extent the substantive value of the evidence outweighs its impeachment value, the Court will not delay production pending the taking of a deposition." *Id.* at 231. The court noted the fact that the party that has already reviewed the evidence "would have an undue or unfair advantage of having or being able to prepare for its deposition . . . while denying the same opportunity to the opponent." *Id.* at 232. The court went on to say that, "[t]o the extent that cross-examination is important to reveal the truth, the court has a duty to make sure its application is even-handed to all who would proclaim the truth." *Id. See also Mason*, 229 F.R.D. at 536-37 (finding the substantive value of the evidence to trump the impeachment value and ordering production prior to depositions based on "equitable and fairness concerns").

Here, the documents that Debtor withholds justify the same rationale as applied to the surveillance tapes. The documents record what happened at the time and place giving rise to

1  these claims. The matters occurred several years ago and are not fresh in the minds of the
2  Claimants. Debtor seeks solely to attempt to create false confusion or an incorrect record,
3  rather than simply declaring the truth. It certainly cannot be considered even-handed to allow
4  experienced attorneys with a sheaf of documents about these individuals to cross examine two
5  former donut shop workers without providing them the benefit of the same information. In
6  short, Debtor seeks to gain an unfair advantage from the timing of the discovery requests,
7  which this court can and should obviate under Rule 26(c).
8      To the extent that Debtor wants to argue that it had a legal right to object to document
9  requests calling for production in less than 30 days, Claimants respond as follows: (1) The
10 timing of the respective requests should not be used to create an unfair process; and (2) more
11 than 30 days have passed since the requests were served—Claimants requested that the
12 documents be produced now and Debtor continues to refuse even though it has no other
13 applicable objections. *See* Green Decl. ¶¶ 4, 9-12.
14     Debtor admits that it has relevant documents that are necessary for Claimants to provide
15 fair and accurate depositions. FRCP 26(c) and the cases thereunder provide for the Court to
16 address the timing and order of discovery to provide a fair process that is even-handed to both
17 sides. The court should exercise its power to provide for an efficient and fair process by
18 requiring Debtor to provide the documents requested by Claimants sufficiently ahead of their
19 depositions to allow them the same opportunity that Debtor has had to prepare for the
20 proceeding.
21 ///
22 ///
23 ///

1     Additionally, since Debtor refuses to complete the production until the end of the
2 discovery cut-off period, Claimants request that the schedule set forth in the September 3, 2009
3 order be extended by 30 days in all respects.

4 DATED: September 24, 2009                  **GREEN WELLING P.C.**

By: /s/ Robert S. Green
       Robert S. Green

Nicole D. Reynolds
595 Market Street, Suite 2750
San Francisco, CA 94105
Telephone: (415) 477-6700
Facsimile: (415) 477-6710

Patricio Barrera
**BARRERA & ASSOCIATES**
1500 Rosecrans Ave., Ste. 500
Manhattan Beach, CA 90266
Telephone: (310) 802-1500
Facsimile: (310) 802-0500

Attorneys for Plaintiffs
DAVID HOUSER AND RICHARD ERDOS