ORIGINAL

FILED
SEP 24
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY

FILED
SEP 24 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

1  Robert S. Green (State Bar No. 136183)
   Nicole D. Reynolds (State Bar No. 246255)
2  **GREEN WELLING, P.C.**
   595 Market Street, Suite 2750
3  San Francisco, CA 94105
   Telephone: (415) 477-6700
4  Facsimile: (415) 477-6710

5  Attorneys for CLAIMANTS
   Richard Steven Erdos and David Houser

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

10  In re:                                    )  Case No.: SA: 07-12600 ES
                                              )
11  Great Circle Family Foods; GCFF-Canoga,   )
                                              )
12  LLC; GCFF-Huntington Park, LLC; GCFF –    )  **DECLARATION OF ROBERT GREEN IN**
    Ontario, LLC; GCFF-Orange, LLC and GCFF-  )  **SUPPORT OF APPLICATION FOR AN**
13  San Diego, LLC,                           )  **ORDER SHORTENING TIME AND**
                                              )  **MOTION FOR A PROTECTIVE ORDER**
14              Debtors                        )  **BY CLAIMANTS HOUSER AND ERDOS**
                                              )
15  ─────────────────────────────────────    )
                                              )
16  DAVID HOUSER, et al.                      )
                                              )
17              Plaintiffs,                    )
                                              )
18       vs.                                   )
                                              )
19  GREAT CIRCLE FAMILY FOODS, ET AL.         )      **BY FAX**
                                              )
20              Defendants.                    )
                                              )
21  ─────────────────────────────────────    )

22

23

24

25

26

27

28

─────────────────────────────────────────────────────────────────────
DECL. OF ROBERT S. GREEN ISO APPLICATION FOR OST AND MOT. FOR PROTECTIVE ORDER

1       I, Robert S. Green, hereby declare as follows:

2       1.     I am an attorney admitted to practice law in California and member of Green

3 Welling, P.C., counsel to Claimants David Houser and Richard Steven Erdos.

4       2.     Pursuant to the Court's August 11, 2009 hearing on Debtor's Motion to Estimate

5 and by Order dated September 3, 2009, the Court established procedures and a schedule for

6 estimating the Claims of Claimants Richard David Houser and Steven Erdos as well as the

7 related Claims of Claimant Duc Nguyen, both of which are based on allegations that Debtor did

8 not comply with California wage and hour laws.

9       3.     On August 14, 2009, all Claimants requested to meet and confer with Debtor

10 regarding mandatory initial disclosures required by Federal Rules of Civil Procedure, Rule 26.

11 Claimants stated their belief that Debtor was required to turn over certain documents, such as

12 time and payroll records relating to claimants and the putative classes they represent,

13 immediately. Debtor refused to make such initial disclosures or to participate in any voluntary

14 exchange of core information.

15       4.     On August 17, 2009, Claimants Houser and Erdos served a Notice of Deposition

16 of a "Custodian of Records," i.e. a person able to authenticate the documents requested, along

17 with a Request for the Production of Documents. Claimants limited their document production

18 requests to ten (10) categories. *See* Exhibit A. The documents requested included payrolls,

19 schedules, and any other documents evidencing hours worked by Houser and Erdos as well as

20 the putative class. Claimants noticed the deposition to take place on September 11, 2009. In

21 the email transmitting the notice, Claimants advised that the date set was subject to any

22 mutually agreeable time.

23       5.     On August 18, 2009, Debtor Served separate Requests for the Production of

24 Documents on Houser and Erdos, requesting 56 categories of documents from each Claimant,

25 for a total of 112 categories that we were required to address. On September 17, 2009, we

26 produced all responsive non-privileged documents in Claimants' possession, including

27 documents produced to Claimants by third parties in the state court case. Copies of these

28 deposition notices are attached as Exhibits B and C.

1

1       6.        Additionally, on August 18, 2009, Debtor Noticed the Depositions of Houser

2   and Erdos to take place on September 24, 2009 and September 29, 2009, respectively. On

3   September 21, 2009 Debtor reset the date for the Houser deposition from September 24th to

4   October 1st. *See* Exhibit D.

5       7.        On September 8, 2009, Debtor faxed to us its objection to producing any

6   documents by September 11, 2009, asserting that the notice had not provided 30 days for a

7   response. After Claimants requested a date that Debtor anticipated producing the requested

8   documents, Debtor represented that it would produce documents—"subject" to Debtor's

9   objections and only if Claimants agreed to a stipulated protective order—on October 16, 2009,

10  the last day of the discovery cut-off period set by the Court. Claimants indicated they would

11  agree to any reasonable protective order, but none has been proposed.

12      8.        Concerned about Debtor's objections and the risk that no documents would be

13  produced prior to the discovery cut-off date and that documents would not be produced prior to

14  Houser's and Erdos's depositions, giving Debtor an unfair advantage in this proceeding,

15  Houser and Erdos (1) requested to meet and confer with Debtor regarding its objections to

16  Claimants' requests and the timing of document production and depositions; and (2) perfected

17  any perceived procedural problems with their original document production requests by serving

18  a separate Request for the Productions of Documents on September 14, 2009, which

19  incorporated requests identical to those set forth in their deposition notice.

20      9.        The parties met and conferred on September 15, 2009. Claimants clarified their

21  document production requests, and agreed to narrow them in some instances. Claimants also

22  stated their belief that information documenting the hours Erdos and Houser worked needed to

23  be produced prior to their depositions to ensure fairness. Specifically, Claimants stated that

24  these events occurred years ago (Erdos and Houser ceased working for Debtor in 2004 and

25  2005, respectively), that most or all of such information is in Debtor's possession, and that

26  Debtor may seek an advantage from Claimant's faltering memories. Claimants also informed

27  Debtor that Houser would be out-of-the country on his noticed deposition date, and would

28  return on September 30, 2009.

1        10.    On September 21, 2009, Debtor made clear that while information on the hours

2    Claimants' worked and other information regarding Claimants' claims is in their possession,

3    they would not produce such documents prior to Claimants' depositions.  Further, Debtor stated

4    that if Claimants did not confirm by 5:00 p.m. the next day that Mr. Erdos would appear for his

5    deposition on September 29, 2009 and that Mr. Houser would appear for a deposition on

6    October 1, 2009, Debtor would seek an order compelling the depositions and for sanctions.

7        11.    Claimants continued to attempt to meet and confer regarding these issues with

8    Debtor, but on September 22, 2009, Debtor made clear its position that it had no obligation to

9    produce documents prior to Erdos and Houser's depositions, or even to meet and confer about

10    these matters.  Instead, Debtor continues to insist that Claimants' depositions go forward

11    without the benefit of documents related to their work activities. Over the course of these

12    communications, Debtor did not establish any viable objection to producing the requested

13    documents. It relies solely on the timing of the date initially requested to support is refusal to

14    conduct a fair process.

15        12.    Because Mr. Erdos's deposition is noticed for September 29, 2009, Claimants

16    apply for an Order Shortening Time for hearing on Claimants' Motion for a Protective Order,

17    requesting that the hearing take place on or before September 28, 2009.

18        13.    Claimants gave notice of this Application for an Order Shortening Time and

19    their Motion for a Protective Order to attorneys for Debtor by telephone and email on

20    September 24, 2009.  Additionally, Claimants' served their Application and underlying Motion

21    on Debtor by email and overnight mail on September 24, 2009.

22        I declare under penalty of perjury that the foregoing is true and correct.  Executed on

23    September 24, 2009 at San Francisco, California.

24

25

26    Robert S. Green

27

28

DECL. OF ROBERT S. GREEN ISO APPLICATION FOR OST AND MOT. FOR PROTECTIVE ORDER

**EXHIBIT A**

1  Robert S. Green (State Bar No. 136183)
   Nicole D. Reynolds (State Bar No. 246255)
2  GREEN WELLING, P.C.
   595 Market Street, Suite 2750
3  San Francisco, CA 94105
   Telephone: (415) 477-6700
4  Facsimile: (415) 477-6710

5  Attorneys for Claimants HOUSER and ERDOS

6
   [Additional counsel listed on Signature Page]
7

8

9                  UNITED STATES BANKRUPTCY COURT

10      CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

11

12
   In re: GREAT CIRCLE FAMILY FOODS, et )   Case No:  SA:07-12600 ES
13 al.,                                  )
                                         )   CHAPTER 11
14            Debtors                     )
                                         )   CLAIMANTS RICHARD STEVEN
15 DAVID HOUSER, et al.,                  )   ERDOS'S AND DAVID HOUSER'S
                                         )   NOTICE OF DEPOSITION AND REQUEST
16            Plaintiffs,                 )   FOR THE PRODUCTION OF DOCUMENTS
                                         )   TO DEBTORS
17    vs.                                 )
                                         )
18 GREAT CIRCLE FAMILY FOODS, et al.,     )
                                         )   Judge:   Honorable Erithe E. Smith
19            Defendants.                 )
                                         )
20

21 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22        **PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Bankruptcy Procedure,

23 Rules 9014 and 7030, Local Bankruptcy Rule 7030-1, and Federal Rules of Civil Procedure,

24 Rule 30, Claimants/Plaintiffs, by and through their attorneys, will take the deposition of a

25 person designated by Debtor Great Circle Family Foods, LLC (hereinafter "Debtor") to testify

26 on its behalf on the matters described in Attachment A to this Notice before a court reporter

27 authorized by law to administer oaths.  The deposition will begin on **September 11, 2009 at**

28 **9:30 a.m.** at the offices of **BARRERA & ASSOCIATES**, 1500 Rosecrans Avenue, Suite 500,

1    Manhattan Beach, California, 90266 or at another location mutually agreed upon by the parties.

2    The deposition shall be recorded by stenographic means.

3        **PLEASE TAKE FURTHER NOTICE** that the deponent is not a natural person.

4        **PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rules of Civil

5    Procedure 30(b)(2), made applicable by Federal Rules of Bankruptcy Procedure, Rule 7030,

6    Debtor is required to produce the documents described in Attachment B to this Notice on or

7    before September 11, 2009.

8        **PLEASE TAKE FURTHER NOTICE** that Claimants/Plaintiffs reserve the right to

9    record the deposition testimony of the above-identified deponents by videotape and instant

10   visual display, in addition to recording the testimony by stenographic means.

11   Claimants/Plaintiffs reserve the right to use the videotape depositions at the time of the

12   estimation hearing and/or trial.

13

14   DATED: August 17, 2009          GREEN WELLING, P.C.

15

16                                    By: _____

17                                      Nicole D. Reynolds

18                                  Robert S. Green
                               595 Market Street, Suite 2750

19                                  San Francisco, CA 94105
                               Telephone: (415) 477-6700

20                                  Facsimile: (415) 477-6710

21                                  Patricio Barrera
                               BARRERA & ASSOCIATES

22                                  1500 Rosecrans Ave., Ste. 500
                               Manhattan Beach, CA 90266

23                                  Telephone: (310) 802-1500
                               Facsimile: (310) 802-0500

24                                  Attorneys for Plaintiffs
                               DAVID HOUSER AND RICHARD ERDOS

25

26

27

28

1

## ATTACHMENT A TO CLAIMANTS' NOTICE OF DEPOSITION
### DEFINITIONS AND INSTRUCTIONS

1.  The terms "DEFENDANT," "YOU," or "YOUR" means the responding party and any person or entity acting on its behalf, including affiliates, subsidiaries, divisions, employees, agents, partners, accountants, investigators, attorneys, and representatives.

