Stan S. Mallison (SBN 184191)
Hector R. Martinez (SBN 206336)
Marco A. Palau (SBN 242340)
LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue
Lafayette, California 94549
Telephone:     (925) 283-3842
Facsimile:     (925) 283-3426
stanm@mallisonlaw.com
hectorm@themmlawfirm.com
mpalau@themmlawfirm.com

Counsel for Claimant DUC NGUYEN
(Additional counsel listed on following page)

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>GREAT CIRCLE FAMILY FOODS, LLC, et al.<br><br>Debtors<br><br>☒ Affects All Debtors<br><br>☐ Affects Great Circle Family Foods, LLC only<br><br>☐ Affects GCFF – Huntington Park, LLC only<br><br>☐ Affects GCFF – Orange, LLC only<br><br>☐ Affects GCFF – San Diego, LLC only<br><br>☐ Affects GCFF – Canoga, LLC only<br><br>☐ Affects GCFF – Ontario, LLC only | Case No.: 8:07-bk-012600-ES<br><br>CHAPTER 11<br><br>Jointly Administered with Case Nos:<br><br>Case No. 8:07-bk-12603-ES<br>Case No. 8:07-bk-12605-ES<br>Case No. 8:07-bk-12606-ES<br>Case No. 8:07-bk-12602-ES<br>Case No. 8:07-bk-12604-ES<br><br>**CLAIMANTS' JOINT NOTICE AND MOTION TO:**<br>**(1) COMPEL PRODUCTION OF DOCUMENTS FOR FAILURE TO RESPOND TO DISCOVERY;**<br>**(2) COMPEL TESTIMONY ON CLASS MATTERS;**<br>**(3) COMPEL PRODUCTION OF CLASS DATA & DOCUMENTS;**<br>**(4) STAY FURTHER PROCEEDINGS UNTIL DEBTOR PRODUCES APPROPRIATE DISCOVERY OR EXTEND DEADLINES; AND**<br>**(5) ORDER DEBTOR TO PAY CLAIMANTS' MOTION EXPENSES;**<br><br>**[LBR 7026-1(c)(3) & FRCP 30, 34 and 37]**<br><br>**DISCOVERY MATTER**<br><br>Discovery Cutoff: Oct. 16, 2009<br>Claims Proceeding: Jan. 25, 2010<br>Courtroom:     5A |

[Filed concurrently with Joint Stipulation; Declaration of Robert Green, Declaration of Marco A. Palau, Request for Judicial Notice]

Robert S. Green (State Bar No. 136183)
Nicole D. Reynolds (State Bar No. 246255)
**GREEN WELLING LLP**
595 Market Street, Suite 2750
San Francisco, CA 94105
Telephone: (415) 477-6700
Facsimile: (415) 477-6710

Patricio T.D. Barrera (State Bar No. 149696)
**BARRERA & ASSOCIATES**
1500 Rosecrans Ave., Ste. 500
Manhattan Beach, CA 90266
Telephone: (310) 802-1500

Facsimile: (310) 802-0500

Counsel for Claimants DAVID HOUSER and RICHARD STEVEN ERDOS

# TABLE OF CONTENTS

**NOTICE OF MOTION AND MOTION** ..................................................................3

**MEMORANDUM OF POINTS & AUTHORITIES** ...................................................7

I.    <u>INTRODUCTION</u> ......................................................................................7

    A. <u>NGUYEN'S DISCOVERY & STATEMENT OF RELEVANT FACTS</u>............7

    B. <u>HOUSER'S & ERDOS' DISCOVERY & STATEMENT OF RELEVANT FACTS</u> ......9

II.    <u>ARGUMENT</u> ...........................................................................................11

    A. LEGAL STANDARD ON MOTION TOCOMPEL DISCOVERY...................11

    B. MATERIALITY AND GOOD CAUSE RE: NGUYEN'S DISCOVERY.........12

    C. MATERIALITY AND GOOD CAUSE RE: HOUSER'S & ERDOS' DISCOVERY...................................................................................15

    D. FAILURE TO RESPOND TO DOCUMENT DEMAND..........................16

        1.  Service on Bender but not Steptoe is Adequate...........................17

        2.  Service by U.S. Express Mail is Proper.......................................17

        3.  Since service was made and Levene et al. and Levene cannot claim lack of receipt, objections to the proof of service have been waived ......17

        4.  The proof of service is adequate .................................................18

    E. FAILURE TO MAKE DESIGNATION & PROVIDING EVASIVE OR INCOMPLETE RESPONSES ...................................................................18

        1.  Class Certification Objection.......................................................18

        2.  Privacy Objection........................................................................21

        3.  Debtor's Remaining Boilerplate Objections................................23

    F. EXPENSES, ATTORNEY'S FEES & SANCTIONS..................................24

III.    <u>CONCLUSION</u>.......................................................................................24

**MEET & CONFER CERTIFICATE (FCRP 37)** ...................................................25

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Bibo v. Federal Express, Inc.*, 2009 WL 1068880 (N.D. Cal. 2009)................................15

*Blanchard v. EdgeMark Financial Corp.*, 192 F.R.D. 233 (N.D.Ill.2000) ......................12

*Buchanan v. Sherrill*, 51 F.3d 227 (10th Cir. 1995) ................................................17

*Burlington N. & Santa Fe R.R. Co. v. Dist.*, 408 F.3d 1142, 1148-49 (9th Cir. 2005).......23

*CSC Holdings, Inc. v. Redisi*, 309 F.3d 988 (7th Cir. 2002)...............................................11

*In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331 (N.D.Ill. 2005) .........................12

*In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F.Supp.2d 1053, 1066
    (N.D. Call. 2007) ...........................................................................................................19

*Israel Travel Advisory Service, Inc. v. Israel Identity Tour, Inc.*, 61 F.3d 1250,1254
    (7th Cir. 1995).................................................................................................................11

*Hernandez v. Gates*, 2004 WL 291225 (C.D.Cal., 2004) .......................................8, 18, 27

*Hill v. Eddie Bauer*, 242 F.R.D. 556 (C.D.Cal. 2007).................................................22

*Magnuson v. Yestertear*, 85 F.3d 1424, (9th Cir. 1996) ........................................17, 26

*Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1270...........................................15

*Packman v. Chicago Tribune, Co.*, 267 F.3d 628 (7th Cir. 2001).......................................12

*Richmark Corp. v. Timber Falling Consultants*, 959 F2d 1468 (9th Cir. 1992) .......3, 7, 16

*Sav-On Drug Stores, Inc. v. Super Ct.*, 34 Cal. 4th 319, 329 .......................................15, 19

*Schultz v. Olympic Medical Center*, 2008 WL 3977523 (W.D. Wash. Aug. 22,
    2008) ...............................................................................................................................11

## STATE CASES

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

*Alch v. Sup. Ct.*, 165 Cal.App.4[th] 1412 (2008), *rev. denied* October 28, 2008..................23

*Bell v. Farmers Ins. Exchange.*, 115 Cal.App.4[th] 715, 740 .................................19

*Crab Addison v. Sup. Ct.*, 169 Cal.App.4th 958 (2008) .......................................22

*Lee v. Dynamex*, 166 Cal.App.4[th] 1325 (2008)............................................19, 21, 22

*Nordquist v. McGraw-Hill Broadcasting Co.*, 32 Cal.App.4[th] 555, 562 (1995)...............15

*Walker v. Lakewood Condominium Owners Ass'n,* 186 F.R.D, 584, 587 (C.D. Cal. 1999) .....................................................................................................23

