STEPTOE & JOHNSON LLP
Seong H. Kim (SBN 166604)
Email: skim@steptoe.com
Katessa C. Davis (SBN 146922)
Email: kdavis@steptoe.com
Jeffrey M. Goldman (SBN 233840)
Email: jgoldman@steptoe.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Tel.: (310) 734-3200
Fax: (310) 734-3300

Special Counsel for Debtor Great Circle Family Foods, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>GREAT CIRCLE FAMILY FOODS, LLC, et al.<br><br>Debtors<br><br>☒ Affects All Debtors<br>☐ Affects Great Circle Family Foods, LLC only<br>☐ Affects GCFF – Huntington Park, LLC only<br>☐ Affects GCFF – Orange, LLC only<br>☐ Affects GCFF – San Diego, LLC only<br>☐ Affects GCFF – Canoga, LLC only<br>☐ Affects GCFF – Ontario, LLC only | Case No.: 8:07-bk-012600-ES<br><br>CHAPTER 11<br><br>Jointly Administered with Case Nos:<br><br>Case No. 8:07-bk-12603-ES<br>Case No. 8:07-bk-12605-ES<br>Case No. 8:07-bk-12606-ES<br>Case No. 8:07-bk-12602-ES<br>Case No. 8:07-bk-12604-ES<br><br>**GREAT CIRCLE FAMILY FOODS, LLC'S RESPONSE TO STATUS REPORT FILED ON BEHALF OF FORMER CLAIMANTS**<br><br>Date: March 18, 2010<br>Time: 9:30 a.m.<br>Dept: 5A<br>Judge: The Hon. Erithe E. Smith |

GREAT CIRCLE FAMILY FOODS LLC'S RESPONSE TO
STATUS REPORT

Doc. # CC-222901 v.1

1       Pursuant to the Court's Order of February 18, 2010, Debtor Great Circle Family Foods,
2 LLC hereby submits this response to the Status Report filed on behalf of former Claimants David
3 Houser, Richard Erdos and the putative class of Unit and General Manager employees.
4       First, Claim No. 58-1 filed on behalf of Houser, Erdos and the putative class members
5 was withdrawn without court intervention on January 21, 2010. See, Docket No. 528 for Notice
6 of Withdrawal of Claim. Claim No. 58-1, an unsecured priority claim "in excess of $1 million"
7 filed on behalf of "David Houser, individually and on behalf of all others similarly situated and
8 Richard Steven Erdos, individually and on behalf of all others similarly situated [Class Claim]"
9 states in pertinent part at Exhibit A:
10       "*The Claim is a Class Claim* for all amounts due as a result of labor performed by
11       the claimants that was not compensated properly, or at all."
12 Because the Class Claim was withdrawn on January 21, 2010, there is no claim at issue. As
13 such, the withdrawn claim should be treated as a nullity. See, Smith v. Dowden, 47 F.3d 940,
14 943 (8th Cir. 1995) (withdrawal of claim pursuant to Fed. R. Bankr. P. 3006 is comparable to the
15 voluntary dismissal of a claim pursuant to Fed. R. Civ. P. 41(a) and the "jurisdictional effect …
16 deprives the court of any power to adjudicate the withdrawn claim."). Indeed, as conceded by
17 counsel for Houser and Erdos in the March 4, 2010 Status Report, "Plaintiffs' counsel no longer
18 represents any class members, and therefore cannot pursue any claims on behalf of a
19 class….there are no pending proceedings on behalf of Erdos and Houser, individually, nor are
20 there any pending proceedings on behalf of the class that Mr. Houser and Mr. Erdos sought to
21 represent." See, Docket No. 532. Since Claim No. 58-1 has been withdrawn in its entirety under
22 Rule 3006 and there are no pending proceedings on behalf of Erdos, Houser or the putative class,
23 there is no claim for which a Claims Estimation Proceeding is necessary.
24       Second, assuming for the sake of argument that Claim No. 58-1 was not withdrawn in its
25 entirety, and Erdos and Houser merely withdrew from the action as class representatives, then
26 the Proof of Claim should have been amended to name new representatives. In re Grivas, 123
27 BR 876, 878 (Bankr. S.D. Cal. 1991) (post bar-date amendments permitted as long as
28

