STEPTOE & JOHNSON, LLP
SEONG H. KIM (State Bar No. 166604)
e-mail: skim@steptoe.com
KATESSA C. DAVIS (State Bar No. 146922)
e-mail: kdavis@steptoe.com
JEFFREY M. GOLDMAN (State Bar No. 233840)
e-mail: jgoldman@steptoe.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90066
Telephone:     (310) 734-3200
Facsimile:      (310) 734-3300

Special Counsel for Chapter 11 Debtor
GREAT CIRCLE FAMILY FOODS, LLC

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>GREAT CIRCLE FAMILY FOODS, LLC, et al.<br>　　　　Debtors<br><br>☒　Affects All Debtors<br><br>☐　Affects Great Circle Family Foods, LLC only<br><br>☐　Affects GCFF – Huntington Park, LLC<br><br>☐　Affects GCFF – Orange, LLC only<br><br>☐　Affects GCFF – San Diego, LLC only<br><br>☐　Affects GCFF – Canoga, LLC only<br><br>☐　Affects GCFF – Ontario, LLC only | Case No.: 8:07-bk-012600-ES<br><br>CHAPTER 11<br><br>Jointly Administered with Case Nos:<br><br>Case No. 8:07-bk-12603-ES<br>Case No. 8:07-bk-12605-ES<br>Case No. 8:07-bk-12606-ES<br>Case No. 8:07-bk-12602-ES<br>Case No. 8:07-bk-12604-ES<br><br>**DEBTOR'S OPPOSITION TO APPLICATION FOR AN ORDER SETTING HEARING ON SHORTENED NOTICE; DECLARATION OF JEFFREY M. GOLDMAN IN SUPPORT OF DEBTOR'S OPPOSITION**<br><br>[Filed Concurrently with Evidentiary Objections to Declarations of Stan Mallison, Marco Palau and Aaron Woolfson Submitted By Claimant Duc Nguyen in Support of Application For An Order Shortening Time] |

## I. INTRODUCTION

Months ago, Debtor produced all records responsive to discovery requests of Claimaint Nguyen. Further, Debtor has secured from a third party vendor who maintains employment records of Debtor and produced that vendor's employment records as per Claimant's requests for production. After months had passed, at the eleventh hour prior to the final deadline for filing a Motion for Class Certification, counsel for Claimant Nguyen now declares that the production is inadequate. There is no excuse for Claimant's failure to timely file a motion for class certification. The attempt to cast aspersions on Reorganized Debtor Great Circle Foods, LLC ("Reorganized Debtor") is merely an attempt to deflect attention from Claimant's or his counsel's own mistake, inadvertence or error.

The instant application should be denied because it is not supported by the requisite meet and confer, despite Reorganized Debtor's several attempts in writing to secure Claimant's specific complaint relating to the production [see, concurrently filed Declaration of Jeffrey Goldman]; it is not supported by sufficient and admissible evidence justifying the setting of the hearing on shortened notice [see, concurrently filed Evidentiary Objections to Declaration of Aaron Woolfson, Declaration of Stan Mallison and Declaration of Marco Palau]; and it is not in compliance with LBR 9075-1 in that it fails to establish a prima facie basis for granting the underlying motion.

The cost of this proceeding – prior to class certification or a claims estimation proceeding – far exceeds any possible recovery for Claimant and the purported class. Duc Nguyen has lost focus in *this* action, and the penalty is being paid by legitimate creditors, as well as Reorganized Debtor. As a result of Claimant's gamesmanship, legitimate creditors are further delayed in the distribution of $900,000, which could have occurred soon after the previously scheduled November, 2009 claims estimation proceeding hearing. That hearing was postponed. Now, five months later, Claimant has made little progress, and, despite hollow protestations to the contrary, Debtor is no way responsible for the delay.

There is no dispute that the Reorganized Debtor produced all responsive documents within its custody, possession and control, and later secured further responsive data from a third

2

DEBTOR'S OPPOSITION TO APPLICATION FOR AN ORDER SETTING
HEARING ON SHORTENED NOTICE

Doc. # CC-225176 v.3

1 party vendor (with supplemental productions on February 8, 2010, and March 22, 2010) in
2 compliance with the Court's order regarding discovery. [See, attached Declaration of Jeffrey M.
3 Goldman].

