1  RON BENDER (SBN 143364)
   KRIKOR J. MESHEFEJIAN (SBN 255030)
2  LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
   10250 Constellation Blvd., Suite 1700
3  Los Angeles, California 90067
   Telephone: (310) 229-1234
4  Facsimile:  (310) 229-1244
5  Email:    rb@lnbrb.com; kjm@lnbrb.com

6  Attorneys for Reorganized Debtor

7              UNITED STATES BANKRUPTCY COURT
                CENTRAL DISTRICT OF CALIFORNIA
8                    (SANTA ANA DIVISION)

9

   In re:                        )   Case No. 8:07-bk-12600-ES
10                               )
                                 )
11 GREAT CIRCLE FAMILY FOODS,    )   CHAPTER 11
   LLC, et al.,                  )
12                               )   Jointly Administered with
              Debtors.           )   Case Nos.:
13 _____ )
                                 )   Case No. 8:07-bk-12603-ES
14 ☒ Affects All Debtors         )   Case No. 8:07-bk-12605-ES
                                 )   Case No. 8:07-bk-12606-ES
15 ☐ Affects Great Circle Family Foods, )   Case No. 8:07-bk-12602-ES
16 LLC only                      )   Case No. 8:07-bk-12604-ES
                                 )
17 ☐ Affects GCFF-Huntington Park, LLC )   **REORGANIZED DEBTOR'S SECOND**
   only                          )   **POST-CONFIRMATION STATUS**
18                               )   **REPORT**
19 ☐ Affects GCFF-Orange, LLC only )
                                 )   Date:  May 6, 2010
20 ☐ Affects GCFF-San Diego, LLC only )   Time:  10:30 a.m.
                                 )   Place: Courtroom 5A
21 ☐ Affects GCFF-Canoga, LLC only )          411 West Fourth St.
                                 )          Santa Ana, CA
22 ☐ Affects GCFF-Ontario, LLC only )
23                               )
                                 )
24                               )
                                 )
25                               )
                                 )
26                               )
27

28

1    Great Circle Family Foods, LLC, the Reorganized Debtor herein (the "Reorganized
2    Debtor")[1], hereby submits its Second Post-Confirmation Status Report.  The Reorganized
3    Debtor hereby incorporates by reference its First Post-Confirmation Status Report.  The First
4    Post-Confirmation Status Report is attached hereto as Exhibit "1".

5    **A.    Outstanding Issues Related To Substantial Consummation Of Confirmed Plan.**

6        1.    Update Regarding Estimation Of Disputed Class Action Claims.

7    Since the First Post-Confirmation Status Conference, the following events have
8    transpired with respect to the estimation of the disputed class action claims (the "Remaining
9    Disputed Class 4 Claims") asserted by Duc Nguyen ("Nguyen") and David Houser & Richard
10   Erdos ("Houser & Erdos").

11        a.    Houser & Erdos deposed Richard Reinis on October 8, 2009, and the
12   Reorganized Debtor deposed Houser & Erdos, and Nguyen, October 19, 21, and 20, 2009,
13   respectively.

14        b.    On December 18, 2009, the Court entered an order requiring the
15   Reorganized Debtor to produce documents (including all time and payroll records) for all
16   potential class members in all class periods, in the possession, custody, or control of the
17   Reorganized Debtor.  At the hearing that led to the entry of that order, the Court also
18   determined that the claims estimation proceeding would not go forward in January, 2010 as
19   originally scheduled.  The claims estimation proceeding was taken off calendar, to be
20   rescheduled at a later date.

21        c.    The Reorganized Debtor produced all responsive documents within its
22   custody, possession and control and secured responsive data from a third party vendor (with
23   supplemental productions on February 8, 2010 and March 22, 2010).

24

25

26   _____
     [1] Prior to the Plan Effective Date (as hereinafter defined), Great Circle Family Foods, LLC; GCFF-
27   Huntington Park, LLC; GCFF-Orange, LLC; GCFF-San Diego, LLC; GCFF-Canoga, LLC; and GCFF-
     Ontario, LLC, were the debtors and debtors in possession in the above-referenced Chapter 11 bankruptcy
28   cases (the "Debtors").  The Debtors were deemed merged on the Plan Effective Date.

