STEPTOE & JOHNSON, LLP
SEONG H. KIM (State Bar No. 166604)
e-mail: skim@steptoe.com
KATESSA C. DAVIS (State Bar No. 146922)
e-mail: kdavis@steptoe.com
JEFFREY M. GOLDMAN (State Bar No. 233840)
e-mail: jgoldman@steptoe.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90066
Telephone:    (310) 734-3200
Facsimile:    (310) 734-3300

Special Counsel for Chapter 11 Debtor
GREAT CIRCLE FAMILY FOODS, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>GREAT CIRCLE FAMILY FOODS, LLC, et al.<br>　　　Debtors<br>☒　Affects All Debtors<br>☐　Affects Great Circle Family Foods, LLC only<br>☐　Affects GCFF – Huntington Park, LLC<br>☐　Affects GCFF – Orange, LLC only<br>☐　Affects GCFF – San Diego, LLC only<br>☐　Affects GCFF – Canoga, LLC only<br>☐　Affects GCFF – Ontario, LLC only | Case No.:  8:07-bk-012600-ES<br>CHAPTER 11<br>Jointly Administered with Case Nos:<br>Case No. 8:07-bk-12603-ES<br>Case No. 8:07-bk-12605-ES<br>Case No. 8:07-bk-12606-ES<br>Case No. 8:07-bk-12602-ES<br>Case No. 8:07-bk-12604-ES<br>**DEBTOR'S OPPOSITION TO AMENDED MOTION FOR CONTINUANCE OF CLASS CERTIFICATION DEADLINE AND FOR AN ORDER REQUIRING STEPTOE & JOHNSON TO PAY CLAIMANT'S EXPERT EXPENSES; DECLARATIONS OF JEFFREY M. GOLDMAN, JUAN-CARLOS MEJIA, AND ROGER GLICKMAN IN SUPPORT THEREOF**<br>Date:    June 3, 2010<br>Time:    10:30 a.m.<br>Place:   Courtroom 5<br>[Filed Concurrently with Evidentiary Objections to Amended Declarations of Stan Mallison, Marco Palau and Aaron Woolfson] |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................1

II.  SUMMARY OF ARGUMENT ..............................................................................2

III. STATEMENT OF FACTS .....................................................................................4

IV. LEGAL ARGUMENT ............................................................................................6

    A.  This Court is Not Authorized by FRCP 16(b)(4) to Continue Claimant's Deadline to File Motion For Class Certification .....................................................6

    B.  Claimant Makes No Showing of Excusable Neglect to Justify Extending April 16 Deadline to File Motion For Class Certification ...................................6

    C.  It is Simply Too Late for Claimant to File Motion For Class Certification ........9

    D.  The Data in Dispute is Irrelevant to the Analysis for Class Certification ..........11

        1.  Meal Break Data for 13% of Class is Irrelevant to Question of Numerosity ........................................................................................12

        2.  Meal Break Data for 13% of Class is Irrelevant to the Issue of Commonality ......................................................................................12

        3.  Meal Break Data is Irrelevant to Question of Typicality.......................12

        4.  Meal Break Data is Irrelevant to Question of Adequacy .......................13

        5.  Even if Relevant, the Data in Dispute is Statistically Insignificant ........14

    E.  Sanctions Are Unwarranted and Unreasonable ................................................14

V.  CONCLUSION....................................................................................................15

i

DEBTOR'S OPPOSITION TO AMENDED MOTION FOR CONTINUANCE
OF CLASS CERTIFICATION DEADLINE, ETC.

# **TABLE OF AUTHORITIES**

**FEDERAL CASES**

Hanlon v. Chrysler Corp.
    150 F.3d 1011 (9th Cir. 1998) ................................................................................................13

In re Bicoastal Corp.,
    133 B.R. 252 (Bankr. M.D. Fla. 1991) ...................................................................................10

In re Birting Fisheries, Inc.,
    92 F.3d 939 (9th Cir. 1996) ....................................................................................................10

In re Charter Co.,
    876 F.2d 866 (11th Cir. 1989) ................................................................................................10

In Re Dix,
    95 B.R. 134 (B.A.P. 9th Cir. 1988) ..........................................................................................8

In re Firstplus Financial, Inc.,
    248 B.R. 60 (Bankr. N.D. Tex. 2000) ............................................................................... 10-13

In re Frontier Airlines, Inc.,
    137 B.R. 811 (D. Colo. 1992) ..................................................................................................3

In re Mirant Corp.,
    321 B.R. 189 (N.D. Tex. 2005) ..............................................................................................11

In re Standard Metals Corp.,
    817 F.2d 625 (10th Cir. 1987) ................................................................................................14

Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. P'ship,
    507 U.S. 380, 1135 S.Ct. 1489 (1993) ................................................................................. 7-8

Wilshire v. Valley Electric Membership Corp.,
    141 B.R. 309 (E.D. La. 1992) .................................................................................................10

**FEDERAL STATUTES**

28 U.S.C. § 1746 ...............................................................................................................................7

