# EXHIBIT 1

**From:** Palau, Marco A. [mailto:marco.themmlawfirm@gmail.com] **On Behalf Of** Marco A. Palau
**Sent:** Tuesday, February 02, 2010 12:05 PM
**To:** Goldman, Jeffrey
**Cc:** Stan Mallison; Davis, Katessa; Kim, Seong; Nicole D. Reynolds
**Subject:** Re: In re GCFF - Joint Status Report

Jeff, can you provide the password(s) for the PDFs today so we can access the payroll
information?

Marco A. Palau
mpalau@themmlawfirm.com


On Feb 2, 2010, at 9:40 AM, Nicole D. Reynolds wrote:

I am available on Wednesday anytime before noon or after 2pm.
Nicole

**From:** Goldman, Jeffrey [mailto:jgoldman@steptoe.com]
**Sent:** Tuesday, February 02, 2010 9:39 AM
**To:** 'stan mallison'; Nicole D. Reynolds
**Cc:** Marco Palau; Davis, Katessa; Kim, Seong
**Subject:** RE: In re GCFF - Joint Status Report
Stan:
What times on Wednesday morning work for you for the call referenced below?  Please let me
know.
Nicole:
Are you also available on Wednesday morning?  If so, at what times?
Sincerely,
Jeff

> **Jeffrey M. Goldman, Esq.**
> Litigation
> **Steptoe & Johnson LLP**
> 2121 Avenue of the Stars, Suite 2800
> Los Angeles, California 90067
> 310/734-3260 (direct)
> 310/734-3160 (fax)

www.steptoe.com

**From:** stan mallison [mailto:stanm@mallisonlaw.com]
**Sent:** Monday, February 01, 2010 6:33 PM
**To:** Goldman, Jeffrey
**Cc:** Marco Palau

Subject: Re: In re GCFF - Joint Status Report.

Case 8:07-bk-12600-ES    Doc 563-2    Filed 05/20/10    Entered 05/20/10 16:35:23    Desc
I need to postpone until Exhibit to Goldman Declaration Page 3 of 36
On Jan 28, 2010, at 3:55 PM, Goldman, Jeffrey wrote:

Counsel:
Are you available at 10:00 a.m. on Tuesday, February 2, 2010, for the meet-and-confer session referenced below?
Sincerely,
Jeff

> **Jeffrey M. Goldman, Esq.**
> Litigation
> **Steptoe & Johnson LLP**
> 2121 Avenue of the Stars, Suite 2800
> Los Angeles, California 90067
> 310/734-3260 (direct)
> 310/734-3160 (fax)
>
> www.steptoe.com

---

**From:** Palau, Marco A. [mailto:marco.themmlawfirm@gmail.com] **On Behalf Of** Marco A. Palau
**Sent:** Thursday, January 28, 2010 11:32 AM
**To:** Goldman, Jeffrey
**Cc:** 'Robert S. Green'; 'Nicole D. Reynolds'; 'stan mallison'; Hector Martinez; Kim, Seong; Davis, Katessa
**Subject:** Re: In re GCFF - Joint Status Report

Sorry for the delayed response. We are unavailable for the call today but propose Tuesday, Feb 2 in the late morning or in the afternoon. Nicole Reynolds is also available then.
Marco A. Palau
mpalau@themmlawfirm.com
On Jan 26, 2010, at 11:33 AM, Goldman, Jeffrey wrote:

Counsel:
As you know, the United States Bankruptcy Court for the Central District of California has ordered counsel for Great Circle Family Foods, LLC, Mr. Nguyen, and Messers. Houser and Erdos to provide a Joint Status Report in anticipation for the February 18, 2010 Joint Status Conference in this matter.
I propose holding a conference call on <u>January 28, 2010</u> at <u>1:00 p.m.</u> to discuss the matters set forth in L.B.R. 7016-1. Please confirm your availability, or, alternatively, provide other times that you are available for the call on January 28. If everyone is available at 1:00 p.m. on January 28, I will initiate the call.
Sincerely,
Jeff
**Jeffrey M. Goldman, Esq.**
Litigation
**Steptoe & Johnson LLP**
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
310/734-3260 (direct)
310/734-3160 (fax)
www.steptoe.com

# EXHIBIT 2

| | |
|---|---|
| **From:** | Goldman, Jeffrey |
| **Sent:** | Wednesday, February 03, 2010 1:33 PM |
| **To:** | 'stan mallison'; Marco Palau |
| **Cc:** | Kim, Seong; Davis, Katessa; Goldman, Jeffrey |
| **Subject:** | In re Great Circle Family Foods - Passwords |

Stan:

The following passwords should open up the password-protected compact disks:

**REDACTED**

These passwords are case sensitive.

