## DECLARATION OF JUAN-CARLOS MEJIA

I, Juan-Carlos Mejia, declare:

1. I make this declaration in support of Debtor Great Circle Family Foods, LLC's ("Debtor") opposition to Claimant Duc Nguyen's ("Claimant") Motion for Continuance of Class Certification Deadline and For an Order Requiring Steptoe & Johnson to Pay Plaintiff's Expert Expenses Associated With the Analysis of Faulty & Incomplete Data and for Attorneys Fees ("Motion").

2. I have personal knowledge of all of the facts set forth in this Declaration and, if called and sworn as a witness at trial or at any other hearing before this Court, would and could testify competently as follows:

3. I hold a Bachelor of Science degree in Computer Science from New York Institute of Technology. I worked from 1994 through the end of 2003 for Multek, Inc., where I started as a software developer, and ultimately worked as the corporate information technology department manager starting in 1998. Since in or around January 2004, I have been the Chief Technology Officer for, and a partner in, Hula Software, Inc., a California corporation located in Foothill Ranch, California.

4. I am responsible for leading the new and current technology development projects for Hula Software, including the plan for maintenance and support of software. I also oversee client relationships with regard to data hosting, and I assist in disaster recovery. As part of my duties and based on my experience at Hula Software, I am familiar with the restoration of database backup files, and how one can access and review the data that is entered by a client's employee, (which is accessible and integrated into Hula Software's database).

5. Hula Software is not owned, operated, or controlled by Debtor, but rather, is and has been owned and operated by individuals, unaffiliated with Debtor, including majority owner John Smetona, since the year 2000 through the present. Debtor has no authority, control, or responsibility over the operations of Hula Software. Further, Debtor does not maintain or manage the database of Hula Software.

1       6.     Starting in January 2009, Hula Software has possessed and stored all timekeeping data ("Timekeeping Information") entered by the employees of Debtor into "Point of Sale" systems in each of Debtor's stores. A "Point of Sale" system enables an employee to record work time and business transactions throughout the day, including, but not limited to, sales, voids, and promotions into a device.

      7.     On behalf of, and as a partner and officer of, Hula Software, I voluntarily worked with Debtor's counsel, Jeffrey M. Goldman, Esq., in January 2010 to provide Debtor with Timekeeping Information for Debtor's employees. On January 19, 2010, Hula Software provided Debtor's counsel, Jeffrey Goldman, Esq. with Timekeeping Information compiled by Hula Software for the non-exempt and exempt employees who worked for Debtor from June 2003 through the present. This production included, but was not limited to, Debtor's employees' names, contact information, time clocked-in – clocked-out, regular hours worked, overtime hours worked, pay information and work schedules. The data related to well over 2,700 employees. Then, in March 2010, I gave certain Timekeeping Information compiled by Hula Software to Mr. Goldman that I inadvertently omitted from that January 2010 production of Timekeeping Information, consisting of Timekeeping Information for 412 employees ("Supplemental Production").

      8.     Between these two productions of Timekeeping Information, Hula Software has, to the best of its knowledge, provided Debtor with all Timekeeping Information, as entered by the Debtor's employees, that is available for Debtor's non-exempt employees in California from June 2003 to the present. Hula Software has no other timekeeping data for Debtor's employees dating back to June 2003. The Timekeeping Information was produced in usable form, as demonstrated below.

**Steps to Accessing the Supplemental Production of Usable Timekeeping Data**

      9.     The step-by-step instructions on how to open and review the information provided by Hula Software to Debtor, and by Debtor to Claimant as a .zip compressed file, in March 2010, are as follows:

DECLARATION OF JUAN-CARLOS MEJIA

10. Step 1: The .zip compressed file containing the database should be copied and pasted to the computer's "desktop." It will appear on the "desktop" as an icon labeled "GCFF_MarchProduction."

11. Step 2: Double-click on the .zip compressed file on the desktop labeled "GCFF_MarchProduction." This will open up the computer's "unzipping" program and reveal the contents of the file – in particular, it will display a single icon labeled "GCFF_MarchProduction."

12. Step 3: Open up the temp folder on the c: drive. Then, drag-and-drop the contents within the "zip" folder into the "temp folder."

13. Step 4: Open the Microsoft SQL Server Management Studio program ("Microsoft SQL Server program"). Once the program has opened, the left panel of the screen will provide several folders that can be opened. Those include the "Database"; "Security"; "Server Objects"; "Replication"; and "Management" folders.

14. Step 5: Right-click on the folder titled "Databases" in the panel at the left-hand side of the screen, which will provide a new "drag-down" screen with several options. One of those options is "Restore Database." Click on the "Restore Database" option.

15. Step 6: Type a database name of the user's choosing into the text field next to "To database:". Then, ensuring that the "From device" circle is marked, click on the small box with three periods to the right of the "From device" text field. A screen bearing the title "Specify Backup" will appear.

16. Step 7: Ensure that the "Backup media" text box says "File", and click on the "Add" button on the "Specify Backup" screen. A screen entitled "Locate Backup File" will appear.

