STEPTOE & JOHNSON, LLP
SEONG H. KIM (State Bar No. 166604)
e-mail: skim@steptoe.com
KATESSA C. DAVIS (State Bar No. 146922)
e-mail: kdavis@steptoe.com
JEFFREY M. GOLDMAN (State Bar No. 233840)
e-mail: jgoldman@steptoe.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90066
Telephone:    (310) 734-3200
Facsimile:    (310) 734-3300

Special Counsel for Chapter 11 Debtor
GREAT CIRCLE FAMILY FOODS, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>GREAT CIRCLE FAMILY FOODS, LLC, et al.<br><br>Debtors<br><br>☒ Affects All Debtors<br><br>☐ Affects Great Circle Family Foods, LLC only<br><br>☐ Affects GCFF – Huntington Park, LLC<br><br>☐ Affects GCFF – Orange, LLC only<br><br>☐ Affects GCFF – San Diego, LLC only<br><br>☐ Affects GCFF – Canoga, LLC only<br><br>☐ Affects GCFF – Ontario, LLC only | Case No.: 8:07-bk-012600-ES<br><br>CHAPTER 11<br><br>Jointly Administered with Case Nos:<br><br>Case No. 8:07-bk-12603-ES<br>Case No. 8:07-bk-12605-ES<br>Case No. 8:07-bk-12606-ES<br>Case No. 8:07-bk-12602-ES<br>Case No. 8:07-bk-12604-ES<br><br>**EVIDENTIARY OBJECTIONS TO THE AMENDED DECLARATION OF AARON WOOLFSON FILED IN SUPPORT OF MOTION FOR CONTINUANCE**<br><br>Date:    June 3, 2010<br>Time:   10:30 a.m.<br>Place:   Courtroom 5<br><br>[Filed Concurrently With Debtor's Opposition to Amended Motion For Continuance; Declarations of Jeffrey M. Goldman, Juan-Carlos Mejia, and Roger Glickman; and Evidentiary Objections to Amended Declarations of Stan Mallison and Marco Palau] |

EVIDENTIARY OBJECTIONS TO AMENDED DECLARATION OF AARON WOOLFSON

Doc. # CC-225180

## I. INTRODUCTION

Pursuant to the United States Bankruptcy Court for the Central District of California, Local Rule ("LBR") 9013(i)(2), Debtor Great Circle Family Foods, LLC ("GCFF") hereby objects to the Declaration of Aaron Woolfson submitted by Claimant Duc Nguyen in support of the Motion for Continuance.

A supporting affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. Fed. R. Civ. Proc. 56(e); *see also*, Central Dist. L.R. 7-7. Because a declaration is a substitute for oral testimony, it must conform to the same requirements of competency as would be applicable if the declarant were to testify at trial. Fed. R. Evid. 601-602. All declarations must be made by witnesses having personal knowledge of the facts stated therein and must state facts that would be admissible in evidence (rather than, for example, the declarant's unfounded personal opinions or conclusions). Fed. R. Civ. Proc. 56(e); W. Schwarzer, A. Tashima, J. Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial, ¶ 12:57 at page 12-22 (Rutter Group 2010). Testimony with a proper foundation based on personal knowledge must be based upon what the witness directly saw, heard, perceived or otherwise experienced with his own senses. *See*, Fed. R. Evid. 602 and Adv. Comm. Notes (1972). It is not enough for the declarant simply to state that he or she has personal knowledge of the facts asserted. Rather, the declaration must contain facts showing the declarant's connection with the matter stated therein and establishing his or her personal knowledge of the facts alleged as well as the source of his or her information. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, the Declaration of Aaron Woolfson is riddled with evidentiary defects. Further, the Declaration of Aaron Woolfson, as discussed further in the specific objections set forth below, is wholly lacking in any such foundational facts.

In addition, opinion testimony may be offered only if an adequate foundation for the declarant's knowledge and the basis of his or her opinion has first been established. Fed. R. Evid. 701.

1

EVIDENTIARY OBJECTIONS TO AMENDED DECLARATION OF AARON WOOLFSON

1    Of course, the most basic element of admissibility is relevance. While "[n]ot all relevant
2 evidence is admissible" (Advisory Committee Notes to F.R.E. 402), all irrelevant evidence is
3 inadmissible. Fed. R. Evid. 402. Evidence is only relevant if it has a tendency to make the
4 existence of any fact that is of consequence to the determination of the action more probable or
5 less probable than it would be without the evidence. *See*, Fed. R. Evid. 401.

