Main Document    Page 1 of 4

STEPTOE & JOHNSON, LLP
SEONG H. KIM (State Bar No. 166604)
e-mail: skim@steptoe.com
KATESSA C. DAVIS (State Bar No. 146922)
e-mail: kdavis@steptoe.com
JEFFREY M. GOLDMAN (State Bar No. 233840)
e-mail: jgoldman@steptoe.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90066
Telephone:    (310) 734-3200
Facsimile:    (310) 734-3300

Special Counsel for Chapter 11 Debtor
GREAT CIRCLE FAMILY FOODS, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>GREAT CIRCLE FAMILY FOODS, LLC, et al.<br><br>    Debtors<br><br>☒    Affects All Debtors<br><br>☐    Affects Great Circle Family Foods, LLC only<br><br>☐    Affects GCFF – Huntington Park, LLC<br><br>☐    Affects GCFF – Orange, LLC only<br><br>☐    Affects GCFF – San Diego, LLC only<br><br>☐    Affects GCFF – Canoga, LLC only<br><br>☐    Affects GCFF – Ontario, LLC only | Case No.:  8:07-bk-012600-ES<br><br>CHAPTER 11<br><br>Jointly Administered with Case Nos:<br><br>Case No. 8:07-bk-12603-ES<br>Case No. 8:07-bk-12605-ES<br>Case No. 8:07-bk-12606-ES<br>Case No. 8:07-bk-12602-ES<br>Case No. 8:07-bk-12604-ES<br><br>**EVIDENTIARY OBJECTIONS TO THE AMENDED DECLARATION OF MARCO PALAU FILED IN SUPPORT OF MOTION FOR CONTINUANCE**<br><br>Date:    June 3, 2010<br>Time:    10:30 a.m.<br>Place:    Courtroom 5<br><br>[Filed Concurrently With Debtor's Opposition to Amended Motion For Continuance; Declarations of Jeffrey M. Goldman, Juan-Carlos Mejia, and Roger Glickman; and Evidentiary Objections to Amended Declarations of Aaron Woolfson and Stan Mallison] |

Doc. # CC-225453

## I. INTRODUCTION

Pursuant to the United States Bankruptcy Court for the Central District of California, Local Rule ("LBR") 9013(i)(2), Debtor Great Circle Family Foods, LLC ("GCFF") hereby objects to the Declaration of Marco Palau submitted by Claimant Duc Nguyen in support of the Motion for Continuance.

Because a declaration is a substitute for oral testimony, it must conform to the same requirements of competency as would be applicable if the declarant were to testify at trial. Fed. R. Evid. 601-602. All declarations must be made by witnesses having personal knowledge of the facts stated therein and must state facts that would be admissible in evidence (rather than, for example, the declarant's unfounded personal opinions or conclusions). Fed. R. Civ. Proc. 56(e); W. Schwarzer, A. Tashima, J. Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial, ¶ 12:57 at page 12-22 (Rutter Group 2010). Testimony with a proper foundation based on personal knowledge must be based upon what the witness directly saw, heard, perceived or otherwise experienced with his own senses. See, Fed. R. Evid. 602 and Adv. Comm. Notes (1972). It is not enough for the declarant simply to state that he or she has personal knowledge of the facts asserted. Rather, the declaration must contain facts showing the declarant's connection with the matter stated therein and establishing his or her personal knowledge of the facts alleged as well as the source of his or her information. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The Declaration of Marco Palau, as discussed further in the specific objections set forth below, is wholly lacking in any such foundational facts.

Of course, the most basic element of admissibility is relevance. While "[n]ot all relevant evidence is admissible" (Advisory Committee Notes to F.R.E. 402), all irrelevant evidence is inadmissible. Fed. R. Evid. 402. Evidence is only relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. See Fed. R. Evid. 401.

## II. ENTIRE DECLARATION SHOULD BE DISREGARDED

The Amended Declaration of Marco Palau contains misrepresentations, inadmissible hearsay, self-serving speculation, and improper opinions that cannot go unaddressed. **Moreover,**

1

EVIDENTIARY OBJECTIONS TO DECLARATION OF MARCO PALAU

Doc. # CC-225453

**the Declaration of Marco Palau does not contain an oath or affirmation, rendering the proffered testimony incompetent.**  Fed. R. Evid. 603; see also, R. Jones, G. Rosen, Federal Civil Trials and Evidence, ¶ 8:220 at page 8C-1 (Rutter Group 2009).  Therefore, the Court should disregard the declaration in its entirety.

### III. IN THE ALTERNATIVE, PORTIONS OF DECLARATION SHOULD BE DISREGARDED

In the alternative, Debtor Great Circle Family Foods, LLC requests that the Court rule on its objections to the improper evidence submitted in the form of the Declaration of Marco Palau prior to considering the merits of the Motion for Continuance.

#### A. OBJECTIONS TO DECLARATION OF MARCO PALAU

| No. | Material Objected to: | Grounds for Objection | Ruling On Objections |
|---|---|---|---|
| 1. | Decl. of Marco A. Palau, ¶ 8, p. 2:24-p.3:2. "Pursuant to the Court's order, we immediately calendared the class certification hearing on the earliest available date, June 1, 2010, and reserved the date with the clerk. However, there have been serious setbacks with the data, as described more fully in the Declaration of Aaron Woolfson, Plaintiff's database expert, and Stan S. Mallison, counsel for Plaintiff." | Inadmissible hearsay – Fed R. Evid. 801; argumentative; irrelevant; lacks foundation; conclusory; speculative; vague; lack of personal knowledge - Fed R. Evid. 602; ambiguous; lack of authentication – Fed. Rule Evid. 901. | ☐ Sustained<br>☐ Overruled |

1   IT IS SO ORDERED.

2   Dated: _____, 2010.

3

4                                                              _____
                                                               The Honorable Erithe A. Smith
5                                                              United States Bankruptcy Court Judge

6

7   Respectfully submitted by:
    STEPTOE & JOHNSON LLP
8   SEONG H. KIM
9   KATESSA C. DAVIS
    JEFFREY M. GOLDMAN
10

11  By: /s/ Jeffrey M. Goldman
         JEFFREY M. GOLDMAN
12  Special counsel for Chapter 11
    Debtor Great Circle Family Foods, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28