STEPTOE & JOHNSON, LLP
SEONG H. KIM (State Bar No. 166604)
e-mail: skim@steptoe.com
KATESSA C. DAVIS (State Bar No. 146922)
e-mail: kdavis@steptoe.com
JEFFREY M. GOLDMAN (State Bar No. 233840)
e-mail: jgoldman@steptoe.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90066
Telephone:     (310) 734-3200
Facsimile:      (310) 734-3300

Special Counsel for Chapter 11 Debtor
GREAT CIRCLE FAMILY FOODS, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>GREAT CIRCLE FAMILY FOODS, LLC, et al.<br>        Debtors<br>☒  Affects All Debtors<br>☐  Affects Great Circle Family Foods, LLC only<br>☐  Affects GCFF – Huntington Park, LLC<br>☐  Affects GCFF – Orange, LLC only<br>☐  Affects GCFF – San Diego, LLC only<br>☐  Affects GCFF – Canoga, LLC only<br>☐  Affects GCFF – Ontario, LLC only | Case No.:  8:07-bk-012600-ES<br>CHAPTER 11<br>Jointly Administered with Case Nos:<br>Case No. 8:07-bk-12603-ES<br>Case No. 8:07-bk-12605-ES<br>Case No. 8:07-bk-12606-ES<br>Case No. 8:07-bk-12602-ES<br>Case No. 8:07-bk-12604-ES<br>**EVIDENTIARY OBJECTIONS TO THE AMENDED DECLARATION OF STAN MALLISON FILED IN SUPPORT OF MOTION FOR CONTINUANCE**<br>Date:    June 3, 2010<br>Time:    10:30 a.m.<br>Place:    Courtroom 5<br>[Filed Concurrently With Debtor's Opposition to Amended Motion For Continuance; Declarations of Jeffrey M. Goldman, Juan-Carlos Mejia, and Roger Glickman; and Evidentiary Objections to Amended Declarations of Aaron Woolfson and Marco Palau] |

I.  **INTRODUCTION**

Pursuant to the United States Bankruptcy Court for the Central District of California, Local Rule ("LBR") 9013(i)(2), Debtor Great Circle Family Foods, LLC ("GCFF") hereby objects to the Declaration of Stan Mallison submitted by Claimant Duc Nguyen in support of the Motion for Continuance.

A supporting affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. Fed. R. Civ. Proc. 56(e); *see also*, Central Dist. L.R. 7-7. Because a declaration is a substitute for oral testimony, it must conform to the same requirements of competency as would be applicable if the declarant were to testify at trial. Fed. R. Evid. 601-602. All declarations must be made by witnesses having personal knowledge of the facts stated therein and must state facts that would be admissible in evidence (rather than, for example, the declarant's unfounded personal opinions or conclusions). Fed. R. Civ. Proc. 56(e); W. Schwarzer, A. Tashima, J. Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial, ¶ 12:57 at page 12-22 (Rutter Group 2010). Testimony with a proper foundation based on personal knowledge must be based upon what the witness directly saw, heard, perceived or otherwise experienced with his own senses. *See*, Fed. R. Evid. 602 and Adv. Comm. Notes (1972). It is not enough for the declarant simply to state that he or she has personal knowledge of the facts asserted. Rather, the declaration must contain facts showing the declarant's connection with the matter stated therein and establishing his or her personal knowledge of the facts alleged and the source of his or her information. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, the Declaration of Stan Mallison is riddled with evidentiary defects. Further, the Declaration, as discussed in the specific objections set forth below, is wholly lacking in any foundational facts.

Documentary evidence must be properly authenticated by a declarant with personal knowledge of the document's genuineness and execution. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1050-1051 (9th Cir. 1990). Opinion testimony may be offered

only if an adequate foundation for the declarant's knowledge and the basis of his or her opinion has first been established. *See*, Fed. R. Evid. 701.

Of course, the most basic element of admissibility is relevance. While "[n]ot all relevant evidence is admissible" (Advisory Committee Notes to F.R.E. 402), all irrelevant evidence is inadmissible. Fed. R. Evid. 402. Evidence is only relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. See, Fed. R. Evid. 401.

## II.     ENTIRE DECLARATION SHOULD BE DISREGARDED

The Amended Declaration of Stan Mallison contains misrepresentations, inadmissible hearsay, self-serving speculation, and improper opinions that cannot go unaddressed. **Moreover, the Declaration of Stan Mallison does not contain an oath or affirmation. Further, it is not signed under penalty of perjury. As such, the testimony is incompetent and the declaration is invalid.** Fed. R. Evid. 603; R. Jones, G. Rosen, Federal Civil Trials and Evidence, ¶ 8:220 at page 8C-1 (Rutter Group 2009); W. Schwarzer, A. Tashima, J. Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial, ¶ 12:50 at page 12-19 (Rutter Group 2010); K. March, A. Ahart, California Practice Guide: Bankruptcy, ¶ 19:138 at page 19-18 (Rutter Group 2009) ("Declarations executed within the U.S. are valid if they contain the following language: 'I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on … (date) … (signature)'").