2.  The term "PERSON" or "PERSONS" means any natural person, any business entity (whether a corporation, partnership, or other business association), any government body, commission board, agency, bureau, or department.

3.  The terms "PLAINTIFFS" or "CLAIMANTS" means David Houser and Richard Steven Erdos.

4.  The word "DOCUMENT(S)" includes, without limitation:

   a.  the original, copies and non-identical copies (whether different from the original by reason of notations or otherwise) of any written, printed, typed, recorded, graphic, computer generated or photographic matter, sound reproduction, tape, record, or other device, however produced or reproduced;

   b.  transcripts, agreements, contracts, memoranda, records, files, minutes, agendas, publications, calendars, letters, correspondence, drafts, checks, communications, messages, diary entries, requests, instructions, orders, notes, reports, manuals, brochures, schedules, printouts, written findings or conclusions, diagrams, drawings, sketches, charts, telephone logs, accounting logs, telephone toll records, articles, telegrams, teletypes, data, bills, invoices, tests, facsimiles, specifications, studies, tape recordings, videotapes, photographs, films, movies, pleadings, answers to interrogatories, affidavits, or other sworn Documents; and

   c.  computer generated records, electronically-stored information including, without limitation, e-mail, voice-mail, and other similar records, website printouts, and any deleted or erased computer records.

5.  The term "COMMUNICATION" or "COMMUNICATIONS" means any

transmission of information from any PERSON to another, whether written, oral, or in any other

form, by personal meeting, telephone, radio, telegraph, electronic mail, facsimile, teleconference,

letter, DOCUMENT, or any other method.

6.  The words "REGARDING," "REFLECTING," or "REFERRING TO" mean

to discuss, describe, depict, indicate, consider or be in any way connected to or with the matter

discussed, and shall be interpreted very broadly to promote the full disclosure of information.

7.  The words "IDENTIFY" or "IDENTITY" when used in reference to an individual, shall

mean to state his or her full name, present employer, present business and home address, and

position held at the time referenced in the interrogatory.

8.  The words "IDENTIFY" or "IDENTITY" when used in reference to a DOCUMENT,

shall mean to state the author, type of DOCUMENT (i.e. letter, report, chart, etc.), the

DOCUMENT'S name or title and its present location and custodian.

9.  The terms "and/or" shall be construed either disjunctively or conjunctively as necessary

to bring within the scope of the discovery request all responses that might otherwise be construed

to be outside of its scope.

10. The relevant time period is the period from January 11, 2002 through the present.

## EXAMINATION TOPICS

Pursuant to Federal Rules of Civil Procedure, Rule 30(b)(6), which is made applicable

by Federal Rules of Bankruptcy Procedure, Rule 7030, Debtor shall designate one or more

officers, directors, managing agents, or other persons to testify on its behalf on the subject

matters listed below:

1.  The creation, retention, and maintenance of the documents identified for production in

Attachment B.

## ATTACHMENT B TO CLAIMANTS' NOTICE OF DEPOSITION
### DEFINITIONS AND INSTRUCTIONS

1.  The terms "DEFENDANT," "YOU," or "YOUR" means the responding party in its pre-Chapter 11 and post-Chapter 11 form, and any person or entity acting on its behalf, including affiliates, subsidiaries, divisions, employees, agents, partners, accountants, investigators, attorneys, and representatives.

2.  The term "PERSON" or "PERSONS" means any natural person, any business entity (whether a corporation, partnership, or other business association), any government body, commission board, agency, bureau, or department.

3.  The terms "PLAINTIFFS" or "CLAIMANTS" means David Houser and Richard Steven Erdos.

4.  The word "DOCUMENT(S)" includes, without limitation:

    a.  the original, copies and non-identical copies (whether different from the original by reason of notations or otherwise) of any written, printed, typed, recorded, graphic, computer generated or photographic matter, sound reproduction, tape, record, or other device, however produced or reproduced;

    b.  transcripts, agreements, contracts, memoranda, records, files, minutes, agendas, publications, calendars, letters, correspondence, drafts, checks, communications, messages, diary entries, requests, instructions, orders, notes, reports, manuals, brochures, schedules, printouts, written findings or conclusions, diagrams, drawings, sketches, charts, telephone logs, accounting logs, telephone toll records, articles, telegrams, teletypes, data, bills, invoices, tests, facsimiles, specifications, studies, tape recordings, videotapes, photographs, films, movies, pleadings, answers to interrogatories, affidavits, or other sworn Documents; and

    c.  computer generated records, electronically-stored information including, without limitation, e-mail, voice-mail, and other similar records, website printouts, and any deleted or erased computer records.

5.  The term "COMMUNICATION" or "COMMUNICATIONS" means any

transmission of information from any PERSON to another, whether written, oral, or in any other form, by personal meeting, telephone, radio, telegraph, electronic mail, facsimile, teleconference, letter, DOCUMENT, or any other method.

6. The words "REGARDING," "REFLECTING," or "REFERRING TO" mean to discuss, describe, depict, indicate, consider or be in any way connected to or with the matter discussed, and shall be interpreted very broadly to promote the full disclosure of information.

7. The words "IDENTIFY" or "IDENTITY" when used in reference to an individual, shall mean to state his or her full name, present employer, present business and home address, and position held at the time referenced in the interrogatory.

8. The words "IDENTIFY" or "IDENTITY" when used in reference to a DOCUMENT, shall mean to state the author, type of DOCUMENT (i.e. letter, report, chart, etc.), the DOCUMENT'S name or title and its present location and custodian.

9. The terms "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. The relevant time period is the period from January 11, 2002 through the present.

## DOCUMENTS TO BE PRODUCED

1. All payrolls, schedules, and any other DOCUMENTS evidencing hours worked for all Unit Managers and General Managers employed by any Krispy Kreme store, franchised and owned by YOU, for the years January 11, 2002 through the present.

2. All DOCUMENTS which IDENTIFY all Unit Managers and General Managers employed by any Krispy Kreme store, franchised and owned by YOU, for the years January 11, 2002.

3. All DOCUMENTS REGRDING or REFLECTING the job duties, tasks, and/or responsibilities of all Unit Managers and General Managers employed by any Krispy Kreme store, franchised and owned by YOU, for the years January 11, 2002 through the present.

4. All DOCUMENTS which evidence the receipt by any Unit Manager or General

Manager employed by any Krispy Kreme store, franchised and owned by Debtor, for the years January 11, 2002 through the present, of overtime pay from YOU for hours worked in excess of eight hours per day or 40 hours per week.

5. Any personnel handbook, personnel manual, written guideline, written directive, memorandum or other DOCUMENT in effect for the time period from January 11, 2002 through the present REGARDING or REFLECTING YOUR personnel policies including, but not limited to, YOUR wage and hour policies, YOUR compensation policies, and/or YOUR policies relating to the payment of overtime compensation.

6. All DOCUMENTS REGARDING or REFLECTING the manner of calculating overtime pay for Unit Managers or General Managers employed by any Krispy Kreme store, franchised and owned by YOU, for the years January 11, 2002 through the present.

7. All DOCUMENTS REGRDING or REFLECTING any studies, surveys, reports, and/or investigations which quantify the time spent, describe the tasks engaged in, or describe the work performed by Unit Managers or General Managers employed by any Krispy Kreme store, franchised and owned by YOU, for the years January 11, 2002 through the present.

8. All DOCUMENTS concerning CLAIMANTS David Houser and Richard Seven Erdos, including but not limited to personnel files, unofficial files and/or email communications.

9. All DOCUMENTS REGARDING or REFLECTING any complaints REGARDING YOUR payment or nonpayment of overtime compensation to Unit Managers or General Managers employed by any Krispy Kreme store, franchised and owned by YOU, for the years January 11, 2002 through the present.

10. All DOCUMENTS which YOU intend to introduce into evidence at the Evidentiary Hearing in connection with Estimation of CLAIMANTS' Claim.

1  | **CERTIFICATE OF SERVICE**

2  | I, Leslie R. Cuesta, hereby declare as follows:

3  | I am employed by Green Welling, A Professional Corporation, 595 Market Street, Suite

4  | 2750, San Francisco, California 94105.  I am over the age of eighteen years and am not a party

5  | to this action.  On August 17, 2009, I served the within document(s):

6  | **CLAIMANTS RICHARD STEVEN ERDOS'S AND**
7  | **DAVID HOUSER'S NOTICE OF DEPOSITION AND REQUEST**
   | **FOR THE PRODUCTION OF DOCUMENTS TO DEBTORS**

8  | by placing the document(s) listed above for collection and mailing following the firm's

9  | ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in

10 | the United States mail at San Francisco, California addressed as set forth below.

11 | **SEE ATTACHED SERVICE LIST**

12 | I declare under penalty of perjury under the laws of the State of California that the

13 | above is true and correct, executed August 17, 2009, at San Francisco, California.

14 |

15 |

16 | Leslie R. Cuesta

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

CLAIMANTS ERDOS'S AND HOUSER'S NOT. OF DEPOSITION TO DEBTORS

**In re:  Great Circle Family Foods,**
Case Nos: SA:07-12600 ES

Ron Bender
**LEVENE NEALE BENDER RANKIN
& BRILL LLP**
10250 Constellation Blvd., Ste. 1700
Los Angeles, CA  90067
(310) 229-1234
(310) 229-1244 fax

Attorneys for Debtor

Patricio T.D. Barrera
**BARRERA & ASSOCIATES**
1500 Rosecrans Ave., Ste. 500
Manhattan Beach, CA  90266
(310) 802-1500
(310) 802-0500 fax

Attorneys for Plaintiffs David Houser and
Richard Steven Erdos

Katessa C. Davis
**STEPTOE & JOHNSON LLP**
2121 Avenue of the Stars
Suite 2800
Los Angeles, CA 90067
Telephone:  (310) 734-3200
Facsimile:  (310) 734-3300
kdavis@steptoe.com

Counsel for Defendants

Evan D. Smiley
Hutchison B. Meltzer
**WEILAND, GOLDEN, SMILEY, WANG
EKVALL & STROK , LLP**
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
(714) 966-1000
(714) 966-1002 fax

Official Committee of Unsecured Creditors

Roger E. Glickman
**Great Circle Family Foods, LLC
Dba Krispy Kreme Doughnuts**
315 West 9th Street #950
Los Angeles, CA 90015
(213) 489-2340
(213) 489-9963 fax

Debtors

**Offices of the US Trustee**
Michael J. Houser, Esq.
411 West Fourth Street, Suite 9041
Santa Ana, CA 92701
(714) 338-3400
(714) 338-3421 fax