# FEDERAL STATUTES

11 U.S.C. § 105............................................................................................5

# FEDERAL RULES OF CIVIL PROCEDURE

Federal Rule of Civil Procedure 5 ......................................................8, 17, 18, 26

Federal Rule of Civil Procedure 23 ..........................................................14, 19

Federal Rule of Civil Procedure 26 .....................................5, 11, 23, 24, 28

Federal Rule of Civil Procedure 30 .............................................................4, 9, 28

Federal Rule of Civil Procedure 34 ..........................................................3, 4, 26

Federal Rule of Civil Procedure 37 ......................................3, 4, 5, 16, 24

# FEDERAL RULES OF BANKRUPTCY PROCEDURE

Federal Rule of Bankruptcy Procedure 7005........................................................26

Federal Rule of Bankruptcy Procedure 7023........................................................19

Federal Rule of Bankruptcy Procedure 7026.....................................................5, 28

Federal Rule of Bankruptcy Procedure 7030........................................................5

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.253.5843

Federal Rule of Bankruptcy Procedure 7034................................................................3, 4, 5

Federal Rule of Bankruptcy Procedure 7037................................................................3, 4, 5

Federal Rule of Bankruptcy Procedure 9014................................................................5

## LOCAL BANKRUPTCY RULES

Local Bankruptcy Rule 7026-1(c) ........................................................................5

## STATE STATUTES

**Business & Professions Code**
§ 17200 et seq. ...................................................................................................13

**Labor Code**
§ 2698, et seq. ...................................................................................................13

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on November 17, 2009, at 10:30 a.m. or as soon thereafter as the parties may be heard by the Honorable Erithe A. Smith in Courtroom 5A of the above-entitled court, located at 411 West Fourth Street, Santa Ana, California, Claimants Duc Nguyen, David Houser and Richard Steven Erdos (collectively "Claimants") will and hereby do move for an Order compelling discovery from Debtor Great Circle Family Foods, LLC ("Debtor" or "GCFF"), as set forth more fully below.

PLEASE TAKE FURTHER NOTICE that any opposition to this Motion must be filed with the Court and served on counsel for Claimants no later than fourteen (14) days prior to the hearing date. A failure to file and serve an opposition by a party in interest may be deemed by the Court to constitute consent to granting the relief requested by Claimants in this Motion.

CLAIMANTS SEEK AN ORDER COMPELLING DISCOVERY AND GRANTING THE FOLLOWING RELATED RELIEF:

(1)     Pursuant to Federal Rules of Civil Procedure ("FRCP") 34 and 37 (made applicable by Federal Rules of Bankruptcy Procedure ("FRBP") 7034 and 7037), Nguyen moves for an Order compelling Debtor to produce documents requested in Nguyen's Demand for Inspection and Production of Documents, Set One ("Document Demand"). Although Debtor failed entirely to respond to the Document Demand and, consequently, waived any objection to it (*see Richmark Corp. v. Timber Falling Consultants*, 959 F2d 1468, 1473 (9th Cir. 1992)), Debtor refuses to produce the information sought on the basis that Nguyen served the Document Demand on counsel Ron Bender but not Steptoe & Johnson, and Nguyen's proof of service is insufficiently specific because it states that service was made by "Overnight Delivery" rather than the more specific "U.S. Postal Service Express Mail." Neither of these objections signals that service was defective. **Moreover, even if the Court found that service was improper, Nguyen served a PMK Notice & Request for Production seeking substantially the same information. This motion is to compel discovery with regards to that PMK Notice as well.**

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

1    (2)    Nguyen also moves for an Order compelling deposition answers and responses to

2   document requests in Nguyen's Notice of Deposition of GCFF's Person Most Knowledgeable

3   and Request for Production of Documents ("PMK Notice"). Debtor has objected to providing

4   testimony or documents relating to time, payroll and wage-and-hour policy matters of similarly

5   situated employees – information that is critical to the estimation of Nguyen's class claim – on

6   grounds that a class has not been certified and the information is private. Since the timekeeping

7   evidence shows what employees *should have been paid*, and the payroll evidence shows what

8   employees *were actually paid*, the difference between these is needed to show the violations and

9   also calculate damages. Moreover, this evidence, coupled with the underlying policy and practice

10  evidence *also* sought through the PMK Notice, is critical to satisfying class certification

11  requirements. Indeed, this evidence is highly relevant and Debtor's objections are insufficient to

12  withhold disclosure. Thus, an order compelling discovery is appropriate under FRCP, 30, 34,

13  37(a)(3)(B)(ii)-(iii) (regarding deposition testimony) and 37(a)(3)(B)(iv) (production of

14  documents at or before deposition).

15    (3)    Houser and Erdos move for an Order compelling Debtor to produce the

16  documents requested in Claimants Richard Steven Erdos's and David Houser's Notice of

17  Deposition and Request for the Production of Documents to Debtors ("Custodian of Records

18  Notice"). Debtor's October 16, 2009 production of documents failed to produce any documents

19  (1) referencing the hours worked by Houser and Erdos and by putative class members; (2)

20  studies, surveys, reports, or investigations regarding the tasks actually performed by putative

21  class members; or (3) complaints regarding the non-payment of overtime wages by putative class

22  members. These documents are directly relevant to Claimants' allegation that Debtor improperly

23  classified them and putative class members as exempt from overtime wage laws. The order

24  compelling said discovery is appropriate under Federal Rules of Civil Procedure ("FRCP") 34

25  and 37 (made applicable by Federal Rules of Bankruptcy Procedure ("FRBP") 7034 and 7037).

26    (4)    Since the discovery sought in this motion is necessary for estimation of

27  Claimants' class claims and for class certification, Claimants seek an Order staying the

28  proceedings until the discovery has been produced and extending all estimation deadlines. This

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

relief is necessary to enforce discovery begun before the discovery cutoff date and to submit evidence, trial briefs and conduct the estimation hearing. The relief sought is proper. Pursuant to FRCP 26(c)(1)(B), 37(c)(3) and 37(b)(2)(A)(iv), the Court has power to compel discovery and control the conduct of discovery. The Court also has broad authority, pursuant to 11 U.S.C. § 105, to issue any order that is necessary and proper to carry out the estimation proceeding. Therefore, a stay and/or extension of time should be granted.

(5)     Finally, pursuant to FRCP 37(a)(5), Claimants request an Order requiring Debtor to pay the expenses and attorney's fees incurred in making this motion. The amount requested, including an estimation of the expenses and attorney's fees that will be incurred in preparing, serving and filing a reply, and appearing at the hearing, is $19,122.50. Palau Decl. ¶ 16, Green Decl. ¶ 11.

It is worth noting that Debtor, while on the one hand claiming an interest in a speedy estimation process to satisfy creditors and avoid depleting the estate, has on the other expended enormous amounts of attorney time and effort resisting the discovery that it and its co-defendants have resisted for years now in State court. Indeed, it appears that Debtor and its co-defendants in State court are in lockstep with their strategy to (1) resist discovery in either forum, (2) delay the State actions as much as possible, (3) play procedural games to limit the claims' estimation to zero or near zero (*see, e.g.*, Debtor's motion to compel Claimants' depositions, filed despite the fact that they have already been deposed (Docket #481-485), and Debtor's objections to class discovery), and (4) use the claims estimation results in State court so that the principals – Richard Reinis and Roger Glickman – and the capitalized corporate entity (Great Circle Management, LLC) escape liability on collateral estoppel grounds. Indeed, these actions raise glaring red flags. At minimum, this Court should not allow Debtor to misuse the estimation process for the benefit of its principals in their state Court action, and should order that the class discovery be produced without delay to complete a legally adequate estimation process.