1  amendment is not a new claim).  Here, the Proof of Claim was not amended to name new
2  representatives.
3        Third, the notice issue asserted by opposing counsel in the March 4, 2010 Status Report
4  is a red herring designed to further detract and delay the Claims Estimation Proceeding in the
5  event such a proceeding proved necessary.  The Court originally set the Claims Estimation
6  Proceeding for January 25, 2010, a date on which opposing counsel was prepared to move
7  forward on behalf of those "unnoticed" putative class members.  Now with settlements
8  consummated between Debtor and the majority of class members, opposing counsel re-asserts
9  this stale argument.  Opposing counsel's objections have been waived by the filed - and now,
10 withdrawn - Proof of Claim.  Further, counsel for the putative class members were served with a
11 Notice of Pendancy of Bankruptcy Proceedings in the state court action styled, <u>Houser,
12 individually and on behalf of all other similarly situated employees, and Richard Steven Erdos,
13 individually and on behalf of other similarly situated employees</u>, Case No. BC 345742 on August
14 28, 2007 by Debtor.  Attorney Christian Raisner, Esq. who filed Proof of Claim on behalf of
15 Houser, Erdos and all putative class members on December 28, 2007 and Attorney Reynolds
16 have been intimately involved in Debtor's Chapter 11 proceedings on behalf of the putative
17 class.  Consequently, the putative class members received all appropriate notices by service on
18 the counsel purporting to represent their rights, and who filed the Proof of Claim, No. 58-1 on
19 their behalf.
20       Fourth, fifty-eight (58) current and former Unit and General Managers of the putative
21 class have executed settlement agreements and general releases with Debtor.  These releases
22 were executed at the time of store closings from 2004 to 2006, and more recently within the last
23 three months.  As a result, the current number of putative class members is 51; not 109.  Since
24 the August 22, 2007 filing of this Chapter 11 action, counsel for the putative class members has
25 repeatedly overstated the class size at 109.  Counsel for the putative class effectuated a state
26 court settlement with third-party Administaff based on this overstatement.
27       Finally, the Debtors filed their amended Plan of Reorganization and Disclosure Statement
28 on November 10, 2008.  According to the Plan, on the Plan effective date, general unsecured

creditors will receive $400,000.00 of cash plus 50% of the equity interests in the Reorganized Debtor. The putative class claim [which Debtor contends has been withdrawn in its entirety] will only receive its pro rata share of the $400,000 of cash and 50% equity interest in the Reorganized Debtor. A total of $13,035,815 of general unsecured claims have been asserted against Debtor. *If* the putative class members obtained an allowed general unsecured claim of $1 million as they are seeking, that would comprise less than 10% of the total pool of allowed general unsecured claims, which would entitle them to receive under the Plan approximately $40,000 of cash and 5% of the stock in the Reorganized Debtor.

Based on the foregoing, there is no claim to estimate, as it has been unilaterally and unconditionally withdrawn. Even assuming that there was a claim to estimate, most of the putative class members have settled their disputes and all received appropriate notice of the claims bar date and Confirmation Hearing for the Second Amended Plan of Reorganization, which was served on counsel for the class.

Dated: March 11, 2010

STEPTOE & JOHNSON LLP
SEONG H. KIM
KATESSA C. DAVIS
JEFFREY M. GOLDMAN

By: /s/ Jeffrey M. Goldman
JEFFREY M. GOLDMAN
Special Counsel for Debtor Great Circle Family Foods, LLC

| In re: Great Circle Family Foods, LLC, et al. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 07-bk-12600-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2121 Avenue of the Stars, 28th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described:

**GREAT CIRCLE FAMILY FOODS, LLC'S RESPONSE TO STATUS REPORT FILED ON BEHALF OF FORMER CLAIMANTS**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 11, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
Office of the United States Trustee

United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Creditor Committee esmiley@wgllp.com; hmeltzer@wgllp.com
Attorney for Debtor rb@lnbrb.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On March 11, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, Express Mail, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that overnight mailing to the judge will be completed no later than 24 hours after the document is filed.

Attorneys for David Houser and David Houser and Their Proposed Class
Patricio T.D. Barrera, Esq.
Ashley A. Davenport, Esq.
Barrera & Associates
1500 Rosecrans Avenue, Suite 500
Manhattan Beach, CA 90266
(Via U.S. Mail)

Robert S. Green, Esq.
Nicole D. Reynolds, Esq.
GREEN WELLING P.C.
595 Market Street, Suite 2750
San Francisco, CA 94105
(Via Overnight Mail)

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                             **F 9013-3.1**

| In re: Great Circle Family Foods, LLC, et al. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 07-bk-12600-ES |

Attorneys for Duc Nguyen and his Proposed Class
Stan S. Mallison, Esq.
Hector R. Martinez, Esq.
Marco A. Palau, Esq.
LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue
Lafayette, CA 94549
(Via Overnight Mail)

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 11, 2010 | Shannon Ramme | /s/ Shannon Ramme |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1