4 Not until the eve of the filing of Duc Nguyen's motion for class certification, did Duc
5 Nguyen first raise vague complaints about the production. At no time prior to filing the instant
6 application, did Duc Nguyen ever specify the complaints, problems and issues with the latest
7 production, despite Reorganized Debtor's repeated requests for those complaints, problems and
8 issues. [See attached Declaration of Jeffrey Goldman].

9 Now, after filing the instant application and motion, Duc Nguyen complains that the
10 supplemental production made on March 22 does not contain the meal and rest break data for the
11 non-exempt workers, which complaint is a demonstrably false statement.

12 Clearly, Claimant's objections lack merit. First, the class consists of approximately 3112
13 putative members. The March 22 supplemental production concerned 463 employees, of which
14 it was later determined that 51 were not putative class members. Therefore, at issue is the meal
15 and rest break data for 412 persons, or 13% of the putative class. **There is no dispute that Duc**
16 **Nguyen has full and complete data on 87% of the putative class members, which is more**
17 **than sufficient for a FRBP 7023 analysis regarding numerosity, commonality, typicality,**
18 **and adequacy. Data regarding meal periods and rest breaks for 13% of the putative class**
19 **members is not statistically significant for a motion for class certification. Clearly, the**
20 **feigned claim of inadequate data for the motion for class certification is a pretext for the**
21 **apparent lack of evidence.**

22 Second, Reorganized Debtor has repeatedly made clear, since the beginning of the
23 discovery dispute, that it produced all responsive data and documents in its possession, custody
24 and control, and would contact third party vendor, HULA, for its responsive timekeeping records
25 pertaining to the putative class members. Reorganized Debtor did make such contacts and, based
26 on the representations of third party vendor HULA and, subsequent verification by Reorganized
27 Debtor, all responsive data – including meal periods and rest breaks data in the possession,
28 custody and control of HULA – has been produced. [See, Declaration of Jeffrey Goldman].

3

DEBTOR'S OPPOSITION TO APPLICATION FOR AN ORDER SETTING
HEARING ON SHORTENED NOTICE

Doc. # CC-225176 v.3

Third, and finally, Reorganized Debtor was not required under any state or federal law or regulation to record the rest breaks of any of its non-exempt workers.

## II.   STATEMENT OF FACTS

There is no reasonable basis or explanation for Duc Nguyen's delay in filing his motion for class certification by April 16.

Reorganized Debtor produced all responsive documents within its custody, possession and control and the responsive data secured from third party vendor, HULA (with supplemental productions on February 8, 2010, and March 22, 2010) for the class period at issue.  The March 22 supplemental production concerned 463 employees, of which it was later determined that 51 were not putative class members.  Therefore, in dispute is the meal and rest break data for 412 persons, or 13% of the putative class.  **There is no dispute that Duc Nguyen has full and complete data on 87% of the putative class members, which is more than sufficient for a legal analysis regarding numerosity, commonality, typicality, and adequacy.  The disputed data regarding meal periods and rest breaks of 13% of the putative class members is not statistically significant for a motion for class certification.**

Moreover, the most that Claimant can recover for the class is $90,000, assuming Duc Nguyen prevails at the claims estimation proceeding.  This potential recovery must be divided among 3112 putative class members and their counsel.  It makes no fiscal sense for Duc Nguyen to proceed as he is doing.  Clearly, the Court should stop the hemorrhaging related to this disputed claim and deny the application for shortened notice.

Claimant's demand for sanctions is completely unfair and unreasonable.  Claimant retained an expert, who it is alleged, expended more than 18 hours reviewing the records produced – and, suddenly, within days of the filing deadline, now claims there are problems with the data that took so much time to review.  If true, the question remains, why has Claimant failed to specifiy issues with the data base until the eve of the motion?  If the database was somehow defective, that fact must have been known months ago.  In what way is the database defective? Why hasn't Claimant subpoenaed personnel of HULA in the three years he has been pursuing Debtor, or otherwise utilized standardized discovery channels to remedy the claimed problems

from the source?  Is it not evident from the timing and failure to follow standardized discovery practice that the claim made in the instant motion is pretextual?