1        d.      The Reorganized Debtor settled with the majority of exempt employees –

2 including Houser & Erdos. On or about January 22, 2010, the proof of claim submitted on

3 behalf of Houser & Erdos was withdrawn by class action counsel (Green Welling) for Houser

4 & Erdos (and, ostensibly, their putative class). On or about March 4, 2010, Green Welling filed

5 a document with the Court conceding that Green Welling no longer represented any client to

6 enable a claims estimation proceeding to proceed. Accordingly, at a March 18, 2010 status

7 conference, the Court ordered the estimation proceeding for the Houser & Erdos claim off

8 calendar.

9        e.      At the same March 18, 2010 conference, the Court ordered Nguyen to

10 file a motion for class certification by April 16, 2010. He did not. The Court has not set any

11 new date for a claims estimation proceeding.

12        The Reorganized Debtor believes that a better understanding of the timeline and

13 probable resolution of the Remaining Disputed Class 4 Claims will be known subsequent to the

14 resolution of any class certification motion filed by Nguyen. It has always been the Debtor's

15 position that the Remaining Disputed Class 4 Claims lack merit and should be disallowed in

16 their entirety. By failing to file a motion for class certification, Nguyen has single handedly

17 postponed payment of the $900,000 being held by the Creditors Trust to the holders of class 4

18 allowed claims.

19        The Reorganized Debtor has no ability to distribute the Class 4 Claim Funds to holders

20 of class 4 allowed claims unless and until the Remaining Disputed Class 4 Claims are estimated

21 by this Court for Plan distribution purposes. After the Remaining Disputed Class 4 Claims

22 have been estimated by this Court, the Reorganized Debtor will distribute the Class 4 Claim

23 Funds to the holders of class 4 allowed claims on a pro rata basis in accordance with the terms

24 of the confirmed Plan of Reorganization.

25        2.      Update Regarding Litigation With The Advantage Group (the TAG Proceeding).

26        On January 23, 2009, the Debtor initiated an adversary proceeding against TAG by

27 filing a Complaint for Violation of the Automatic Stay; Avoidance and Recovery of Fraudulent

28 Conveyance; Breach of Contract; Conversion; Fraud; Accounting; and Unjust Enrichment

1  (Adv. Case No. 8:09-adv-01040-ES).   The Reorganized Debtor has come to a settlement
2  agreement with TAG and TAG's lender, which will resolve the Reorganized Debtor's dispute
3  with TAG, and fully address the TAG Proceeding.   Currently, a pre-trial conference with
4  respect to the TAG Proceeding is scheduled for June 3, 2010. The Reorganized Debtor expects
5  that a settlement agreement will be finalized and effectuated prior to that pre-trial conference,
6  and that the pre-trial conference will be taken off calendar.

7  **B.      Entry Of A Final Decree.**

8         Since the Plan Effective Date, the Reorganized Debtor has continued business
9  operations and complied with its obligations under the Plan and the Plan Confirmation Order.
10 The Reorganized Debtor believes that once the Remaining Disputed Class 4 Claims have been
11 estimated by the Court and the TAG Proceeding is resolved, a final decree can be entered
12 closing these cases. The Reorganized Debtor hereby requests that the next status conference be
13 held in approximately six months.

14 Dated: April 15, 2010                    GREAT CIRCLE FAMILY FOODS, LLC, et al.

16                                    By:___*/s/ Ron Bender*_____
                                          RON BENDER
17                                        KRIKOR J. MESHEFEJIAN
                                          LEVENE, NEALE, BENDER,
18                                        RANKIN & BRILL L.L.P.
                                          Attorneys for Reorganized
19                                        Debtor

# EXHIBIT "1"

1  RON BENDER (SBN 143364)
   KRIKOR J. MESHEFEJIAN (SBN 255030)
2  LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
   10250 Constellation Blvd., Suite 1700
3  Los Angeles, California 90067
   Telephone: (310) 229-1234
4  Facsimile:  (310) 229-1244
5  Email:    rb@lnbrb.com; kjm@lnbrb.com