**FEDERAL RULES AND REGULATIONS**

Fed. R. Bankr. Proc. 7023 ........................................................................................................ 10-11

Fed. R. Bankr. Proc. 9006(b)(1) ................................................................................................. 6-7

Fed. R. Bankr. Proc. 9014 ........................................................................................................ 10-11

ii

DEBTOR'S OPPOSITION TO AMENDED MOTION FOR CONTINUANCE
OF CLASS CERTIFICATION DEADLINE, ETC.

| | |
|---|---|
| Fed. R. Civ. P. 6(b)(1)(B) | 7-8 |
| Fed. R. Civ. P. 16 | 6 |
| Fed. R. Civ. P. 16(b) | 6 |
| Fed. R. Civ. P. 16(b)(4) | 6 |
| Fed. R. Civ. P. 23(a) | 12-14 |
| Fed. R. Civ. P. 23(a)(1) | 12 |
| Fed. R. Civ. P. 23(a)(2) | 12 |
| Fed. R. Civ. P. 23(a)(3) | 13 |
| Fed. R. Civ. P. 23(a)(4) | 13 |
| Fed. R. Civ. P. 23(b)(1)(A) | 14 |
| Fed. R. Civ. P. 23(c)(1) | 9 |
| Fed. R. Civ. P. 23(c)(1)(A) | 9 |
| Fed. R. Civ. P. 26 | 6 |
| Fed. R. Civ. P. 37(b)(2)(A) | 14 |
| Fed. R. Civ. P. 45(d)(1)(B) | 5 |
| Fed. R. Evid. 104(b) | 3 |

**OTHER AUTHORITIES**

| | |
|---|---|
| K. March, A. Ahart, California Practice Guide: Bankruptcy § 19:138 at page 19-18 (TRG 2009) | 7 |
| Local Bankr. Rule 7016-1(a) (5) | 6 |
| Local Bankr. Rule 9013-1(c)(3)(A) | 3 |
| Local Bankr. Rule 9013-1(f)(1) | 2 |
| Local Rule 23-3 | 9-10, 15 |

DEBTOR'S OPPOSITION TO AMENDED MOTION FOR CONTINUANCE
OF CLASS CERTIFICATION DEADLINE, ETC.

## I. **INTRODUCTION**

Contrary to Claimant's assertion, Debtor has produced all responsive documents and data in its possession, custody and control pursuant to the Court's discovery order. Goldman Decl., ¶¶ 5-6. Debtor does not possess any other documents or data that may be responsive to the discovery served by Claimant. Glickman Decl., ¶ 3; Goldman Decl., ¶¶ 5-6. Moreover, Debtor sought the cooperation of third party vendors, namely ADP and Hula Software, to produce the majority of the data in response to the discovery served by Claimant. Goldman Decl., ¶¶ 5, 9, 11; Mejia Decl., ¶ 5. Both vendors voluntarily cooperated in the production of documents. Specifically, Debtor produced a copy of the data and database that ADP and Hula Software provided to Debtor. Goldman Decl. ¶¶ 5, 11, 12; Glickman Decl. ¶¶ 3, 6; Mejia Decl., ¶¶ 7, 26. There is nothing more that either Debtor or Hula has in its possession. Glickman Decl., ¶ 3; Mejia Decl., ¶¶ 7, 8. The data was produced in a usable form.

Pursuant to Court rules and controlling decisional authority, Claimant's motion for class certification should have been filed within 90 days of the objection to the class claim. It was not. Claimant's failure to comply with this Court's rules has absolutely nothing to do with discovery issues. Before any discovery was sought by Claimant, the deadline to file a motion for class certification had passed. Further, the claims estimation proceeding should have occurred as originally set by the Court on January 25, 2010. It was not, due to Claimant's motion to extend the deadline. See, Dkt. No. 491. The resolution of the issue of class certification has been needlessly delayed by Claimant, to the detriment of Debtor and the Trust for its creditors with valid, legitimate claims. Claimant delayed adjudication of his claim, increased the costs of defense, and imperiled the continued existence of Debtor, knowing full well that the maximum available recovery is far less than the cost to adjudicate the matter. Debtor cannot refinance its business, and creditors with valid claims cannot receive a distribution until this final claim is resolved. Glickman Decl. ¶ 5. Debtor and its creditors with valid, legitimate claims have been prejudiced by the undue delay of the resolution of this one, final claim against Debtor's estate.

In this action, Debtor filed an amended Plan of Reorganization and Disclosure Statement on November 10, 2008. According to the Plan, on the Plan's effective date, general unsecured

creditors would receive $400,000.00 of cash plus 50% of the equity interests in the Reorganized Debtor. That equity interest was purchased by Debtor at the agreed price of $500,000, so the total funds available for all creditors is $900,000. Mr. Nguyen's class claim will only receive its pro rata share of the $900,000. A total of $13,035,815 of general unsecured claims were asserted against Debtor. *If*, here, the putative class members obtain an allowed general unsecured claim of $1 million as they are seeking, it would comprise less than 10% of the total pool of allowed general unsecured claims, which would entitle them to receive no more than $90,000 in cash. Clearly, Claimant's conduct does not make fiscal sense, and demonstrates Claimant's apparent bad faith in pursuing this claim.