If there are any compact disks that you cannot open after trying each of these passwords, please identify the disks to me.

Also, I am hereby designating these passwords "Highly Confidential - Attorneys' Eyes Only."

It is Defendants' position that once Plaintiff or his counsel may manipulate, alter, amend, or otherwise change the content of the disks provided by Defendants, that any such change to the content of the disks will amount to evidence spoliation and render the disks inadmissible.

Sincerely,

Jeff

**Jeffrey M. Goldman, Esq.**
Litigation
**Steptoe & Johnson LLP**
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
310/734-3260 (direct)
310/734-3160 (fax)
www.steptoe.com

1

# EXHIBIT 3

# STEPTOE & JOHNSON LLP

## ATTORNEYS AT LAW

Katessa C. Davis
Tel 310.734.3216
Fax 310.734.3217
kdavis@steptoe.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, CA 90067
Tel 310.734.3200
Fax 310.734.3300
steptoe.com

March 22, 2010

**VIA E-MAIL AND FEDERAL EXPRESS**

Stan Mallison, Esq.
Mallison & Martinez
1042 Brown Ave., Suite A
Lafayette, California  94549

Re:    **In re Great Circle Family Foods, LLC, et al.**
       U.S.B.C. Case No. 8:07-bk-012600-ES

Dear Mr. Mallison:

This letter responds to your March 15, 2010 request for timekeeping information of certain potential class members in the above-referenced action.  As you know, this information is maintained by third party Hula Software, not Great Circle Family Foods, LLC ("GCFF").  Hula Software has provided GCFF with the requested timekeeping information, which I have enclosed in the flash drive accompanying this letter.  I have also attached that timekeeping information to the e-mail transmitting this letter.  Please note that, just as in the prior production and in accordance with court order, these timekeeping records include information with respect to individuals who are not members of the putative class.

GCFF hereby designates the timekeeping database information in the enclosed flash drive, as "Highly Confidential – Attorneys' Eyes Only" pursuant to the protective order entered by Department 37 of the Los Angeles Superior Court.

Sincerely,

Katessa C. Davis

Enclosure

# EXHIBIT 4

**From:** stan mallison [mailto:Stanm@mallisonlaw.com]
**Sent:** Wednesday, March 31, 2010 6:11 PM
**To:** Goldman, Jeffrey; Davis, Katessa
**Cc:** Hector Martinez; Marco Palau; jimO@themmlawfirm.com
**Subject:** 2nd Data Production

Jeff and Katessa,

We have just received the report from our Database expert regarding the second data production.  It appears that the data production was not carried out correctly or as he concludes it was the result of "an incorrectly performed operation on the computer server that contained the original data."  I'd like to resolve this as soon as possible.  We have expended a significant sum of money having our expert process the data sets twice only to determine that your production was incomplete or defective.  I assume that you will stipulate to extend the time to file the class certification motion given your incomplete productions.  We would appreciate if you pay for the excess costs incurred as a result of these errors on your side.  Please let me know tomorrow.  We would be happy to do a joint call with the court to discuss these issue.

# EXHIBIT 5

# STEPTOE & JOHNSON LLP

### ATTORNEYS AT LAW

Jeffrey M. Goldman
Tel 310.734.3260
Fax 310.734.3160
jgoldman@steptoe.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, CA 90067
Tel 310.734.3200
Fax 310.734.3300
steptoe.com

April 1, 2010

**VIA FACSIMILE AND U.S. MAIL**

Stan S. Mallison, Esq.
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, CA 94612

Re:    **In re Great Circle Family Foods, LLC, et al.**
       U.S.B.C. Case No. 8:07-bk-012600-ES

Dear Mr. Mallison:

In response to your e-mail sent after close of business on March 31, 2010, Great Circle Family Foods, LLC ("GCFF") will not stipulate to an eleventh-hour continuance of Claimant Nguyen's motion for class certification deadline.

As this office has made clear, the produced timekeeping information is maintained by third party Hula Software, Inc., not GCFF. As such, Hula Software, Inc. provided the requested timekeeping information to our office, which our office then sent to you two and a half months ago pursuant to Court Order. You have all timekeeping information for the non-exempt employees in Mr. Nguyen's putative class. Any issues your expert has with an ill-defined "incorrectly performed operation" have nothing to do with GCFF, nor do they justify these sort of tactics mere days before Claimant Nguyen's motion deadline.