17. Step 8: On the "Locate Backup File" screen, click on the "down arrow" next to the "Files of type:" text field, and change it from "Backup Files[*.bak;*.trn]" to "All Files[*]". Then, all files currently located in the computer's "Temp" folder will appear, including the "GCFF_MarchProduction" file.

1    18.    Step 9: Click on the "GCFF_MarchProduction" file, and it will appear in the "File name:" text box. Click the "OK" button. At this point, a screen titled "Specify Backup" should appear. To verify the backup, click on the button labeled "Contents," and a popup window with, among other things, the name of the database and the date the database was backed-up will appear. Click on the "Ok" button, which will return the user to the "Specify Backup" screen. Again, click on the "Ok" button.

19.    Step 11: The "Restore Database" screen will then appear. Click the box under the word "Restore," and next to "GCFF_MissingLabor-Full Database Backup."

20.    Step 12: Also, on the "Restore Database" screen, click the "OK" button. The Microsoft SQL Server program will begin "Executing" – i.e., restoring the database.

21.    Step 13: The Microsoft SQL Server program will inform the user that the restoration successfully completed.

22.    Step 14: click the "OK" button on that informational screen, which will return the user to the Microsoft SQL Server Program.

23.    Step 15: In the Microsoft SQL Server Program, click on the "Database" folder with the mouse's right button. A sub-folder will appear, and select the "Refresh" option. Then, click the "plus" sign next to the "Databases" folder. The available databases will appear. Then, click on the "plus" sign next to the database icon bearing the name chosen in Step 6, above. This will reveal several subfolders, including one labeled "Tables." Click on the "plus" sign next to the "Tables" subfolder, and several tables will appear.

24.    Step 16: Each of the tables in this subfolder is searchable, and contains accessible data. To view any given table's information, right-click on the given table. In the resulting "drag-down" box, select "Script Table As," which will then provide another "drag-down" box. From the box, select "SELECT TO," which will provide yet another "drag-down" box. From that box, select "New Query Editor Window."

25.    Step 17: Click on the "Execute" icon, which will cause the information in that table to be displayed for review.

26.  The steps listed above can be used to open the Timekeeping Information provided by Hula Software to Debtor. I informed Debtor's counsel, Mr. Goldman, about these steps in January 2010, and March 2010. There is no need for Hula Software to re-produce to Debtor, and for Debtor to re-produce to Claimant (as requested by Claimant's consultant Aaron Woolfson), "a full set of invalid [sic] data from their Time Keeping database, employing the same methods and procedures they initially followed to capture the data for the first production, , [sic] except this time include all data for all employees . . . includ[ing] all data sets in the database respective to employees, time keeping, schedules, breaks, and edits to those respective elements of data."

27.  First, the data provided in January and March 2010 by Hula Software to Debtor, and from Debtor to Claimant, included all the responsive Timekeeping Information for Debtor's non-exempt employees from June 2003 through the present, which Mr. Woolfson now asks Debtor to again retrieve from Hula Software and produce at additional cost. To re-produce this data, I would have to work with Derryl Webb (another Hula Software employee) to compile the database. I estimate that it would take at least eight (8) hours of my time and Mr. Webb's time, at a cost of approximately $100 (per our hourly billing rates) to collect and compile this data. Then, I would electronically provide the information to Debtor's counsel, Jeffrey Goldman, Esq., via File Transfer Protocol; if the transfer is somehow compromised, or all of the information is somehow not transferred, I would re-send the entire database again. As a result, the amount of additional time to transfer the information to Claimant could be significant. Also, I am not accounting for the additional time spent by Debtor's counsel, Jeffrey Goldman, Esq., to ensure that the data has been properly transferred, to review that data, or place the data onto a USB stick and provide it to Claimant.

28.  Second, the files provided by Hula Software to Debtor, and by Debtor to Claimant, are in a format capable of being read by the SQL Management Studio Software. There is no need for the file name to actually have a ".bak" added to the end of it; and the "zipping" of the file does not have any effect on the ability to view the data as long as one "unzips" the file before trying to restore the database. Thus, Mr. Woolfson's request that any data be provided "in

96

DECLARATION OF JUAN-CARLOS MEJIA

a format that is capable of being read by Microsoft SQL Management Studio," that the file "retain Microsoft-Produced '.bak' file name nomenclature," or that the "files remain in uncompressed (non-zipped format) [sic] and simply placed onto a USB stick" is redundant and unnecessary.

29. I have no knowledge of Hula Software receiving a deposition notice or document subpoena from any party in this action related to or regarding the Timekeeping Information, nor has any Hula Software representative or employee informed me that such deposition notice or document subpoena was received.

I declare under penalty of perjury under the laws of the United States of America and the state of California that the foregoing is true and correct.

Executed on this 20th day of May, 2010 in Lima, Peru.

*/s/ Juan-Carlos Mejia*
Juan-Carlos Mejia

DECLARATION OF JUAN-CARLOS MEJIA

97