## II. ENTIRE DECLARATION SHOULD BE DISREGARDED

The Amended Declaration of Aaron Woolfson contains misrepresentations, inadmissible hearsay, self-serving speculation, and improper opinions that cannot go unaddressed. **Moreover, the Declaration of Aaron Woolfson does not contain an oath or affirmation, thereby rendering the proffered testimony incompetent.** Fed. R. Evid. 603; *see also*, R. Jones, G. Rosen, Federal Civil Trials and Evidence, ¶ 8:220 at page 8C-1 (Rutter Group 2009). Because the testimony is incompetent, it is inadmissible as evidence. Therefore, the Court should disregard the declaration in its entirety.

## III. IN THE ALTERNATIVE, PORTIONS OF DECLARATION SHOULD BE DISREGARDED

In the alternative, Debtor Great Circle Family Foods, LLC requests that the Court rule on its objections to the improper evidence submitted in the form of the Declaration of Aaron Woolfson as noted below, prior to considering the merits of the Motion for Continuance.

| A. OBJECTIONS TO DECLARATION OF AARON WOOLFSON | | |
|---|---|---|
| **No.** | **Material Objected to:** | **Grounds for Objection** | **Ruling On Objections** |
| 1. | Decl. of Woolfson, Decl., ¶ 9, p. 3:1-3. "Hula maintains a rich set of features related to keeping track of Employees work-times and the in-and-out punches for various activities that make up the work day, including meal periods, rest | Lack of personal knowledge - Fed. R. Evid. 602; lacks foundation; conclusory; speculative - Fed. R. Evid. 602, 701; impermissibly vague; ambiguous; irrelevant – Fed. | ☐ Sustained ☐ Overruled |

2

EVIDENTIARY OBJECTIONS TO AMENDED DECLARATION OF AARON WOOLFSON

Doc. # CC-225180

| | | | |
|---|---|---|---|
| | | breaks, and start-of-day in-punch, and finish-of-day out-punches." | R. Evid. 402 ("Evidence which is not relevant is not admissible"); improper expert opinion – Fed. R. Evid. 702, unduly prejudicial - Fed. R. Evid. 403. | |
| | 2. | Woolfson Decl., ¶ 10, p. 3, 4:6. "Hula had a set of mechanisms that allows customers to customize reports and set up rules specific to the areas that they are conducting their business, and to set parameters related to pay and time keeping, and premiums that should be paid to the employees." | Lack of personal knowledge – Fed. R.Evid. 602; lacks foundation; conclusory; speculative – Fed. R. Evid. 602, 701; impermissibly vague; ambiguous; irrelevant – Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"); improper expert opinion – Fed. R. Evid. 702; unduly prejudicial – Fed. R. Evid. 403. | ☐ Sustained<br>☐ Overruled |
| | 3. | Woolfson Decl., ¶ 11, p. 3:7-10. "Hula has a well developed back-end database that is capable of providing reporting to payroll and accounting companies, for purposes of auditing and producing paychecks. There are a great number of companies, such as ADP, that integrate seamlessly into the Hula system, so that companies can send paychecks to their employees in an | Lack of personal knowledge – Fed. R. Evid. 602; lacks foundation; conclusory; speculative – Fed. R. Evid. 602, 701; impermissibly vague; ambiguous; irrelevant - Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"); improper expert opinion – Fed. R. Evid. 702. | ☐ Sustained<br>☐ Overruled |