**Further, *none* of the documents attached to the declaration are authenticated by Mr. Mallison or supported with foundation.** K. March, A. Ahart, California Practice Guide: Bankruptcy, ¶ 19:140 at page 19-19 (Rutter Group 2009) ("Documents obtained through discovery may be admissible as evidence if properly *authenticated*") (emphasis in original). A motion "must" be accompanied by "duly authenticated" documentary evidence. LBR 9013-1(c)(3)(A). **As such, the documents attached to the declaration should be disregarded in their entirety by the Court.** Therefore, the Declaration of Stan Mallison and accompanying documents should be disregarded by the Court in their entirety.

## III. IN THE ALTERNATIVE, PORTIONS OF DECLARATION SHOULD BE DISREGARDED

In the alternative, Debtor Great Circle Family Foods, LLC, requests that the Court rule on its objections to the improper evidence submitted in the form of the Declaration of Stan Mallison, prior to considering the merits of the Motion for Continuance.

| A. OBJECTIONS TO DECLARATION OF STAN MALLISON | | | |
|---|---|---|---|
| No. | Material Objected to: | Grounds for Objection | Ruling On Objections |
| 1. | Mallison Decl., ¶ 1, p. 2:3-5. "Plaintiff needs an extension of the April 16, 2010 deadline so that he can first bring an appropriate motion to obtain the time data that Defendant has withheld." | Lacks foundation; conclusory; speculation; argumentative; irrelevant – Fed. R. Evid. 401-403 ("Evidence which is not relevant is not admissible"). | ☐ Sustained<br>☐ Overruled |
| 2. | Mallison Decl., ¶ 1, p. 2:6-8. "In an attempt to gain a tactical advantage, defendant has refused to comply with the Court's order to produce the timekeeping database, or stipulate to an extension to bring the issue to the Court's attention." | Lacks foundation; lack of personal knowledge - Fed. R. Evid. 602; argumentative; conclusory; speculative; vague; ambiguous. | ☐ Sustained<br>☐ Overruled |
| 3. | Mallison Decl, ¶ 1, p. 2:8-11. "Neither defendant nor any other party will be prejudiced by an extension to file the class certification papers no later than July 9, 2010, since the earliest hearing date available for the class certification hearing is August 3, 2010 at 2:00 p.m." | Lacks foundation; argumentative; conclusory; speculative - Fed. R. Evid. 602, 701; vague; ambiguous. ***Debtor and the creditors with valid, legitimate claims will be prejudiced by the further*** | ☐ Sustained<br>☐ Overruled |

| No. | Material Objected to: | Grounds for Objection | Ruling On Objections |
|---|---|---|---|
|  |  | *undue delay.* |  |
| 4. | Mallison Decl., ¶ 3:20-23. "I immediately attempted to obtain these passwords so that the expert could begin his analysis of the data. Originally, defendants refused to provide the passwords. I therefore contacted Aaron Woolfson, CEO of Telswitch, to utilize a password breaking program to break the password code so that Plaintiffs' counsel could review the data." | Lacks foundation; inadmissible hearsay; argumentative; conclusory; speculative - Fed. R. Evid. 602, 701; vague; ambiguous; irrelevant – Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"). | ☐ Sustained<br>☐ Overruled |
| 5. | Mallison Decl., ¶ 3, p. 2:24-27. "My understanding is that Mr. Woolfson expended a considerable amount of time and effort in this attempt, however, before this code could be broken, and despite Defense counsel's contrary representations, defense counsel produced the passwords to review the records on February 3, 2010. | Lacks foundation; lack of personal knowledge - Fed. R. Evid. 602; argumentative; conclusory; speculative - Fed. R. Evid. 602, 701; vague; ambiguous; irrelevant – Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"). | ☐ Sustained<br>☐ Overruled |
| 6. | Mallison Decl., ¶ 5, 3:1-3. "Debtor's counsel's February 5, 2010 case management conference statement asserted to the court that they had produced 'all electronic timekeeping | Lacks foundation; inadmissible hearsay; witness failed to produce content of writing in original or duplicate – Fed. R. Evid. 1004. | ☐ Sustained<br>☐ Overruled |