Trustee

**EXHIBIT B**

1  STEPTOE & JOHNSON, LLP
   SEONG H. KIM (State Bar No. 166604)
2  e-mail: skim@steptoe.com
   KATESSA C. DAVIS (State Bar No. 146922)
3  e-mail: kdavis@steptoe.com
   JEFFREY M. GOLDMAN (State Bar No. 233840)
4  e-mail: jgoldman@steptoe.com
   2121 Avenue of the Stars, Suite 2800
5  Los Angeles, California 90066
   Telephone:    (310) 734-3200
6  Facsimile:    (310) 734-3100
7
   Special Counsel for Chapter 11 Debtor
8  GREAT CIRCLE FAMILY FOODS, LLC

9                    UNITED STATES BANKRUPTCY COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                          SANTA ANA DIVISION

12

13  In re:                                 | Case No.: 8:07-bk-012600-AS

14  GREAT CIRCLE FAMILY FOODS, LLC,        | CHAPTER 11
15  et al.
                                           | Jointly Administered with Case Nos:
16            Debtors
                                           | Case No. 8:07-bk-12603-ES
17  ☒  Affects All Debtors                 | Case No. 8:07-bk-12605-ES
                                           | Case No. 8:07-bk-12606-ES
18  ☐  Affects Great Circle Family Foods,  | Case No. 8:07-bk-12602-ES
       LLC only                            | Case No. 8:07-bk-12604-ES
19
20  ☐  Affects GCFF – Huntington Park, LLC | **NOTICE OF DEPOSITION OF DAVID**
                                           | **HOUSER IN CONNECTION WITH**
21  ☐  Affects GCFF – Orange, LLC only     | **CONTESTED MATTER AND**
                                           | **REQUEST FOR PRODUCTION OF**
22  ☐  Affects GCFF – San Diego, LLC only  | **DOCUMENTS**

23  ☐  Affects GCFF – Canoga, LLC only     | Date:    September 24, 2009
                                           | Time:    10:00 a.m.
24  ☐  Affects GCFF – Ontario, LLC only    | Place:   Steptoe & Johnson LLP
                                           |          2121 Avenue of the Stars, # 2800
25                                         |          Los Angeles, CA  90067
26
27
28

──────────────────────────────────────────────

NOTICE OF DEPOSITION OF DAVID HOUSER  IN CONNECTION WITH CONTESTED MATTER AND
REQUEST FOR PRODUCTION OF DOCUMENTS

Doc. # CC-210798 v.3

1    **PLEASE TAKE NOTICE** that pursuant to Federal Rules of Bankruptcy

2    Procedure 7030 (making Federal Rule of Civil Procedure 30 applicable in this matter)

3    and 9014(c), the deposition of David Houser (the "Deponent"), will be taken on

4    September 24, 2009 at 10:00 a.m. at Steptoe & Johnson, LLP, 2121 Avenue of the Stars,

5    Suite 2800, Los Angeles, California 90067, by special counsel for Great Circle Family

6    Foods, LLC (the "Deposing Party"), in connection with the Claims Estimation

7    Proceeding ordered by the Court on August 11, 2009 to take place on January 25, 2010,

8    pursuant to the Motion by Debtors Pursuant to 11 U.S.C. Sections 105 and 502(c) to

9    Schedule Hearing and Establish Procedures to Estimate Certain Disputed and

10   Unliquidated Claims.

11   **PLEASE TAKE FURTHER NOTICE** that the Deponent is represented by

12   Patricio T.D. Barrera, Esq., Barrera & Associates, 1500 Rosecrans Avenue, Suite 500,

13   Los Angeles, California 90266 and Robert S. Green, Esq., Green Welling PC, 595

14   Market Street, Suite 2750, San Francisco, California 94105; and Mr. Barrera and

15   Mr. Green are served with this Notice on behalf of the Deponent. A list of all parties or

16   attorneys for parties on whom this Notice of Deposition is being served is shown on the

17   accompanying Proof of Service.

18   **PLEASE TAKE FURTHER NOTICE** that the method by which the Deponent's

19   testimony will be recorded shall be stenographically, and that the Deponent's testimony

20   may also be recorded by audio or audiovisual means, as well as by any stenographic

21   method through instant visual display or real time transcription. Notice is hereby given

22   that such recordings are intended for possible use at any proceedings related to this

23   matter, including but not limited to the aforementioned Claims Estimation Proceeding.

24   **PLEASE TAKE FURTHER NOTICE** that pursuant to Federal Rules of

25   Bankruptcy Procedure 7030(b)(2) (making Federal Rule of Civil Procedure 30(b)(2)

26   applicable in this matter), 7034 (making Federal Rule of Civil Procedure 34 applicable in

27   this matter) and 9014(c), the Deponent, who is a party to this action, is required to

28   produce the following documents, records or other materials at said deposition:

- 1 -
NOTICE OF DEPOSITION OF DAVID HOUSER IN CONNECTION WITH CONTESTED MATTER AND
REQUEST FOR PRODUCTION OF DOCUMENTS
Doc. # CC-210798 v.3

## DEFINITIONS AND INSTRUCTIONS

1.    The terms "DOCUMENT" or "DOCUMENTS" shall have the meaning provided by Fed. R. Civ. Proc. 34(a) and include, without limitation, all writings and other tangible things from which information may be obtained or derived, and also includes electronic, magnetic or machine readable media, information on such media, and computer-stored information including original computer files wherever stored (including laptops and personal or home PCs), spreadsheets or database files, e-mail messages, text messages, instant messages, word processing files, presentations (including Microsoft PowerPoint presentations), floppy disks, tape backups or archived files, restored data or undelete (recovered) files.  The terms "DOCUMENT" or "DOCUMENTS" also include all drafts or non-identical copies of any other DOCUMENTS.

(a)    The terms "DOCUMENT" or "DOCUMENTS" as used herein shall also include:

(i)    papers; books; letters; correspondence; telegrams; cables; notes; facsimiles; files; file cover jackets; minutes of meetings; memoranda; interoffice COMMUNICATIONS; writings; records; studies; data; data compilations; computer data; analyses; lists; tabulations; computer print-outs; data processing records; plats; drawings; or other graphic representations; logs;

(ii)    contracts; agreements; trust instruments; declarations; affidavits; pleadings; stays; microfilm; promissory notes; loan agreements; guarantees; opinions; judgments; bills; working papers; reviews; summaries and results of investigations and tests; and pay stubs, pay checks, or any other evidence of any payment;

(iii)    manuals; directives; bulletins; desk calendars; appointment books; diaries; maps; charts; graphs; photographs; phone records; videos; sound recordings; stenographers' notebooks; transcripts; telephone logs; telephone bills and itemizations of charges; investigators' reports or papers; and any written, recorded or

NOTICE OF DEPOSITION OF DAVID HOUSER  IN CONNECTION WITH CONTESTED MATTER AND
REQUEST FOR PRODUCTION OF DOCUMENTS

Doc. # CC-210798 v.3

1   sound recordings of any type of conversation, meeting or conference, and any other items

2   similar to any of the foregoing, however denominated.

3        2.    "COMMUNICATION" or "COMMUNICATIONS" shall mean any

4   transmission of information of any sort whatsoever by one or more PERSONS to one or

5   more PERSONS and/or between one or more PERSONS, by any means whatsoever,

6   including but not limited to telephone conversations, letters, DOCUMENTS, telegrams,

7   teletypes, telecopies/facsimilies, written memoranda, e-mail messages, instant messages,

8   text messages, and face-to-face conversations.

9        3.    The term "PERSON" or "PERSONS" shall include a natural person,

10   firm, association, organization, partnership, business, trust, limited liability company,

11   corporation, or entity of any sort. "PERSON" or "PERSONS" also includes standard

12   variations to the listed name and requires a response that takes reasonable name

13   variations, abbreviations, nicknames, initials, middle names, aliases and acronyms.

14        4.    "Evidence, refers to, or relates to" are used in their broadest sense

15   and shall mean and include, but shall not be limited to, advert, allude, comprise, concern,

16   constitute, describe, discuss, mention, note, pertain, quote, recite, recount, reflect, report

17   or state.

18        5.    "YOU" or "YOUR" refers to DAVID HOUSER and his agents,

19   servants, employees, attorney(s), representatives or any other PERSON over which YOU

20   have control or have a superior right to compel to do an act or produce an item and

21   specifically including any entity of which YOU are an officer, director, member,

22   shareholder or any entity in which YOU have an equity interest (contingent or otherwise).

23        6.    The singular shall include the plural, and the plural shall include the

24   singular. The conjunctive "and" shall include the disjunctive "or" and the disjunctive

25   "or" shall include the conjunctive.

26        7.    The term "GCM" shall refer to Great Circle Management, LLC, its

27   employees, agents, officers, and servants.

28

NOTICE OF DEPOSITION OF DAVID HOUSER IN CONNECTION WITH CONTESTED MATTER AND
REQUEST FOR PRODUCTION OF DOCUMENTS

Doc. # CC-210798 v.3

8.     The term "GCFF" shall refer to Great Circle Family Foods, LLC, including but not limited to any corporate parent, subsidiary, predecessor in interest, division or affiliate thereof, and their respective officers, directors, employees, agents and representatives.

9.     The term "REINIS" shall refer to defendant Richard G. Reinis.

10.     The term "GLICKMAN" shall refer to defendant Roger Glickman.

11.     The phrase "YOUR complaint against GCFF" shall refer to the Complaint you filed on or about January 11, 2006, in the action entitles <u>Houser, et. Al. v. Great Circle Family Foods, LLC, et al.</u>, Case No. BC345742.

12.     The singular shall include the plural, and the plural shall include the singular. The conjunctive "and" shall include the disjunctive "or" and the disjunctive "or" shall include the conjunctive "and."

13.     Each DOCUMENT produced shall be produced as it is kept in the usual course of business (i.e., in native format or the format in which the document was received, and in the file folder or binder in which such DOCUMENTS were located when the request was served) or shall be organized and labeled to correspond to the categories of DOCUMENTS requested. If YOU have electronically stored information that is responsive to this DOCUMENT Request, please contact Jeffrey Goldman (310-734-3260) to discuss options for the most cost efficient and least burdensome method and format for production. <u>See</u> Fed. R. Civ. P. 34(b).

14.     YOU are instructed to produce any and all DOCUMENTS which are in YOUR possession, custody or control. Possession, custody or control includes constructive possession whereby YOU have a right to compel the production of a matter from a third party (including an agency, authority or representative).

15.     To the extent the location of any DOCUMENT called for by this Exhibit is unknown to YOU, so state. If any estimate can reasonably be made as to the location of an unknown DOCUMENT, (1) describe the DOCUMENT with sufficient

NOTICE OF DEPOSITION OF DAVID HOUSER IN CONNECTION WITH CONTESTED MATTER AND REQUEST FOR PRODUCTION OF DOCUMENTS

Doc. # CC-210798 v.3

1   particularity so that it can be identified; (2) set forth YOUR best estimate of the

2   DOCUMENT's location; and (3) describe the basis upon which the estimate is made.

3         16.   If any DOCUMENT request is deemed to call for disclosure of

4   proprietary data, counsel for movant is prepared to receive such data pursuant to an

5   appropriate confidentiality order.

6         17.   To the extent the production of any DOCUMENT is objected to on

7   the basis of privilege, provide the following information about each such DOCUMENT:

8   (1) describe the nature of the privilege claimed (e.g., attorney-client privilege); (2) state

9   the factual and legal basis for the claim of such privilege (e.g., communication between

10  attorney for corporation and outside counsel relating to acquisition of legal services); (3)

11  identify each person who was present when the DOCUMENT was prepared and who has

12  seen the DOCUMENTS; and (4) identify every other DOCUMENTS which refers to or

13  describes the contents of such DOCUMENT.