This Motion is based on FRBP 7026, 7030, 7034, 7037, 11 U.S.C. § 105, FRBP 9014, LBR 7026-1(c), the case-law interpreting these provisions and the Court's authority, as well as this Notice; the Certification of good faith efforts to resolve the underlying disputes without a

motion; the supporting Memorandum of Points and Authorities; the supporting Declarations of Marco A. Palau and Robert Green; the Joint Stipulation filed herewith; the Request for Judicial Notice filed herewith; the pleadings, files and records in this case and such other evidence and oral argument that Claimants may submit prior to, or at, the hearing.

Respectfully submitted,

Dated: October 27, 2009                    MALLISON & MARTINEZ

                                           By: _____
                                               Stan Mallison, Counsel for Claimant Duc
                                               Nguyen

Dated: October 27, 2009                    GREEN WELLING, P.C.

                                           By: _____
                                               Nicole Reynolds, Counsel for Claimants
                                               Houser and Erdos

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

## MEMORANDUM OF POINTS & AUTHORITIES

### I.   INTRODUCTION

#### A.   NGUYEN'S DISCOVERY & RELEVANT FACTS

Nguyen served a Document Demand to which Debtor never responded, and a PMK Notice seeking testimony and documents on time and payroll data and Debtor's wage and hour policies. Palau Decl. ¶¶ 2, 12. Debtor failed entirely to respond to the Document Demand and has objected to the PMK Notice insofar as it seeks information of putative class members other than Nguyen. ¶¶ 11, 13. This motion is brought because the information sought through the Document Demand and PMK Notice – i.e., time and payroll data; wage and hour policies and putative class member contact information – is both critical to certifying the class, as well as critical to estimating the class claim. Palau Decl. ¶¶ 2, 12.

<u>Document Demand</u>

It is well-settled that a party's failure to respond to discovery results in a waiver of objections. *Richmark Corp. v. Timber Falling Consultants*, 959 F2d 1468, 1473 (9th Cir. 1992) Despite this, Debtor objects to producing the information sought in Nguyen's Document Demand, claiming that service was defective because:

> (1)   Nguyen served Debtor's "bankruptcy" counsel – Ron Bender – not its "litigation" counsel – Steptoe & Johnson; and
>
> (2)   The proof of service states that service was made by "Overnight Delivery," instead of the more specific "U.S. Postal Service Express Mail." Ex. 7, Palau Decl.

Neither of these issues renders service defective. Nor do they constitute a basis for refusing to respond. Moreover, since Debtor essentially admits that Ron Bender received the discovery (Palau Decl. ¶ 5), it is estopped from objecting to service issues more than 60 days from service.

Service was proper because it was made by United States Postal Service Express Mail ("USPS Express Mail") and served on Debtor's counsel, Ron Bender of Levene, Neale, Bender, Rankin & Brill L.L.P. ("Levene et al."). Palau Decl. ¶¶ 2-5 and Exs. 1 [Document Demand], 2

[USPS Express Mail Label/Receipt with Tracking Number: EB980640628US] and 3 [Track & Confirm Result]. As such, the failure to respond results in a waiver of any objection.

Further, the proof of service does not render service defective simply because it states that it was made by overnight delivery rather than USPS Express Mail. However, even if the proof of service were defective – which it is not – the fact that service was proper settles the matter. Indeed, the FRCP does not prescribe requirements for a proof of service, and even where the proof of service is incorrect, evidence of service may be established by evidence outside the proof of service. *Hernandez v. Gates*, 2004 WL 291225, 1 (C.D.Cal., 2004) ("nothing in [FRCP] Rule 5 dictates the contents of the proof of service, and case law establishes that compliance is satisfied by mailing, which can be proven by evidence outside the proof of service" on a case-by-case basis). Therefore, Nguyen can show that service was made by USPS Express Mail, and Debtor's second argument fails. Exs. 1-3, Palau Decl.

The Document Demand seeks information is vital to certifying the class and the prove-up for Nguyen's class claim. Palau Decl. ¶ 2. In particular, it seeks time and payroll information of claimant and putative class members, as well as work schedules, rest and meal period policies, policies regarding payment of minimum and overtime wages, policies regarding payment of rest and meal period premiums for missed rest and meal periods, contact information of putative class members, among other related things. Ex. 1 [Document Demand], Palau Decl.

PMK Notice

On or about September 12, 2009, Nguyen served by personal delivery on Ron Bender of Levene et al. Nguyen's Notice of Deposition of Person Most Knowledgeable to Testify on Behalf of Great Circle Familly Foods, LLC and Request for Production of Documents ("PMK Notice"). Palau Decl. ¶ 12; Ex. 8 [PMK Notice] to Palau Decl. Unlike Debtor's failure to respond to Nguyen's Document Demand on grounds that it was served on Lvene et al., Debtor served its responses on or about October 8, 2009. Palau Decl. ¶ 13; Ex. 9 [Responses to PMK Notice]. Debtor refuses to provide the discovery sought relating to putative class members on grounds that class-wide information is irrelevant because the Court will not estimate the claims

on a class-wide basis, and also on grounds that it is purportedly private. *Id.* Neither of these objections should defeat the discovery sought.

At the hearing to establish the estimation proceeding, the parties and the Court expressly considered estimating the claims on a class-wide basis. *See* Palau Decl. ¶ 14. Indeed, it would be an abuse of discretion to estimate the claim only as to the named Claimant. That Debtor now asserts that the Court will not estimate the class claims absent a prior certification motion is perplexing, and assumes that class certification cannot be accomplished as part of or prerequisite to the estimation process. The information sought by the PMK Notice is essential for certification and estimation, and Debtor's attempts to game the system should not be condoned.

In particular, Nguyen's moves to compel deposition on the six topics noticed: (1) payroll policies and practices; (2) timekeeping policies and practices; (3) establishment, operation and maintenance of time and payroll databases; (4) policies and practices regarding scheduling of work periods, rest periods and meal periods; (5) policies and practices relating to providing rest and meal periods; and (6) policies and practices relating to payment of premium rest and meal wages and pre/post-shift minimum and overtime wages. Ex. 8 to Palau Decl. However, Nguyen is only moving on the following document requests: (1) number and location of Krispy Kreme shops, (2) employee work schedules, (13) employee payroll records, (15) time cards/records, (16) employee handbooks and policies, (26) meal period waivers, (38) time and payroll databases and (43) employee contact information. *Id.* This discovery is vital to class certification and estimation prove-up. Palau Decl. ¶ 12.

## B. HOUSER'S & ERDOS' DISCOVERY AND STATEMENT OF FACTS

Claimants David Houser and Richard Steven Erdos are former employees who assert claims on behalf of current and former employees who held the position of Unit Manager or General Manager in Krispy Kreme stores in Southern California from January 11, 2002 to the present. Claimants' claims are based on Debtor's failure to pay overtime as required by law, in that Debtor improperly classified their positions as exempt when they were not. On August 17, 2009, Claimants requested documents in the form of a FRCP 30(b)(6) deposition notice with

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

attached document requests. Green Decl., ¶ 3, Ex. A. The deposition notice requested 10 categories of documents on the central issues to this estimation proceeding of Claimants' overtime claims and set the deposition of the "custodian of records" to authenticate the documents for September 11, 2009. *Id.* The requests seek: (1) all payroll schedules, payroll documents, work schedules, and timekeeping records evidencing the hours worked for all putative class members; (2) internal or third-party studies or surveys regarding how putative class members spent their time and/or the job tasks they engaged in while working for Debtor; (3) complete personnel files on Claimants; and (4) any complaints from putative class members regarding payment or nonpayment of overtime compensation. *Id.*, Ex. A.