### III. LEGAL ARGUMENT

The application must "[b]e supported by the declaration of one or more competent witnesses under penalty of perjury that justifies the setting of a hearing on shortened time and establishes a *prima facie* basis for the granting of the underlying motions."  LBR 9075-1 (b). Here, Claimant's application fails in that regard.  [See, concurrently filed Objections to Declaration of Aaron Woolfson, Declaration of Stan Mallison, and Declaration of Marco Palau].

Further, Claimant's failure to timely file a motion for class certification is not a result of any conduct or communication by Reorganized Debtor.  Reorganized Debtor produced responsive data to Claimant months ago, and repeatedly requested that Claimant specify its complaint regarding the production in writing so that HULA could specifically respond and the parties could engage in a meaningful conference.  Claimant did not.  [See, attached Declaration of Jeffrey Goldman].

Rather, the first time Reorganized Debtor was apprised of Claimant's claims of purported missing meal and rest break data from the March 22 supplemental production was in Claimant's instant application for shortened notice.  There was no meet and confer between the parties prior to the filing of the application, despite Debtor's repeated requests.  [See, Declaration of Jeffrey Goldman].  Claimant clearly used this opportunity as a justification for its failures to timely file a motion for class certification.

In addition, there is no good cause for setting the hearing on shortened notice because the missing data of which Claimant complains is not significantly significant to a motion for class certification.  [See, Declaration of Jeffrey Goldman].  At issue is the meal and rest break data for 412 persons, or 13% of the putative class.  This alleged missing data has no impact on the legal analysis for class certification.  Because Duc Nguyen's moving papers do not comply with Local Bankruptcy Rule 9075-1, the Application should be denied with prejudice.

Finally, the Central District of California Bankruptcy Court, Local Rule 1001-1(e)(1) states:

"(e) Procedure in Absence of Rule.

(1) A matter not specifically covered by these Local Bankruptcy Rules may be determined, if possible, by parallel or analogy to the F.R.Civ.P., the FRBP, or the District Court Rules." The Central District of California Local Rule 23-3 provides:

> "*L.R. 23-3 Certification*. Within 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 15 U.S.C. § 77z-1 *et seq.,* the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." CD LR 23-3.

This was not done – even long after an objection to the class claim was filed. See, *In re Bicoastal Corp.*, 133 B.R. 252, 255-56 (Bankr. M.D. Fla. 1991), where the Bankruptcy Court was also faced with a claimant who had failed to move for class certification within the 90 day period provided by a Middle District of Florida Local Rule (which was substantively identical to Central District of California Local Rule 23-3), and held:

> "In the present instance, the original Claim filed by Claimants was certainly timely filed. It is equally true that until the Debtor interposed an objection to the Claim, it was not a contested matter covered by Bankruptcy Rule 9014. However, as soon as the Objection to Claim was filed on September 21, 1990, the Claimants were under an obligation to promptly seek an order directing the application of Bankruptcy Rule 7023. If one applies the ninety-day rule, of course, this time period would have expired on December 21, 1990."

Clearly, Claimant *was "under an obligation to promptly" file* his certification motion within 90 days of Debtor's objection to his claim. However, he did not.

///

///

///

///

## IV. <u>CONCLUSION</u>

Based on the foregoing points and authorities, as well as the supporting Declaration of Jeffrey Goldman, Reorganized Debtor respectfully requests that the Court deny the Application for Order Setting Hearing on Shortened Notice.

*In the alternative,* should the Court grant Claimant's application to shorten notice, Reorganize Debtor respectfully requests sufficient time to file an opposition to the motion for continuance.

Dated:   April 20, 2010                                              STEPTOE & JOHNSON, LLP


                                                                       By:*/s/ Jeffrey M. Goldman*
                                                                            JEFFREY M. GOLDMAN
                                                                            Special Counsel for Chapter 11 Debtor
                                                                            GREAT CIRCLE FAMILY FOODS, LLC