6  Attorneys for Reorganized Debtor

7              UNITED STATES BANKRUPTCY COURT
8               CENTRAL DISTRICT OF CALIFORNIA
                     (SANTA ANA DIVISION)
9

| | |
|---|---|
| In re: | Case No. 8:07-bk-12600-ES |
| GREAT CIRCLE FAMILY FOODS, LLC, et al., | CHAPTER 11 |
| Debtors. | Jointly Administered with Case Nos.: |
| ☒ Affects All Debtors | Case No. 8:07-bk-12603-ES |
| | Case No. 8:07-bk-12605-ES |
| ☐ Affects Great Circle Family Foods, LLC only | Case No. 8:07-bk-12606-ES |
| | Case No. 8:07-bk-12602-ES |
| | Case No. 8:07-bk-12604-ES |
| ☐ Affects GCFF-Huntington Park, LLC only | **REORGANIZED DEBTOR'S FIRST POST-CONFIRMATION STATUS REPORT** |
| ☐ Affects GCFF-Orange, LLC only | Date:  October 22, 2009 |
| | Time:  10:30 a.m. |
| ☐ Affects GCFF-San Diego, LLC only | Place:  Courtroom 5A |
| | 411 West Fourth St. |
| ☐ Affects GCFF-Canoga, LLC only | Santa Ana, CA |
| ☐ Affects GCFF-Ontario, LLC only | |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Great Circle Family Foods, LLC, the Reorganized Debtor herein (the "Reorganized Debtor")[1], hereby submits its First Post-Confirmation Status Report.

**A.    Plan Confirmation.**

At a hearing held on April 30, 2009, this Court confirmed the Debtors' Second Amended Plan of Reorganization, as modified (the "Plan"). On June 25, 2009, the Court entered the Order confirming the Plan (the "Plan Confirmation Order"). Pursuant to the Plan Confirmation Order, the Plan took effect on July 6, 2009 (the "Plan Effective Date").

On the Plan Effective Date, all of the Debtors were merged into and substantively consolidated with Great Circle Family Foods, LLC (which is now the "Reorganized Debtor"). On the Plan Effective Date, all of the existing equity interests in the Debtors were deemed cancelled and extinguished, and equity holders in the Debtors did not receive any distribution or retain any property on account of such equity interests. In exchange for a contribution of $150,000 of new cash (the "New Cash Contribution" - all of which will be paid to the holders of class 4 allowed claims – general unsecured creditors) and various personal guarantees which are required to be provided to the class 1 claim holder (GE) to effectuate the terms of the Plan, Richard Reinis (the "New Investor") received 50% of the equity interests in the Reorganized Debtor. The other 50% of the equity interests in the Reorganized Debtor were issued to the holders of class 4 allowed claims. Holders of class 4 allowed claims also received an additional $250,000 of cash on the Plan Effective Date from the Debtors' funds. All of the Debtors' secured debt (held by class 1 and class 2) was consensually restructured.

**B.    Payments Made Pursuant To The Plan**

[1] Prior to the Plan Effective Date (as hereinafter defined), Great Circle Family Foods, LLC; GCFF-Huntington Park, LLC; GCFF-Orange, LLC; GCFF-San Diego, LLC; GCFF-Canoga, LLC; and GCFF-Ontario, LLC, were the debtors and debtors in possession in the above-referenced Chapter 11 bankruptcy cases (the "Debtors"). The Debtors were deemed merged on the Plan Effective Date.

2

1    Payments to class 1, class 2 and class 3 claim holders (as those terms are defined by the

2   Plan) have commenced under the terms of the Plan.

3       1.    Payment of the class 1 claim.

4       The class 1 claim, held by the Debtors' primary secured creditor, GE Commercial

5
6   Finance Business Property Corporation ("GE"), is being paid pursuant to four promissory notes.

7   Promissory Note 1, in the amount of $1,400,000, will accrue interest at the rate of 11.9845% per

8   annum.  Pursuant to the terms of the Plan, the Reorganized Debtor has made a $250,000 cash

9   payment to GE and is currently making monthly payments to GE.

10      Promissory Note 2, with an initial principal balance of $90,000 will accrue interest at the

11  rate of 13.3861% per annum.  The Reorganized Debtor has commenced the repayment of the

12  $90,000 balance owing under Promissory Note 2 by making monthly payments of $1,364.37 to

13
    GE.
14

15      Promissory Note 3, with an initial principal balance of $790,000, will not accrue any

16  interest.  There are no mandatory monthly payment obligations under Promissory Note 3.  If

17  Promissory Note 3 has not been repaid in full within twenty-four months following the Plan

18  Effective Date, the Reorganized Debtor and GE will use their reasonable best efforts to reach an

19  agreement on the continuing disposition of the Reorganized Debtor's "Crenshaw" store and the

20
    "Long Beach" store, with the Bankruptcy Court to be the forum to resolve any disagreements
21

22  with respect to the foregoing.