Pursuant to United States Bankruptcy Court for the Central District of California, Local Rule ("LBR") 9013-1(f)(1), Debtor advises Claimant that any reply papers must be filed with the Court and served on Debtor not later than 7 days prior to the hearing on the motion.

## II.     SUMMARY OF ARGUMENT

Claimant's motion for continuance should be denied with prejudice because it is fatally flawed in the following respects:

- Claimant's motion is premised on incorrect rules of law, and therefore should be denied with prejudice;
- Claimant has failed to establish excusable neglect to warrant an enlargement of time to file a motion of class certification, and therefore the motion should be denied with prejudice;
- The proffered testimony contained in the Declaration of Stan Mallison is not made under oath or affirmation, nor is it made under penalty of perjury. Further, the witness, Mr. Mallison, fails to authenticate and establish a foundation for the documents attached to the declaration. Consequently, the declaration and accompanying documents should be disregarded in their entirety by the Court. [See, concurrently filed Objections to Amended Declarations of Mallison, Palau and Woolfson.]

DEBTOR'S OPPOSITION TO AMENDED MOTION FOR CONTINUANCE
OF CLASS CERTIFICATION DEADLINE, ETC.

- Debtor has produced all responsive documents and data in its possession, custody and control, and secured responsive data from third party vendors, ADP and Hula Software, neither of which is under Debtor's control or authority;

- Claimant offers <u>no</u> explanation of the steps his consultant took to access the data provided by Hula Software and Debtor. Rather, he only offers unsubstantiated conclusions. On the other hand, the concurrently filed Declarations of Jeffrey Goldman and Juan Carlos Mejia establish that the data provided to Claimant is fully accessible and reviewable.

- The data in dispute, e.g. lunch break information for 13% of the putative class, is irrelevant to the analysis for class certification;

- Even if such data were relevant to the analysis of class certification, the data in dispute is statistically insignificant;

- The payroll and timekeeping data produced by the third parties, ADP and Hula, during discovery is unauthenticated. There is no dispute that the authenticity of the data must be established as a prerequisite to admissibility [Fed. R. Evid. 104(b)], and a motion for class certification "must" be accompanied by "duly authenticated" documentary evidence. <u>See</u>, LBR 9013-1(c)(3)(A). Here, Claimant has not deposed a representative from either ADP or Hula, or served either vendor with a document subpoena for the payroll and timekeeping data. Therefore, Claimant's motion for class certification will not be accompanied by duly authenticated evidence, rendering the anticipated motion fatal.

- Considering Debtor has complied with the Court's discovery order, Claimant's request for sanctions is unwarranted and unreasonable, and therefore the request should be denied.

By previously scheduling an evidentiary proceeding in this action, the Court has already determined that the time for distribution is of the essence. <u>In re Frontier Airlines, Inc.</u>, 137 B.R. 811, 814 (D. Colo. 1992) (where undue delay is shown, the court must estimate the claim). Any further delay means Debtor is unable to refinance the business and regain its once profitable

3

DEBTOR'S OPPOSITION TO AMENDED MOTION FOR CONTINUANCE
OF CLASS CERTIFICATION DEADLINE, ETC.

status (Glickman Decl. ¶ 5), and the creditors with valid claims will have to wait at least another six months for their distribution. It is apparent that Claimant's purpose with the instant motion and anticipated motion for class certification is to unnecessarily delay the distribution by pursuing this baseless class claim for a potential monetary recovery of $90,000.00. For these reasons, all of which are explained in further detail below, the motion for continuance should be denied.

## III.  STATEMENT OF FACTS

On January 19, 2010, pursuant to the Court's December 18, 2009 Order, and at a cost of several thousands of dollars to Debtor, Debtor produced hundreds of compact discs containing all payroll information related to the putative class members in its possession, custody, or control and that from third party payroll vendor, ADP. Specifically, Debtor produced seven (7) years payroll reports for Debtor's non-exempt employees, which were copied by Debtor from compact disks provided by ADP. Goldman Decl., ¶ 5. Also on January 19, 2010, Debtor produced a flash drives containing the timekeeping data for Debtor's exempt and non-exempt employees, which was secured from vendor, Hula Software. The data from Hula Software related to well over 2700 employees. Goldman Decl., ¶ 5; Mejia Decl., ¶ 7; Glickman Decl., ¶ 3. In addition, Debtor produced hundreds of other pages of documents related to, inter alia, payroll and timekeeping information. Goldman Decl., ¶ 6.