Sincerely,

Jeffrey M. Goldman

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO              4467
RECIPIENT ADDRESS    #21815102389175
DESTINATION ID
ST. TIME             04/01 16:56
TIME USE             00'24
PAGES SENT           2
RESULT               OK
```

**FAXED**

## STEPTOE & JOHNSON LLP
### ATTORNEYS AT LAW

**WASHINGTON, DC**
FACSIMILE: 202.429.3902
VERIFICATION: 202.429.3000

**NEW YORK, NEW YORK**
FACSIMILE: 212.506.3950
VERIFICATION: 212.506.3900

**LONDON, ENGLAND**
STEPTOE & JOHNSON
FACSIMILE: 011.44.207.367.8001
VERIFICATION: 011.44.207.367.8000

**2121 AVENUE OF THE STARS**
**SUITE 2800**
**LOS ANGELES, CA 90067**
FACSIMILE: 310.734.3300
MAIN NUMBER: 310.734.3200
www.steptoe.com

**BRUSSELS, BELGIUM**
FACSIMILE: 011.322.626.0510
VERIFICATION: 011.322.626.0500

**PHOENIX, ARIZONA**
FACSIMILE: 602.257.5299
VERIFICATION: 602.257.5287

**LOS ANGELES, CALIFORNIA**
FACSIMILE: 213.439.9599
VERIFICATION: 213.439.9400

**CHICAGO, ILLINOIS**
FACSIMILE: 312.577.1370
VERIFICATION: 312.577.1300

---

**IMPORTANT:** This facsimile is intended only or the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the above address.

---

## DELIVER TO:

NAME:   **Stan S. Mallison, Esq.**

TELECOPY PHONE NUMBER:   **(510) 238-9175**
**(925) 283-3426**

COMPANY:   **MALLISON & MARTINEZ**

VERIFICATION NUMBER:   **(510) 832-9999**

TOTAL PAGES & COVER SHEET:   **2**

DATE TRANSMITTED:   **April 1, 2010**

DOCUMENT BEING TRANSMITTED:   **Letter**

S&J OPERATOR'S NAME:

TELEPHONE NUMBER:   **310.734.3200**

CLIENT/CASE NUMBER:   **83451.0001**

## FROM:

NAME:   **Jeffrey Goldman, Esq.**

44

```
***********************
***   TX REPORT   ***
***********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 4468 |
| RECIPIENT ADDRESS | #21819252833426 |
| DESTINATION ID | |
| ST. TIME | 04/01 16:57 |
| TIME USE | 00'24 |
| PAGES SENT | 2 |
| RESULT | OK |



## STEPTOE & JOHNSON LLP
### ATTORNEYS AT LAW

| | | |
|---|---|---|
| **WASHINGTON, DC**<br>FACSIMILE: 202.429.3902<br>VERIFICATION: 202.429.3000 | **2121 AVENUE OF THE STARS**<br>**SUITE 2800**<br>**LOS ANGELES, CA 90067**<br>FACSIMILE: 310.734.3300<br>MAIN NUMBER: 310.734.3200<br>www.steptoe.com | **PHOENIX, ARIZONA**<br>FACSIMILE: 602.257.5299<br>VERIFICATION: 602.257.5287 |
| **NEW YORK, NEW YORK**<br>FACSIMILE: 212.506.3950<br>VERIFICATION: 212.506.3900 | | **LOS ANGELES, CALIFORNIA**<br>FACSIMILE: 213.439.9599<br>VERIFICATION: 213.439.9400 |
| **LONDON, ENGLAND**<br>**STEPTOE & JOHNSON**<br>FACSIMILE: 011.44.207.367.8001<br>VERIFICATION: 011.44.207.367.8000 | **BRUSSELS, BELGIUM**<br>FACSIMILE: 011.322.626.0510<br>VERIFICATION: 011.322.626.0500 | **CHICAGO, ILLINOIS**<br>FACSIMILE: 312.577.1370<br>VERIFICATION: 312.577.1300 |

**IMPORTANT:** This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the above address.

## DELIVER TO:

| | | |
|---|---|---|
| NAME: | **Stan S. Mallison, Esq.** | TELECOPY PHONE NUMBER: **(510) 238-9175**<br>**(925) 283-3426** |
| COMPANY: | **MALLISON & MARTINEZ** | VERIFICATION NUMBER: **(510) 832-9999** |

TOTAL PAGES & COVER SHEET: **2**        DATE TRANSMITTED: **April 1, 2010**

DOCUMENT BEING TRANSMITTED: **Letter**

S&J OPERATOR'S NAME: _____        TELEPHONE NUMBER: **310.734.3200**

CLIENT/CASE NUMBER: **83451.0001**

## FROM:

NAME: **Jeffrey Goldman, Esq.**

45

# EXHIBIT 6

**From:**    stan mallison [stanm@mallisonlaw.com]

**Sent:**    Wednesday, April 14, 2010 12:14 PM

**To:**      Davis, Katessa; Goldman, Jeffrey

**Cc:**      Hector Martinez; Marco Palau

**Subject:** Meet and Confer re: data

Katessa,

I have left you phone messages over the past 10 days relating to the deficiencies in the data production and requesting that you call me. It appears that, contrary to your express representations to the bankruptcy court, that you have <u>not</u> produced the timekeeping database. We have incurred substantial expense and delay and request that you meet and confer with me to resolve these issues in a sensible manner.