| | | | |
|---|---|---|---|
| 1 | | automated fashion." | | |
| 2-23 | 4. | Woolfson Decl., ¶ 12, p. 3:11-18. "It is my understanding that companies who use the Hula to keep track of employee hours generally maintain the following within the program:<br>    a) A button to the employee to press to indicate the start-of-day time-in punch;<br>    b) A button for the employee to press to indicate the finish-of-day time-out punch;<br>    c) A button for the employee to press to indicate the start of a rest break;<br>    d) A button for the employee to press to indicate the finish of a rest break;<br>    e) A button for the employee to press to indicate the start of a meal period;<br>    f) A button for the employee to press to indicate the finish of a meal period." | Lack of personal knowledge – Fed. R. Evid. 602; lacks foundation; conclusory; speculative – Fed. R. Evid. 602, 701; impermissibly vague; ambiguous; irrelevant – Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"); improper expert opinion – Fed. R. Evid. 702; unduly prejudicial - Fed. R. Evid. 403. | ☐ Sustained<br>☐ Overruled |
| 24-28 | 5. | Woolfson Decl., ¶ 13, p. 3:19-21. "Hula's website states that they engage a network of support personnel who are tasked with providing assistance to companies in setting up their systems, | Inadmissible hearsay – Fed. R. Evid. 801; lacks foundation; argumentative; conclusory; speculative – Fed. R. Evid. 602, 701; impermissibly | ☐ Sustained<br>☐ Overruled |

4

EVIDENTIARY OBJECTIONS TO AMENDED DECLARATION OF AARON WOOLFSON

| | | | |
|---|---|---|---|
| | | maintaining their systems, and administering business-specific-functions of the Hula system." | vague; ambiguous; irrelevant – Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"); unduly prejudicial – Fed. R. Evid. 403. | |
| | 6. | Woolfson Decl., ¶ 14, p. 3:22-24. "A full set of data from a typical Hula system would provide all of the elements related to the work-day punches, including meal period in-and-out punches, break in-and-out punches, manager edits, scheduling information." | Lack of personal knowledge – Fed. R. Evid. 602; lacks foundation; argumentative; conclusory; speculative – Fed. R. Evid. 602, 701; impermissibly vague; ambiguous; irrelevant – Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"); unduly prejudicial – Fed. R. Evid. 403. | ☐ Sustained<br>☐ Overruled |
| | 7. | Woolfson Decl., ¶ 15, p. 3:25 - p. 4:2. "Great Circle did not provide the full set of data in the first production of data. It did not have all employees, and it did not have critical fields. For example, I did not see any meal period in-or out-punches provided in first set of data files that Great Circle provided. I did not see any rest break in-or out- punches in the first set of data files that Great Circle provided. I did not see any premium pay provided to employees for missed | Vague; ambiguous; speculative; conclusory; argumentative; lacks foundation; irrelevant – Fed. R. Evid. 402. | ☐ Sustained<br>☐ Overruled |

5

EVIDENTIARY OBJECTIONS TO AMENDED DECLARATION OF AARON WOOLFSON

| | | | |
|---|---|---|---|
| | | meals or missed breaks the first set of data files that Great Circle provided." | | |
| | 8. | Woolfson Decl., ¶ 16, p. 4:3. "If in fact the original production data was incomplete, . . ." | Vague; ambiguous; speculative; conclusory; argumentative; lacks foundation; irrelevant – Fed. R. Evid. 402. | ☐ Sustained<br>☐ Overruled |
| | 9. | Woolfson Decl., ¶ 17, p. 4:15-19. "In more than 30 cases that I have been hired to provide database analysis or expert testimony on, I have never seen a set of data that was a) more incomplete or b) where significant portions of critical data - meal periods - were completely missing from the data. Very simply, this has incurred unnecessary time and expense spent on this case in a result of these two incomplete data productions." | Irrelevant; impermissibly vague – Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"); speculative – Fed. R. Evid. 602, 701; ambiguous; argumentative; unduly prejudicial – Fed. R. Evid. 403. | ☐ Sustained<br>☐ Overruled |
| | 10. | Woolfson Decl., ¶ 21, p. 4:28-p. 5:1-2. "This set of files contained time-in, and time-out (shift start and finish times), but did not contain time-in or time-out for meal periods or rest breaks, to the extent that meal or rest breaks were recorded, but not presented in the actual data production." | Inadmissible hearsay – Fed. R. Evid. 801; witness failed to produce content of writing in original or duplicate – Fed. R. Evid. 1004; lacks foundation; lack of authentication; conclusory; speculative; vague; ambiguous. | ☐ Sustained<br>☐ Overruled |
| | 11. | Woolfson Decl., ¶ 25, p. 5:13-17. | Lacks foundation; lack of | ☐ Sustained |