| No. | Material Objected to: | Grounds for Objection | Ruling On Objections |
|---|---|---|---|
|  | records in Debtor's possession, custody, and control pertaining to Claims Nguyen's putative class." |  |  |
| 7. | Mallison Decl., ¶ 5, 3:6-8.  "Mr. Woolfson is an experienced database analyst who has worked on approximately 30 wage and hour cases analyzing data largely for purposes of class certification and damage analysis." | Irrelevant - Fed. R. Evid. 401-403; lacks foundation; lacks personal knowledge - Fed. R. Evid. 602; conclusory; argumentative; speculative; vague; ambiguous; irrelevant – Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"). | ☐ Sustained<br>☐ Overruled |
| 8. | Mallison Decl., ¶ 6, p. 3:10-12.  "I talked to Mr. Woolfson who informed me that as long as he had all the data in the right form it would take approximately three weeks for him to conduct his analysis given the volume of data and his impacted schedule." | Inadmissible hearsay – Fed. R. Evid. 801; argumentative conclusory; speculative; vague; ambiguous; irrelevant – Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"). | ☐ Sustained<br>☐ Overruled |
| 9. | Mallison Decl., ¶ 7, p. 3:13-14.  "In early to mid March Mr. Woolfson contacted me and told me that he had done extensive analysis and discovered that the data was substantially incomplete." | Argumentative; conclusory; speculative; vague; ambiguous; irrelevant – Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"). inadmissible hearsay – Fed. R. Evid. 801. | ☐ Sustained<br>☐ Overruled |

| No. | Material Objected to: | Grounds for Objection | Ruling On Objections |
|---|---|---|---|
| 10. | Mallison Decl., ¶ 7, p. 3:14-16. "Mr. Woolfson had relied upon the assertion made by Defense counsel and relayed by me that the data was complete and therefore had not initially reviewed the data to make this determination." | Lacks foundation; lack of personal knowledge - Fed. R. Evid. 602; argumentative; conclusory; speculative; vague; ambiguous; irrelevant – Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"); inadmissible hearsay – Fed. R. Evid.. 801. | ☐ Sustained<br>☐ Overruled |
| 11. | Mallison Decl., ¶ 7, p. 3:18-20. "The data that was missing included missing shift data for over 500 employees as well as all break data for all employees – data essentially to our class certification motion." | Lacks foundation; lack of personal knowledge - Fed. R. Evid. 602; argumentative; conclusory; speculative - Fed. R. Evid. 602, 701; vague; ambiguous; irrelevant – Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"); witness failed to produce content of writing in original or duplicate – Fed. R. Evid. 1004. | ☐ Sustained<br>☐ Overruled |
| 12. | Mallison Decl., ¶ 8, 22:26. "Ms. Davis started yelling that she had sent all the data and that she was not going to send anymore. She also yelled that she was too busy on important issues and hung | Argumentative; conclusory; irrelevant – Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"). vague; ambiguous. | ☐ Sustained<br>☐ Overruled |

7
EVIDENTIARY OBJECTIONS TO AMENDED DECLARATION OF STAN MALLISON
Doc. # CC-225441

| No. | Material Objected to: | Grounds for Objection | Ruling On Objections |
|---|---|---|---|
|  | the phone up.  The conversation was on my speaker phone and Ms. Davis was talking so loudly and rudely that almost my entire office heard the conversation and heard her hang up while I was trying to explain all of the data issue." | *Rather than set forth legally sufficient arguments supported by relevant facts and authenticated documents, the witness elects to cast unfounded and unsubstantiated aspersions on Debtor's counsel.* |  |
| 13. | Mallison Decl., ¶ 8, 3:28-p. 4:1. "Notably, after hanging up on me Ms. Davis immediately sent a letter accusing me of hanging up on her." | Argumentative; conclusory; irrelevant; impermissibly vague; ambiguous; witness failed to produce content in writing in original or duplicate – Fed. R. Evid. 1004; inadmissible hearsay – Fed. R. Evid. 801. | ☐ Sustained<br>☐ Overruled |
| 14. | Mallison Decl., ¶ 9, p. 4:13. "Attached to this declaration is a set of correspondence including the transmittal letter concerning this data." | *None of the documents* attached to the Declaration of Stan Mallison are authenticated, and each lack foundation for admissibility. See, K. March, A. Ahart, California Practice Guide: Bankruptcy ¶ 19:140 at page 19-19 (Rutter Group 2009) ("Documents obtained through | ☐ Sustained<br>☐ Overruled |

| No. | Material Objected to: | Grounds for Objection | Ruling On Objections |
|---|---|---|---|
|  |  | discovery may be admissible as evidence if properly *authenticated*") (emphasis in original).  A motion "must" be accompanied by "duly authenticated" documentary evidence.  LBR 9013-1(c)(3)(A); inadmissible hearsay; irrelevant; impermissively; vague; ambiguous. |  |
| 15. | Mallison Decl., ¶ 9, p. 4:17-20. "Unfortunately, days later in the midst of Plaintiff counsel's office move – our expert notified Plaintiff's counsel that the data provided by defense counsel was malformed and completely unusable.  Indeed, the files provided were a mere fraction of the size of the original data and contained large 'zeros' for all entries. | Lacks foundation; lack of personal knowledge; argumentative; conclusory; vague; ambiguous; irrelevant – Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"); inadmissible hearsay; witness failed to produce content in writing in original or duplicate – Fed. R. Evid. 1004. | ☐ Sustained<br>☐ Overruled |
| 16. | Mallison Decl., ¶ 16, p. 6:11-14. "Prior to joining Mallison & Martinez, Mr. Palau was a staff attorney with California Rural Legal Assistance | Irrelevant – Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"). lacks foundation; | ☐ Sustained<br>☐ Overruled |