14        18.   If any DOCUMENT has been lost or destroyed, the DOCUMENT so

15  lost or destroyed shall be identified by author, date, subject matter, date of loss or

16  destruction, identity of person responsible for loss or destruction and, if destroyed, the

17  reason for such destruction.

18        19.   YOUR responses to these requests are to be supplemented in

19  accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

20        20.   Unless otherwise specified, the DOCUMENTS requested cover any

21  document created, sent or received from the beginning of time to the present. However,

22  YOU do not need to produce DOCUMENTS previously produced by YOU to any

23  defendant in the course of discovery in this action.

24        **REQUESTS FOR PRODUCTION**

25     1.   All DOCUMENTS evidencing, referring to, or relating to YOUR alleged

26  employment by GCFF.

27     2.   All COMMUNICATIONS between YOU and any third party referring to

28  or relating to YOUR complaint filed against GCFF.

NOTICE OF DEPOSITION OF DAVID HOUSER IN CONNECTION WITH CONTESTED MATTER AND
REQUEST FOR PRODUCTION OF DOCUMENTS

Doc. # CC-210798 v.3

3.      All COMMUNICATIONS between YOU and any third party referring to or relating to REINIS.

4.      All COMMUNICATIONS between YOU and any third party referring to or relating to GLICKMAN.

5.      All COMMUNICATIONS between YOU and any third party referring to or relating to GCM.

6.      All COMMUNICATIONS between YOU and any third party referring to or relating to GCFF.

7.      All non-confidential COMMUNICATIONS between YOU and YOUR current counsel.

8.      All DOCUMENTS that YOU provided to YOUR current counsel evidencing, referring to, or relating to YOUR Complaint against GCFF.

9.      All COMMUNICATIONS by and among YOU and any other employees of GCFF.

10.     All COMMUNICATIONS between (i) YOU and YOUR counsel, agents, or other representatives; and (ii) Duc Nguyen, plaintiff in the action entitled <u>Nguyen v. Great Circle Family Foods, LLC, et al.</u>, Case No. BC 372392, or his counsel, agents, or other representatives, that evidence, refer to, or relate to GCFF or GCM, YOUR lawsuits against GCFF or GCM, or Mr. Nguyen's lawsuit against GCFF and GCM.

11.     All DOCUMENTS evidencing, referring to, or relating to YOUR conversations with other current or former employees of GCFF.

12.     All DOCUMENTS that evidence, refer to, or relate to any instance where YOU were denied overtime pay by GCFF.

13.     All DOCUMENTS that evidence, refer to, or relate to any instances where you performed overtime work for GCFF.

14.     All DOCUMENTS that support the First Cause of Action alleged in YOUR Complaint against GCFF.

- 6 -
NOTICE OF DEPOSITION OF DAVID HOUSER IN CONNECTION WITH CONTESTED MATTER AND
REQUEST FOR PRODUCTION OF DOCUMENTS

Doc. # CC-210798 v.3

1    15.    All DOCUMENTS that support the Second Cause of Action alleged in

2  YOUR Complaint against GCFF.

3    16.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

4  that YOU "are informed and believe and thereon allege that to reduce labor costs and

5  present inflated sales figures in their financial statements, Defendants consistently

6  misclassified employees designated as Assistant Managers and Unit Managers as 'exempt

7  employees' when their job responsibilities and assignments show them to be properly

8  classified as non-exempt employees and thus entitled to overtime compensation," as

9  alleged in paragraph 2 of YOUR Complaint against GCFF.

10    17.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

11  that YOU "are entitled to the benefit of overtime wages for hours worked in excess of 8

12  hours a day and/or 40 hours a week" for YOUR work performed at Krispy Kreme as

13  alleged in paragraph 7 of YOUR Complaint against GCFF.

14    18.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

15  that "Plaintiffs and all employees who have not been properly accounted to and paid

16  overtime wages required by law for actual overtime hours worked are similarly situated

17  under CCP § 382," as alleged in paragraph 7 of YOUR Complaint against GCFF.

18    19.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

19  that "[t]he position of Assistant Manager and Unit Manager are deemed exempt from

20  overtime pay by Krispy Kreme, and are not assigned managerial responsibilities in

21  violation of California law," as alleged in paragraph 12 of YOUR Complaint against

22  GCFF.

23    20.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

24  that "Assistant Manager[s] and Unit Manager[s] . . . are expected and required to spend

25  more than fifty percent (50%) of their time, attending the doughnut line, running the cash

26  register, cleaning the facilities, selling Doughnuts, and working in the production and

27  baking of the product. Their time spent at work is focused on the sale and production of

28

- 7 -

NOTICE OF DEPOSITION OF DAVID HOUSER  IN CONNECTION WITH CONTESTED MATTER AND
REQUEST FOR PRODUCTION OF DOCUMENTS

Doc. # CC-210798 v.3

1   food products, not on managerial duties (despite their job titles)," as alleged in paragraph

2   12 of YOUR Complaint against GCFF.

3         21.   All DOCUMENTS that evidence, refer to, or relate to YOUR contention

4   that "[w]hether a [sic] [Assistant Manager] or [Unit Manager], the job duties and

5   requirements are essentially the same throughout the Krispy Kreme stores in California,"

6   as alleged in paragraph 13 of YOUR Complaint against GCFF.

7         22.   All DOCUMENTS that evidence, refer to, or relate to YOUR contention

8   that you and Erdos and the other members of the class are granted little to no income in

9   salary and one expected to sell and produce products not manage," as alleged in

10   paragraph 13 of YOUR Complaint against GCFF.

11         23.   All DOCUMENTS that evidence, refer to, or relate to YOUR contention

12   that "Plaintiffs have been allocated duties such as moving stock, selling items on the

13   floor, production of doughnuts, running the cash register, and other menial labors not

14   commensurate with [YOUR] duties as 'managers'," as alleged in paragraph 13 of YOUR

15   Complaint against GCFF.

16         24.   All DOCUMENTS that evidence, refer to, or relate to YOUR contention

17   that Plaintiffs "had the ability to discipline low-level employees, and create their

18   schedules, but that was the extent of [YOUR] managerial duties. The rest of [YOUR]

19   time was spent in the production or sales of Krispy Kreme products," as alleged in

20   paragraph 13 of YOUR Complaint against GCFF.

21         25.   All DOCUMENTS that evidence, refer to, or relate to YOUR contention

22   that "[t]he majority of [Plaintiffs'] time (and certainly well over 50% of their time) is

23   spent and focused on non-managerial duties given the openly communicated and implied

24   mandate from Defendants to sell and produce rather than manager," as alleged in

25   paragraph 13 of YOUR Complaint against GCFF.

26         26.   All DOCUMENTS that evidence, refer to, or relate to YOUR contention

27   that "improper classification . . . pervades in the Krispy Kreme stores and retail

28

NOTICE OF DEPOSITION OF DAVID HOUSER IN CONNECTION WITH CONTESTED MATTER AND
REQUEST FOR PRODUCTION OF DOCUMENTS

Doc. # CC-210798 v.3

1    enterprise throughout the state," as alleged in paragraph 13 of your Complaint against

2    GCFF.

3       27.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

4    that YOU Plaintiffs . . . "had little or no management, education, experience, or

5    training," as alleged in paragraph 15 of YOUR Complaint against GCFF.

6       28.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

7    that Plaintiffs "performed essentially the same tasks in these positions as non-exempt

8    doughnut line and cashier/sales employees," as alleged in paragraph 15 of YOUR

9    Complaint against GCFF.

10       29.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

11    that "Defendants automatically classified Plaintiffs as exempt without first making a

12    determination to whether they met California's requirements for exempt employee

13    status," as alleged in paragraph 15 of YOUR Complaint against GCFF.

14       30.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

15    that "[p]ursuant to Defendant's employment policies, Plaintiffs were classified

16    automatically as 'exempt' and paid a set salary, irrespective of the hours worked or the

17    daily tasks performed," as alleged in paragraph 16 of YOUR Complaint against GCFF.

18       31.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

19    that "[d]uring Plaintiffs' entire employment with defendants in both management

20    classifications, Plaintiffs spent over 50% of their working hours performing the duties

21    delegated to non-exempt employees including, but not limited to, waiting on customers,

22    making sales, various clerical duties, book keeping, cashiering, replenishing stock, and

23    other, general sales-related and customer-related tasks," as alleged in paragraph 17 of

24    YOUR Complaint against GCFF.

25       32.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

26    that plaintiffs "did not have the discretion to hire or fire employees[, ...] could not and

27    cannot set wages of employees, contract on behalf of defendant Krispy Kreme, and set

28

policies or procedures which bind Krispy Kreme," as alleged in paragraph 18 of YOUR

Complaint against GCFF.

33.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention
that YOU "worked under the direct supervision of vice presidents, area managers, and
other high-ranking executives but could not make independent decisions that affect the
retail or store management divisions of Krispy Kreme stores, despite their titles and
exempt status," as alleged in paragraph 18 of YOUR Complaint against GCFF.

34.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention
that "Plaintiffs spent far less than 50% of their working hours performing work which
was primarily intellectual, managerial or creative, or which required the regular and
customary exercise of discretion and independent judgment on more than an occasional
basis," as alleged in paragraph 18 of YOUR Complaint against GCFF.

35.    All DOCUMENTS that support YOUR contention that YOUR claims are
"typical of the claims of the class" alleged in paragraph 22 of YOUR Complaint against
GCFF.

36.    All DOCUMENTS that support YOUR contention that YOU "can and will
fully and adequately protect the interests of all the class members," as alleged in
paragraph 23 of YOUR Complaint against GCFF.

37.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention
that "[a] class action is superior to other available means for the fair and efficient
adjudication of this lawsuit," as alleged in paragraph 26 of YOUR Complaint against
GCFF.

38.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention
that "[t]here is a well-defined community of interest in the questions of law and fact
involved in that all of the Plaintiff class members/employees have been harmed by
Defendants' automatic classification and failure to pay overtime benefits," as alleged in
paragraph 27 of YOUR Complaint against GCFF.

NOTICE OF DEPOSITION OF DAVID HOUSER IN CONNECTION WITH CONTESTED MATTER AND
REQUEST FOR PRODUCTION OF DOCUMENTS

Doc. # CC-210798 v.3

39.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention that Plaintiffs and similarly situated employees "are not exempt from overtime pay requirements under California law and the Plaintiff class members are not exempt from the right to receive overtime pay compensation under California law," as alleged in paragraph 32 of YOUR Complaint against GCFF.

40.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention that "[m]embers of the Plaintiff class do not presently and have not at any time during the class period qualified under any exemption from the requirement that their employer pay overtime compensation under California law," as alleged in paragraph 32 of YOUR Complaint against GCFF.

41.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention that GCFF failed to "provide adequate mandatory written disclosures and postings to workers advising them of their rights under applicable wage and hour laws," as alleged in paragraph 37 of YOUR Complaint against GCFF.