When the deposition notice was served, Claimants indicated to Debtor that the date for the deposition was set with a view toward arranging a mutually satisfactory date. *Id.* ¶ 3. Rather than work out a mutually agreeable schedule for the production of the relevant documents and the custodian of records deposition, Debtor waited until a few days before the requested date and then responded that Debtor's custodian of records would appear for the deposition to authenticate documents, but that no documents would be produced on the grounds that the notice had not provided for 30 days for its response—rendering such a custodian of records deposition meaningless. *Id.* ¶ 4, Ex. B. Debtor thereafter refused to produce the documents (and thus provide a meaningful deposition) until October 16, 2009, the discovery cutoff date for this proceeding. *Id.* Moreover, Debtor stated that its October 16, 2009 document production would be subject to Debtor's "previously asserted objections." *Id*

Debtor made a number of boilerplate objections to Claimants' 10 requests, but did not object to the requests on the ground that requests for information about class members was overbroad or otherwise improper. *See id.*, Ex. B. Indeed, the parties agreed to the scope of the requests during a September 15, 2009 meet and confer, and this scope including information concerning class members. *See id.,* Ex. C. Debtor nevertheless reneged on this agreement and failed to produce the requested documents along with its October 16, 2009 document production,

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

and now asserts belated objections with respect to information concerning class members. *Id.* ¶¶ 9-10.

Debtor's objections are unfounded. More than 30 days have passed since Claimants served their notice of deposition with requests for the production of documents and Debtor had a duty at the end of the 30 day period to produce all requested documents but has not done so. *See, e.g., Schultz v. Olympic Medical Center* Case No. C07-5377, 2008 WL 3977523 at *2 (W.D. Wash. Aug. 22, 2008) (where plaintiff served a deposition notice which demanded production of documents within less than thirty days, defendant nevertheless had a duty to produce documents within 30 days). Moreover, Debtor's boilerplate objections that the requests are overbroad, seek private or confidential information, and seek attorney-client privileged information, and its belated objection that information relating to class members is irrelevant, are unfounded for the reasons explained below.

## II.    ARGUMENT

### A.    LEGAL STANDARD ON MOTION TO COMPEL DISCOVERY

Pursuant to FRCP 26(b), the scope of discovery is broad:

> . . . Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.

The Court's power to order discovery for good cause is similarly broad:

> For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C). *Id.*

In evaluating a motion to compel discovery, courts look at the following factors: the materiality of the discovery sought (including utility and good cause), the timeliness of the motion, and the burden on the responding party. *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 992-93 (7th Cir. 2002). The discovery is "material" when it will aid in "the exploration of material issues (*Israel Travel Advisory Service, Inc. v. Israel Identity Tours, Inc.*, 61 F.3d 1250,

1254 (7th Cir. 1995)), while the undue burden test weighs the benefit of discovery against the burden on responding party. *CSC Holdings, supra,* at 993. The timeliness of a motion to compel discovery is left to the broad discretion of the court to control discovery and is examined on a case-by case basis. *In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. 331, 333 (N.D.Ill. 2005); *Blanchard v. EdgeMark Financial Corp.,* 192 F.R.D. 233, 235 (N.D.Ill.2000) (30 days after discovery cut-off not too late). Finally, the moving party must show "actual and substantial prejudice from the denial of discovery." *Packman v. Chicago Tribune, Co.,* 267 F.3d 628, 647 (7th Cir. 2001).

Here, the discovery sought by Claimants is highly material to their claims (discussed in more detail below) and, thus, there is good cause for ordering the discovery. Further, Debtor cannot show that the burden of responding outweighs the benefit that the discovery would bring to the case. Indeed, Debtor objects that Claimants must certify a class in order to estimate their claims on a class-wide basis. It follows that the benefit of the information sought – it is critical to certification and prove-up – cannot be outweighed by the burden to Debtor. Rather, a failure to provide this information would prejudice Claimants severely. As in all wage and hour cases, particularly class action cases, the employer controls the probative evidence in the case. Claimants would be on a sever disadvantage because Debtor would be able to use all the time, payroll, policy and employee evidence that it is denying to Claimants to defeat certification and oppose the prove-up. Finally, although the Debtor's actions in refusing to cooperate discovery have caused delay, this motion is timely as discovery is still ongoing (*see* stipulated deposition schedule, Docket #480) and both Debtor and Claimants have discovery motions set for November 17, 2009. In sum, the evidence sought is key to satisfying class certification and estimating the class claims.

### B.    MATERIALITY AND GOOD CAUSE RE: NGUYEN'S DISCOVERY

Nguyen's class claim alleges that Debtor's unlawful labor policies resulted in the following underlying wage-and-hour violations: (1) failure to pay minimum and overtime wages (unpaid time) and (2) failure to pay premium rest and meal period wages when rest and meal

periods were improperly denied. *See* Nguyen Claim [First Amended Complaint ("FAC"), First through Third Causes of Action], Attachment to Claim No. 54. The remaining causes of action are derivative claims that stem from the unpaid time and rest and meal period claims, including penalties for failing to pay all wages owed upon termination of the employment relationship, inaccurate wage statements due to understated hours worked and wages earned, penalties pursuant to the Private Attorney's General Act for violations of the Labor Code (Cal. Labor Code §§ 2698 *et seq.*), and restitutionary, injunctive and declaratory relief pursuant to the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*) also for violations of the Labor Code. *Id. generally.*

Nguyen's discovery seeks three types of evidence to meet class certification requirements and prove-up the claim for estimation purposes. First, Nguyen has requested the time and payroll records that are core to any wage and hour dispute, including this one. *See* Exs. 1 & 8 to Palau Decl. [Document Demand and PMK Notice, respectively]. Second, Nguyen has requested evidence of wage and hour policies to demonstrate that the violations stem from common policies or practices affecting the class as a whole. *Id.* And third, Nguyen has sought contact information of putative class members to investigate the class-wide claims and obtain declarations for class certification. *Id.* Each of these categories of evidence are crucial for Nguyen's claim.

In particular, the timekeeping information is necessary to determine the hours worked and rest and meal periods taken (or missed), while the payroll information is necessary to determine whether employees were actually paid for all hours worked and rest and meal periods missed. In other words, the timekeeping information shows the amount that workers *should have been paid*, whereas the payroll shows the amount that workers *were actually paid*. In addition, the time and payroll databases, combined with policy information and putative class member testimony, provide the evidence necessary to establish the FRCP 23 requirements for class certification. For example:

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

FRCP 23(a)(1) – Numerosity: comparison of the time (what should have been paid) and payroll (what was actually paid) data shows instances of violations for purposes of showing that "the class is so numerous that joinder of all members is impracticable." Investigation with putative class members also assists in showing numerosity.

FRCP 23(a)(2) – Commonality: the time and payroll data is necessary to show the common legal and factual issues in the case, such as whether the incidence of zero premium pay for missed rest and meal periods is evidence of a practice that is a question of fact that is common to the class, or providing rest and meal periods after the time limit set by statute raises questions of fact and law that are common to the class, or whether requiring employees to perform unpaid pre and post-shift work raises questions of law and fact common to the class. Evidence of Debtor's wage and hour policy, to the extent that violations stem from it, would constitute a question of fact that is common to the class. These factual and legal questions are confirmed or dispelled through putative class member interviews.