23      Promissory Note 4 has an initial principal balance of $280,000 and will not accrue any

24  interest.  There are no mandatory monthly payment obligations under Promissory Note 4.  If at

25  any time GE has received principal payments on account of Promissory Note 3 and Promissory

26  Note 4 in the total aggregate amount of at least $280,000, all of the obligations of the

27

28

3

1   Reorganized Debtor to GE under Promissory Note 4 will be deemed fully satisfied. The

2   Reorganized Debtor has continued to market the equipment from the former "Palmdale" and

3   "Bakersfield" stores for sale. If Promissory Note 4 has not been repaid in full within twenty-

4   four months following the Plan Effective Date, the Reorganized Debtor and GE will use their

5   reasonable best efforts to reach an agreement on the continuing disposition of the collateral

6   which secures Promissory Note 4, with the Bankruptcy Court to be the forum to resolve any

7   disagreements with respect to the foregoing.

8   disagreements with respect to the foregoing.

9       2.      Payment of the class 2 claim.

10      The Debtors' other primary secured creditor (October Acquisitions, LLC – "OA") is

11  referred to as the class 2 claim holder under the Plan. The OA debt (which is in the estimated

12  amount of approximately $5,625,000) is on account of pre-petition funding and financing

13  provided by Bank of America to the Debtors to help fund the Debtors' growth and acquisition

14  of stores, which outstanding debt was ultimately assigned to OA in connection with a pre-

15  petition debt restructuring. On the Petition Date, OA held a first priority perfected lien against

16  the Debtors' accounts receivable, which were in the amount of $210,127.98. Because of a

17  change in the Debtors' business practice, the Debtors no longer have any substantial accounts

18  receivable, which gave rise to an allowed super priority administrative claim in favor of OA

19  pursuant to Section 507(b) of the Bankruptcy Code as a result of the post-petition diminution in

20  the value of OA's collateral. Pursuant to the provisions of the Bankruptcy Code, OA was

21  entitled to be paid in cash on the Plan Effective Date for the full amount of its allowed super

22  priority administrative claim. Under the Plan, OA agreed (i) to permit the Reorganized Debtor

23  to repay the full amount of OA's allowed secured and super priority administrative claim of

24  $210,127.98 over time to assist the Reorganized Debtor with its cash flow, and (ii) to

25

26

27

28

4

1  voluntarily waive the balance of its class 2 claim (of more than $5,400,000) in order to increase

2  the distributions and value to be received by other creditors.

3      Monthly payments to OA commenced on August 31, 2009, pursuant to the terms of the

4  Plan.

5
6      3.     Payment of class 3 claims.

7      Class 3 claim holders are comprised of any non-tax priority claims.  On the Plan

8  Effective Date, the Reorganized Debtor paid the three class 3 claims in full.[2]

9      4.     Payment of priority tax claims.

10     Pursuant to the terms of the Plan, the Reorganized Debtor is required to make payments

11  over time to priority tax claimants.  The Reorganized Debtor has commenced making such

12  payments pursuant to the terms of the Plan and applicable provisions of the United States

13  Bankruptcy Code.
14

15  **C.    Distributions to General Unsecured Creditors (Class 4 Claims).**

16     Under the Plan, Class 4 claim holders (general unsecured creditors) are to receive a cash

17  payment in the amount of $400,000 ($150,000 of which will be funded from the New Cash

18  Contribution described above, with the other $250,000 to be funded from the Debtors' cash on

19  hand) plus 50% of the stock in the Reorganized Debtor, all to be distributed on a pro rata basis

20  based upon the amounts of their class 4 allowed claims.
21

22     On July 31, 2009, the Reorganized Debtor exercised its right under the Plan to purchase

23  all of the 50% of the equity interests in the Reorganized Debtor which were owned by the

24  Liquidating Trust for the benefit of class 4 claim holders for the cash purchase price of

25  $500,000.   The Reorganized Debtor is holding this $500,000 of cash, coupled with the

26

27  [2] The class 3 claims consist(ed) of a $4,431.36 claim held by Brett Garlinghouse, an $11,829.56
28  claim held by United Health Foundation, and a $6,976.36 claim held by Kaiser Health
     Foundation.