Debtor does not own or operate either ADP, or Hula Software. Glickman Decl., ¶ 4. Mejia Decl., ¶ 5. Debtor has no authority, control or responsibility of the operations of either ADP, or Hula Software. Glickman Decl., ¶ 4; Mejia Decl., ¶ 5. Further, Debtor does not maintain or manage the database of either ADP, or Hula Software. Glickman Decl., ¶ 4, Mejia Decl., ¶ 5.

Claimant did not question Debtor about the produced data until February 2, 2010, when Claimant's counsel, Marco Palau, Esq., requested the "passwords" for certain of the compact disks containing the ADP payroll records. After conferring with ADP, Debtor's counsel provided the passwords to Mr. Palau the very next day. Goldman Decl., ¶¶ 7-9.

Subsequently, on March 15, 2010 – two months after the data had been produced – Claimant's counsel complained that the Hula timekeeping data was incomplete. In order to respond to the complaint, Debtor required the employee identification numbers of the subject employees. One week later, on March 22, 2010, after conferring with Hula Software, Debtor provided Claimant with another flash drive containing additional timekeeping information for those potential class members identified by Claimant's counsel. This limited information had been inadvertently omitted by Hula Software, and not Debtor, from the initial production of timekeeping data. Mejia Decl., ¶ 7; Goldman Decl., ¶¶ 10-11.

The data produced by Debtor was produced in accessible, usable form. Goldman Decl., ¶¶ 22-46. Mejia Decl., ¶¶ 9-26, 28.

Claimant made no effort to depose a representative from either ADP, or Hula Software to authenticate any of the data related to payroll or timekeeping records produced or to answer any of the purported questions raised in Mr. Woolfson's declaration. Goldman Decl., ¶ 55; Mejia Decl., ¶ 29. Further, Claimant made did not serve a document subpoena to either ADP, or Hula Software for the payroll and timekeeping data to ensure that the payroll and timekeeping records were authenticated and produced in the form that it is ordinarily maintained. Fed. R. Civ. P. 45(d)(1)(B); see also, Goldman Decl., ¶ 55; Mejia Decl., ¶ 29. Debtor's counsel informed Claimant on numerous occasions dating back to the Summer of 2009 that the timekeeping data was maintained by Hula Software, and that Debtor could not authenticate the information or data produced by Hula Software. Goldman Decl, ¶ 55.

On April 14, 2010, just two days before his class certification briefing deadline, Claimant launched a flurry of emails complaining about the data, without specifying the issue or problem and seeking a stipulation for an extension of time – a practice that Debtor has, unfortunately, found all too common with Claimant. Debtor's counsel requested that Claimant specify in writing the concerns regarding the data, so that the Hula representative could investigate the matter. Goldman Decl., ¶¶ 16, 17, Ex. 7. He did not. <u>Claimant refused to identify the data at issue and the problem with the data at issue in writing.</u> Rather, Claimant's counsel merely reiterated that his expert had unspecified problems with the produced data, resulting in a

stalemate.  Goldman Decl., ¶¶ 18-21; Exs. 8, 10.  On April 14, it was apparent that Claimant would not file a motion for class certification pursuant to the Court's order by April 16.

## IV. LEGAL ARGUMENT

### A. This Court is Not Authorized by FRCP 16(b)(4) to Continue Claimant's Deadline to File Motion For Class Certification

Claimant's reliance on FRCP 16(b) (4)[1] for a continuance is misplaced.  Rule 16 pertains to modifying a pretrial conference scheduling order, which concerns the timing of disclosures of witness information, deposition excerpts, and documents under Rule 26; the nature and extent of discovery; as well as agreements related to asserting claims of privilege and the production of trial-preparation material.  Fed. R. Civ. P. 16(b).  Here, the subject of Claimant's motion is the filing of a motion for class certification in advance of an evidentiary hearing; and not a pretrial conference scheduling order.  Claimant is not seeking to modify a pretrial conference scheduling order, but rather to extend the time to file his motion for class certification.  Further, Claimant's reliance on LBR 7016-1(a) (5) is also misplaced, which local rule provides, "A stipulation for extension of the deadlines set forth in a previously entered scheduling order must contain facts establishing cause for the requested extension…."  Here, there is no stipulation at issue.  Because the Court is not authorized under either FRCP 16(b)(4), or LBR 7016-1(a)(5) to extend the time for the filing of a motion for class certification, Claimant's motion for continuance should be denied with prejudice.  Claimant's demonstrated tendency to rely of random, inapplicable rules of law warrants a denial of the motion with prejudice.