As such, please contact me today so that we can work out a date for the production of this database, a schedule for the class certification process, as well as an agreement with regards to the excess expert fees we have incurred. We would like to avoid having to bring the Bankruptcy Judge into this process and she has an extremely busy docket.

46

# EXHIBIT 7

# STEPTOE & JOHNSON LLP

### ATTORNEYS AT LAW

Katessa C. Davis
Tel 310.734.3216
Fax 310.734.3217
kdavis@steptoe.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, CA 90067
Tel 310.734.3200
Fax 310.734.3300
steptoe.com

April 14, 2010

**Via U.S. MAIL and FACSIMILE**

Stan S. Mallison, Esq.
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, CA 94612

Re:     **In re Great Circle Family Foods, LLC, et al.**
        U.S.B.C. Case No. 8:07-bk-012600-ES

Dear Mr. Mallison:

First, I have not received a single voicemail message or letter from you in the last ten days concerning the production.

Second, you must be specific as to the purported deficiency in the production, so that we may engage in a meaningful conference. Once I have your specific questions or concerns, I can relay them to the vendor, HULA, and respond accordingly. Please specify the issues in writing without delay. The timekeeping data was produced to you on the flash drive, in the SQL format. You have the timekeeping data for the non-exempt employees in the class period.

Third, a schedule regarding the briefing has been set by the Court. Your class certification motion is due on Friday, April 16.

I will contact you as soon as you specify the production issue in writing and I confer with the vendor.

Sincerely,

Katessa C. Davis

```
                      ***   TX REPORT   ***
                      *********************


            TRANSMISSION OK

            TX/RX NO                 4494
            RECIPIENT ADDRESS        #88215108321101
            DESTINATION ID
            ST. TIME                 04/14 13:16
            TIME USE                 00'24
            PAGES SENT               2
            RESULT                   OK
```

# STEPTOE & JOHNSON LLP

### ATTORNEYS AT LAW

**WASHINGTON, DC**
FACSIMILE: 202.429.3902
VERIFICATION: 202.429.3000

**NEW YORK, NEW YORK**
FACSIMILE: 212.506.3950
VERIFICATION: 212.506.3900

**LONDON, ENGLAND**
STEPTOE & JOHNSON
FACSIMILE: 011.44.207.367.8001
VERIFICATION: 011.44 207.367.8000

**2121 AVENUE OF THE STARS**
**SUITE 2800**
**LOS ANGELES, CA  90067**
FACSIMILE: 310.734.3300
MAIN NUMBER: 310.734.3200
www.steptoe.com

**BRUSSELS, BELGIUM**
FACSIMILE: 011.322.626.0510
VERIFICATION: 011.322.626.0500

**PHOENIX, ARIZONA**
FACSIMILE: 602.257.5299
VERIFICATION: 602.257.5287

**LOS ANGELES, CALIFORNIA**
FACSIMILE 213.439.9599
VERIFICATION: 213.439.9400

**CHICAGO, ILLINOIS**
FACSIMILE 312.577.1370
VERIFICATION: 312.577.1300

---

IMPORTANT. This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the above address.

---

## DELIVER TO:

NAME: **Stan S. Mallison, Esq.**          TELECOPY PHONE NUMBER: **(510) 832-1101**

COMPANY: **Mallison & Martinez**          VERIFICATION NUMBER: **(510) 832-9999**

TOTAL PAGES & COVER SHEET: **2**          DATE TRANSMITTED:

DOCUMENT BEING TRANSMITTED: **Letter of this date**

S&J OPERATOR'S NAME:          TELEPHONE NUMBER: **310.734.3200**

CLIENT/CASE NUMBER: **83451.0002**

## FROM:

NAME: **Katessa C. Davis, Esq.**

## SPECIAL INSTRUCTIONS:

# EXHIBIT 8

-----Original Message-----
From: stan mallison [mailto:stanm@mallisonlaw.com]
Sent: Wednesday, April 14, 2010 4:04 PM
To: Davis, Katessa; Goldman, Jeffrey
Cc: Hector Martinez; Marco Palau
Subject: Great Circle Litigation

Katessa,

There is are numerous fields missing from the data in the original production (for example, meal times have been erased) and numerous row data missing (i.e. data for approximately 500 employees is missing).

The subsequently produced data is malformed - that is, it is corrupted and unreadable.

Please have your expert review.

In the mean time, please call me to discuss remedies for this violation of the court's order and to avoid further costs and expenses.