| | | | |
|---|---|---|---|
| | "However, I believe that the data exists, because I do see that the summary of the employee work day contains numbers relative to this information. I also see the column headers called 'PaidBreakHours', 'UnPaidBreakHours' which contain sum totals for day's rest and meal periods, but I do not see the constituents of this data within the dbo. tLaborActDet database table, or anywhere else within the database provided." | authentication; conclusory; speculative – Fed. R. Evid. 602, 701; vague; ambiguous; irrelevant – Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"); inadmissible hearsay – Fed. R. Evid. 801; witness failed to produce content of writing in original or duplicate – Fed. R. Evid. 1004. | ☐ Overruled |
| 12. | Woolfson Decl., ¶ 28, p. 5:25-26. "There were also significant amounts of data missing from the data files that were originally produced, including time punches related to meal period and rest breaks. | Vague; ambiguous; speculative; conclusory; argumentative; lacks foundation; irrelevant – Fed. R. Evid. 402. | ☐ Sustained<br>☐ Overruled |
| 13. | Woolfson Decl., ¶ 38, p. 7:1-2. "The file does not appear to contain valid data that is native to the Microsoft SQL Management Studio." | Vague; ambiguous; speculative; conclusory; argumentative; lacks foundation; irrelevant – Fed. R. Evid. 402. | ☐ Sustained<br>☐ Overruled |
| 14. | Woolfson Decl., ¶ 40, p. 7:5-7. "The malformation of the "backup set" that Great Circle produced appears to have resulted from an incorrectly performed operation on the computer | Lacks foundation; lack of personal knowledge – Fed. R. Evid. 602; lack of authentication; speculative – Fed R. Evid. 602, 701; vague; | ☐ Sustained<br>☐ Overruled |

7

EVIDENTIARY OBJECTIONS TO AMENDED DECLARATION OF AARON WOOLFSON

Doc. # CC-225180

| | | | |
|---|---|---|---|
| | | server that contained the original data." | ambiguous; conclusory; Irrelevant – Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"). | |
| | 15. | Woolfson Decl., ¶ 49, p 8:2-5. "Mallison & Martinez took great steps to meet the requirements of my very demanding schedule, providing assurances that the data would be available during the allocation of time that I had scheduled to work on my analysis." | Lacks foundation; lack of personal knowledge – Fed. R. Evid. 602; argumentative; conculsory; speculative; vague; ambiguous; irrelevant – Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"); unduly prejudicial – Fed. R. Evid. 403. | ☐ Sustained<br>☐ Overruled |
| | 16. | Woolfson Decl., ¶ 50, p. 8:6-7. "I billed to my client 18.54 hours. ($2,688.30) so far, and have been so far unable to begin to produce a useful set of full analysis, because Defendants have not produced data in accordance with requests. | Lacks foundation; argumentative; vague; ambiguous; speculative. | ☐ Sustained<br>☐ Overruled |
| | 17. | Woolfson Decl., ¶ 51, p. 8:11-14. "Typically, it has been my experience that Parties will work proactively with experts on both sides, because it is in everyone's interest to have a full, unbiased set of analysis based upon complete data, from which clients may derive their conclusions." | Argumentative; conclusory; vague; ambiguous; irrelevant – Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"); lacks foundation. | ☐ Sustained<br>☐ Overruled |

8

EVIDENTIARY OBJECTIONS TO AMENDED DECLARATION OF AARON WOOLFSON

Doc. # CC-225180

| | | | |
|---|---|---|---|
| 18. | Woolfson Decl., ¶ 52, p. 8:15-17. "I recently similar data in a case called La Salsa, in which my analysis was central toward class certification of approximately 3,000 hourly restaurant employees under similar circumstances." | argumentative; conclusory; vague; ambiguous; irrelevant Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"); lacks foundation; unduly prejudicial – Fed. R. Evid. 403. | ☐ Sustained<br>☐ Overruled |

IT IS SO ORDERED.

Dated: _____, 2010.

                                        _____
                                        The Honorable Erithe A. Smith
                                        United States Bankruptcy Court Judge

Respectfully submitted by:
STEPTOE & JOHNSON LLP
SEONG H. KIM
KATESSA C. DAVIS
JEFFREY M. GOLDMAN


By:   /s/ Jeffrey M. Goldman
     JEFFREY M. GOLDMAN
Special Counsel for Chapter 11
Debtor Great Circle Family Foods, LLC

9

EVIDENTIARY OBJECTIONS TO AMENDED DECLARATION OF AARON WOOLFSON

Doc. # CC-225180