| No. | Material Objected to: | Grounds for Objection | Ruling On Objections |
|---|---|---|---|
|  | ("CRLA"), where he represented indigent individuals in civil rights matters, including federally subsidized housing and worker's rights issues." | argumentative; conclusory; speculative; vague. |  |
| 17. | Mallison's Decl., ¶ 14 p. 5:23-p. 6:1-5. "My work at these firms consisted solely of class action work and included work on some of the most complex cases litigated in the U.S., including In Re Enron Securities Litigation (settlements currently totaling over $7 billion); Mariana Island Garment-Worker Cases (a $20 million wage and hour settlement on behalf of 20,000 migrant workers on the island of Saipan); In Re 3Com Securities Class Action (settlement of $259 million), a Federal Court challenge to the sufficiency of Federal Department of Transportation's NAFTA Truck safety regulations, and a Federal Court challenge to President Bush's Executive Order re: Project labor Agreements; In re Pemstar Securities (settlement of $12 million); Cisneros v. Yahoo (representing a purported class | Irrelevant – Fed. R. Evid. 402; inadmissible hearsay; lacks foundation. | ☐ Sustained<br>☐ Overruled |

| No. | Material Objected to: | Grounds for Objection | Ruling On Objections |
|---|---|---|---|
|  | of millions of consumers); <u>Retailers National Bank v. Harding</u> (representing millions of credit card holders); <u>Block v. eBay</u> (representing millions of defrauded eBay users); and dozens of other cases." |  |  |
| 18. | Maillison Decl., ¶ 17, p.6:25-27. "In sum, Plaintiff's counsel has expended more than $8750 in attorneys fees – because of defense counsel's refusal to timely provide the data necessary to carry out the class certification motion which they insisted needed to be filed." | Lacks foundation; lacks personal knowledge - Fed. R. Evid. 602; speculation; argumentative; inadmissible hearsay; conclusory; witness failed to produce content in writing in original or duplicate. | ☐ Sustained<br>☐ Overruled |
| 19. | ***<u>Mallison's Declaration does not contain an oath or affirmation, and is not signed under penalty of perjury</u>.*** | Testimony must be given under oath or affirmation - Fed. R. Evid. 603. Further, testimony that is not given under oath (or affirmation) is not competent evidence and may not be considered. <u>See</u>, R. Jones, G. Rosen; <u>Federal Civil Trial and</u> Evidence ¶ 8:220 at page 8c-1 (Rutter Group 2009). Further, a declaration must be subscribed as true under penalty of perjury. 28 U.S.C. ¶ | ☐ Sustained<br>☐ Overruled |

11

EVIDENTIARY OBJECTIONS TO AMENDED DECLARATION OF STAN MALLISON

Doc. # CC-225441

| No. | Material Objected to: | Grounds for Objection | Ruling On Objections |
|---|---|---|---|
|  |  | 1746.  A declaration made without subscribing the statements as true under penalty of perjury is invalid. W. Schwarzer, A. Tashima, J. Wagstaffe, California Practice Guide:  Federal Civil Procedure Before Trial ¶ 12:50 at page 12-19 (Rutter Group 2010).  K. March, A. Ahart, California Practice Guide: Bankruptcy ¶ 19:138 at page 19-18 (Rutter Group 2009) ("Declarations executed within the U.S. are valid if they contain the following language:  'I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on … (date) … (signature)'") |  |

IT IS SO ORDERED.

    Dated: _____, 2010.

                                      _____
                                      The Honorable Erithe A. Smith
                                      United States Bankruptcy Court Judge

EVIDENTIARY OBJECTIONS TO AMENDED DECLARATION OF STAN MALLISON

Doc. # CC-225441

1  Respectfully submitted by:
   STEPTOE & JOHNSON LLP
2  SEONG H. KIM
   KATESSA C. DAVIS
3  JEFFREY M. GOLDMAN

4
   By: /s/ Jeffrey M. Goldman
5       JEFFREY M. GOLDMAN
   Special counsel for Chapter 11
6  Debtor Great Circle Family Foods, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EVIDENTIARY OBJECTIONS TO AMENDED DECLARATION OF STAN MALLISON

Doc. # CC-225441