42.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention that GCFF engaged in "fraudulent record keeping practices regarding payroll and tax requirements," as alleged in paragraph 37 of YOUR Complaint against GCFF.

43.    All DOCUMENTS that evidence, refer to, or relate to YOUR claim that GCM is vicariously liable for the actions of any other entity or individual.

44.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention that GCFF "deemed to be accepted" the position of Assistant Manager and Unit Manager, as alleged as alleged in paragraph 12 of YOUR Complaint against GCFF and YOUR Complaint against GCM.

45.    Any and all DOCUMENTS received by YOU in connection with employment as Unit Manager for GCFF.

46.    Any and all DOCUMENTS that evidence, refer to, or relate to all judicial cases in which YOU were a party, including without limitation, all criminal actions, and

NOTICE OF DEPOSITION OF DAVID HOUSER IN CONNECTION WITH CONTESTED MATTER AND
REQUEST FOR PRODUCTION OF DOCUMENTS
Doc. # CC-210798 v.3

1  including, but not limited to, any litigation initiated against any other of YOUR

2  employers.

3       47.    Any and all DOCUMENTS establishing that YOU are a lawful citizen of

4  the United States, including, but not limited to, passports, birth certificates, drivers

5  licenses and social security card.

6       48.    Any and all DOCUMENTS that evidence, refer to, or relate to any written

7  requests or demands made by YOU upon GCFF for overtime pay.

8       49.    Any and all DOCUMENTS that evidence, refer to, or relate to YOUR

9  application for employment with GCFF.

10      50.    Any and all DOCUMENTS that evidence, refer to, or relate to YOUR

11  performance review conducted by GCFF.

12      51.    Any and all DOCUMENTS that evidence, refer to, or relate to GCFF's

13  employment policies, including, but not limited to, YOUR receipt thereof.

14      52.    Any and all DOCUMENTS that evidence, refer to, or relate to time records

15  in YOUR possession referencing hours worked by YOU for GCFF.

16      53.    Any and all COMMUNICATIONS between YOU and Jesse Cabayan.

17      54.    All DOCUMENTS sufficient to identify each and every one of YOUR

18  employers from January 1, 2004 to the present.

19      55.    All DOCUMENTS that YOU intend to rely on, cite, or otherwise use to

20  support your briefing in connection with the estimation of YOUR claims against GCFF.

21      56.    All DOCUMENTS which YOU intend to introduce into evidence at the

22  Evidentiary Hearing in connection with the estimation of YOUR claims against GCFF.

23

24  Dated:  August 18, 2009          STEPTOE & JOHNSON, LLP

25

26                                  By:

27                                  Jeffrey M. Goldman
                                    Special Counsel for Chapter 11 Debtor
28                                  GREAT CIRCLE FAMILY FOODS,
                                    LLC

- 12 -

NOTICE OF DEPOSITION OF DAVID HOUSER  IN CONNECTION WITH CONTESTED MATTER AND
REQUEST FOR PRODUCTION OF DOCUMENTS

Doc. # CC-210798 v.3

## PROOF OF SERVICE
### F.R.C.P. 5 / C.C.P. § 1013a(3)/ Cal. R. Ct. 2.260

I am a resident of, or employed in, the County of Los Angeles. I am over the age of 18 and not a party to this action. My business address is: Steptoe & Johnson LLP, 2121 Avenue of the Stars, Suite 2800, Los Angeles, California 90067.

On **August 18, 2009**, I served the following listed document(s), by method indicated below, on the parties in this action: **NOTICE OF DEPOSITION OF DAVID HOUSER IN CONNECTION WITH CONTESTED MATTER AND REQUEST FOR PRODUCTION OF DOCUMENTS**

### *SEE ATTACHED SERVICE LIST*

☒ **BY U.S. MAIL**
By placing ☐ the original / ☒ a true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Steptoe & Johnson LLP, 2121 Avenue of the Stars, Suite 2800, Los Angeles, California 90067, following ordinary business practices. I am readily familiar with Steptoe & Johnson LLP's practice for collection and processing of documents for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day as it is collected and processed for mailing in the ordinary course of business.

☐ **BY OVERNIGHT DELIVERY**
By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to receive documents. **Note:** Federal Court requirement: service by overnight delivery was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as an additional method of service as a courtesy to the parties or ☐ pursuant to Court Order.

☐ **BY PERSONAL SERVICE**
    ☐ By personally delivering and handing the document(s) listed above to the person(s) identified on the attached service list.
    ☐ By personally delivering the document(s) listed above to the office address(es) as shown on the attached service list and leaving said document(s) with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office(s).
    ☐ By personally delivering the document(s) listed above to the address(es) as shown on the attached service list and leaving said document(s) with someone of suitable age and discretion residing at said address(es).

☐ **BY ELECTRONIC SERVICE via electronic filing service provider LexisNexis**
By electronically transmitting the document(s) listed above to LexisNexis File and Serve, an electronic filing service provider at www.fileandserve.lexisnexis.com, from the email address _____@steptoe.com, at approximately _____. To my knowledge, the transmission was reported as complete and without error. *See* Cal. R. Ct. R. 2.253, 2.255, 2.260.

☐ **BY EMAIL**
By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list from the email address _____@steptoe.com at approximately _____. To my knowledge, the transmission was reported as complete and without error. Service by email was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as an additional method of service as a courtesy to the parties or ☐ pursuant to Court Order. *See* Cal. R. Ct. R. 2.260.

☐ **BY FACSIMILE**
By transmitting the document(s) listed above from Steptoe & Johnson LLP in Los Angeles, California to the facsimile machine telephone number(s) set forth on the attached service list. Service by facsimile transmission was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as an additional method of service as a courtesy to the parties or ☐ pursuant to Court Order.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on August 18, 2009 at Los Angeles, California.

_____          _____
        Janna L. Cole                                          Signature
Type or Print Name

- 13 -

NOTICE OF DEPOSITION OF DAVID HOUSER IN CONNECTION WITH CONTESTED MATTER AND REQUEST FOR PRODUCTION OF DOCUMENTS

Doc. # CC-210798 v.3

## SERVICE LIST

| | |
|---|---|
| Offices of the U.S. Trustee<br>Michael J. Hauser, Esq.<br>411 West Fourth Street, Suite 9041<br>Santa Ana, CA 92701 | |
| Counsel to Committee<br>Evan D. Smiley, Esq.<br>Weiland, Golden, Smiley, Wang, Ekval LLP<br>650 Town Center Drive, Suite 950<br>Costa Mesa, CA 92626 | |
| Patricio T.E. Barrera, Esq.<br>Ashley a. Davenport, Esq.<br>Barrera & Associates<br>1500 Rosecrans Avenue, Suite 500<br>Manhattan Beach, CA 90266<br>Tel. (310) 802-1500<br>Fax: (310) 802-0500<br>barrera@baattorneys.com | Attorneys for David Houser and<br>Richard Steven Erdos, and Their<br>Proposed Class |
| Robert S. Green, Esq.<br>Nicole D. Reynolds<br>GREEN WELLING P.C.<br>595 Market Street, Suite 2750<br>San Francisco, CA 94105<br>Tel. (415) 477-6700<br>Fax: (415) 477-6710<br>rsg@classcounsel.com | Attorneys for David Houser and<br>Richard Steven Erdos, and Their<br>Proposed Class |
| Stan S. Mallison, Esq.<br>Law Offices of MALLISON & MARTINEZ<br>1042 Brown Avenue<br>Lafayette, CA 94549 | Attorneys for Duc Nguyen and his<br>Proposed Class |
| Ron Bender, Esq.<br>Kim Tung, Esq.<br>LEVENE NEALE BENDER RANKIN &<br>BRILL LLP<br>10250 Constellation Blvd., Suite 1700<br>Los Angeles, CA 90067<br>Tel.: (310) 229-1234<br>Fax: (310) 229-1244 | |

- 14 -
NOTICE OF DEPOSITION OF DAVID HOUSER IN CONNECTION WITH CONTESTED MATTER AND
REQUEST FOR PRODUCTION OF DOCUMENTS

Doc. # CC-210798 v.3

AUG 2 5 2009

**EXHIBIT C**

1  STEPTOE & JOHNSON, LLP
   SEONG H. KIM (State Bar No. 166604)
2  e-mail: skim@steptoe.com
   KATESSA C. DAVIS (State Bar No. 146922)
3  e-mail: kdavis@steptoe.com
   JEFFREY M. GOLDMAN (State Bar No. 233840)
4  e-mail: jgoldman@steptoe.com
   2121 Avenue of the Stars, Suite 2800
5  Los Angeles, California 90066
   Telephone:   (310) 734-3200
6  Facsimile:   (310) 734-3100

7
   Special Counsel for Chapter 11 Debtor
8  GREAT CIRCLE FAMILY FOODS, LLC

9                 UNITED STATES BANKRUPTCY COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                      SANTA ANA DIVISION

12

| | |
|---|---|
| 13  In re: | Case No.: 8:07-bk-012600-AS |
| 14  GREAT CIRCLE FAMILY FOODS, LLC, | CHAPTER 11 |
| 15  et al. | Jointly Administered with Case Nos: |
| 16          Debtors | Case No. 8:07-bk-12603-ES |
| 17  ☒   Affects All Debtors | Case No. 8:07-bk-12605-ES<br>Case No. 8:07-bk-12606-ES<br>Case No. 8:07-bk-12602-ES<br>Case No. 8:07-bk-12604-ES |
| 18  ☐   Affects Great Circle Family Foods,<br>      LLC only | |
| 19 | NOTICE OF DEPOSITION OF<br>RICHARD STEVEN ERDOS IN |
| 20  ☐   Affects GCFF – Huntington Park, LLC | CONNECTION WITH CONTESTED<br>MATTER AND REQUEST FOR |
| 21  ☐   Affects GCFF – Orange, LLC only | PRODUCTION OF DOCUMENTS |
| 22  ☐   Affects GCFF – San Diego, LLC only | Date:   September 29, 2009<br>Time:   10:00 a.m. |
| 23  ☐   Affects GCFF – Canoga, LLC only | Place:   Steptoe & Johnson LLP<br>         2121 Avenue of the Stars, # 2800 |
| 24  ☐   Affects GCFF – Ontario, LLC only | Los Angeles, CA  90067 |

25
26
27
28

1    **PLEASE TAKE NOTICE** that pursuant to Federal Rules of Bankruptcy

2    Procedure 7030 (making Federal Rule of Civil Procedure 30 applicable in this matter)

3    and 9014(c), the deposition of Richard Steven Erdos (the "Deponent"), will be taken on

4    September 29, 2009 at 10:00 a.m. at Steptoe & Johnson, LLP, 2121 Avenue of the Stars,

5    Suite 2800, Los Angeles, California 90067, by special counsel for Great Circle Family

6    Foods, LLC (the "Deposing Party"), in connection with the Claims Estimation

7    Proceeding ordered by the Court on August 11, 2009 to take place on January 25, 2010,

8    pursuant to the Motion by Debtors Pursuant to 11 U.S.C. Sections 105 and 502(c) to

9    Schedule Hearing and Establish Procedures to Estimate Certain Disputed and

10   Unliquidated Claims.

11   **PLEASE TAKE FURTHER NOTICE** that the Deponent is represented by

12   Patricio T.D. Barrera, Esq., Barrera & Associates, 1500 Rosecrans Avenue, Suite 500,

13   Los Angeles, California 90266 and Robert S. Green, Esq., Green Welling PC, 595

14   Market Street, Suite 2750, San Francisco, California 94105; Mr. Barrera and Mr. Green

15   are served with this Notice on behalf of the Deponent. A list of all parties or attorneys

16   for parties on whom this Notice of Deposition is being served is shown on the

17   accompanying Proof of Service.