FRCP 23(a)(3) – Typicality: the time and payroll data is useful also to demonstrate that Nguyen's claims (e.g., missed and untimely rest and meal breaks; unpaid post-shift work) are typical of those of the class, because these databases will show whether employees miss breaks or take untimely breaks (time data) but are not paid premium wages (payroll data), or whether they, too, are required to perform unpaid pre/post-sift work. Evidence of payroll policies and employee interviews can also show whether the claims are typical.

FRCP 23(a)(4) – Adequacy: the evidence sought (e.g., interviews with workers, time and payroll analysis) can also show whether Claimant's interests are aligned with those of the class or antagonistic to them.

FRCP 23(b)(3) – Common Issues Predominate and Class Treatment is Superior: as demonstrated above, the time, payroll, policy and interview information will allow Nguyen to demonstrate, and for the Court to evaluate, whether common issues predominate over individualized inquiries, and whether class treatment is superior to other means of adjudication, such as hundreds or thousands of individual claims by putative class members in courts

throughout California. Indeed, the Northern District Court of California has recently held that common issues predominated where:

> All employees worked . . . under standardized employment policies that were the basis of their wage calculations. Plaintiffs have identified the relevant policies and the law with which they argue the policies are inconsistent, and as such offer a common question of law and fact that predominates over individual inquiries. *Bibo v. Federal Express, Inc.*, 2009 WL 1068880 (N.D. Cal. 2009).

As demonstrated here, the evidence sought is not only highly relevant and highly material to both class certification and the prove-up, it is indispensable to it. As such, the Court should order discovery.

### C. MATERIALITY AND GOOD CAUSE RE: HOUSER'S & ERDOS' DISCOVERY

The documents Claimants seek are key to an adequate estimation of their claims. Evidence of the actual hours that putative class members worked will assist the Court in determining the total amount of overtime wages to which Claimants and putative class members are entitled. Additionally, studies regarding the job tasks actually performed by putative class members, as well as complaints by class members regarding non-payment of overtime wages, are relevant to the question of whether Debtor properly classified them as exempt from overtime wages. *See, e.g., Sav-on Drug Stores, Inc. v. Super. Ct.*, 34 Cal. 4th 319, 329 (a defendant's reliance solely on job descriptions to classify employees as exempt may provide evidence of "widespread de facto misclassification"); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1270 (evidence that defendant "never studied what store managers actually did on a day-to-day or the amount of time store managers spent on managerial duties" supported finding of misclassification). Under California's Labor Code, the employer who claims that employees are exempt from overtime requirements has the burden of proof on that issue. *Nordquist v. McGraw-Hill Broadcasting Co.*, 32 Cal.App.4th 555, 562 (1995). As such, any documents that Debtor has regarding its decision to classify all putative class members as exempt—including whether it made such a determination with or without studying what job tasks putative class members actually engaged in on a daily basis, and whether it had the benefit of reviewing any

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

employee complaints about their exempt status—are relevant to a determination of whether it can meet its burden of proof as to its determination that the positions were exempt. Likewise, if it has no such documents, then it must so indicate under oath, so that its failure to comply with these requirements can be presented with Claimants' estimation evidence. Further, the documents are relevant to determining whether a class may be certified, as explained more fully in Section E below.

These matters occurred several years ago and are not fresh in the minds of the Claimants. The information is thus material to Claimants' claims and good cause supports the production of such documents.

## D.   FAILURE TO RESPOND

A party may move to compel discovery if the opposing party fails to respond that inspection will be permitted or fails to permit inspection as requested. FRCP 37(a)(3)(iv). Further, where a responding party fails to serve answers, objections or written responses, the court can order sanctions. FRCP 37(d)(1)(A)(ii). Moreover, "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." FRCP 37(d)(2), entitled "Unacceptable Excuse for Failing to Act." In fact, a party that fails to respond waives any objection. *Richmark Corp. v. Timber Falling Consultants*, 959 F2d 1468, 1473 (9th Cir. 1992) ("Failure to object to discovery requests within the time required constitutes a waiver of any objection."). Here, the Court should order discovery and the sanctions requested below, because Debtor, having received the discovery, failed to respond, waiving any objection.

The Document Demand was properly served on Debtor's counsel, Levene, Neale, Bender, Rankin & Brill L.L.P ("Levene et al."). Exs. 1-3 to Palau Declaration. The method of service was USPS Express Mail, and was sent on August 13, 2009. *Id.* To date, Debtor has not responded to the discovery. Palau Decl. ¶ 2. Debtor has not contested receipt of the discovery, but rather objects that Steptoe & Johnson was not served and that the proof of service defeats the discovery because it states that delivery was made by "Overnight Delivery Service," instead of

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

the more specific USPS Express Mail. *See* Ex. 7 [Meet & Confer E-mail Correspondence], Palau Decl. ¶¶ 9-10.

### 1. <u>Service on Bender but not Steptoe is adequate</u>

Without furnishing any authority whatsoever, Debtor insists that for service to have been proper, Nguyen had to serve Steptoe. Apparently, under Steptoe's rationale, since Levene et al. did not have to be served, where a party in an action is represented by several firms, the opposing party has to be vigilant in figuring out which attorneys have to be served for certain purposes but not others. However, it is clear that "Rule 5 requires service on all parties, not on all attorneys" (citation omitted). *Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995).

### 2. <u>Service by USPS Express Mail is proper</u>

Further, Nguyen has submitted evidence showing that service was made by USPS Express Mail. *See* Exs. 2-3 to Palau Decl. This satisfies FRCP 5's requirement that service be made by personal delivery or "mail." Indeed, as *Magnuson v. Yesteryear*, *supra*, demonstrates, only delivery by private courier such as FedEx has been found to *not* constitute "mail." *Magnuson*, 85 F.3d 1424, (9th Cir. 1996) ("we hold that Federal Express does not satisfy the requirements of Rule 5(b)"). Here, there can be no doubt that USPS Express Mail counts as "mail" within the meaning of FRCP 5.

### 3. <u>Since service was made and Levene et al. and Levene cannot claim lack of receipt, objections to the proof of service have been waived</u>

Debtor should be estopped from objecting to the proof of service because there can be no dispute that it was properly served on Debtor's counsel Ron Bender, but Debtor refused to respond. In other words, having been properly served, Debtor missed its chance to object to the proof of service by failing to timely respond. Notably, Debtor does not claim that his attorney Ron Bender never received the discovery. And, indeed, Nguyen has submitted clear evidence that the discovery was sent by USPS Express Mail and that the Express Mail envelope containing the discovery was delivered on August 14, 2009. Exs. 2 & 3, Palau Decl. As such, the objection to the proof of service should be dismissed outright.

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

#### 4. **The proof of service is adequate**

Even if the Court were to examine the proof of service, it will find that it is adequate. Indeed, Debtor's argument hinges on whether it was sufficient for Nguyen's proof of service to merely state "Overnight Delivery" or whether it had to be more specific and state that overnight delivery was made by USPS Express "Mail." According to its theory, service that is completely and entirely proper can be defeated by minor ambiguities or mistakes. This position is not supported by law. Indeed, *Hernandez v. Gates, supra*, demonstrates that the critical question is whether *service* is proper, not whether the *proof of service* is. In fact, as that case demonstrates, the federal rules do not even prescribe the contents of a proof of service. *Hernandez*, 2004 WL 291225 (C.D.Cal., 2004) ("nothing in [FRCP] Rule 5 dictates the contents of the proof of service, and case law establishes that compliance is satisfied by mailing, which can be proven by evidence outside the proof of service" on a case-by-case basis). Moreover, proof of mailing can be establish by evidence outside the proof of service. Here the ample evidence described above demonstrates mailing by USPS Express Mail.