1  $400,000 initial cash payment to be distributed to holders of class 4 allowed claims under the

2  Plan (for a total of $900,000), in a segregated, interest bearing account at Bank of America (the

3  "Class 4 Claim Funds").

4      The Debtors have now resolved all disputed claims except for the disputed claims of

5
6  Duc Nguyen, and David Houser & Richard Erdos (the "Remaining Disputed Class 4 Claims").

7  As a result, the Reorganized Debtor has no ability to distribute the Class 4 Claim Funds to

8  holders of class 4 allowed claims unless and until the Remaining Disputed Class 4 Claims are

9  liquidated. Since resolution of the Remaining Disputed Class 4 Claims in the state court would

10  have taken an extended period of time, the Debtors filed a motion with the Bankruptcy Court to

11  estimate Remaining Disputed Class 4 Claims. The Court granted the Debtors' motion over the

12  objection of the holders of the Remaining Disputed Class 4 Claims, and has established a

13
14  litigation schedule to estimate the Remaining Disputed Class 4 Claims. Evidentiary hearings

15  are currently scheduled to commence on January 25, 2009 for the purpose of estimating the

16  Remaining Disputed Class 4 Claims. After the Bankruptcy Court concludes its estimation of

17  the Remaining Disputed Class 4 Claims, the Reorganized Debtor will distribute the Class 4

18  Claim Funds to the holders of class 4 allowed claims on a pro rata basis.

19  **D.    Pending Litigation With The Advantage Group (the TAG Proceeding).**

20      On January 23, 2009, the Debtor initiated the adversary proceeding against TAG by
21
22  filing a Complaint for Violation of the Automatic Stay; Avoidance and Recovery of Fraudulent

23  Conveyance; Breach of Contract; Conversion; Fraud; Accounting; and Unjust Enrichment(Adv.

24  Case No. 8:09-adv-01040-ES). The Reorganized Debtor is litigating the TAG Proceeding, and

25  the Court has established a litigation schedule pursuant to a Scheduling Order entered on

26  September 1, 2009.  The Reorganized Debtor and TAG have discussed entering into a

27  stipulation for a minor extension of the litigation deadlines contemplated by the Scheduling
28

1   Order, as it appears that a proceeding in the District Court of North Carolina involving TAG and

2   Krispy Kreme Doughnut Corporation (the "North Carolina Action"), if settled, will assist in

3   resolving the TAG Proceeding.  The North Carolina Action has been stayed until October 26.

4   2009, for the purpose of settlement discussions.  On or around that date, the possibility of

5
    settlement of the TAG Proceeding will become clearer, and the Reorganized Debtor will either
6

7   proceed with litigation or effectuating a settlement agreement with TAG.

8   **E.      Entry Of A Final Decree.**

9          Since the Plan Effective Date, the Reorganized Debtor has continued business operations

10  and complied with its obligations under the Plan and the Plan Confirmation Order.  The

11  Reorganized Debtor believes that once the Remaining Disputed Class 4 Claims have been

12
    estimated by the Court and the TAG Proceeding is resolved, a final decree can be entered
13
    closing these cases. The Reorganized Debtor hereby requests that the next status conference be
14

15  held in approximately six months.

16  Dated: October 13, 2009                 GREAT CIRCLE FAMILY FOODS, LLC, et al.

17
                                    By:   _/s/ Krikor J. Meshefejian_____
18                                        RON BENDER
                                          KRIKOR J. MESHEFEJIAN
19                                        LEVENE, NEALE, BENDER,
                                          RANKIN & BRILL L.L.P.
20                                        Attorneys for Reorganized
21                                        Debtor