### B. Claimant Makes No Showing of Excusable Neglect to Justify Extending April 16 Deadline to File Motion For Class Certification

The Court may, with good cause shown in the form of "excusable neglect," enlarge an expired deadline.  See, Fed. Rules Bankr. Proc. Rule 9006(b)(1) ("… when act is required … to be done at or within a specified period … by order of the court, the court for cause shown may … on motion made after the expiration of the specified period permit the act to be done where

---

[1] See, Claimant's Motion for Continuance, p. 2:13, p. 5:21-22.

the failure to act was the result of excusable neglect."); see also, Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time:  on motion made after the time has expired if the party failed to act because of excusable neglect."). There is no dispute that the motion for continuance was filed by Claimant after the Court-imposed deadline of April 16. The Claimant's moving papers were filed incorrectly on April 29, 2010. See, Dkt. Nos. 551, 552, 553, 554, 555. Then, the moving papers were filed correctly by Claimant on May 13, 2010. See also, Dkt. Nos. 556, 557, 558, 559 and 560. Because Claimant's motion for continuance and supporting declarations were filed after the Court's deadline of April 16, 2010, Claimant must demonstrate "excusable neglect" for an enlargement of time.

Here, Claimant fails to demonstrate, or even allege, excusable neglect in his moving papers. Neglect is "'to give little attention or respect' to a matter, or,… 'to leave undone or unattended'" to, especially through carelessness. The word encompasses both simple, faultless omissions to act, and more commonly, omissions caused by carelessness. Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 388, 1135 S.Ct. 1489, 1494-1495 (1993). Neither form of neglect is established, or even asserted, by Claimant. In the Amended Declaration of Stan Mallison, which omits a penalty of perjury statement,[2] there is a general reference to an office move in March 2010. However, Claimant does not argue that his counsel's office move was the reason for his failure to file a motion for class certification. Instead, without supporting, admissible evidence, Claimant argues that the supplemental production concerning the timekeeping data for a mere 13% of the class was the cause of his failure to file a motion for class certification. Not true, as demonstrated by Debtor in Section D below. Because Claimant has failed to establish, or even allege, "excusable neglect," pursuant to Rule 9006(b)(1) and Rule 6(b)(1)(B), the motion for a continuance should be denied with prejudice.

---

[2] See, concurrently filed Evidentiary Objections to Declaration of Stan Mallison; See also, K. March, A. Ahart, California Practice Guide:  Bankruptcy § 19:138 at page 19-18 (TRG 2009) ("Declarations executed within the U.S. are valid if they contain the following language:  'I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on … (date) … (signature)'"); see also, 28 U.S.C. § 1746 (unsworn declaration intended for use as evidence must be subscribed as true under penalty of perjury).

DEBTOR'S OPPOSITION TO AMENDED MOTION FOR CONTINUANCE
OF CLASS CERTIFICATION DEADLINE, ETC.

Moreover, Claimant fails to address "(1) whether granting the delay will prejudice the debtor; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond his reasonable control; (4) whether Claimant acted in good faith; and (5) whether he should be penalized for his counsel's mistake or neglect." Pioneer Investment Services Co., 507 U.S. at 385; 113 S. Ct. at 1493[3] (quoting In Re Dix, 95 B.R. 134, 138 (B.A.P. 9th Cir. 1988)).

Nearly a year ago, in August 2009, the Court ordered an evidentiary hearing for Claimant's claim set on January 25, 2010.  On October 23, 2009, Claimant filed an amended motion to extend deadlines, which motion was granted by the Court on November 17, 2009. See, Dkt. No. 491.  Should the Court enlarge the time to file a motion for class certification, the evidentiary proceeding will not be held before late Fall 2010.   The impact of a further delay of the evidentiary proceeding on Debtor and its creditors with legitimate, valid claims is substantial. See, Glickman Decl. ¶ 5.  Further, the feigned complaint about the timekeeping data for 13% of the class was an apparent, invalid excuse to avoid filing a fatally flawed motion for class certification.  Notably, a motion for class certification could not, and would not, be supported by the timekeeping data, because the payroll and timekeeping data copied by Debtor from the data produced by third parties, ADP and Hula Software, is unauthenticated and unnecessary for the analysis of class certification.  In addition, the failure to file the motion was caused by i) Mr. Woolfson's delay in communicating with Mr. Mallison until March about the data; and ii) Claimant's unavailability since January 2010 due to plans to attend medical school outside of the United States all causes within the control of Claimant and his agents.

---

[3] In Pioneer, the attorney failed to file proofs of claim by the specified date.  His excuse was that he was unaware of the date because "he was experiencing 'a major and significant disruption' in his professional life caused by his withdrawal from his former law firm … and did not have access to his copy of the case file." Id. at 384, 113 S.Ct. 1489.  Applying the excusable neglect factors, the Supreme Court ultimately allowed the attorney's request for relief, not because of his excuse, but because "the notice of the bar date provided by the Bankruptcy court in this case was outside the ordinary course in bankruptcy case." Id. at 398, 113 S.Ct. 1489.  The Supreme Court gave "little weight to the fact that counsel was experiencing upheaval in his law practice."

8

DEBTOR'S OPPOSITION TO AMENDED MOTION FOR CONTINUANCE
OF CLASS CERTIFICATION DEADLINE, ETC.

1  Debtor played no role in Claimant's failure to file a motion for class certification, and
2  Debtor consistently demonstrated good faith in its communications with Claimant's counsel.
3  <u>See</u>, Goldman Decl.  ADP and Hula Software voluntarily produced the data, in response to the
4  Court's discovery order.  Goldman Decl., ¶ 5.  Mejia Decl., ¶ 29; Glickman Decl. ¶ 3.  Upon
5  receipt of the data from ADP and Hula Software, Debtor did not alter, amend or supplement the
6  data, but merely copied the data and produced it to the Claimant.  Goldman Decl., ¶¶ 5, 6, 8;
7  Glickman Decl., ¶ 4.

8  There is no dispute that Claimant did not contact Debtor about the timekeeping data
9  related to 13% of the putative class until March 15, 2010 – two months after the produced data
10  had been served by Debtor.  <u>One week later</u>, on March 22, 2010, once Claimant provided Debtor
11  with Employee I.D. numbers for those employees and Debtor communicated with Hula, Debtor
12  responded to the problem by promptly providing Claimant with a flash drive containing
13  supplemental timekeeping information for those potential class members identified by Claimant.
14  Goldman Decl., ¶ 11.  This limited information had been inadvertently omitted from the initial
15  production of timekeeping data by Hula Software – and not Debtor.  Goldman Decl., ¶¶ 10-12.
16  All data produced by Debtor was produced in usable form. Goldman Decl., ¶¶ 22-46; Mejia
17  Decl., ¶¶ 8-26.  Because further delay will prejudice Debtor and its creditors with legitimate
18  claims; because Claimant's failure to file a motion for class certification was due to his own
19  fault; and because Debtor acted in good faith, the amended motion for continuance should be
20  denied.

21  **C.     It is Simply Too Late for Claimant to File Motion For Class Certification**

22  Federal Rules of Civil Procedure Rule 23(c)(1) provides that a court **shall** determine
23  whether a class action is maintainable "[a]t an early practicable time after a person sues …" Fed.
24  R. Civ. Pro. 23(c)(1)(A).  The language of the rule is unequivocal and mandatory.  Further, Local
25  Rule 23-3 specifically addresses the issue of the timing to file a motion for class certification:

26  "L.R. 23-3 Certification.  Within 90 days after service of a
27  pleading purporting to commence a class action …the proponent of
28  the class **shall** file a motion for certification that the action is

maintainable as a class action, unless otherwise ordered by the Court." C.D. Cal. Civ. Local Rule 23-3 (emphasis added).

Because proof of claim "is akin to a demand in a complaint for a money judgment," Claimant's motion for class certification should have been filed early in this proceeding, perhaps as soon as the proof of claim was filed and served. Wilshire v. Valley Electric Membership Corp., 141 B.R. 309, 313 (E.D. La. 1992). There is no excuse for Claimant Duc Nguyen not filing a motion for class certification earlier, "other than … [simply] dragging his feet." In re Firstplus Financial, Inc., 248 B.R. 60, 78 (Bankr. N.D. Tex. 2000).

Courts have looked at the timing of a motion for class certification in the bankruptcy context, and concluded that the filing of an objection to the claim is a triggering event. See, In re Charter Co., 876 F.2d 866, 874 (11th Cir. 1989) ("the first opportunity a claimant has to move under Bankruptcy Rule 9014, to request application of Bankruptcy Rule 7023 occurs when an objection is made to a proof of claim.") approved by, In re Birting Fisheries, Inc., 92 F.3d 939, 940, fn. 1 (9th Cir. 1996); see also, In re Bicoastal Corp., 133 B.R. 252, 255-56 (Bankr. M.D. Fla. 1991). In In re Bicoastal Corp., where the Bankruptcy Court was also faced with a claimant who had failed to move for class certification within the 90 day period provided by a Local Rule (which is substantively identical to Central District's Local Rule 23-3), it held:

> "In the present instance, the original Claim filed by Claimants was certainly timely filed. It is equally true that until the Debtor interposed an objection to the Claim, it was not a contested matter covered by Bankruptcy Rule 9014. However, as soon as the Objection to Claim was filed on September 21, 1990, the Claimants were under an obligation to promptly seek an order directing the application of Bankruptcy Rule 7023. If one applies the ninety-day rule, of course, this time period would have expired on December 21, 1990." Id.

Clearly, Claimant Duc Nguyen was "under an obligation to promptly" file his class certification motion, at least within 90 days of Debtor's objection to the class claim. He did not. Because

Claimant did not act promptly as required by rules of law and decisional authority, Claimant has waived the right to file a motion for class certification in this forum. It is simply too late.

Finally, before hearing a motion for class certification, the Court must consider "the concerns peculiar to bankruptcy law," including "prejudice to the debtor and creditors, prejudice to putative class members, efficient estate administration, the conduct in the bankruptcy case of the putative class representatives, and the status of the proceedings in other courts." In re Mirant Corp., 321 B.R. 189, 199 (N.D. Tex. 2005). Here, the factors warrant a denial of a request to apply Rule 7023 to this proceeding.[4] There is no dispute that this Chapter 11 case is at a critical juncture with a Reorganized Debtor attempting to refinance the business and creditors with legitimate, valid claims having to wait indefinitely for a distribution, while Claimant pursues a baseless class claim. The prejudice to Debtor and its creditors is obvious. Considering the potential monetary recovery for the approximately 3112 putative class members is nominal at best, and the two other class representatives in the State court action, Ms. Gonzalez and Ms. Salgado, have been ordered to arbitrate their wage and hour claims with the non-Debtor defendants, Claimant's conduct is clearly in bad faith. Here, Claimant is spending tens of thousands of dollars for consultant and legal fees to recover perhaps a day's wage for each class member. In light of the concerns peculiar to bankruptcy such as prejudice to Debtor and creditors and efficient estate administration, the motion for continuance should be denied.

**D.    The Data in Dispute is Irrelevant to the Analysis for Class Certification**

Contrary to Claimant's contention, the data in dispute which pertains to the time timekeeping records for 13% of the putative class members is irrelevant to analysis for class certification. Bankruptcy Rule 7023 establishes four threshold requirements for the certification of a class: (i) numerosity, (ii) commonality, (iii) typicality and (iv) adequacy of representation. See, In re Firstplus Financial, Inc., 248 B.R. 60, 74 (N.D. Tex. 2000). None of these statutory requirements are contingent upon an analysis of timekeeping records for 13% of the putative

---

[4] At no time did Claimant Duc Nguyen informally or formally request the Court, pursuant to Rule 9014, to decide whether Rule 7023 should be invoked in this action. The Court has moved forward on its on accord to hear a motion for class certification, against the objection of Debtor.

11

DEBTOR'S OPPOSITION TO AMENDED MOTION FOR CONTINUANCE
OF CLASS CERTIFICATION DEADLINE, ETC.

class members. In fact, Claimant's legal claim is that he worked "off-the-clock" which would find no support in the timekeeping records, and, in fact, is particularly ill-suited for class treatment.

### 1. Meal Break Data for 13% of Class is Irrelevant to Question of Numerosity

A court may certify a class only if the proposed class is so numerous that joinder of all of the class members would be impracticable. Fed. R. Civ. P. 23(a)(1). Under this statutory requirement, the Court must examine the size of the putative class; and not the timekeeping data of the putative class members. The class proponent need not quantify the number of class members with precision. "Numerosity .... imposes no absolute limitations on how many or how few members are necessary." In re Firstplus Financial, Inc., 248 B.R. at 74. To establish numerosity, Claimant does not require the meal and break time data of the putative class members. The data produced by Debtor, all of which is usable, has no bearing on the question of whether joining potentially 3112 individual civil actions would be impractical.

### 2. Meal Break Data for 13% of Class is Irrelevant to the Issue of Commonality

The second Fed. R. Civ. P. 23(a) requirement, "commonality," exists if some questions of law or fact are common to the class members. Fed. R. Civ. P. 23(a)(2). "Commonality is satisfied if there is at least one issue whose resolution will affect all, or a significant portion, of the putative class." In re Firstplus Financial, Inc.. 248 B.R. at 74. The meal and break time data in dispute for 13% of the putative class has no bearing on the issue of common questions of fact and law. Because the data in dispute is irrelevant to the issue of whether there is a common question of law and fact that exists among the putative class members. Accordingly, Claimant's motion for a continuance should be denied because there is no reasonable excuse for Claimant's failure to file a motion for class certification.

### 3. Meal Break Data is Irrelevant to Question of Typicality

The third Fed. R. Civ. P. 23(a) requirement, "typicality", is established if the claims of the representative party, namely Mr. Duc Nguyen, are typical of the claims of the class members

as a whole. Fed. R. Civ. P. 23(a)(3). "Typicality requires … that the proposed class representatives have the same interest and suffer the same injury as the class members." In re Firstplus Financial, Inc., 248 B.R. at 75. In the State court action, *without* a review of the timekeeping data, the Hon. Joanne O'Donnell determined that Duc Nguyen's claims were *atypical* of those of the putative class.[5] Claimant fails to demonstrate how the timekeeping data for 13% of the putative class is relevant to the question of whether his claims are the same as the claims of the putative class. He cannot make this showing. Because the meal break data for 13% of the putative class is irrelevant to the issue of whether Duc Nguyen's claims are typical of the putative class members, there is no reasonable basis for Claimant's failure to file a motion for class certification.

### 4. Meal Break Data is Irrelevant to Question of Adequacy

The fourth Fed. R. Civ. P. 23(a) requirement, "adequacy of representation" is established if the representative party will fairly and adequately protect the interests of the class. *See*, Fed. R. Civ. P. 23(a)(4). Adequacy has two components: (1) whether the class representative has any conflicts with other class members, and (2) whether the class representative will prosecute the action vigorously on behalf of the class. See, Hanlon v. Chrysler Corp. 150 F.3d 1011, 1020 (9th Cir. 1998). Here, too, the focus of the analysis is on the class representative, Mr. Nguyen and his counsel; and not the timekeeping data of the putative class members. "Representativeness requires an analysis of whether representatives have a sufficient interest in, and nexus with, the class to insure vigorous prosecution of the action. An inquiry into adequacy of representation 'necessarily concentrates on the competence of class counsel.'" In re Firstplus Financial, Inc., 248 B.R. at 75. Because the meal break data in dispute regarding 13% of the putative class is irrelevant to the analysis of whether Duc Nguyen or his attorneys can adequately represent the putative class, no reasonable excuse exists for the failure to file a motion for class certification.

---

[5] Following the December 8, 2009 hearing on Claimant's motion to compel seven (7) years' worth of timekeeping and payroll databases from a non-debtor in the State Court action, the Hon. Joanne O'Donnell issued a December 18, 2009 Order noting that Claimant "was employed for a shorter time period than the class period [namely, one month], and thus cannot represent the class for the entire class period . . . .". Goldman Decl., Exhibit 12.

1    Further, with respect to Rule 23(b)(1)(A) [class action may be maintained if Rule 23(a) is satisfied and if prosecuting separate actions would create a risk of inconsistent or varying adjudication], there is little or no risk of inconsistent and varying adjudications since this Court has jurisdiction over all parties involved. "[C]lass proofs of claim are unnecessary in a bankruptcy proceeding… 'since the bankruptcy court has complete control over the bankrupt's estate [and] there really is little reason to fear multiple or repetitious litigation.'" There is no dispute that "[a] bankruptcy proceeding is equipped to resolve multiple claims against [the] estate." In re Standard Metals Corp., 817 F.2d 625, 632 (10th Cir. 1987). Claimant could have filed a motion for class certification; he elected not to.

### 5. Even if Relevant, the Data in Dispute is Statistically Insignificant

Debtor produced all responsive documents and data within its possession, custody and control, and the copied responsive data Debtor procured from third party vendors, ADP and Hula (with supplemental productions made on February 8, 2010, and March 22, 2010) for the class period at issue. Glickman Decl., ¶ 3; Goldman Decl., ¶¶ 5-12; Mejia Decl., ¶¶ 7, 8. The March 22 supplemental production of timekeeping data concerned 463 employees, of which it was later determined that 51 were not putative class members. Therefore, in dispute is the meal break and rest break data (if rest break data exists) for 412 persons or 13% of the putative class. Goldman Decl., ¶ 11; Mejia Decl., ¶ 7. Even if the data were relevant to a class determination, which it is not, missing data for 13% of the putative class has no bearing on the analysis of numerosity, commonality, typicality and adequacy for class certification. As demonstrated by Debtor, Claimant's feigned complaints about the statistically insignificant data are irrelevant.

### E. Sanctions Are Unwarranted and Unreasonable

FRCP 37(b)(2)(A), upon which Claimant relies, does not authorize *monetary* sanctions. Fed. R. Civ. Pro. 37(b)(2)(A).

Nevertheless, sanctions of any kind are unreasonable and unwarranted in these circumstances, particularly since there has been no showing that Hula Software operated under the control or authority of Debtor. Debtor has complied with the Court's December 8, 2009 discovery order by producing all responsive data in its possession, custody and control in usable

form.  Goldman Decl., ¶¶ 22-46; Mejia Decl., ¶¶ 8-26.  Debtor did the same with the data it procured from Hula Software.  Glickman Decl., ¶ 3.  Debtor had no obligation to alter the data, and it did not.  At no time did Claimant serve a document subpoena on third party vendors ADP or Hula Software to ensure that data was authenticated or produced in a form that it is ordinarily maintained.  Rather, Claimant, without reason or explanation, chose to work with Debtor as a go-between.  Like Claimant's Motion, the request for sanctions in this instance is unwarranted and unreasonable, and therefore should be denied.

## V.    CONCLUSION

Claimant Duc Nguyen insists on holding up the distribution of approximately $900,000 to the creditors with valid, verified claims.  Claimant's delay tactics are clearly in bad faith, considering the maximum monetary award that he can recover on behalf of the approximately 3112 putative class members is $90,000.00.  Worse yet, (i) Claimant made no effort to timely certify a class in compliance with the Court's Local Rule 23-3; (ii) Claimant has in his possession the complete timekeeping and payroll database that he requested; (iii) and Claimant has not explained how the meal break data for 13% of the putative class members has any bearing on the issue of class certification.  The deadline to move to certify a class has come and gone, through no fault of Debtor.  Clearly, sanctions against Debtor are not warranted.  Because Claimant has failed to establish excusable neglect, and repeatedly engaged in unwarranted delay tactics, the motion for continuance as well as the request for sanctions should be denied with prejudice.

Dated:  May 20, 2010

STEPTOE & JOHNSON, LLP

By: */s/ Jeffrey M. Goldman*
    JEFFREY M. GOLDMAN
    Special Counsel for Chapter 11 Debtor
    GREAT CIRCLE FAMILY FOODS, LLC