1

49

# EXHIBIT 9

# STEPTOE & JOHNSON LLP

### ATTORNEYS AT LAW

| | |
|---|---|
| Katessa C. Davis<br>Tel 310.734.3216<br>Fax 310.734.3217<br>kdavis@steptoe.com | 2121 Avenue of the Stars<br>Suite 2800<br>Los Angeles, CA 90067<br>Tel 310.734.3200<br>Fax 310.734.3300<br>steptoe.com |

April 14, 2010

**Via U.S. MAIL and FACSIMILE**

Stan S. Mallison, Esq.
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, CA 94612

Re:    **In re Great Circle Family Foods, LLC, et al.**
         U.S.B.C. Case No. 8:07-bk-012600-ES

Dear Mr. Mallison:

    I am receipt of your April 14, 2010 email sent at 4:04 p.m.  Going forward, please do not communicate by email, but rather, by letter via facsimile.

    In my earlier letter today, I asked for specificity as to the problem with the production, so that I might adequately respond.  You have purposely evaded the request.  I will communicate the general comments noted in your email to HULA this afternoon.

    Further, I will contact you once I have a full and complete response from HULA about the issues you raised today. In the meantime, there is no risk of "further cost and expenses," and therefore no need for discussion at this time.

Sincerely,

Katessa C. Davis

```
     ***********************
     ***   TX REPORT   ***
     ***********************


   TRANSMISSION OK

   TX/RX NO              4497
   RECIPIENT ADDRESS     #82115108321101
   DESTINATION ID
   ST. TIME              04/14 16:47
   TIME USE              00'22
   PAGES SENT            2
   RESULT                OK
```

# STEPTOE & JOHNSON LLP
### ATTORNEYS AT LAW

| | | |
|---|---|---|
| **WASHINGTON, DC**<br>FACSIMILE: 202.429.3902<br>VERIFICATION: 202.429.3000 | **2121 AVENUE OF THE STARS**<br>**SUITE 2800**<br>**LOS ANGELES, CA 90067**<br>FACSIMILE: 310.734.3300<br>MAIN NUMBER: 310.734.3200<br>www.steptoe.com | **PHOENIX, ARIZONA**<br>FACSIMILE: 602.257.5299<br>VERIFICATION: 602.257.5287 |
| **NEW YORK, NEW YORK**<br>FACSIMILE: 212 506 3950<br>VERIFICATION: 212.506.3900 | | **LOS ANGELES, CALIFORNIA**<br>FACSIMILE: 213.439.9599<br>VERIFICATION: 213.439.9400 |
| **LONDON, ENGLAND**<br>**STEPTOE & JOHNSON**<br>FACSIMILE: 011.44.207.367.8001<br>VERIFICATION: 011.44.207.367 8000 | **BRUSSELS, BELGIUM**<br>FACSIMILE: 011.322.626.0510<br>VERIFICATION: 011.322.626.0500 | **CHICAGO, ILLINOIS**<br>FACSIMILE 312.577.1370<br>VERIFICATION: 312.577.1300 |

IMPORTANT: This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the above address.

## DELIVER TO:

NAME:   **Stan S. Mallison, Esc.**             TELECOPY PHONE NUMBER:  **(510) 832-1101**

COMPANY:   **Mallison & Martinez**             VERIFICATION NUMBER:  **(510) 832-9999**

TOTAL PAGES & COVER SHEET:  **2**             DATE TRANSMITTED:

DOCUMENT BEING TRANSMITTED:   **Letter of this date**

S&J OPERATOR'S NAME:                           TELEPHONE NUMBER:   **310.734.3200**

CLIENT/CASE NUMBER:   **83451.0002**

## FROM:

NAME:   **Katessa C. Davis, Esq.**

## SPECIAL INSTRUCTIONS:

# EXHIBIT 10

From: stan mallison <Stanm@themmlawfirm.com>
Subject: **Great Circle deficient production**
Date: April 15, 2010 3:06:01 PM PDT
To: Katessa Davis <kdavis@steptoe.com>, Jeff M Goldman <jgoldman@steptoe.com>, Seong Kim <skim@steptoe.com>
Cc: Hector Martinez <hectorm@themmlawfirm.com>, Marco Palau <mpalau@themmlawfirm.com>



We have confirmed with our expert that both the first and second productions were deficient as described previously. Please call me to meet and confer in this regard. We wish to file our class certification motion as soon as possible and you are delaying this process. I suggest that for the meet and confer we have our experts on the line to discuss the production to ensure that this time we receive all of the data unfiltered and unadulterated.

In the mean time we request that you stipulate to extend the time for class certification until after this matter is resolved. If not, we will be forced to seek court intervention on this issue and request sanctions for the delay and increased costs associated with your failures to abide by the court's order.

Stan Mallison

# EXHIBIT 11

# STEPTOE & JOHNSON LLP

### ATTORNEYS AT LAW

Jeffrey M. Goldman
Tel 310.734.3260
Fax 310.734.3160
jgoldman@steptoe.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, CA 90067
Tel 310.734.3200
Fax 310.734.3300
steptoe.com

April 16, 2010

**Via U.S. MAIL and EMAIL**

Stan S. Mallison, Esq.
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, CA 94612

Re:    **In re Great Circle Family Foods, LLC, et al.**
       U.S.B.C. Case No. 8:07-bk-012600-ES

Dear Mr. Mallison:

I am responding to your April 15, 2010 e-mail correspondence in Katessa Davis's stead, as she is currently out of the office traveling.

You have just now raised purported issues regarding timekeeping data mere hours before Mr. Nguyen's deadline to file his Motion for Class Certification, despite possessing the information for months. It is clear that you are doing so because you want to once again postpone the Court's deadline for the certification briefing. You have delayed distribution since last August of the $900,000 due to legitimate creditors.

Months ago, Debtor produced all the records you demanded from the third party provider. You have had ample opportunity to examine that information and make your certification motion. Any further delay will be vigorously opposed by Debtor. This is terribly unfair to those with verified claims.

Sincerely,

Jeffrey M. Goldman

cc:    Seong H. Kim
       Katessa Davis

WASHINGTON  •  NEW YORK  •  CHICAGO  •  PHOENIX  •  LOS ANGELES  •  CENTURY CITY  •  LONDON  •  BRUSSELS

# EXHIBIT 12

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 12/18/09                                                    DEPT. 37

HONORABLE JOANNE O'DONNELL          JUDGE   H. A. SMITH        DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR
15.
       N. AVALOS, C.A.      Deputy Sheriff   NONE               Reporter

---

BC372392                              Plaintiff
                                      Counsel
DUC NGUYEN                                        NO APPEARANCES
VS
GREAT CIRCLE FAMILY FOODS LLC E       Defendant
AL                                    Counsel

NON-COMPLEX 6-21-2007                          RECEIVED
                                               DEC 2 3 2009
                                               By_____

**NATURE OF PROCEEDINGS:**

RULING ON SUBMITTED MATTER:

MOTION OF PLAINTIFF DUC NGUYEN TO COMPEL FURTHER
RESPONSES TO REQUESTS NOS. 1 THROUGH 4 OF PLAINTIFF'S
FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT RICHARD REINIS AND FOR SANCTIONS;

The court having taken the above matter under
submission on December 7, 2009, comes now and makes
its ruling as follows:

The motion is granted in part and denied in part
without prejudice as follows.  No sanctions.

Request No. 1 (payroll and time records).  Defendant
is ordered to produce payroll and time records for
the period June 6, 2003 to the present (the entire
class period) within 15 days.  Even though plaintiff
was employed for a shorter time period than the
class period, and thus cannot represent the class
for the entire class period, it is likely or at
least possible that there are class members who were
employed for the entire class period, such that
documents for the entire period should be produced.
Defendant's objections based on the attorney-client
privilege and work product doctrine, relevance, trade
secret and privacy are overruled, as explained below.

Attorney client privilege/attorney work produce.
This objection was not in defendant's original

Page    1 of    5    DEPT. 37

MINUTES ENTERED
12/18/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 12/18/09 | | DEPT. 37 |
| HONORABLE JOANNE O'DONNELL    JUDGE | H. A. SMITH | DEPUTY CLERK |
| HONORABLE                   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| 15. |  | |
| N. AVALOS, C.A.   Deputy Sheriff | NONE | Reporter |

BC372392

DUC NGUYEN
VS
GREAT CIRCLE FAMILY FOODS LLC E
AL

NON-COMPLEX 6-21-2007

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

**NATURE OF PROCEEDINGS:**

responses. A party whose response fails to set
forth a particular ground for objection waives its
right to raise that objection later. Stadish v.
Superior Court (1999) 71 Cal.App.4th 1130, 1140.
In any event, defendant fails to state any facts
demonstrating that these documents are privileged.

Relevancy. Plaintiff alleges in the First Amended
Complaint that Reinis is the alter ego of defendant
Great Circle Family Foods, LLC. (FAC ¶26-31.)
Whether Plaintiff knew this is irrelevant, as alter
ego is a form of vicarious liability. Plaintiff
asserts that the payroll and time records sought are
relevant to plaintiff's alter ego theory and
defendant fails to make a contrary showing.

Trade secrets. The owner of a trade secret has a
privilege to prevent disclosure if allowance of the
privilege will not conceal fraud or constitute an
injustice. Evidence Code §1060. The party claiming
the privilege has the burden of establishing the
existence of a trade secret. Bridgestone/Firestone,
Inc. v. Superior Court (1992) 7 Cal.App.4th 1384,
1390. Defendant makes no attempt to establish a
trade secret privilege.

Privacy. Defendant's claim that he should not have
to disclose his financial condition during discovery
pursuant to Civil Code §3295 is without merit.
Section 3295 relates only to punitive damages; it
does not bar pretrial discovery where the

Page   2 of   5   DEPT. 37

MINUTES ENTERED
12/18/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 12/18/09 | | | | DEPT. 37 |
|---|---|---|---|---|
| HONORABLE JOANNE O'DONNELL | JUDGE | H. A. SMITH | | DEPUTY CLERK |
| HONORABLE 15. | JUDGE PRO TEM | | | ELECTRONIC RECORDING MONITOR |
| N. AVALOS, C.A. | Deputy Sheriff | NONE | | Reporter |

| | | |
|---|---|---|
| BC372392 | Plaintiff Counsel | |
| DUC NGUYEN | | NO APPEARANCES |
| VS | Defendant | |
| GREAT CIRCLE FAMILY FOODS LLC E AL | Counsel | |
| NON-COMPLEX 6-21-2007 | | |

**NATURE OF PROCEEDINGS:**

defendant's finances are directly related to the
substantive claim involved. Rawnsley v. Superior
Court (1986) 183 Cal.App.3d 86, 91. The First
Amended Complaint alleges that Defendant Reinis set
up defendant Great Circle Family Foods, LLC, to
avoid liabilities for violation of the Labor Code.
(FAC ¶14-15). Information concerning Krispy Kreme's
financial transactions may be relevant to the
factors that determine alter ego liability,
including, without limitation, commingling of funds.
Morrison Knudsen Corp. v. Hancock, Rothert &
Bunshoft, LLP (1999) 69 Cal.App.4th 223, 250.
Defendant's privacy argument based on common-law
privacy is also overruled. The court must balance
the interests involved, i.e. the claimed right of
privacy against the public interest in obtaining
just results in litigation. Alch v. Superior Court
(2008) 165 Cal.App.4th 1412, 1422. The court should
consider the purpose of the information sought, the
effect of disclosure, the nature of the objections
urged by the party resisting disclosure, and the
ability of the court to make an alternative order.
Valley Bank of Nevada v. Superior Court (Barkett)
(1975) 15 Cal.3d 652, 657. Plaintiff contends that
this information is relevant to establish alter ego
liability. Defendant fails to refute this argument
and makes no argument that this information cannot
be obtained elsewhere.

Request No. 2 (financial documents). The motion is
denied because the request is vague and ambiguous.

Page   3 of   5   DEPT. 37

| |
|---|
| **MINUTES ENTERED** 12/18/09 **COUNTY CLERK** |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 12/18/09 | | DEPT. 37 |
| HONORABLE JOANNE O'DONNELL   JUDGE | H. A. SMITH | DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM<br>15. | | ELECTRONIC RECORDING MONITOR |
| N. AVALOS, C.A.   Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| BC372392 | Plaintiff<br>Counsel | |
| DUC NGUYEN<br>VS<br>GREAT CIRCLE FAMILY FOODS LLC E<br>AL | Defendant<br>Counsel | NO APPEARANCES |
| NON-COMPLEX 6-21-2007 | | |

**NATURE OF PROCEEDINGS:**

Plaintiff fails to define "financial documents" or
"financial transactions."  The court is unable to
determine based on plaintiff's showing whether
plaintiff is seeking all documents that would
constitute a financial transaction, or documents
related to a specific type of transaction.
Accordingly, the court is unable to fashion an
appropriate discovery order. Defendant's objections
based on relevancy, trade secrets and privacy are
overruled, as explained above.

Requests Nos. 3 and 4 (which are identical) for
("all paper or electronic documents (in their native
format) discussing or relating to Krispy Kreme or
any Krispy Kreme franchise").  The request is denied
as vague, ambiguous and overbroad.  Neither the
request nor plaintiff's Separate Statement provide
any limitation on the kind of documents plaintiff
seeks.  The request could arguably cover marketing,
human resources, research, accountings and many
other areas.  Plaintiff fails to demonstrate why
such documents are reasonably calculated to lead to
the discovery of admissible evidence.  The request
is so vague, ambiguous and overbroad that the court
is unable to fashion an appropriate discovery order.
Defendant's objections based on relevancy, trade
secrets and privacy are overruled, as explained
above.

Clerk to give notice of the above ruling.

Page  4 of  5   DEPT. 37

MINUTES ENTERED
12/18/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 12/18/09 | | DEPT. 37 |
| HONORABLE JOANNE O'DONNELL          JUDGE | H. A. SMITH | DEPUTY CLERK |
| HONORABLE              JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| 15. | | |
| N. AVALOS, C.A.          Deputy Sheriff | NONE | Reporter |

BC372392

DUC NGUYEN
VS
GREAT CIRCLE FAMILY FOODS LLC E
AL

Plaintiff Counsel

Defendant Counsel

NO APPEARANCES

NON-COMPLEX 6-21-2007

NATURE OF PROCEEDINGS:

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
12-18-09 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date:  12-18-09

John A. Clarke, Executive Officer/Clerk

By: _____
                    H. A. SMITH

Stan S. Mallison
LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue
Lafayette, CA  94549

Jeffrey W. Mayes
SILVER & FREEDMAN
2029 Century Park East, 19th Floor
Los Angeles, CA  90067-3005

Page   5 of   5   DEPT. 37

```
MINUTES ENTERED
12/18/09
COUNTY CLERK
```

58

# EXHIBIT 13

Duc Nguyen v. Great Circle Family Foods, LLC, et al.  (Class Action)
BC 372392
February 25, 2010

Motion of Defendants Great Circle Management, LLC and Roger Glickman to Compel
Arbitration and to Stay Proceedings; Joinder by defendant Richard G. Reinis

The court takes judicial notice of the Second Amended Complaint attached to defendants'
Request for Judicial Notice, but not of the truth of the matters contained therein.

Defendant's motion to strike plaintiff's opposition is denied.  Defendants' evidentiary objections
to the Declaration of Rosario Gonzalez are ruled on as follows: 1-6, overruled; 7-10, sustained;
11, overruled; 12 and 13, sustained.

The motion is denied without prejudice as to claims asserted by plaintiff Nguyen individually and
on behalf of others similarly situated.  The motion is granted as to the individual claims asserted
by plaintiffs Gonzalez and Salgado, other than Gonzalez individual UCL claim for injunctive
relief, as to which the action is stayed.  The motion to compel arbitration of the UCL claim for
injunctive relief and the PAGA claim asserted by plaintiffs Gonzalez and Salgado is denied.  The
action is stayed pending the arbitration of the individual claims of plaintiffs Gonzalez and
Salgado.

Defendants have not met their burden of proving the existence of a valid arbitration agreement
between plaintiff Nguyen and defendants or between the putative class members and defendants.
The party petitioning for arbitration "bears the burden of proving the existence of a valid
arbitration agreement by the preponderance of the evidence." *Higgins v. Superior Court* (2006)
140 Cal.App.4th 1238, 1247.  The unsupported statement by Mr. Glickman that "[a]s a regular
business practice and as a matter of course, the non-exempt employees of Debtor GCFF executed
the same or similar arbitration agreements as Plaintiffs Salgado and Gonzalez" (Glickman Decl.
¶16) does not prove by a preponderance of the evidence that the putative class members are
bound by an arbitration agreement.

Defendants have met their burden of demonstrating that plaintiffs Gonzalez and Salgado signed
an agreement to arbitrate and their individual claims must be arbitrated. None of plaintiffs'
claims of procedural unfairness or unconscionability has merit for the reasons set forth in
defendants' moving and reply papers.  Specifically, the fact that plaintiff Gonzalez did not read
English does not render the agreement unenforceable.  "Ordinarily, one who accepts or signs an
instrument, which on its face is a contract, is deemed to consent to all its terms, and cannot
escape liability on the ground that he or she has not read it.  If the person cannot read, he or she
should have it read or explained."  1 Witkin, Cal. Summary (10th ed. 2005) Contracts §118.

Gonzalez' individual UCL claim.  The UCL claim seeks injunctive relief as well as restitution.
Therefore, the motion is granted as to the restitution portion of the claim only and stayed as to the
injunctive relief portion of the claim.  A UCL suit that seeks to vindicate a public wrong is not
arbitrable if a party seeks an injunction because an arbitrator lacks the enforcement mechanisms

available in court. However, if the UCL claimant seeks restitution, the claim is arbitrable. *Cruz v. PacifiCare Health Systems, Inc.* (2003) 30 C4th 303, 316, 320. Generally, the arbitral claim gets decided first. As the *Cruz* Court notes, "[T]he trial court has the discretion to stay proceedings on the inarbitrable claims pending resolution of the arbitration" and "such a stay is generally in order under these circumstances." Id. at 320. The UCL claim is asserted by Nguyen and Gonzalez individually and on behalf of the class. Because defendants have not met their burden of showing that plaintiff Nguyen or the putative class have entered into agreements to arbitrate with defendants, the motion to compel arbitration of any portion of the UCL claim asserted by Nguyen individually and on behalf of the class must be denied.

The PAGA claim is not arbitrable. Defendants concede this argument in their reply. The UCL injunctive relief claim and the PAGA claim are stayed pending the outcome of the arbitration.