18   **PLEASE TAKE FURTHER NOTICE** that the method by which the Deponent's

19   testimony will be recorded shall be stenographically, and that the Deponent's testimony

20   may also be recorded by audio or audiovisual means, as well as by any stenographic

21   method through instant visual display or real time transcription. Notice is hereby given

22   that such recordings are intended for possible use at any proceedings related to this

23   matter, including but not limited to the aforementioned Claims Estimation Proceeding.

24   **PLEASE TAKE FURTHER NOTICE** that pursuant to Federal Rules of

25   Bankruptcy Procedure 7030(b)(2) (making Federal Rule of Civil Procedure 30(b)(2)

26   applicable in this matter), 7034 (making Federal Rule of Civil Procedure 34 applicable in

27   this matter) and 9014(c), the Deponent, who is a party to this action, is required to

28   produce the following documents, records or other materials at said deposition:

NOTICE OF DEPOSITION OF RICHARD STEVEN ERDOS IN CONNECTION WITH CONTESTED
MATTER AND REQUEST FOR PRODUCTION OF DOCUMENTS
Doc. # CC-210795 v.2

## DEFINITIONS AND INSTRUCTIONS

1.   The terms "DOCUMENT" or "DOCUMENTS" shall have the meaning provided by Fed. R. Civ. Proc. 34(a) and include, without limitation, all writings and other tangible things from which information may be obtained or derived, and also includes electronic, magnetic or machine readable media, information on such media, and computer-stored information including original computer files wherever stored (including laptops and personal or home PCs), spreadsheets or database files, e-mail messages, text messages, instant messages, word processing files, presentations (including Microsoft PowerPoint presentations), floppy disks, tape backups or archived files, restored data or undelete (recovered) files.  The terms "DOCUMENT" or "DOCUMENTS" also include all drafts or non-identical copies of any other DOCUMENTS.

(a)   The terms "DOCUMENT" or "DOCUMENTS" as used herein shall also include:

(i)   papers; books; letters; correspondence; telegrams; cables; notes; facsimiles; files; file cover jackets; minutes of meetings; memoranda; interoffice COMMUNICATIONS; writings; records; studies; data; data compilations; computer data; analyses; lists; tabulations; computer print-outs; data processing records; plats; drawings; or other graphic representations; logs;

(ii)   contracts; agreements; trust instruments; declarations; affidavits; pleadings; stays; microfilm; promissory notes; loan agreements; guarantees; opinions; judgments; bills; working papers; reviews; summaries and results of investigations and tests; and pay stubs, pay checks, or any other evidence of any payment;

(iii)   manuals; directives; bulletins; desk calendars; appointment books; diaries; maps; charts; graphs; photographs; phone records; videos; sound recordings; stenographers' notebooks; transcripts; telephone logs; telephone bills and itemizations of charges; investigators' reports or papers; and any written, recorded or

NOTICE OF DEPOSITION OF RICHARD STEVEN ERDOS  IN CONNECTION WITH CONTESTED
MATTER AND  REQUEST FOR PRODUCTION OF DOCUMENTS
Doc. # CC-210795 v.2

1   sound recordings of any type of conversation, meeting or conference, and any other items

2   similar to any of the foregoing, however denominated.

3          2.    "COMMUNICATION" or "COMMUNICATIONS" shall mean any

4   transmission of information of any sort whatsoever by one or more PERSONS to one or

5   more PERSONS and/or between one or more PERSONS, by any means whatsoever,

6   including but not limited to telephone conversations, letters, DOCUMENTS, telegrams,

7   teletypes, telecopies/facsimilies, written memoranda, e-mail messages, instant messages,

8   text messages, and face-to-face conversations.

9          3.    The term "PERSON" or "PERSONS" shall include a natural person,

10  firm, association, organization, partnership, business, trust, limited liability company,

11  corporation, or entity of any sort. "PERSON" or "PERSONS" also includes standard

12  variations to the listed name and requires a response that takes reasonable name

13  variations, abbreviations, nicknames, initials, middle names, aliases and acronyms.

14         4.    "Evidence, refers to, or relates to" are used in their broadest sense

15  and shall mean and include, but shall not be limited to, advert, allude, comprise, concern,

16  constitute, describe, discuss, mention, note, pertain, quote, recite, recount, reflect, report

17  or state.

18         5.    "YOU" or "YOUR" refers to RICHARD STEVEN ERDOS and his

19  agents, servants, employees, attorney(s), representatives or any other PERSON over

20  which YOU have control or have a superior right to compel to do an act or produce an

21  item and specifically including any entity of which YOU are an officer, director, member,

22  shareholder or any entity in which YOU have an equity interest (contingent or otherwise).

23         6.    The singular shall include the plural, and the plural shall include the

24  singular. The conjunctive "and" shall include the disjunctive "or" and the disjunctive

25  "or" shall include the conjunctive.

26         7.    The term "GCM" shall refer to Great Circle Management, LLC, its

27  employees, agents, officers, and servants.

28

NOTICE OF DEPOSITION OF RICHARD STEVEN ERDOS IN CONNECTION WITH CONTESTED
MATTER AND REQUEST FOR PRODUCTION OF DOCUMENTS
Doc. # CC-210795 v.2

8.  The term "GCFF" shall refer to Great Circle Family Foods, LLC, including but not limited to any corporate parent, subsidiary, predecessor in interest, division or affiliate thereof, and their respective officers, directors, employees, agents and representatives.

9.  The term "REINIS" shall refer to defendant Richard G. Reinis.

10.  The term "GLICKMAN" shall refer to defendant Roger Glickman.

11.  The phrase "YOUR complaint against GCFF" shall refer to the Complaint you filed on or about January 11, 2006, in the action entitles <u>Houser, et. Al. v. Great Circle Family Foods, LLC, et al.,</u> Case No. BC345742.

12.  The singular shall include the plural, and the plural shall include the singular. The conjunctive "and" shall include the disjunctive "or" and the disjunctive "or" shall include the conjunctive "and."

13.  Each DOCUMENT produced shall be produced as it is kept in the usual course of business (i.e., in native format or the format in which the document was received, and in the file folder or binder in which such DOCUMENTS were located when the request was served) or shall be organized and labeled to correspond to the categories of DOCUMENTS requested. If YOU have electronically stored information that is responsive to this DOCUMENT Request, please contact Jeffrey Goldman (310-734-3260) to discuss options for the most cost efficient and least burdensome method and format for production. <u>See</u> Fed. R. Civ. P. 34(b).

14.  YOU are instructed to produce any and all DOCUMENTS which are in YOUR possession, custody or control. Possession, custody or control includes constructive possession whereby YOU have a right to compel the production of a matter from a third party (including an agency, authority or representative).

15.  To the extent the location of any DOCUMENT called for by this Exhibit is unknown to YOU, so state. If any estimate can reasonably be made as to the location of an unknown DOCUMENT, (1) describe the DOCUMENT with sufficient

1  particularity so that it can be identified; (2) set forth YOUR  best estimate of the

2  DOCUMENT's location; and (3) describe the basis upon which the estimate is made.

3          16.     If any DOCUMENT request is deemed to call for disclosure of

4  proprietary data, counsel for movant is prepared to receive such data pursuant to an

5  appropriate confidentiality order.

6          17.     To the extent the production of any DOCUMENT is objected to on

7  the basis of privilege, provide the following information about each such DOCUMENT:

8  (1) describe the nature of the privilege claimed (e.g., attorney-client privilege); (2) state

9  the factual and legal basis for the claim of such privilege (e.g., communication between

10  attorney for corporation and outside counsel relating to acquisition of legal services); (3)

11  identify each person who was present when the DOCUMENT was prepared and who has

12  seen the DOCUMENTS; and (4) identify every other DOCUMENTS which refers to or

13  describes the contents of such DOCUMENT.

14          18.     If any DOCUMENT has been lost or destroyed, the DOCUMENT so

15  lost or destroyed shall be identified by author, date, subject matter, date of loss or

16  destruction, identity of person responsible for loss or destruction and, if destroyed, the

17  reason for such destruction.

18          19.     YOUR responses to these requests are to be supplemented in

19  accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

20          20.     Unless otherwise specified, the DOCUMENTS requested cover any

21  document created, sent or received from the beginning of time to the present.  However,

22  YOU do not need to produce DOCUMENTS previously produced by YOU to any

23  defendant in the course of discovery in this action.

24                    **REQUESTS FOR PRODUCTION**

25          1.      All DOCUMENTS evidencing, referring to, or relating to YOUR alleged

26  employment by GCFF.

27          2.      All COMMUNICATIONS between YOU and any third party referring to

28  or relating to YOUR complaint filed against GCFF.

NOTICE OF DEPOSITION OF RICHARD STEVEN ERDOS  IN CONNECTION WITH CONTESTED
MATTER AND  REQUEST FOR PRODUCTION OF DOCUMENTS
Doc. # CC-210795 v.2

3.    All COMMUNICATIONS between YOU and any third party referring to or relating to REINIS.

4.    All COMMUNICATIONS between YOU and any third party referring to or relating to GLICKMAN.

5.    All COMMUNICATIONS between YOU and any third party referring to or relating to GCM.

6.    All COMMUNICATIONS between YOU and any third party referring to or relating to GCFF.

7.    All non-confidential COMMUNICATIONS between YOU and YOUR current counsel.

8.    All DOCUMENTS that YOU provided to YOUR current counsel evidencing, referring to, or relating to YOUR Complaint against GCFF.

9.    All COMMUNICATIONS by and among YOU and any other employees of GCFF.

10.    All COMMUNICATIONS between (i) YOU and YOUR counsel, agents, or other representatives; and (ii) Duc Nguyen, plaintiff in the action entitled <u>Nguyen v. Great Circle Family Foods, LLC, et al.</u>, Case No. BC 372392, or his counsel, agents, or other representatives, that evidence, refer to, or relate to GCFF or GCM, YOUR lawsuits against GCFF or GCM, or Mr. Nguyen's lawsuit against GCFF and GCM.

11.    All DOCUMENTS evidencing, referring to, or relating to YOUR conversations with other current or former employees of GCFF.

12.    All DOCUMENTS that evidence, refer to, or relate to any instance where YOU were denied overtime pay by GCFF.

13.    All DOCUMENTS that evidence, refer to, or relate to any instances where you performed overtime work for GCFF.

14.    All DOCUMENTS that support the First Cause of Action alleged in YOUR Complaint against GCFF.

NOTICE OF DEPOSITION OF RICHARD STEVEN ERDOS  IN CONNECTION WITH CONTESTED MATTER AND  REQUEST FOR PRODUCTION OF DOCUMENTS

Doc. # CC-210795 v.2

1     15.    All DOCUMENTS that support the Second Cause of Action alleged in

2   YOUR Complaint against GCFF.

3     16.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

4   that YOU "are informed and believe and thereon allege that to reduce labor costs and

5   present inflated sales figures in their financial statements, Defendants consistently

6   misclassified employees designated as Assistant Managers and Unit Managers as 'exempt

7   employees' when their job responsibilities and assignments show them to be properly

8   classified as non-exempt employees and thus entitled to overtime compensation," as

9   alleged in paragraph 2 of YOUR Complaint against GCFF.

10     17.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

11   that YOU "are entitled to the benefit of overtime wages for hours worked in excess of 8

12   hours a day and/or 40 hours a week" for YOUR work performed at Krispy Kreme as

13   alleged in paragraph 7 of YOUR Complaint against GCFF.

14     18.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

15   that "Plaintiffs and all employees who have not been properly accounted to and paid

16   overtime wages required by law for actual overtime hours worked are similarly situated

17   under CCP § 382," as alleged in paragraph 7 of YOUR Complaint against GCFF.

18     19.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

19   that "[t]he position of Assistant Manager and Unit Manager are deemed exempt from

20   overtime pay by Krispy Kreme, and are not assigned managerial responsibilities in

21   violation of California law," as alleged in paragraph 12 of YOUR Complaint against

22   GCFF.

23     20.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

24   that "Assistant Manager[s] and Unit Manager[s] . . . are expected and required to spend

25   more than fifty percent (50%) of their time, attending the doughnut line, running the cash

26   register, cleaning the facilities, selling Doughnuts, and working in the production and

27   baking of the product. Their time spent at work is focused on the sale and production of

28

NOTICE OF DEPOSITION OF RICHARD STEVEN ERDOS  IN CONNECTION WITH CONTESTED
MATTER AND  REQUEST FOR PRODUCTION OF DOCUMENTS
Doc. # CC-210795 v.2

1  food products, not on managerial duties (despite their job titles)," as alleged in paragraph

2  12 of YOUR Complaint against GCFF.

3      21.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

4  that "[w]hether a [sic] [Assistant Manager] or [Unit Manager], the job duties and

5  requirements are essentially the same throughout the Krispy Kreme stores in California,"

6  as alleged in paragraph 13 of YOUR Complaint against GCFF.

7      22.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

8  that you and Houser and the other members of the class are granted little to no income in

9  salary and one expected to sell and produce products not manage," as alleged in

10  paragraph 13 of YOUR Complaint against GCFF.

11      23.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

12  that "Plaintiffs have been allocated duties such as moving stock, selling items on the

13  floor, production of doughnuts, running the cash register, and other menial labors not

14  commensurate with [YOUR] duties as 'managers'," as alleged in paragraph 13 of YOUR

15  Complaint against GCFF.

16      24.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

17  that Plaintiffs "had the ability to discipline low-level employees, and create their

18  schedules, but that was the extent of [YOUR] managerial duties. The rest of [YOUR]

19  time was spent in the production or sales of Krispy Kreme products," as alleged in

20  paragraph 13 of YOUR Complaint against GCFF.

21      25.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

22  that "[t]he majority of [Plaintiffs'] time (and certainly well over 50% of their time) is

23  spent and focused on  non-managerial duties given the openly communicated and implied

24  mandate from Defendants to sell and produce rather than manager," as alleged in

25  paragraph 13 of YOUR Complaint against GCFF.

26      26.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

27  that "improper classification . . . pervades in the Krispy Kreme stores and retail

28

1  enterprise throughout the state," as alleged in paragraph 13 of your Complaint against

2  GCFF.

3      27.   All DOCUMENTS that evidence, refer to, or relate to YOUR contention

4  that YOU Plaintiffs . . . "had little or no management, education, experience, or

5  training," as alleged in paragraph 15 of YOUR Complaint against GCFF.

6      28.   All DOCUMENTS that evidence, refer to, or relate to YOUR contention

7  that Plaintiffs "performed essentially the same tasks in these positions as non-exempt

8  doughnut line and cashier/sales employees," as alleged in paragraph 15 of YOUR

9  Complaint against GCFF.

10     29.   All DOCUMENTS that evidence, refer to, or relate to YOUR contention

11 that "Defendants automatically classified Plaintiffs as exempt without first making a

12 determination to whether they met California's requirements for exempt employee

13 status," as alleged in paragraph 15 of YOUR Complaint against GCFF.

14     30.   All DOCUMENTS that evidence, refer to, or relate to YOUR contention

15 that "[p]ursuant to Defendant's employment policies, Plaintiffs were classified

16 automatically as 'exempt' and paid a set salary, irrespective of the hours worked or the

17 daily tasks performed," as alleged in paragraph 16 of YOUR Complaint against GCFF.

18     31.   All DOCUMENTS that evidence, refer to, or relate to YOUR contention

19 that "[d]uring Plaintiffs' entire employment with defendants in both management

20 classifications, Plaintiffs spent over 50% of their working hours performing the duties

21 delegated to non-exempt employees including, but not limited to, waiting on customers,

22 making sales, various clerical duties, book keeping, cashiering, replenishing stock, and

23 other, general sales-related and customer-related tasks," as alleged in paragraph 17 of

24 YOUR Complaint against GCFF.

25     32.   All DOCUMENTS that evidence, refer to, or relate to YOUR contention

26 that plaintiffs "did not have the discretion to hire or fire employees[, ...] could not and

27 cannot set wages of employees, contract on behalf of defendant Krispy Kreme, and set

28

NOTICE OF DEPOSITION OF RICHARD STEVEN ERDOS  IN CONNECTION WITH CONTESTED
MATTER AND  REQUEST FOR PRODUCTION OF DOCUMENTS
Doc. # CC-210795 v.2

1  policies or procedures which bind Krispy Kreme," as alleged in paragraph 18 of YOUR

2  Complaint against GCFF.

3      33.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

4  that YOU "worked under the direct supervision of vice presidents, area managers, and

5  other high-ranking executives but could not make independent decisions that affect the

6  retail or store management divisions of Krispy Kreme stores, despite their titles and

7  exempt status," as alleged in paragraph 18 of YOUR Complaint against GCFF.

8      34.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

9  that "Plaintiffs spent far less than 50% of their working hours performing work which

10 was primarily intellectual, managerial or creative, or which required the regular and

11 customary exercise of discretion and independent judgment on more than an occasional

12 basis," as alleged in paragraph 18 of YOUR Complaint against GCFF.

13     35.    All DOCUMENTS that support YOUR contention that YOUR claims are

14 "typical of the claims of the class" alleged in paragraph 22 of YOUR Complaint against

15 GCFF.

16     36.    All DOCUMENTS that support YOUR contention that YOU "can and will

17 fully and adequately protect the interests of all the class members," as alleged in

18 paragraph 23 of YOUR Complaint against GCFF.

19     37.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

20 that "[a] class action is superior to other available means for the fair and efficient

21 adjudication of this lawsuit," as alleged in paragraph 26 of YOUR Complaint against

22 GCFF.

23     38.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention

24 that "[t]here is a well-defined community of interest in the questions of law and fact

25 involved in that all of the Plaintiff class members/employees have been harmed by

26 Defendants' automatic classification and failure to pay overtime benefits," as alleged in

27 paragraph 27 of YOUR Complaint against GCFF.

28

NOTICE OF DEPOSITION OF RICHARD STEVEN ERDOS  IN CONNECTION WITH CONTESTED
MATTER AND  REQUEST FOR PRODUCTION OF DOCUMENTS
Doc. # CC-210795 v.2

39.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention that Plaintiffs and similarly situated employees "are not exempt from overtime pay requirements under California law and the Plaintiff class members are not exempt from the right to receive overtime pay compensation under California law," as alleged in paragraph 32 of YOUR Complaint against GCFF.

40.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention that "[m]embers of the Plaintiff class do not presently and have not at any time during the class period qualified under any exemption from the requirement that their employer pay overtime compensation under California law," as alleged in paragraph 32 of YOUR Complaint against GCFF.

41.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention that GCFF failed to "provide adequate mandatory written disclosures and postings to workers advising them of their rights under applicable wage and hour laws," as alleged in paragraph 37 of YOUR Complaint against GCFF.

42.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention that GCFF engaged in "fraudulent record keeping practices regarding payroll and tax requirements," as alleged in paragraph 37 of YOUR Complaint against GCFF.

43.    All DOCUMENTS that evidence, refer to, or relate to YOUR claim that GCM is vicariously liable for the actions of any other entity or individual.

44.    All DOCUMENTS that evidence, refer to, or relate to YOUR contention that GCFF "deemed to be accepted" the position of Assistant Manager and Unit Manager, as alleged as alleged in paragraph 12 of YOUR Complaint against GCFF and YOUR Complaint against GCM.

45.    Any and all DOCUMENTS received by YOU in connection with employment as Unit Manager for GCFF.

46.    Any and all DOCUMENTS that evidence, refer to, or relate to all judicial cases in which YOU were a party, including without limitation, all criminal actions, and

- 11 -

1  including, but not limited to, any litigation initiated against any other of YOUR

2  employers.

3      47.   Any and all DOCUMENTS establishing that YOU are a lawful citizen of

4  the United States, including, but not limited to, passports, birth certificates, drivers

5  licenses and social security card.

6      48.   Any and all DOCUMENTS that evidence, refer to, or relate to any written

7  requests or demands made by YOU upon GCFF for overtime pay.

8      49.   Any and all DOCUMENTS that evidence, refer to, or relate to YOUR

9  application for employment with GCFF.

10      50.   Any and all DOCUMENTS that evidence, refer to, or relate to YOUR

11  performance review conducted by GCFF.

12      51.   Any and all DOCUMENTS that evidence, refer to, or relate to GCFF's

13  employment policies, including, but not limited to, YOUR receipt thereof.

14      52.   Any and all DOCUMENTS that evidence, refer to, or relate to time records

15  in YOUR possession referencing hours worked by YOU for GCFF.

16      53.   Any and all COMMUNICATIONS between YOU and Jesse Cabayan.

17      54.   All DOCUMENTS sufficient to identify each and every one of YOUR

18  employers from January 1, 2004 forward. All DOCUMENTS that you will intend to rely

19  on, cite, or otherwise use to support your briefing in connection with the estimation of

20  YOUR claims against GCFF.

21      55.   All DOCUMENTS that YOU intend to rely on, cite, or otherwise use to

22  support your briefing in connection with the estimation of YOUR claims against GCFF.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

NOTICE OF DEPOSITION OF RICHARD STEVEN ERDOS  IN CONNECTION WITH CONTESTED
MATTER AND  REQUEST FOR PRODUCTION OF DOCUMENTS
Doc. # CC-210795 v.2

1    56.    All DOCUMENTS which YOU intend to introduce into evidence at the

2    Claims Estimation Proceeding in connection with the estimation of YOUR claims against

3    GCFF.

4

5    Dated:  August 18, 2009                    STEPTOE & JOHNSON, LLP

6

7                                                   By: _____

8                                                   Jeffrey M. Goldman
                                                    Special Counsel for Chapter 11 Debtor
9                                                   GREAT CIRCLE FAMILY FOODS,
                                                    LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF RICHARD STEVEN ERDOS  IN CONNECTION WITH CONTESTED
MATTER AND  REQUEST FOR PRODUCTION OF DOCUMENTS
Doc. # CC-210795 v.2

## PROOF OF SERVICE
### F.R.C.P. 5 / C.C.P. § 1013a(3)/ Cal. R. Ct. R. 2.260

1

2   I am a resident of, or employed in, the County of Los Angeles. I am over the age of 18 and not a party to
    this action. My business address is: Steptoe & Johnson LLP, 2121 Avenue of the Stars, Suite 2800, Los
3   Angeles, California 90067.

    On **August 18, 2009,** I served the following listed document(s), by method indicated below, on the parties
4   in this action: **NOTICE OF DEPOSITION OF RICHARD STEVEN ERDOS IN
    CONNECTION WITH CONTESTED MATTER AND REQUEST FOR
5   PRODUCTION OF DOCUMENTS**

6                          *SEE ATTACHED SERVICE LIST*

7   ☒ **BY U.S. MAIL**                              ☐ **BY ELECTRONIC SERVICE** via
    By placing ☐ the original / ☒ a true copy       electronic filing service provider LexisNexis
8   thereof enclosed in a sealed envelope(s), with   By electronically transmitting the document(s) listed
    postage fully prepaid, addressed as per          above to LexisNexis File and Serve, an electronic
9   the attached service list, for collection and mailing at Steptoe &   filing service provider at
    Johnson LLP, 2121 Avenue of the Stars, Suite 2800, Los   www.fileandserve.lexisnexis.com, from the email
10  Angeles, California 90067, following ordinary business   address _____@steptoe.com, at approximately
    practices. I am readily familiar with Steptoe & Johnson LLP's   _____. To my knowledge, the transmission was
11  practice for collection and processing of documents for mailing.   reported as complete and without error. *See* Cal. R.
    Under that practice, the document is deposited with the United   Ct. R. 2.253, 2.255, 2.260.
12  States Postal Service on the same day as it is collected and
    processed for mailing in the ordinary course of business.

13  ☐ **BY OVERNIGHT DELIVERY**                      ☐ **BY EMAIL**
    By delivering the document(s) listed above in a sealed   By electronically transmitting the document(s) listed
14  envelope(s) or package(s) designated by the express service   above to the email address(es) of the person(s) set
    carrier, with delivery fees paid or provided for, addressed as per   forth on the attached service list from the email
15  the attached service list, to a facility regularly maintained by the   address _____@steptoe.com at approximately
    express service carrier or to an authorized courier or driver   _____. To my knowledge, the transmission was
16  authorized by the express service carrier to receive documents.   reported as complete and without error. Service by
    **Note:** Federal Court requirement: service by overnight delivery   email was made ☐ pursuant to agreement of the
17  was made ☐ pursuant to agreement of the parties, confirmed in   parties, confirmed in writing, or ☐ as an additional
    writing, or ☐ as an additional method of service as a courtesy   method of service as a courtesy to the parties or ☐
18  to the parties or ☐ pursuant to Court Order.     pursuant to Court Order. *See* Cal. R. Ct. R. 2.260.

19  ☐ **BY PERSONAL SERVICE**                        ☐ **BY FACSIMILE**
    ☐ By personally delivering and handing the document(s)   By transmitting the document(s) listed above from
20  listed above to the person(s) identified on the attached service   Steptoe & Johnson LLP in Los Angeles, California to
    list.                                            the facsimile machine telephone number(s) set forth
21  ☐ By personally delivering the document(s) listed above to   on the attached service list. Service by facsimile
    the office address(es) as shown on the attached service list and   transmission was made ☐ pursuant to agreement of
22  leaving said document(s) with a clerk or other person in charge,   the parties, confirmed in writing, or ☐ as an
    or if no one is in charge leaving it in a conspicuous place in the   additional method of service as a courtesy to the
23  office(s).                                       parties or ☐ pursuant to Court Order.
    ☐ By personally delivering the document(s) listed above to
24  the address(es) as shown on the attached service list and leaving
    said document(s) with someone of suitable age and discretion
25  residing at said address(es).

        I declare under penalty of perjury under the laws of the State of California and the United States
26  of America that the above is true and correct.

27      Executed on <u>August 18, 2009</u> at Los Angeles, California.
        Janna L. Cole                                                  *[signature]*
28  _____          Signature_____
    Type or Print Name

                                              14
    NOTICE OF DEPOSITION OF RICHARD STEVEN ERDOS IN CONNECTION WITH CONTESTED
                                           MATTERS
                                                                        Doc. # CC-210795 v.2

<u>**SERVICE LIST**</u>

| | |
|---|---|
| Offices of the U.S. Trustee<br>Michael J. Hauser, Esq.<br>411 West Fourth Street, Suite 9041<br>Santa Ana, CA 92701 | |
| Counsel to Committee<br>Evan D. Smiley, Esq.<br>Weiland, Golden, Smiley, Wang, Ekval LLP<br>650 Town Center Drive, Suite 950<br>Costa Mesa, CA 92626 | |
| Patricio T.E. Barrera, Esq.<br>Ashley a. Davenport, Esq.<br>Barrera & Associates<br>1500 Rosecrans Avenue, Suite 500<br>Manhattan Beach, CA 90266<br>Tel. (310) 802-1500<br>Fax: (310) 802-0500<br>barrera@baattorneys.com | Attorneys for David Houser and Richard Steven Erdos, and Their Proposed Class |
| Robert S. Green, Esq.<br>Nicole D. Reynolds<br>GREEN WELLING P.C.<br>595 Market Street, Suite 2750<br>San Francisco, CA 94105<br>Tel. (415) 477-6700<br>Fax: (415) 477-6710<br>rsg@classcounsel.com | Attorneys for David Houser and Richard Steven Erdos, and Their Proposed Class |
| Stan S. Mallison, Esq.<br>Law Offices of MALLISON & MARTINEZ<br>1042 Brown Avenue<br>Lafayette, CA 94549 | Attorneys for Duc Nguyen and his Proposed Class |
| Ron Bender, Esq.<br>Kim Tung, Esq.<br>LEVENE NEALE BENDER RANKIN & BRILL LLP<br>10250 Constellation Blvd., Suite 1700<br>Los Angeles, CA 90067<br>Tel.: (310) 229-1234<br>Fax: (310) 229-1244 | |

15

NOTICE OF DEPOSITION OF RICHARD STEVEN ERDOS  IN CONNECTION WITH CONTESTED MATTERS

AUG 2 5 2009

**EXHIBIT D**

## Nicole D. Reynolds

| | |
|---|---|
| **From:** | Goldman, Jeffrey [jgoldman@steptoe.com] |
| **Sent:** | Monday, September 21, 2009 5:46 PM |
| **To:** | Nicole D. Reynolds |
| **Cc:** | Davis, Katessa; Kim, Seong; Robert S. Green |
| **Subject:** | RE: In Re Great Circle Family Foods - From Jeffrey Goldman |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Ms. Reynolds:

This responds to your September 16, 2009 e-mail, below.

### David Houser

You told me on September 15, 2009 -- approximately one month after this office served Mr. Houser's deposition notice -- that Mr. Houser is out of the country until September 30, 2009. However, this is *his case*. He has been on notice of the tight discovery schedule set by the Court since August 10, 2009, yet he has made himself unavailable for his noticed deposition.

Great Circle Family Foods, LLC ("GCFF") is willing to move Mr. Houser's deposition, as an accommodation, to October 1, 2009, so long as he stipulates that no new deposition notice is required and that he will appear on that date . Documents will be produced in accordance with the Federal Rules of Civil Procedure ("FRCP"), and under no circumstances as a condition of your client's compliance with FRCP requirements.

During our phone call, you insisted that your client would not appear for deposition unless GCFF produced documents. I know of no such FRCP requirement. I asked you to provide authority justifying Mr. Houser's refusal to appear for deposition before receiving documents regarding his work schedule, but you have not provided any such law.

Please confirm by 5:00 p.m. tomorrow, September 22, 2009, that Mr. Houser will appear for his deposition in our offices at 10:00 a.m. on October 1, 2009. If we do not receive such confirmation, GCFF will move to compel his deposition and seek appropriate sanctions.

### Richard Steven Erdos

You have not confirmed that Mr. Erdos will appear for his September 29, 2009 deposition. We have been preparing for Mr. Erdos to appear either personally or by video conference on that date. If you do not confirm by 5:00 p.m. tomorrow, September 22, 2009, that Mr. Erdos will personally appear for his September 29, 2009 deposition -- or if you do not provide me with an executed version of the Stipulation to conduct Mr. Erdos's deposition by video conference on September 29, 2009 (a copy of which I provided to your office) -- GCFF will take the matter up with the Court and seek related sanctions.

Very truly yours,

Jeff Goldman

**From:** Nicole D. Reynolds [mailto:NDR@classcounsel.com]
**Sent:** Wednesday, September 16, 2009 5:34 PM
**To:** Goldman, Jeffrey
**Cc:** Davis, Katessa; Kim, Seong; Robert S. Green
**Subject:** RE: In Re Great Circle Family Foods - From Jeffrey Goldman

Dear Mr. Goldman,

I am in receipt of your letter dated today. I have a few responses:

(1) I can confirm that we have the personnel files for Mr. Erdos and Mr. Houser, which have Bates numbers. We also have some payroll records which are not bates stamped. I cannot tell if these records were produced by GCFF or some other party and, if so, whether they were produced for mediation or settlement purposes.

(2) More importantly, most if not all of these payroll records do not evidence or document the hours worked by Unit Manager and General Managers. For this reason, our RFP No. specifically requests work "schedules" evidencing hours Unit Managers and General Managers worked, and I clarified that we are seeking this information during our telephone call yesterday. The payroll information we have is simply insufficient to show the total number of hours Unit Managers and General Managers worked.

(3) I also clarified during our telephone conversation that we cannot schedule Mr. Erdos's and Mr. Houser's depositions until we have such information regarding hours worked. As I mentioned, these events occurred years ago and our client's memories may need to be refreshed by reference to such documents. Also, I informed you that Mr. Houser is out-of-the country until September 30, 2009, and so his deposition will not proceed on September 24 regardless.

(4) Finally, I have discussed with my colleagues your request for a protective order. As I mentioned, we agree to GCFF redacting employee contact information at this time. On the other hand, we do not feel that a protective order is necessary in this case as information on hours worked and employment policies does not in our view constitute trade secrets or proprietary information. We are willing, however, to reconsider our position on this if you can clarify what exactly you think might be produced that would constitute trade secrets and/or proprietary information and the reasons therefore.

Thank you,

Nicole Reynolds

**From:** Rodriguez, Maria [mailto:mrodrigu@steptoe.com]
**Sent:** Wednesday, September 16, 2009 3:35 PM
**To:** Nicole D. Reynolds
**Cc:** Goldman, Jeffrey; Davis, Katessa; Kim, Seong
**Subject:** In Re Great Circle Family Foods - From Jeffrey Goldman

Ms. Reynolds, attached please see correspondence from Jeffrey Goldman.

<<CANON7105E7_EXCHANGE_09162009-150500.PDF>>

2