### E. FAILURE TO MAKE DESIGNATION & PROVIDING EVASIVE OR INCOMPLETE RESPONSES

#### 1. Class Certification Objection

After agreeing to an estimation process wherein Claimants' entire claims—which include claims asserted on behalf of putative classes—would be estimated, Debtor now asserts that information regarding putative class members is not discoverable. Its purported basis is that the information sought, other than for Claimants, is immaterial, overbroad and burdensome because the class has not been certified and Claimants have not moved for certification. Ex. 8, Palau Decl.; Ex. B, Green Decl. Debtor makes its assertion even with the knowledge that Claimants intend to move for class certification.

The information Claimants seek, such as time keeping records, work schedules, and payroll records relating to putative class members, as well as Debtor's policies regarding classification of exempt employees, payment of overtime wages, and policies regarding meal and

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

rest breaks, are not only necessary to adequately estimate the value of Claimants' and putative

class members' claims, but are directly relevant to the determination of whether a class

certification is proper. To certify a class pursuant to Federal Rule of Civil Procedure 23, made

applicable here by Federal Rule of Bankruptcy Procedure 7023, the Court must find the

following: (1) the class must be so numerous that joinder of all members is impracticable; (2)

there are questions of law or fact common to the class which predominate over individual issues;

(3) Claimants' claims are typical of those of the class they represent; (4) Claimants will fairly

and adequately protect the interests of the class. Fed. R. Civ. Proc. 23. The elements to certify a

class in California state courts are nearly identical. *See Bell v. Farmers Ins. Exchange*, 115

Cal.App.4th 715, 740. State courts and federal courts consistently hold that information on the

hours putative class members worked, such as information showing that they frequently worked

hours in excess of eight hours per day or 40 hours per week and were not paid overtime wages, is

relevant to a determination of predominance of factual or legal issues and whether the claims of

class representatives are typical of those of putative class members. *See, e.g., In re Wells Fargo

Home Mortg. Overtime Pay Litig.*, 527 F.Supp.2d 1053, 1066 (N.D. Cal. 2007) (uniform policies

regarding overtime compensation and job descriptions relevant to predominance question); *Sav-

On Drug Stores, Inc. v. Super. Ct.*, 34 Cal. 4th 319, 327-28 (evidence that defendant required

class members to work more than 40 hours a week and did not pay overtime to any class member

relevant to class certification determination). Such information will also reveal the identities of

putative class members, who are witnesses and who may be able to provide more information

supporting Claimants' motions for class certification. *See, e.g., Lee v. Dynamex, Inc.*, 166

Cal.App.4th 1325, 1338 (2008) (remanding denial of class certification to trial court with

directions to grant plaintiff's motion to compel disclosure of names and contact information of

potential class members, so that plaintiff could "develop evidence capable of supporting his

motion for class certification").

 Debtor argues that Claimants cannot now move for class certification and that any such

motion would be untimely. Claimants, however, consistently asserted that their claims, and the

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

issue of class certification, should be resolved in the state courts where their claims were already pending. Indeed, Claimants Houser and Erdos had already briefed the issue of class certification in state court and the court was ready to rule on the issue. Pursuant to this belief, Claimants twice moved this Court to lift the automatic stay of their state court actions. Claimants Houser and Erdos first moved to lift the stay on June 3, 2008, and Claimant Nguyen first moved to lift the stay on January 11, 2008. Debtor opposed both motions, arguing that lifting the stay would be premature and would waste time and resources, as Debtor had not commenced the claims objection process. With respect to Claimants Houser and Erdos, this Court issued a tentative ruling ordering a partial lift of the stay allowing the state court to approve Claimants' settlement with non-debtor defendant Administaff, but denying the lift of the stay without prejudice for any other reason, agreeing with Debtor that lifting the stay would be premature and that the balance of factors weighed against fully lifting the stay at that time. An order was entered on July 9, 2008 and an amended order was entered on August 15, 2008. Claimant Nguyen withdrew his motion on February 19, 2008 so that Debtor and other the other defendants would have time to come to grips with its reorganization and faltering business.

On December 2, 2008, Debtor served its objection to Claimants Houser's and Erdos's claim and on January 27, 2009, Debtor served its objection to Claimant Nguyen's claim. Concurrently with Houser's and Erdos's Response to Debtor's Objection, all three Claimants jointly filed a second motion for relief from the automatic stay. On March 4, 2009, the Court entered an order overruling Debtor's objection to Claimants Houser's and Erdos's claim. Thereafter, Debtor withdrew its objection to Claimant Nguyen's claim. On May 19, 2009, the Court entered an order granting Claimants' motion for relief from the stay as to the non-Debtor defendants in the state court actions, but denied the motion as to Debtor. Immediately following this, on June 8, 2009, Debtor moved to establish procedures to estimate Claimants' claims. Claimants jointly opposed this motion, and the hearing on Debtor's motion was continued at Debtor's request. Thus, the Court did not hear the motion until August 11, 2009, and entered an order on September 3, 2009.

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

Claimants requested that Debtor provide the discovery at issue in this motion through initial disclosures on August 14, 2009—immediately following the estimation hearing where it was finally determined that Claimants' claims would be liquidated in this bankruptcy forum and not the state courts. The same information was also requested in the state court actions prior to this time, but both Debtor and the non-Debtor defendants refused to provide the requested information. When Debtor refused to make initial disclosures, Claimants began serving requests for documents and other discovery throughout August and September. Debtor, however, continues to refuse to provide the requested information, necessitating this motion. As explained above, the information Claimants seek is relevant to whether their claims should be prosecuted on behalf of a class. Accordingly, any delay in bringing a motion for class certification is due solely to Debtor's delay in providing the information needed to support such a motion.

At the estimation hearing, class-wide estimation was expressly discussed and Claimants understood the Court to intend to estimate the claims on a class-basis. Debtor must not be allowed to benefit from its own delay and failure to comply with its discovery obligations and agreements, as well as its failure to object to estimation of Claimants' claims on a class-wide basis at the estimation hearing, by arguing that it is now too late for Claimants to move for class certification

## 2. Privacy Objection

Debtor objects that the discovery sought is protected by a variety of privacy rights, including absent employee's privacy rights and business confidentiality and privacy. Ex. 8 to Palau Decl.; Ex. B to Green Decl. These objections are meritless. Notwithstanding this fact, Claimants are willing to enter into a Court-approved protective order.

Claimants do not seek proprietary information or trade secrets, but rather employee wage and hour information. The business confidentiality assertion is frivolous and need not be addressed further.

Claimants are entitled to the documents without any information redacted. In *Lee v. Dynamex*, 166 Cal.App.4th 1325 (2008) (holding that the trial court abused its discretion in

denying a motion to compel disclosure of identities of potential class members). In recent wage and hour cases, Courts have weighed the privacy rights of putative class members and found that the interest in a just result in the litigation outweighs privacy rights. For example, the U.S. District Court for the Central District of California held that, time and payroll information of putative class members is relevant to class certification and discoverable notwithstanding their privacy rights. *See Hill v. Eddie Bauer*, 242 F.R.D. 556, 562-63 (C.D.Cal. 2007). In *Eddie Bauer*, the plaintiffs brought a wage and hour class action seeking wages and penalties under the California Labor Code and Business & Professions Code. In order to pursue their claims and to certify a class, plaintiffs requested a category of documents described as "documents pertaining to putative class members' hours, wages, business-related expenses, repayment of wages to employer, termination wages, meal breaks and rest breaks."

The *Eddie Bauer* court noted that privacy is "subject to balancing the needs of the litigation with the sensitivity of the information/records sought." *Eddie Bauer, supra*, at 563 (citations ommitted). Concluding that the documents requested were relevant and necessary for class certification and to prove the case, the court ordered production subject to a limited protective order by which "any document with an employees' private information [home address, telephone and social security number] … *if filed with the Clerk*, shall have that information redacted." *Id.* (emphasis added).

Similarly, appellate courts in California have made it clear that the balance of interests favors disclosure of putative class member contact information in wage and hour class actions. *See Crab Addison v. Sup. Ct.*, 169 Cal.App.4th 958, 969-970 (2008) (". . . since our decision in *Puerto*, we have upheld the right of an employee to obtain contact information in order to identify potential class members. In *Lee v. Dynamex, Inc.* (2008) 166 Cal.App.4th 1325, 83 Cal.Rptr.3d 241, plaintiff sought to bring a class action lawsuit alleging improper reclassification of class members from employees to independent contractors. The trial court denied plaintiff's motion to compel discovery of the contact information of potential class members. (*Id.* at pp. 1330-1331, 83 Cal.Rptr.3d 241.) We held this to be an abuse of discretion relying on Puerto and

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

other recent cases holding that this type of discovery should not be restricted unless the trial court is able to identify privacy concerns or potential discovery abuses which outweigh the plaintiff's right to discovery. (*Id.* at p. 1338, 83 Cal.Rptr.3d 241.)") Indeed, courts have ordered discovery of putative class members even where putative class members have objected. In *Alch v. Sup. Ct.*, 165 Cal.App.4th 1412, 1427 (2008), *rev. denied* October 28, 2008, the appellate court held that where the information sought was "'directly relevant' to [plaintiffs'] claims and 'essential to the fair resolution' of their lawsuit," an order compelling discovery was appropriate despite objections from persons whose information was the subject of disclosure. There is a strong interest in obtaining just results that outweighs the privacy rights of putative class members. As such, Debtor's objection cannot defeat disclosure.

### 3. Debtor's Remaining Boilerplate Objections

Debtor also asserts that the time, scheduling, payroll and policy information is protected by the attorney-client privilege and work-product doctrine. Ex. 8, Palau Decl.; Ex. B, Green Decl. This is a frivolous objection that is obvious on its face. Moreover, Debtor has failed to comply with FRCP 26(b)(5)(A)(ii) by failing to describe the nature of documents/information that Debtor is withholding on privilege grounds, in order for Claimants to make an assessment. *See Burlington N. & Santa Fe R.R. Co. v. Dist. Ct.*, 408 F.3d 1142, 1148-49 (9th Cir. 2005) (failure to provide privilege log risks waiving privilege altogether). Debtor likely did not provide this description because it is obvious that the information sought is not privileged. Further, Debtor's generic objections that the requests are "overbroad" or "vague" are not sufficiently specific and are therefore unenforceable. *See Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."). Finally, Debtor's objection that Claimants Houser's and Erdos's did not provide Debtor with 30 days' notice to produce documents does not absolve it of its obligation to produce documents within 30 days. *See, e.g., Schultz v. Olympic Medical Center* Case No. C07-5377, 2008 WL 3977523 at *2 (W.D. Wash.

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

Aug. 22, 2008) (where plaintiff served a deposition notice which demanded production of documents within less than thirty days, defendant nevertheless had a duty to produce documents within 30 days).

### F.    EXPENSES, ATTORNEY'S FEES & SANCTIONS

FRCP 37(a)(5)(A) provides that:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Should the Court grant Claimants' motion, Claimants request that Debtor and its counsel pay the expenses an attorney's fees incurred in making this motion, which total $ 19,122.50. Palau Decl. ¶ 16; Green Decl. ¶ 11.

In addition, pursuant to FRCP 37(d)(3), the sanctions that the Court may impose include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). In particular, the Court has the power to stay further proceedings until any order compelling discovery is obeyed. FRCP(b)(2)(A)(iv). And pursuant to FRCP 26(c)(1)(B), the Court may make an order specifying the terms, including time and place, for the disclosure or discovery.

Claimants request that the Court stay the estimation proceedings and/or extend the deadlines to allow for appropriate discovery and class certification.

### III.    CONCLUSION

For the reasons stated above, Claimants request that the Court compel discovery and stay the proceedings until adequate discovery has been exchanged and/or extend the estimation deadlines. Claimants also request the payment of expenses and attorney's fees.

Dated: October 27, 2009                    MALLISON & MARTINEZ

                                           By: _____
                                                Stan Mallison, Counsel for Claimant Duc
                                                Nguyen

---

24

Dated: October 27, 2009                  GREEN WELLING, P.C.

By: *Nicole Reynolds / by permission* ____

                           Nicole Reynolds, Counsel for Claimants
                           Houser and Erdos

## MEET & CONFER CERTIFICATE (FRCP 37)

### A. NGUYEN'S DISCOVERY

#### 1. DOCUMENT DEMAND

Between September 22, 2009 and September 25, 2009, after the 33 days to respond had passed, counsel for Nguyen made several attempts to meet and confer with Debtor's counsel regarding Nguyen's Demand for Inspection and Production of Documents to GCFF ("Document Demand"). Palau Decl. ¶¶ 6-7; Ex. 4. Most of these communications were ignored. *Id.* However, counsel for Nguyen, Marco A. Palau, on one occasion was able to reach Mr. Bender, who stated that he was not handling discovery issues and that Nguyen's counsel should contact Katessa Davis of Steptoe & Johnson. *Id.* Since then, Mr. Bender has refused to meet and confer. *Id.*

After these initial attempts to confer, on September 29, 2009 Ngyuen's counsel served a letter on Steptoe & Johnson and Levene et al. by mail and e-mail, seeking to arrange a telephonic conference to discuss the Document Demand and Debtor's failure to respond. Meet & Confer Letter attached to Palau Decl. as Ex. 5. The letter set forth the basis for requesting production – i.e., that Nguyen had properly served discovery on Debtor and Debtor had failed to respond and, consequently, had waived any objection. *Id.* Based on this, the letter specified that Nguyen was entitled to an order compelling production. *Id.*

Shortly after the meet-and-confer letter was transmitted by e-mail, Mr. Bender replied by e-mail that he was not participating in the conference. Palau Decl. ¶ 9; Ex. 6. And Jeffrey M. Goldman of Steptoe replied by asking for "authority" supporting Nguyen's position that service of Mr. Bender but not Steptoe was proper. Ex. 7, Palau Decl. Counsel for Nguyen immediately responded by noting that the Court Docket showed Ron Bender as counsel of record for Debtor

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

1    and that Steptoe was only added on September 25, 2009, well after the Document Demand was

2    served. *Id.*

3        In response, on September 30, 2009, Mr. Goldman stated by e-mail that Steptoe had been

4    "appointed by the Bankruptcy Court as special counsel to GCFF" and that Nguyen "refused to

5    abide by" the "Court Order" by not serving the Document Demand on Steptoe. Ex. 7, Palau

6    Decl. Mr. Goldman also stated that, based on Nguyen's theory, Steptoe should not have been

7    served with anything prior to September 25, 2009, and again insisted on authority supporting

8    Nguyen's position. *Id.*

9        After review of the "Court Order" (Docket # 203) and Debtor's Motion requesting

10   authorization to employ Steptoe for certain matters (Docket # 185), on October 1, 2009,

11   Nguyen's counsel replied by e-mail that neither the Order nor the Motion dealt with service

12   issues on Steptoe. Ex. 7, Palau Decl. Counsel also quoted the relevant language in FRCP 34

13   regarding service of discovery on a party and the time to respond. *Id.*

14       That same day, Mr. Goldman replied by e-mail arguing that Nguyen had violated FRBP

15   7005, suggesting that the discovery had been served by private courier, such as FedEx. Ex. 7,

16   Palau Decl. In support of that position, Mr. Goldman cited *Magnuson v. Yesteryear, supra. Id.*

17   Mr. Goldman also requested additional authority and counsel's availability the following

18   Monday, October 5, 2009. *Id.*

19       Counsel for Nguyen responded by e-mail on October 2, 2009 with his availability on

20   October 5, 2009 and noting that *Magnuson* was not controlling because it held that service by

21   private courier such as FedEx did not satisfy FRCP 5's requirement of service by mail, and

22   Nguyen served his discovery by USPS Express Mail. Ex. 7, Palau Decl. Nguyen's counsel also

23   referred Debtor's counsel to Local Bankruptcy Rule ("LBR") 9013(e), which considers service

24   by messenger and overnight courier's as "mail equivalents." *Id.* Finally, Nguyen's counsel

25   offered to accept limited production of the time and payroll database (Requests No. 38, *see* Ex. 1

26   to Palau Decl.) and forgo production of the remaining documents sought if the database(s)

27   contained all the information needed. Ex. 7 to Palau Decl.

28

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

Later that same day, on October 2, 2009, Mr. Goldman responded by e-mail agreeing to meet telephonically at 2:00 p.m. on October 5, 2009. Ex. 7, Palau Decl. Mr. Goldman also raised the proof of service issue, asserting that the proof of service stated overnight delivery instead of mail, and requested authority supporting Nguyen's position. *Id.* However, Mr. Goldman's e-mail ignored Nguyen's proposal to produce limited discovery. *Id.*

Then, prior to the conference on October 5, 2009, Nguyen's counsel sent another e-mail referring Debtor's counsel to *Hernandez v. Gates, supra,* which held that compliance with FRCP 5 is subject to proof beyond the proof of service. Ex. 7, Palau Decl. Counsel also attached the results from a search that was conducted on the U.S. Postal Service's website to track the package served on Mr. Bender. *Id.* The result shows that the item was delivered by USPS Express Mail. *Id.*

The telephonic conference on October 5, 2009 centered on the two remaining issues in dispute: (1) service on Levene et al. but not Steptoe, and (2) proof of service describing overnight delivery instead of express mail. Palau Decl. ¶ 10. The parties were unable to resolve the dispute regarding these. *Id.* However, during the conference, Nguyen's counsel agreed to delay this motion upon receipt of Debtor's responses to Nguyen's PMK Notice, which requested the key documents in this case. *Id.* The suggestion by Debtor's counsel was that responsive information would be produced. *Id.* However, upon receipt of Debtor's responses, the contrary was evident, and Nguyen's counsel therefore requested documents responsive to the Document Demand and noted that if by noon on October 12, 2009 Debtor did not confirm intent to produce, Nguyen would move forward with this motion. Palau Decl. ¶ 11. Debtor did not respond. *Id.*

## 2. NOTICE OF DEPOSITION & REQUEST FOR PRODUCTION

Debtor served its responses to Nguyen's PMK Notice on or about October 8, 2009. ( ) Because Debtor objected to discovery regarding anyone other Nguyen, counsel for Nguyen sought to meet and confer to avoid this motion. On October 9, 2009, counsel sent a letter to arrange a conference to discuss the discovery issues. (Id.) On October 13, 2009, counsel for the parties met telephonically and discussed the scope of the estimation process. Debtor's counsel asserted that the Court would not estimate Nguyen's claim on a class basis. Counsel for Nguyen,

Stan S. Mallison, who was present at the hearing to establish the estimation process, stated that class-wide estimation was expressly discussed and the Court intended to estimate the claims on a class-basis. In an effort to resolve the dispute, counsel agreed that the transcript of the hearing would likely illuminate the matter and to discuss with other counsel who were present for their recollection. Counsel for Claimants all recall that the Court would estimate the claims on a class basis, while counsel for Debtor do not recall "the Bankruptcy Court issuing an order regarding class certification or authorizing deviation from relevant law." The parties have reached an impasse on whether the Court will estimate the claims on a class-wide basis.

Dated: October 27, 2009

MALLISON & MARTINEZ

By: _____

Stan Mallison, Counsel for Claimant Nguyen

## B. HOUSER'S & ERDOS' CUSTODIAN OF RECORDS DEPOSITION

Claimants Houser and Erdos requested through informal and formal means that Debtor produce relevant documents relating to Claimants' and putative class members' wage and hour claim such as their work schedules and other payroll or timekeeping documents. Initially, the documents were informally requested through the production of initial disclosures pursuant to FRCP 26, made applicable to adversary proceedings by FRBP 7026. Green Decl. ¶ 2. When Debtor refused to make such disclosures, Claimants requested documents in the form of a FRCP 30(b)(6) deposition notice with attached document requests, served on August 17, 2009. *Id.* ¶ 3, Ex. A [Not. of Dep.]. The deposition notice requested 10 categories of documents on the central issues to this proceeding and set the deposition of the "custodian of records" to authenticate the documents for September 11, 2009. *Id.* On September 8, 2009, Debtor faxed to Claimants its objections and responses indicating that no documents would be produced at the deposition on the grounds that the notice had not provided for 30 days for its response—rendering such a custodian of records deposition meaningless. *Id.* ¶ 4, Ex. B [Debtor's Resp.].

Immediately after receiving Debtor's objections, Claimants informed Debtor that the custodian of records deposition needed to be rescheduled until after Debtor's production of

documents, and requested Debtor to inform Claimants of when such production would occur. *Id.* ¶ 4. Debtor thereafter refused to produce the documents (and thus provide a meaningful deposition) until October 16, 2009, the discovery cutoff date for this proceeding. *Id.* Moreover, Debtor stated that its October 16, 2009 document production would be subject to Debtor's "previously asserted objections." *Id.* Claimants accordingly requested to meet and confer with Debtor regarding its regarding its "previously asserted objections" and the timing of Debtor's document production. The parties met and conferred by telephone on September 15, 2009. *Id.* ¶ 5. During this meet and confer, the parties agreed to the scope of Claimants' requests, effectively addressing Debtor's concerns that the requests were too broad or sought privileged information. *Id.* ¶6, Ex. C. Despite this understanding, Debtor's October 16, 2009 production did not include *a single* document evidencing the hours worked by putative class members, or *any* documents regarding internal or third-party studies on the job tasks performed by putative class members, or *any* complaints by putative class members regarding the payment or nonpayment of overtime compensation. *Id.* ¶ 9.

On the same day Claimants received Debtor's document production, Claimants requested to meet and confer with Debtor regarding its production. *Id.* ¶ 10. Debtor responded that it could not meet and confer until 10 days later—on October 26, 2009. *Id.* During this second meet and confer, Debtor stated its newfound assertion that information as to the claims of putative class members is not discoverable. *Id.*

Dated: October 27, 2009

GREEN WELLING, P.C.

By: *Nicole Reynolds / by permission*

Nicole Reynolds, Counsel for Claimants
Houser and Erdos

CLAIMANTS' JOINT NOTICE & MOTION TO COMPEL DISCOVERY

1  Dated: October 27, 2009

2          WEINBERG, ROGER & ROSENFELD
            A Professional Corporation

3

4          By:    /s/ Christian L. Raisner
                   CHRISTIAN L. RAISNER

5                  Attorneys for Claimant
                   DUC NGUYEN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28