22

23

24

25

26

27

28

                                    7

| In re | CHAPTER 11 |
|---|---|
| GREAT CIRCLE FAMILY FOODS, LLC, et al. | |
| Debtor(s). | CASE NUMBER 8:07-bk-12600-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Blvd., Ste. 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **REORGANIZED DEBTOR'S FIRST POST-CONFIRMATION STATUS REPORT** was or will be served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 13, 2009** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Ron Bender    rb@lnbrb.com
- Bradley D Blakeley    bblakeley@bandblaw.com
- Dustin P Branch    dustin.branch@kattenlaw.com
- Penn A Butler    pabutler@ssd.com
- Richard H Golubow    pj@winthropcouchot.com
- Michael S Greger    mgreger@allenmatkins.com
- Lawrence J Hilton    lhilton@hewittoneil.com, pgarnica@hewittoneil.com
- Bonnie M Holcomb    bonnie.holcomb@doj.ca.gov
- Robert E Huttenhöff    rhuttenhoff@shbllp.com
- Michael A Isaacs    misaacs@luce.com
- Monica Y Kim    myk@lnbrb.com
- Wendy A Loo    wendy.loo@lacity.org
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Ethan B Minkin    ethan.minkin@kutakrock.com
- Randall P Mroczynski    randym@cookseylaw.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Katherine C Piper    kpiper@steptoe.com
- David M Poitras    dpoitras@jmbm.com
- Christian L Raisner    bankruptcycourtnotices@unioncounsel.net, craisner@unioncounsel.net
- Holly Roark    holly@roarklawoffices.com
- Julie H Rome-Banks    julie@bindermalter.com
- Martha E Romero    Romero@mromerolawfirm.com
- Gary B Rudolph    grudolph@sparberlaw.com
- Evan D Smiley    esmiley@wgllp.com
- Ovsanna Takvoryan    ovsanna@takvoryanlawgroup.com
- James A Timko    jtimko@allenmatkins.com
- Kim Tung    kt@lnbrb.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                              **F 9013-3.1**

| In re | | CHAPTER 11 |
|---|---|---|
| GREAT CIRCLE FAMILY FOODS, LLC, et al. | | |
| | Debtor(s). | CASE NUMBER 8:07-bk-12600-ES |

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **October 13, 2009** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

*By overnight mail:*
*Honorable Erithe A. Smith, United States Bankruptcy Judge*
*411 West Fourth Street*
*Santa Ana, CA 92701*

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ----------------------- I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

None

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 13, 2009 | Marguerite Hardin | *Marguerite Hardin* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                    F 9013-3.1

| In re:<br><br>GREAT CIRCLE FAMILY FOODS, LLC, et al.,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:07-bk-12600-ES |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067.

A true and correct copy of the foregoing document described as **REORGANIZED DEBTOR'S SECOND POST-CONFIRMATION STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 20, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Ron Bender    rb@lnbrb.com
- Bradley D Blakeley    bblakeley@blakeleyllp.com
- Dustin P Branch    dustin.branch@kattenlaw.com
- Penn A Butler    pabutler@ssd.com
- Jeffrey M Goldman    jgoldman@steptoe.com
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Robert S Green    cacb.uscouorts@classcounsel.com
- Michael S Greger    mgreger@allenmatkins.com
- Lawrence J Hilton    lhilton@hewittoneil.com, pgarnica@hewittoneil.com
- Bonnie M Holcomb    bonnie.holcomb@doj.ca.gov
- Robert E Huttenhoff    rhuttenhoff@shbllp.com
- Michael A Isaacs    misaacs@luce.com
- Monica Y Kim    myk@lnbrb.com
- Wendy A Loo    wendy.loo@lacity.org
- Hutchison B Meltzer    hmeltzer@wgllp.com
- Krikor J Meshefejian    kjm@lnbrb.com
- Ethan B Minkin    ethan.minkin@kutakrock.com
- Randall P Mroczynski    randym@cookseylaw.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Katherine C Piper    kpiper@steptoe.com
- David M Poitras    dpoitras@jmbm.com
- Christian L Raisner    bankruptcycourtnotices@unioncounsel.net, craisner@unioncounsel.net
- Holly Roark    holly@roarklawoffices.com
- Julie H Rome-Banks    julie@bindermalter.com
- Martha E Romero    Romero@mromerolawfirm.com
- Gary B Rudolph    grudolph@sparberlaw.com
- Evan D Smiley    esmiley@wgllp.com
- Ovsanna Takvoryan    ovsanna@takvoryanlawgroup.com
- James A Timko    jtimko@allenmatkins.com
- Kim Tung    kt@lnbrb.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                **F 9013-3.1**

| In re:<br><br>**GREAT CIRCLE FAMILY FOODS, LLC, et al.,**<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:07-bk-12600-ES |
|---|---|

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On April 20, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Via U.S. Mail
The Hon. Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street, Room 5041
Santa Ana, CA 92701

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____  I      served      the      following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 20, 2010 | Lourdes Cruz | */s/ Lourdes Cruz* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |